1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation<br><br>  Plaintiffs,<br><br>  vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>  Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:  Hon. R. Gary Klausner*<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STRIKE IN PART PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Original Complaint Filed: 12/29/15<br>Amended Complaint Filed: 3/11/16 |

**[PROPOSED] ORDER**

This action came on for regular hearing before this Court on May 9, 2016, the Honorable R. Gary Klausner presiding, on the motion of Defendants Axanar Productions, Inc. and Alec Peters (collectively "Defendants") to dismiss the First Amended Complaint of Plaintiffs Paramount Pictures Corporation and CBS Studios, Inc. (collectively "Plaintiffs"), or, in the alternative, to strike portion of Plaintiff's First Amended Complaint (the "Motion") pursuant to Rule 12(f).

Having considered all papers, pleadings, and evidence submitted, and the oral arguments presented, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT** Defendants' Motion is **GRANTED** for the following reasons:

*First*, Plaintiffs fail to plausibly state a claim as to numerous unprotectable elements that have appeared in the Star Trek Copyrighted Works. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (emphasis in original).

*Second*, Plaintiffs' claims are not sufficiently detailed to survive. *See* 6 William F. Patry, *Patry on Copyright* § 19:6 (2015); *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG), 2014 WL 1303135, at *3 (S.D.N.Y. Mar. 31, 2014); *Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012); *Marshall v. McConnell*, No. Civ.A. 3:05-CV-1062L, 2006 WL 740081, at *4 (N.D. Tex. Mar. 23, 2006; *Rosenfeld v. Twentieth Century Fox Film*, No. CV 07-7040 AHM FFMX, 2008 WL 4381575, at *7 (C.D. Cal. Sept. 25, 2008).

*Third*, Plaintiffs' claims are improperly based upon allegations made on "information and belief," which is insufficient to survive a motion to dismiss. *See Solis v. City of Fresno*, No. 1:11-CV-00053 AWI GSA, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012); *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009); *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No C 09-05659 WHA, 2011 WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (finding defendants were *not* on notice of

copyright claim through formulaic recitation of elements and conclusory allegations made on "information and belief").

Accordingly, Plaintiff's First Amended Complaint is hereby dismissed in its entirety pursuant to Rules 8(a) and Rule 12(b)(6).

Moreover, Plaintiffs' claims based upon the Potential Fan Film are unripe for this Courts' review because the allegedly infringing work does not yet exist. *See Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1269 (S.D. Cal. 2007); *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F. 3d 1361, 1379 (Fed. Cir. 2004); *Team Angry Filmworks, Inc. v. Geer*, No. 15-1381, 2016 WL 1086370, *10 (W.D. Pa. Mar. 21, 2016); *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1216 (7th Cir. 1980).

Further, an injunction prohibited Defendants from making the Potential Fan Film would constitute an impermissible prior restraint on speech. *New York Times Co. v. United States,* 403 U.S. 713, 714 (1971); *Globe Int'l, Inc. v. Nat'l Enquirer, Inc.*, No. 98-10613 CAS (MANX), 1999 WL 727232, at *5 (C.D. Cal. Jan. 25, 1999). For these reasons, Plaintiffs have also failed to plausibly allege that Defendants have violated any of Plaintiff's rights under 17 U.S.C. § 106.

Thus, even if the court did not dismiss Plaintiff's First Amended Complaint in its entirety, the court would also grant Defendants' Motion based on the Potential Fan Film.

[Accordingly, Plaintiffs' claims based on the Potential Fan Film are hereby dismissed for failure to state a claim under Rule 12(b)(6).]

[Accordingly, the following allegations are hereby stricken from Plaintiffs' First Amended Complaint:

- From paragraph 2, the allegation that Defendants "are in the process of producing a film called *Axanar* (the '*Axanar* Motion Picture') based on the *Axanar* Script, or a version thereof," and the inclusion of the *Axanar*

1    Motion Picture within the definition of the "*Axanar* Works";

2  - From paragraph 9, the allegation that Defendant Alec Peters "continues to ...produce the *Axanar* Motion Picture";

- The allegations contained in paragraphs 31 through 42 to the extent they attempt to state a claim based on the *Axanar* Motion Picture (hereinafter referred to as the "Potential Fan Film");

- The allegations contained in paragraphs 46 and 47 to the extent they include elements not protected by copyright law, including, as addressed herein, clothing, colors, shapes, words, short phrases, works derived from nature, works in the public domain, works created by third parties, the Klingon language, ideas—including the "mood and theme" of the "Science fiction action adventure" genre—scènes à faire, and certain characters. Plaintiff's First Amended Complaint ("FAC"), at ¶ 46, pp. 11-12 (names and characters of Garth of Izar, Soval, Richard Robau, Captain Robert April, Chang, Sarek, and John Gill); 13 (word "Vulcan"); 17-18 ("cowl neck" clothing, "green drapes," and "robes"); 18-19 ("Starfleet Command Insignia" and "triangular medals on uniforms"); 19-21, 26, 30, 33, 35, 38 (words "Andoria," "Archanis IV," "Axanar," "beaming up," "Federation," "Klingons," "Nausicaa," "Rigel," "Romulans," "Starship Enterprise," "Starfleet," "Tellar Prime," "Tellarites," "Terra," and "Qo'noS," 27-29 (the United Federation of Planets logo, the Memory Alpha logo, and the Klingon logo); 31 (the Klingon language); 22-23, 25-26, 30, 32-33 (unprotectable scènes à faire, including staples of science fiction such as starships and spacedocks, beaming up/transporteres, warp drive, phasers, command insignia and medals on uniforms, stardates, Starfleet, and a federation of planets).

- The allegations contained in paragraph 48;

- The allegations contained in paragraphs 64 through 69 to the extent they attempt to state a claim based on the Potential Fan Film; and
- The request contained in paragraph 2 of the Prayer for Relief.]

**IT IS SO ORDERED.**

Dated: _____, 2016

                                                Hon. R. Gary Klausner
                                                United States District Judge