LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
JENNIFER JASON (SBN 274142)
jjason@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

LOEB & LOEB LLP
JONATHAN ZAVIN (Admitted *pro hac vice*)
jzavin@loeb.com
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000
Facsimile: 212.407.4990

Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OR STRIKE IN PART PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: 12/29/2015 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

## I. INTRODUCTION

The Request for Judicial Notice (the "RFJN") filed by defendant Axanar Productions, Inc. and defendant Alec Peters (together, "Defendants") should be denied for several reasons, including because it seeks judicial notice of: (1) legal arguments; (2) documents that are not public records; (3) documents containing hearsay; and (4) documents that are not properly authenticated.

Defendants' Motion to Dismiss (the "Motion") is defective and should be denied as the legal and factual arguments asserted by Defendants have no bearing on whether Plaintiffs have adequately stated claims against Defendants for copyright infringement. Thus, the documents submitted by Defendants in aid of their misguided arguments are irrelevant. Nevertheless, Plaintiffs submit that the documents attached to the RFJN are not the proper subject of judicial notice and should not be considered by the Court.

## II. ARGUMENT

"Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss." *Klang v. Pflueger*, Case No. SACV 13-01971 JVS (DFMx), 2014 U.S. Dist. LEXIS 145779, at *2 (C.D. Cal. July 10, 2014). Fed. R. Evid. 201(b) provides a limited exception to this rule, permitting the Court to take judicial notice of a fact "not subject to reasonable dispute" if the fact: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This exception allows a court to take judicial notice of a public record; for example, a court may take judicial notice of a patent registered by the Patent and Trademark Office. *See, e.g., Klang*, 2014 U.S. Dist. LEXIS at *2-3.

"The *sine qua non* for any judicial notice request is that the information sought to be noticed is of a character that is generally known, or cannot reasonably be disputed." *Ungureanu v. Teichert*, Case No. CIV S-11-0316 LKK GGH PS,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

1

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

2011 U.S. Dist. LEXIS 118507, at *5-6 (E.D. Cal. Oct. 13, 2011). Stated simply, the Court may not take judicial notice of the disputed facts contained in a document, or a party's interpretation of such disputed facts. *See Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (the Court may take notice of the existence of certain documents, but may not "draw inferences" based on those documents "or take notice of facts that might reasonably be disputed"); *Von Saher v. Norton Simon Museum*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"); *U.S v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("A court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted.").

### A. Exhibits A, B, and C (Purported DVDs).

Defendants incorrectly describe Exhibits A, B, and C as "DVDs." RFJN at ¶¶1-3 (Exhibit A is a "true and correct copy of STAR TREK: THE NEXT GENERATION– SEASON 1 DVD, http://www.cbsstore.com/startrek-the-next-generation-season-1-dvd/detail.php?p=447284 (last visited Mar. 28, 2016)"; Exhibit B is "a true and correct copy of STAR TREK: VOYAGER – SEASON 7 DVD, http://www.cbsstore.com/star-trek-voyagerseason-7-dvd/detail.php?p=65446 (last visited Mar. 28, 2016)"; Exhibit C is "a true and correct copy of STAR TREK: ENTERPRISE– THE COMPLETE SERIES DVD, http://www.cbsstore.com/detail.php?p=53084 (last visited Mar. 28, 2016)."). These Exhibits are not actually DVDs, but rather websites that sell DVDs and that contain a description of the contents of certain DVDs.

The website printouts included in Exhibits A, B, and C are not appropriate for judicial notice because the alleged facts they contain—the descriptions of various Star Trek television series—are not "generally known within the trial court's territorial jurisdiction." Nor are these facts capable of "being accurately and readily determined from sources whose accuracy cannot reasonably be questioned" since

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

2

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

Defendants have not authenticated the websites. For these reasons, they also lack foundation and the contents of the websites are hearsay.

Even if the contents of Exhibits A, B, and C accurately reflect the websites, these websites cannot be judicially noticed for the disputed factual claim that "the other Star Trek Television Series [besides The Original Series] contain very different plots, characters, and other elements." Motion at 3. *Lee*, 655 F.3d at 999 (Court can take notice of existence of documents but may not "draw inferences" based on those documents "or take notice of facts that might reasonably be disputed").

### B. Exhibit D (Purported Nosferatu Screenshot).

Defendants claim that Exhibit D is a "true and correct copy of a screenshot from NOSFERATU (Jofa-Atelier Berlin- Johannisthal, Prana-Film GmbH (1922)." Defendants do not lay any foundation as to where they obtained this screenshot.

Exhibit D is not the proper subject of judicial notice, as the alleged fact it contains—that a specific fictional character has pointy ears—is not "generally known within the trial court's territorial jurisdiction." Nor is that fact capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," since the authors of the document are unknown and not stated by Defendants, and they have not authenticated the document. The proffered exhibit lacks foundation and is hearsay.

Even if the contents of Exhibit D accurately reflect an image from the film, *Nosferatu*, it cannot be judicially noticed for the disputed factual claim that "a species with 'pointy ears' is not original to Star Trek, and has appeared in many fictional fantasy works depicting imaginary humanoid species predating Star Trek, including, but not limited to, vampires, elves, fairies, and werewolves." Motion at 8:3-6. *Lee*, 655 F.3d at 999 (Court can take notice of existence of documents but may not "draw inferences" based on those documents "or take notice of facts that might reasonably be disputed").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

3

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

Finally, whether a certain fictional character—*not copied by Defendants*—has been physically depicted with pointy ears, has no bearing on whether Plaintiffs have stated a claim for copyright infringement based on Defendants' wholesale copying of Vulcan characters from the Star Trek Copyrighted Works.

**C.     Exhibits E, F, I, J, L, N, and P (Purported Dictionary Definitions).**

Defendants request judicial notice for the following dictionary definitions:

- Exhibit E is purportedly a "true and correct copy of ELF, Merriam Webster, http://www.merriam-webster.com/dictionary/elf (last visited Mar. 27, 2016)."  RFJN at 3.
- Exhibit F is purportedly "a true and correct copy of VULCAN, Merriam Webster, http://www.merriam-webster.com/dictionary/Vulcan (last visited Mar. 27, 2016)."  RFJN at 3.
- Exhibit I is purportedly "a true and correct copy of RIGEL, Merriam Webster, http://www.merriam-webster.com/dictionary/Rigel (last visited Mar. 27, 2016)."  RFJN at 4.
- Exhibit J is "a true and correct copy of TERRA, Merriam Webster, http://www.merriam-webster.com/dictionary/terra (last visited Mar. 28, 2016)."  RFJN at 4.
- Exhibit L is "a true and correct copy of TELEPORTATION, Merriam Webster, http://www.merriamwebster.com/dictionary/teleportation (last visited Mar. 28, 2016)."  RFJN at 4.
- Exhibit N is "a true and correct copy of FEDERATION, Merriam Webster, http://www.merriamwebster.com/dictionary/federation (last visited Mar. 27, 2016)."  RFJN at 4.
- Exhibit P is "a true and correct copy of BRIDGE, Merriam Webster, http://www.merriam-webster.com/dictionary/bridge (last visited Mar. 27, 2016)."  RFJN at 4.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

4

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

1   Again, as a threshold matter, these dictionary terms have no bearing on this
2   case. Whether or not the Romans worshipped a god of blacksmithing named
3   "Vulcan" is irrelevant to the question of whether Plaintiffs have properly stated a
4   claim against Defendants for infringing the Vulcans depicted in the Star Trek
5   Copyrighted Works.

6   Exhibits E, F, I, J, L, N, and P are not appropriate for judicial notice because
7   "[t]here is no 'common knowledge' that one word has one meaning in all contexts."
8   *United States v. Guerrero*, 806 F. Supp. 2d 992, 1004 (S.D. Tex. 2011) (declining to
9   take judicial notice of the dictionary definition of the Spanish verb "revisar"
10  submitted by defendant). The *Guerrero* court cautioned against the "danger of
11  reliance upon one source or translation, such as a single dictionary" to interpret a
12  word "out of context." *Id*., at 1003-1004. "[T]o put too much weight on a single
13  source would not only lead one to ignore context, but would also lead one to
14  unreasonably omit consideration of other, perhaps very relevant, meanings." *Id.* at
15  1003. Even if the contents of Exhibits E, F, I, J, L, N, and P accurately reflect what
16  Merriam Webster states is the definition for various terms, they cannot be judicially
17  noticed for the notion these terms have one meaning in all contexts. *Guerrero*, 806
18  F. Supp. 2d at 1004.

19  **D.  Exhibit G (Purported Excerpts from The Medals of the Masonic**
20  **Fraternity: Described and Illustrated).**

21  Defendants claim that Exhibit G contains: "true and correct copies of excerpts
22  discussing various triangular medals from WILLIAM T. R. MARVIN, *THE MEDALS OF*
23  *THE MASONIC FRATERNITY: DESCRIBED AND ILLUSTRATED* (1880)."

24  Exhibit G is not the proper subject of judicial notice because the alleged facts
25  it contains—a discussion of historically-used medals— are not "generally known
26  within the trial court's territorial jurisdiction." Nor are those facts capable of being
27  "accurately and readily determined from sources whose accuracy cannot reasonably
28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

5

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

be questioned," as Defendants have not authenticated the document. This proffered exhibit lacks foundation and is hearsay.

Even if the contents of Exhibit G accurately reflect portions of *The Medals of the Masonic Fraternity: Described and Illustrated*, these excerpts cannot be judicially noticed for the disputed factual claim that: "[t]riangular medals on uniforms…have been used by military, religious, and other organizations through history." Motion at 3. *Lee*, 655 F.3d at 999 (Court can take notice of existence of documents but may not "draw inferences" based on those documents "or take notice of facts that might reasonably be disputed").

Defendants' attempt to have the Court draw factual conclusions based on unauthenticated hearsay should be rejected.

### E. Exhibit M (Purported Excerpt from "Who Invented Faster Than Light Travel?").

Defendants claim that Exhibit M is "a true and correct copy of Sten Odenwald's *Who Invented Faster Than Light Travel?*, http://www.astronomycafe.net/anthol/scifi1.html (last visited Mar. 28, 2016)."

Exhibit M is not appropriate for judicial notice because the alleged facts it contains—information about "faster than light travel" in science fiction—are not "generally known within the trial court's territorial jurisdiction."

Even if the contents of Exhibit M accurately reflect the hearsay article, the article cannot be judicially noticed for the disputed factual claim that "Warp drive…has existed in science fiction as early as 1945." Motion at 8:16. *Lee*, 655 F.3d at 999 (Court can take notice of existence of documents but may not "draw inferences" based on those documents "or take notice of facts that might reasonably be disputed").

### F. Exhibit O (Purported Excerpt from The War of the Worlds).

Defendants claim that Exhibit O is "a true and correct copy of a relevant excerpt from H.G. Wells, *The War of the Worlds*, Leipzig (1898)."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

6

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

1  Exhibit O is not appropriate for judicial notice because the alleged facts it
2  contains—"Heat Ray weapons…have existed in science fiction since H.G. Wells'
3  'War of the Worlds' in 1898"—are not "generally known within the trial court's
4  territorial jurisdiction."  Motion at 9:3-4.  Nor are those facts capable of being
5  "accurately and readily determined from sources whose accuracy cannot reasonably
6  be questioned," since Defendants have not authenticated the document.  For these
7  reasons, the document lacks foundation is hearsay.

8  Even if the contents of Exhibit O accurately reflect the article, the article
9  cannot be judicially noticed for the disputed factual claim that "Heat Ray
10 weapons…have existed in science fiction since H.G. Wells' 'War of the Worlds' in
11 1898."  Motion at 9:3-4.  *Lee*, 655 F.3d at 999 (Court can take notice of existence of
12 documents but may not "draw inferences" based on those documents "or take notice
13 of facts that might reasonably be disputed").

14 As with Defendants' other proffered exhibits, the information contained in
15 these documents, regardless of their authenticity, have nothing to do with the issue
16 before the Court – which is whether Plaintiffs have sufficiently stated claims for
17 copyright infringement against Defendants.  Even assuming that "heat ray" weapons
18 were mentioned in pre-existing science fiction literature, that proposition has no
19 bearing on whether Defendants have engaged in copyright infringement by copying
20 the characters, settings, plots and intricate details of Plaintiffs' copyrighted works.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

7

OPPOSITION TO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Request for Judicial Notice.

Dated: April 11, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ David Grossman*
David Grossman
Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2486945.3
202828-10048

8

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE