Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Andrew S. Jick (SBN: 278943)
ajick@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to: Hon. R. Gary Klausner*<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: May 9, 2016<br>Time: 9:00 a.m.<br><br>Complaint Filed: 12/29/2015 |

## I. INTRODUCTION

In support of their Motion to Dismiss Plaintiffs' First Amended Complaint, Defendants request judicial notice of certain dictionary definitions, publicly available websites, and literary sources that are either common knowledge, in the public domain, or can be accurately and readily determined by the Court. *See* Request for Judicial Notice ("RJN"), Dkt. No. 30. As discussed in greater detail below, courts have routinely held that these types of documents are proper subjects for judicial notice. Accordingly, Defendants respectfully request that the Court grant their Request for Judicial Notice in its entirety.

## II. ARGUMENT

### A. The Court May Take Judicial Notice of Exhibits E, F, I, J, L, N, and P (Dictionary Definitions)

Courts in this Circuit have consistently held that "[a] dictionary definition is a proper subject for judicial notice." *Delgado v. United Facilities, Inc.*, No. 2:11-cv-00485-MCE-DAD, 2012 WL 10717266, at *5 (E.D. Cal. Feb. 21, 2012) (granting defendant's request to judicially notice dictionary definition); *Wayne v. Leal*, No. 07 CV 1605 JM (BLM), 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, such as an almanac, dictionary, calendar, or other source"); *see also Phillips v. P.F. Chang's China Bistro, Inc.*, No 5:15-cv-00344-RMW, 2015 WL 4694049, at *2 (N.D. Cal. Aug. 6, 2015) (same). Thus, there is no question that Exhibits E, F, I, J, L, N, and P – definitions from Merriam-Webster dictionary – are proper subjects of judicial notice.

Moreover, Plaintiffs' reliance on *United States v. Guerrero* is unfounded. In *Guerrero*, the Southern District of Texas noted that it did not take judicial notice of a Simon & Schuster's International Dictionary definition of the Spanish word "revisar" because there was "no one, right way to interpret one Spanish verb out of context." 806 F. Supp. 2d 992, 1004 (S.D. Tex. 2011). Since the Merriam-Webster dictionary

1  definitions here do not require translation, *Guerrero* has no application here.

2  Finally, Plaintiffs are incorrect that these dictionary definitions are irrelevant to
3  determination of the Motion.  As explained in the Motion and the concurrently-filed
4  Reply, Plaintiffs improperly seek to assert copyright claims based on ideas that are not
5  original to Star Trek.  To the extent Defendants request that this Court take judicial
6  notice that, for example, the term "Vulcan" is not original to Star Trek, such request is
7  proper and relevant.  Plaintiffs do not contest the accuracy of the dictionary definitions
8  provided, nor do they provide contrary definitions of any of the words.  Accordingly,
9  the Court should grant Defendants' Request for Judicial Notice of Exhibits E, F, I, J,
10 L, N, and P.

**B.    The Court May Take Judicial Notice of Exhibits A, B, C, and M (Publicly Accessible Websites)**

Courts in this Circuit have also held that websites are proper subjects for judicial notice, particularly where, as here, the requesting party provides the court with copies of the websites at issue.  *See Minor v. FedEx Office and Print Svcs., Inc.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015) (finding publicly accessible websites proper subjects for judicial notice); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *3-4 (N.D. Cal. Mar. 13, 2006) (recognizing that websites are proper subjects of judicial notice); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (finding defendant's objections based on hearsay and lack of authentication meritless, as websites are proper subjects of a request for judicial notice); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n. 2 (C.D. Cal. 2001) (same).  Thus, the Court may take judicial notice of Exhibits A, B, C, and M – printouts from publicly accessible websites.  *See* RJN Exhibits A, B, C, and M.[1]

Plaintiffs contend that Exhibits A, B, and C, which are printouts from the CBS Store website, "cannot be judicially noticed for the disputed factual claim that 'the

---

[1] Plaintiffs have not opposed judicial notice of Exhibit K, the Flag of the United Federation of Planets, as compared to the Flag of the United Nations.  Therefore, any objection to judicial notice of Exhibit K is waived.  Even so, judicial notice of Exhibit K is proper for the same reasons set forth herein.

1  other Star Trek Television Series . . . contain very different plots, characters, and other
2  elements.'"  Opp. to RJN at 3:4-6.  Plaintiffs are mistaken, however, because the
3  accuracy of the source – Plaintiff CBS Studios, Inc.'s online store – cannot reasonably
4  be disputed under these circumstances.  Neither are the statements hearsay, as they
5  constitute admissions of an opposing party under Federal Rule of Evidence 801(d)(2).

6  Plaintiffs' argument that these documents cannot be judicial noticed for a
7  disputed factual claim should be rejected.  Plaintiffs' own allegations in the FAC
8  highlight the significant differences that exist between the various Star Trek television
9  series and motion pictures as to the plots, characters, and other elements.  Plaintiffs do
10 not dispute that such differences exist.  The Court may properly take judicial notice of
11 these documents as further support for the uncontroverted proposition that not every
12 element identified by Plaintiffs appears in every Star Trek Work.

13 Plaintiffs also contend that the Court cannot take judicial notice of Exhibit M
14 for the "disputed factual claim that 'warp drive . . . has existed in science fiction as
15 early as 1945.'"  Opp. to RJN at 6:21-22.  Plaintiffs are again mistaken, however,
16 because Plaintiffs cannot reasonably dispute – and do not dispute – that the concept of
17 faster-than-light travel predates the Star Trek Works.

18 Accordingly, the Court should grant Defendants' Request for Judicial Notice of
19 Exhibits A, B, C, and M.

20       **C.     The Court May Take Judicial Notice of Exhibits D, G, and O**
21              **(Facts in the Public Domain)**

22 Courts have routinely held that publications and other information found in the
23 public domain are judicially noticeable under Federal Rule of Evidence 201.  *See*
24 *Makaeff v. Trump Univ., LLC*, 715 F. 3d 254, 259 n.2 (9th Cir. 2013) (taking judicial
25 notice of publications to indicate what was in the public domain); *Von Saher v. Norton*
26 *Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (same); *Phillips*
27 *v. Worldwide Internet Solutions*, No. C 05-5125 SBA, 2006 WL 1709189, at *1 n.1
28 (N.D. Cal. Jun. 20, 2006) (finding that judicial notice of books is appropriate where a

party properly requests it, and produces it to the court); *see also Keimer v. Buena Vista Books, Inc.*, 75 Cal. App. 4th 1220, 1221 n.4 (1st Dist. 1999) (finding judicial notice of books for the existence of certain statements made in their pages appropriate). Thus, the Court may take judicial notice of Exhibits D, G, and O – excerpts from books and a still frame from a motion picture.[2]

Contrary to Plaintiffs' assertions, the Court may properly take judicial notice of these works, which have been in the public domain for over a century and contain elements Plaintiffs allege are original to the Star Trek Works. Moreover, Plaintiffs cannot reasonable dispute – and do not dispute – that Nosferatu is a fictional humanoid character with pointy ears, that triangular medals on uniforms have been used by military, religious, and other organizations throughout history, that heat ray weapons appeared in "War of the Worlds," or that all of these third party and public domain uses predated Star Trek. Plaintiffs are also incorrect that these matters are irrelevant to determination of the Motion. As explained in the Motion and the concurrently-filed Reply, Plaintiffs improperly seek to assert copyright claims based on ideas that are not original to Star Trek. Defendants' request that this Court take judicial notice of the foregoing matters is proper. Accordingly, the Court should grant Defendants' Request for Judicial Notice of Exhibits D, G, and O.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Request for Judicial Notice.

Dated: April 25, 2016            **WINSTON & STRAWN LLP**

By:    /s/ Erin R. Ranahan
        Erin R. Ranahan
        Attorneys for Defendants
        AXANAR PRODUCTIONS, INC.,
        and ALEC PETERS

---

[2] Plaintiffs have not opposed judicial notice of Exhibit H, excerpts from *The Odyssey of Homer*. Therefore, any objection to judicial notice of Exhibit H is waived. Even so, judicial notice of Exhibit H is proper for the same reasons set forth herein.