LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
JENNIFER JASON (SBN 274142)
jjason@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

LOEB & LOEB LLP
JONATHAN ZAVIN (Admitted *pro hac vice*)
jzavin@loeb.com
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000
Facsimile: 212.407.4990

Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>**PLAINTIFFS' OPPOSITION TO APPLICATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE BY LANGUAGE CREATION SOCIETY**<br><br>Complaint Filed: 12/29/2015 |

## I. INTRODUCTION

Well after completion of all of the briefing on Defendants' Motion to Dismiss the Amended Complaint, and less than two weeks before the Court's hearing on the Motion, the Language Creation Society ("LCS") applied to file an amicus curiae brief, arguing the hypothetical issue of whether a fictional language is copyrightable, and asking the court to make factual findings on a motion to dismiss based on hearsay.  LCS is improperly trying invite this Court to decide an issue that is not currently before the Court, and to render what would be an advisory opinion.  Courts may grant leave to file an amicus brief if the information provided is <u>timely</u> and <u>useful</u>.  *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, 2010 U.S. Dist. LEXIS 61394 (E.D. Cal. June 3, 2010).  Here, LCS' request should be denied as untimely, irrelevant, and procedurally improper.  In the alternative, if the Court grants the request, Plaintiffs respectfully request that they be given the time to meaningfully respond to the amicus brief.

## II. ARGUMENT

### A. This Application is Untimely and Improper.

The Federal Rules of Civil Procedure do not expressly provide for LCS' filing of an amicus brief in a district court.  While LCS claims that such briefs are "not unusual" (Docket No. 35 at 2), amicus briefs are not permitted when they are untimely.  *Jamul Action Comm. v. Jonodev Chaudhuri*, 2015 U.S. Dist. LEXIS 51133 (E.D. Cal. Apr. 16, 2015), *citing Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) and *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903).  Courts have held that amicus briefs are untimely when they are filed after the parties' briefing on the pertinent motion has already been completed.  *See, e.g., Hawksbill Sea Turtle v. FEMA*, 11 F. Supp. 2d 529, 541 (D.V.I. 1998) (denying motion for leave to submit amicus brief as untimely when it was submitted after the briefing was completed).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10005686.2
202828-10048

1

OPPOSITION TO APPLICATION BY LCS FOR
LEAVE TO FILE AMICUS BRIEF

Defendants moved to dismiss Plaintiffs' amended complaint on March 28, 2016. Plaintiffs submitted their opposition to that motion on April 11, and Defendants submitted their reply on April 25. The Court's May 9 hearing on the motion is next week. LCS waited an entire month after the filing of the Motion to Dismiss, after both sides had already completed their briefing on the motion to file its amicus brief. Its filing on the night of April 27 was only 8 business days before the hearing on the Motion to Dismiss. This is untimely. There is no provision in the Federal Rules or in this Court's local rules for filing a separate opposition to an amicus brief, and Plaintiffs do not have enough time to provide a substantive response, nor would the Court have sufficient time to review that response, in advance of the hearing.

If LCS had submitted its proposed amicus brief in a federal appellate court, it would have been untimely by several weeks. Fed. R. App. P. 29(e)(amicus brief must be filed "no later than 7 days after the principal brief of the party being supported"). Under this rule, LCS's brief would have been due by no later than April 4, 2016, more than three weeks before it was actually filed. LCS offers no justification for its failure to submit an amicus brief earlier.[1]

Further, although there are no applicable district court rules, in a federal appellate court, LCS would have been permitted to file only a 10 page brief, or half the length of the Motion to Dismiss. Fed. R. App. P. 29(d) ("Except by the court's permission, an amicus brief may be no more than one-half the maximum length

---

[1] In the two cases relied on by LCS, the court set deadlines for the applications to file an amicus brief. *See* Docket No. 35 at 2:5-13, citing Brief of Amicus Curiae Electronic Privacy Information Center and Eight Consumer Privacy Organizations, *in the Matter of the search of an Apple IPhone Seized During the Execution of a Search Warrant on a Black Lexus IS300, California License Plate 35KGD203*, Case No. CM 16-10 (SP) (C.D. Cal. Mar. 3, 2016)(scheduling order specified a deadline for any request seeking leave of the court to file an amicus brief, and the request was timely filed); *Tabaddor v. Holder*, Case No. CV 14-6309-GW(CWx), Doc. 42 (C.D. Cal. Feb. 25, 2015)(the court entered an order setting a deadline for potential amicus briefs). Here, the Court has not set any such briefing schedule.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10005686.2
202828-10048

2

OPPOSITION TO APPLICATION BY LCS FOR
LEAVE TO FILE AMICUS BRIEF

authorized by these rules for a party's principal brief."). Here, on an issue to which each of the parties devoted no more than a paragraph or two in their respective briefs, the LCS submitted 19 page brief – virtually the same length as allowed to the Plaintiffs to respond to Defendants entire multifaceted motion to dismiss. This alone makes the amicus brief completely improper.

### B. The Issues in the Amicus Brief Are Not Before The Court.

An application to file an amicus brief should be denied when it addresses issues that are not before the court or issues that are not necessary for the Court's disposition of the motion at issue. *See Juniper Networks v. Shipley*, 2010 U.S. Dist. LEXIS 24889, 94 U.S.P.Q.2d (BNA) 1934 (N.D. Cal. Mar. 16, 2010)(denying motion for leave to file amicus brief when the brief addressed an issue that the court would not even reach); *Gingery v. City of Glendale*, 2014 U.S. Dist. LEXIS 107598 (C.D. Cal. Aug. 4, 2014)(denying request to appear as amicus curiae when "none of the information provided by the proposed Amicus applicants [wa]s necessary for the Court's disposition of the present motions").

In its application and amicus brief, LCS is asking the Court for an advisory opinion on whether fictional languages are copyrightable. This is not at issue in the motion to dismiss. At the motion to dismiss stage, the Court will determine whether Plaintiffs have sufficiently alleged the existence of their Star Trek Copyrighted Works and whether Plaintiffs have alleged infringement by the Defendants. The Court has not been asked to perform a substantial similarity analysis at this stage of the proceeding, and especially not to determine the independent copyrightability of the Klingon language (or fictitious languages in general) outside of context of Star Trek works.

As Plaintiffs pointed out in their Opposition to Motion to Dismiss, the use of the fictitious Klingon language in Defendants' Axanar works is merely one aspect of the Star Trek Copyrighted Works that can be considered at a later point in the substantial similarity analysis. Dock. 31 at 10:7-10. Defendants' use of the Klingon

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10005686.2
202828-10048

3

OPPOSITION TO APPLICATION BY LCS FOR
LEAVE TO FILE AMICUS BRIEF

language in their works is further evidence of their infringement of Plaintiffs' characters, because speaking this fictitious language is one of the many creative aspects of Plaintiffs' characters. It is undisputed that Klingons are copyrightable characters, and have been depicted in the Star Trek Copyrighted Works in a distinct and recognizable manner. Klingon is a fictional language that is part of the depiction of those characters.[2] Defendants have created works that incorporate Plaintiffs' copyrighted Klingon characters, and Defendants' characters, as depicted, speak the Klingon language. It is the use of the Klingon language in this context that will be before the Court in performing a substantial similarity analysis, not the copyrightability of languages in general. In any event, that issue is certainly not before the Court on the present motion to dismiss.

### C. LCS is Improperly Asking the Court to Make Factual Findings on a Motion to Dismiss.

LCS's primary argument is that, because the fictitious Klingon language has become a "living language," it is not copyrightable, or at least is no longer copyrightable. To support this factual contention regarding whether or not Klingon is a "living language," LCS submits numerous hearsay exhibits, none of which are admissible on a motion to dismiss. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Based on these exhibits, which are hearsay, outside of the record in this case, and not appropriate for consideration on a motion to dismiss, LCS invites the Court to make factual findings as to whether Klingon is a "living language."[3] If this factual issue is ever before the Court, it cannot be on a

---

[2] As LCS acknowledges, Paramount owns the copyright to the Klingon dictionary, which was written by the creator of the Klingon Language Marc Okrand. [Docket No. 35-1 at 4, FN 9.]

[3] While not attempting to substantively respond to amicus's arguments, it is worth noting that LCS's purported 'evidence' of the Klingon language not being copyrightable includes such things an unauthenticated news report that one couple "spoke" Klingon while getting married at a Star Trek convention. Under this theory, had the couple dressed up as Professor Higgins and Eliza Doolittle and been married in Covent Garden, presumably *My Fair Lady* would no longer be copyrightable.

motion to dismiss, where the only issue is the sufficiency of the pleadings. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Because it seeks factual findings on a motion to dismiss, and because it relies on exhibits not properly before the Court, the application to file an amicus brief should be denied.

### D. If the Brief is Allowed, Plaintiffs Seek Leave to File a Response.

If the brief by LCS is allowed, Plaintiffs request a meaningful opportunity to respond. The LCS brief was filed on April 27, after the parties had completed their briefing on the Motion to Dismiss and merely 8 business days before the hearing on this matter. In the event that the Court allows the filing of the amicus brief, Plaintiffs request that the Court set a date by which they can file a substantive response, but in no event should it effect the hearing date on the Defendants motion to dismiss, because doing so would allow the tail to wag the dog. Plaintiffs further request that such response be permitted to be 15 pages in length given that LCS submitted a 19-page brief.

## III. CONCLUSION

LCS' brief is untimely, of improper length, and attempts to have the Court resolve factual issues on a motion to dismiss based on inadmissible hearsay. Nonparty LCS should not be permitted to insert itself in the litigation at this stage in the proceedings to add unnecessary complication.

Dated: May 3, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ David Grossman*
David Grossman
Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10005686.2
202828-10048

5

OPPOSITION TO APPLICATION BY LCS FOR
LEAVE TO FILE AMICUS BRIEF