RANDAZZA LEGAL GROUP, PLLC
Marc J. Randazza (SBN 269535)
mjr@randazza.com
Alex J. Shepard (SBN 295058)
ajs@randazza.com
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Amicus,*
*Language Creation Society*

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>**REPLY IN SUPPORT OF APPLICATION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***<br><br>**Judge:** Hon. R. Gary Klausner<br>**Courtroom:** 850, 8th Floor |

Amicus hereby files its Reply in Support of its Application for Leave to File Brief as *Amicus Curiae*.

The standard for leave to file an *amicus* brief is simply whether it will assist the Court. See *Neonatology Assocs., P.A. v. C.I.R.*, 294 F.3d 128, 133 (3d Cir. 2002) (stating that "[I]f a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance"); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (stating that "[a]n *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide"); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) (finding that "a court is usually delighted to hear additional arguments from able *amici* that will help the court toward right answers"); *Phillips v. AWH Corp.*, 376 F.3d 1382, 1383-84 (Fed. Cir. 2004) (stating that "[a]*micus curiae* briefs may be filed by bar associations, trade or industry associations, government entities, and other interested parties").

The evidence and arguments provided by Amicus Language Creation Society's brief will assist the Court in determining the question of whether the Klingon language is entitled to copyright protection. It is not premature for the Court to make this determination at the motion to dismiss stage because this is a legal question; if a spoken language is not entitled to copyright protection as a matter of law, then Plaintiffs' claims are properly dismissed

insofar as they are based on Defendants' use of the Klingon language. Amicus does not seek an advisory opinion, as Plaintiffs allege; Plaintiffs steadfastly assert that they "own" the Klingon language,[1] and there is no need for a fact-intensive "substantial similarity" analysis, as Plaintiffs insist, to determine whether Klingon can belong to anyone. This issue is properly before the Court, and the Court may properly determine at this stage whether Klingon is copyrightable.

The brief of Amicus is of particular assistance to the Court given the brevity of the parties' briefing on this question. Among the motion to dismiss, opposition, and reply, the parties devote fewer than two pages of discussion on this issue. Plaintiffs even acknowledge that "each of the parties devoted no more than a paragraph or two in their respective briefs" on this issue. (Doc. No. 38 at 4.) And while it is true that a determination of whether the Klingon language can be entitled to copyright protection may have implications beyond this case, courts must often weigh interests beyond those of the parties, and private concerns often must "give

---

[1] Plaintiffs try to distance themselves from the allegations in the operative Complaint by claiming that the Court need not "determine the independent copyrightability of the Klingon language . . . outside of context [sic] of Star Trek works." (Doc. No. 38 at 4.) But Plaintiffs cannot escape their own pleadings; they list the "Klingon Language" as a distinct "Star Trek Copyrighted Work" in their Amended Complaint. (Doc. No. 26 at 32.)

way before the demands of the public interest." *Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969).

The brief submitted by Amicus is relevant to an issue before the Court, which has received scant briefing from the parties, that it may dispose of on a motion to dismiss. The Court should thus grant Amicus' application for leave to file its amicus brief and consider the Language Creation Society's brief as *amicus curiae*.

In the alternative, Amicus requests that the court take the Brief under advisement for use during later stages in the proceedings, as this issue will need to be dealt with (unless Plaintiffs drops their claim to own Klingon) at some point in this case.

Dated: May 4, 2016.    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC

*Attorneys for Amicus,
Language Creation Society*

Case No. 2:15-cv-09938-RGK-E

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ Trey Rothell

Employee,
Randazza Legal Group, PLLC

- 5 -
Reply in Support of Application for Leave to File Brief as *Amicus Curiae*
2:15-cv-09938-RGK-E