Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Andrew S. Jick (SBN: 278943)
ajick@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to: Hon. R. Gary Klausner*<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO THE LANGUAGE CREATION SOCIETY'S APPLICATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE**<br><br>Hearing Date:   May 9, 2016<br>Time:   9:00 a.m.<br><br>Original Complaint Filed: 12/29/15<br>Amended Complaint Filed: 3/11/16 |

Plaintiffs use their Opposition to the Language Creation Society's ("LCS's") Application for Leave to File an Amicus Brief (Dkt. 35) to belatedly raise new arguments in opposition to Defendants' Motion to Dismiss or Strike the First Amended Complaint ("FAC") (Dkt. 29) ("Motion").

First, while Plaintiffs now argue that the Klingon language is "merely one aspect of the Star Trek Copyrighted Works" and that Defendants' use of Klingon is "further evidence of their infringement of Plaintiffs' characters" (Dkt. 38 at 3-4), in the First Amended Complaint ("FAC") Plaintiffs do not limit their allegations in this way.  In the FAC, Plaintiffs claim ownership over "Klingons" as a race (FAC at 12) and over the appearance of Klingons (FAC at 13-14), and they claim *separately* to own the "Klingon language" (FAC at 32).  In fact, the Klingon language is listed as a "Star Trek Copyrighted Work" according to the chart in the FAC.  *Id.*  Plaintiffs are hard-pressed to link their claim to the Klingon language to an actual character when their FAC does not identify a single specific Klingon character, let alone any character they claim Defendants have infringed through using the Klingon language.

Second, Plaintiffs argue that whether the Klingon language is protectable as a matter of law is irrelevant on Defendants' Motion.  Not so.  Defendants raised the same fundamental arguments as LCS in their Motion and Reply.  Mot. (Dkt. 29) at 20:7-14; Reply (Dkt. 33) at 10:7-19, n. 10-11 at 10:24-28.  And the Court must filter out unprotectable elements when determining whether Plaintiffs have stated a claim for infringement. Mot. (Dkt. 29) at 17:5-12.  Indeed, like recipes in a cookbook, while the Klingon Dictionary may be protected from wholesale copying, the individual Klingon words contained therein and expression flowing from the Klingon language system are simply not protected.[1]  This Court should decline to allow Plaintiffs to stifle expression in Klingon when this matter can be resolved now as matter of law.

Third, Plaintiffs argue that the Court should not resolve factual disputes at this stage.  Defendants submit that it is not necessary for the Court to resolve the factual

---

[1] http://www.copyright.gov/fls/fl122.html.

1

issue of who began the Klingon language for purposes of their Motion.  Plaintiffs' FAC does not even identify either or both of the Plaintiffs as the copyright owner(s) in the Klingon Dictionary or the Klingon language.[2]  And in response to Plaintiffs' insistence that it was "absurd" to treat Klingon as a language used by real speakers (Opp. (Dkt. 31) at 16:14-16), Defendants' Reply pointed to real Klingon speakers.  Reply (Dkt. 33) at n. 11 at 10:27-28.  Unable to counter the undisputed fact that fans *do* use the Klingon language to communicate, Plaintiffs hope to block the Court's consideration purely on evidentiary objections.  But regardless of whether the Court considers any of this evidence, it is not necessary to the Court's ruling on this issue.

Finally, Plaintiffs' Opposition to the Motion claims that substantial similarity analysis is "unnecessary" here. Opp. (Dkt. 31) at 11:7-9.  But now, Plaintiffs are reversing course and suddenly claiming that the individual works they alleged in the FAC are just pieces for a broader substantial similarity analysis.  Plaintiffs cannot invoke the substantial similarity test only when convenient, and cannot complain about parsing out Plaintiffs' claim to the Klingon language when their FAC does just that.  FAC at 32.  Further, the FAC remains unclear about (1) which episodes and films that Plaintiffs claim to own are at issue here (rendering it impossible to even begin to engage in any substantial similarity analysis), and (2) how the Court could engage in a substantial similarity analysis with respect to the Potential Fan Film when it has not yet been made.

The Court should dismiss and/or strike Plaintiffs' FAC to the extent that it attempts to claim copyright protection of the Klingon language.

Dated: May 6, 2016                                          WINSTON & STRAWN LLP

By: */s/ Erin R. Ranahan*
Erin R. Ranahan
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS

---

[2] If this claim survives, Defendants intend to investigate ownership of the Klingon dictionary in discovery.

2

DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO THE LANGUAGE CREATION SOCIETY'S APPLICATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE