UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-09938 RGK (Ex) | Date | May 9, 2016 |
|---|---|---|---|
| Title | *Paramount Pictures Corp. & CBS Studios Inc. v. Axanar Productions, Inc. & Alec Peters* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss (DE 29)

## I.     INTRODUCTION

On March 11, 2016, Paramount Pictures Corporation and CBS Studios Inc. (collectively "Plaintiffs") filed a First Amended Complaint ("FAC") against Axanar Productions, Inc. and Alec Peters (collectively "Defendants") alleging copyright infringement, contributory copyright infringement, and vicarious copyright infringement claims.

Presently before the Court is Defendants' Motion to Dismiss. For the following reasons, the Motion is **DENIED**.

## II.     FACTUAL BACKGROUND

The following facts are alleged in the FAC.

Plaintiffs' copyright infringement claims arise out of Defendants' creation of a short film entitled *Star Trek: Prelude to Axanar* ("*Prelude to Axanar*") and a feature film entitled *Axanar* (the "*Axanar* Motion Picture") (collectively "*Axanar* Works"). Plaintiffs own the copyrights in the Star Trek franchise, which includes six television series and twelve motion pictures spanning nearly fifty years. Defendant Axanar Productions is a production company. Defendant Alec Peters is the controlling principal of Axanar Productions and screenwriter of the *Axanar* Works.

### A.     Plaintiffs' Star Trek Copyrighted Works

Star Trek is a science fiction entertainment franchise chronicling the adventures of the U.S.S. Enterprise (one of the "Starfleet" ships) and its crew as they travel through space during the twenty-third century. First broadcast nationwide in 1966, the original television series ("The Original Series") has been almost continuously in syndication throughout the United States since that time. In one episode of

The Original Series, James T. Kirk, captain of the U.S.S. Enterprise, meets his hero, Garth of Izar (a former Starship captain). Kirk and Garth discuss Garth's victory in the Battle of Axanar.

Since The Original Series, there have been five additional Star Trek television series totally more than 700 episodes (collectively with The Original Series, "Star Trek Television Series"). There have also been twelve Star Trek motion pictures ("Star Trek Motion Pictures"). Plaintiffs continue to develop the Star Trek works, with plans to release a new motion picture in 2016 and a new television series in 2017. CBS owns the copyrights in the Star Trek Television Series, while Paramount owns the copyrights in the Star Trek Motion Pictures. Plaintiffs also jointly own United States copyrights in numerous other Star Trek works including novels in which Garth of Izar and Star Trek starships appear (collectively with Star Trek Television Series and Star Trek Motion Pictures, "Star Trek Copyrighted Works").

### B. Defendants' *Axanar* Works

Plaintiffs allege that the *Axanar* Works infringe their works by using Star Trek settings, characters, species, and themes. Plaintiffs believe that Defendants have raised over $1 million to produce these works, including building a studio and hiring actors, set designers, and costume designers.

#### 1. *Prelude to Axanar*

*Prelude to Axanar* is a short film written and produced by Defendants that tells the story of Garth of Izar during the war between the Federation and the Klingon Empire. Defendants have incorporated numerous elements of the Star Trek Copyrighted Works into this short film, such as the elements of the Battle of Axanar itself, the Federation, the Klingons, Vulcans, Starfleet, and Starfleet officers and commanders, including Garth of Izar. According to Defendants' Kickstarter campaign, "Prelude to Axanar will be Star Trek like you have never seen it before, showing the central characters of Axanar giving both a historical and personal account of the war." (FAC ¶ 29, ECF No. 26.)

Defendants funded this short film through Kickstarter, a crowdsource fundraising website. Currently, Defendants are distributing *Prelude to Axanar* via Youtube.com.

#### 2. *Axanar* Motion Picture

*Axanar* is a feature length motion picture that takes place 21 years before the first Captain Kirk episode of The Original Star Trek. *Axanar* is the story of Captain Kirk's hero, Garth of Izar, and his crew during the Four Years War – the war with the Klingon Empire that almost tore apart the Federation. Garth's victory at Axanar allowed the Federation to become the entity known in Captain Kirk's time.

Defendant Peters has written the *Axanar* script – posting about a "fully revised and locked script" on Axanar Productions' Facebook page. (FAC ¶ 36, ECF No. 26.) Although Defendants originally announced that filming would not begin until 2016, Defendants released one scene from the motion picture in 2015, which they call the "Vulcan Scene." Plaintiffs believe that Defendants have filmed at least one other scene in addition to the Vulcan Scene. Defendants are currently in the process of producing, directing, creating the sets, and designing costumes for the motion picture.

Plaintiffs allege Defendants copied numerous protected elements from the Star Trek Copyrighted Works, including elements of the Battle of Axanar, characters, species, costumes, makeup, weapons, and starships.

## III. JUDICIAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## IV. DISCUSSION

To establish copyright infringement, Plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendants argue, on several grounds, that the Court should dismiss Plaintiffs' claims for failure to plausibly allege copyright infringement.

Both parties do not dispute that Paramount and CBS own the copyrights to the Star Trek Copyrighted works. Plaintiffs have identified the copyright registrations for the first episode of each television series and the registrations for each motion picture. (FAC App. A, ECF No. 26.) However, Defendants offer various arguments that Plaintiffs fail to plead copyright infringement.

### A. **Plaintiffs Plead with Sufficient Specificity**

#### 1. *Plaintiffs Provide Sufficient Notice*

Defendants argue that Plaintiffs fail to plead copyright infringement with sufficient specificity, thus not providing Defendants with requisite notice to determine the potentially infringing works. Defendants argue that Plaintiffs fail to plausibly plead their claims because the FAC does not identify each episode, film, and elements that were allegedly infringed to provide notice of and allow investigation into the claims to assess liability. The Court disagrees.

Courts do not require copyright claims to be pled with such particularity; rather, courts find a complaint sufficiently pled if it "alleges representative acts of infringement rather than a comprehensive listing." *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co. Ltd.*, 3:15-CV-04084-CRB, 2015 WL 8178826, at *6 (N.D. Cal. Dec. 8, 2015). Defendants rely on *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005) to support their argument that the Court must grant a motion to dismiss when the complaint fails to identify exactly which works Defendants infringed. Defendants' reliance on *Four Navy Seals* is misplaced. In *Four Navy Seals*, military personnel alleged copyright infringement of photographs against a media organization. The plaintiffs in *Four Navy Seals* simply alleged that "at least one of the [1800 photographs] was used" by defendants, without specifying which of the 1800 photographs, thus leaving defendants without any notice as to the copyrighted works at issue. Plaintiffs here, unlike the plaintiffs in *Four Navy Seals*, alleged copyright infringement as to the Star Trek franchise as a whole, going to great lengths to compare and contrast allegedly infringing elements of the Star Trek franchise through photographs and vivid descriptions.

Defendants cite to numerous additional district court cases in support of their argument that Plaintiffs must identify each work at issue. All of these cases are distinguishable. The plaintiff in *Plunket v. Doyle*, No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) provided a multi-page schedule of the literary works potentially at issue and asserted "in her [c]omplaint that her copyright claims [were] not limited to these works." *Id.* Here, Plaintiffs define the Star Trek Coyprighted Works and include a detailed description of the allegedly infringing elements. In *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890 (TPG), 2014 WL 1303135, at *3-4 (S.D.N.Y. Mar. 31, 2014), the plaintiff failed to allege which of the 146 photographs on a list were at issue. *Palmer Kane* involved individual infringement of specific photos, rather than broad allegations of infringement of an entire television and film franchise. Further, Plaintiffs here clearly identify infringing elements of Defendants' works. Lastly, the court in *Synopsys, Inc. v. ATopTech, Inc.*, No. C 12-CV-02965 SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013) dismissed the plaintiff's copyright infringement claim because the plaintiff failed to make clear what the defendant copied, making "it impossible for the [c]ourt to find [p]laintiff's claim plausible." *Synopsys* involved copyright infringement of source code, rather than a film or television franchise. Unlike the cases cited by Defendants, the Complaint here clearly enables the Court to understand what elements of Plaintiffs' copyright works are allegedly infringed.

The Court finds the Complaint sufficiently provides Defendants notice of the allegedly infringing elements at issue. For example, Plaintiffs allege that the Starship U.S.S. Enterprise, which first appears in the pilot episodes of The Original Series and is consistently portrayed throughout the franchise's episodes and films, appears in Defendants' *Prelude to Axanar*. (FAC ¶ 46 22:5-16, ECF No. 26.) This provides Defendants with notice that their use of the U.S.S. Enterprise is potentially infringing each Star Trek Copyrighted Work in which the U.S.S. Enterprise appears. Further, Plaintiffs allege that Soval, a character first seen in an episode of the Star Trek *Enterprise* television series and later seen in other Star Trek Copyrighted Works including the 1979 Motion Picture, appears in Defendants' *Prelude to Axanar* wearing a copied costume and portraying himself as the same Soval character as in the Star Trek Copyrighted Works. (FAC ¶ 46 17:1-19, ECF No. 26.) This provides Defendants with sufficient notice that their use of Soval in the context of *Prelude to Axanar* is potentially infringing each Star Trek Copyrighted Work in which Soval appears.

    *2.*   *Paramount Has Standing to Sue*

Defendants further argue that Plaintiffs' lack of specificity does not enable Defendants to differentiate between which copyrights are owned by CBS and which are owned by Paramount. Defendants contend that this differentiation is crucial to determine Paramount's standing to sue since Paramount owns the copyrights to the motion picture franchise, which are derivative works of The Original Series. Because Paramount owns copyrights to derivative works, it only owns copyrights in the original aspects of the Star Trek Motion Pictures – "the creator of the derivative work has a copyright only as to those original aspects of the work that the derivative creator contributed, and only to the extent that the derivative creator's contributions are 'more than trivial.'" *DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015) (quoting *U.S.A. Auto Parts Network, Inc. v. Parts Geek LLC*, 692 F.3d 1009, 1016 (9th Cir. 2012)). The Court finds this argument unavailing.

Plaintiffs define the Star Trek Copyrighted Works as including both the motion pictures and television series, providing the copyright registration numbers for the first episode of each television series and for each motion picture. To demonstrate substantial similarity, Plaintiffs describe individual infringing elements in the Complaint. (FAC ¶¶ 46-47, ECF No. 26.) However, Plaintiffs do not claim that these individual infringing elements are subject to copyright protection – these elements are included in the Complaint to demonstrate the similarities between the Star Trek Copyrighted Works and the *Axanar* Works. Rather, Plaintiffs' copyright infringement claims are solely based on the Star Trek Copyrighted Works as defined in the Complaint.

Because it is undisputed that Paramount owns the copyrights to the Star Trek Motion Pictures, which is included in the Star Trek Copyrighted Works, Paramount has standing to sue for copyright infringement based on these works.

### B.     Plaintiffs' Allegations Made on "Information and Belief"

#### 1.     *Copyright Infringement Allegations Made on "Information and Belief"*

Defendants argue Plaintiffs improperly base their claims on bare allegations of "information and belief," which, "without more is insufficient to survive a motion to dismiss for failure to state a claim." *Solis v. City of Fresno*, 1:11 CV 00053 AWI, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012). This argument is unavailing. *Twombly's* "plausibility standard does not prevent a plaintiff from 'pleading facts alleged "upon information and belief"' where there facts are peculiarly within the possession and control of the defendants, . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 961 (C.D. Cal. 2012) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

Here, Plaintiffs' allegations based on "information and belief" are bolstered by specific facts and many allegations gleaned directly from comparing the works at issue and from Defendants' public postings on social media. For example, Plaintiffs include a screenshot of Defendants' Facebook post of a photo of Defendant Peters posing with a "fully revised and locked script." (FAC ¶ 36, ECF No. 26.) Plaintiffs' copyright infringement allegations as to the *Axanar* Motion Picture are based on this script, along with the Vulcan Scene.

Thus, the Court finds Plaintiffs' allegations, even those based on "information and belief," sufficient to state a claim for copyright infringement.

#### 2.     *Vicarious Infringement: Direct Financial Benefit Allegations Made on "Information and Belief"*

To sufficiently plead vicarious infringement, Plaintiffs must allege facts as to how Defendants have enjoyed a "direct financial benefit." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). To sufficiently plead vicarious copyright infringement, a profit does not have to be realized. *Capitol Records, Inc. v. MP3tunes*, LLC, 48 F. Supp. 3d 703, 712 (S.D.N.Y. 2014). Rather, "[f]inancial benefit exists where the availability of infringing material 'acts as a "draw" for customers.'" *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001) (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263-64 (9th Cir. 1996)). According to Defendants, Plaintiffs' allegation that Defendants enjoyed a "direct financial benefit" is insufficient when based on "information and belief." (FAC ¶ 62, ECF No. 26.) The Court disagrees.

Plaintiffs allege that *Prelude to Axanar* was "funded on Kickstarter, a crowdsourcing website where parties can raise money for future projects" and that "Defendants are currently distributing and publicly performing *Prelude to Axanar* online via Youtube.com." (FAC ¶ 22, 27, ECF No. 26.) Plaintiffs also allege that Defendants funded the *Axanar* Motion Picture on Kickstarter and Indiegogo, another crowdsourcing website similar to Kickstarter, and that Defendants have already released a scene (the Vulcan Scene) from the *Axanar* Motion Picture on Defendants' website and on Youtube.com. (FAC ¶ 31-32, 39, ECF No. 26.) Further, Plaintiffs allege that "Defendants have raised over $1 million so far to produce these works." (FAC ¶ 2, ECF No. 26.) Although it is unclear whether Defendants stand to earn a profit from the *Axanar* Works, realizing a profit is irrelevant to this analysis. The Court can easily infer that by raising $1 million to produce the *Axanar* Works and disseminating the *Axanar* Works on Youtube.com, the allegedly infringing material "acts as a 'draw' for customers" to watch Defendants' films. *A&M Records, Inc.*, 239 F.3d at 1023 (quoting *Fonovisa, Inc.*, 76 F.3d at 263-64).

### C. Non-Protectable Elements

To prove copyright infringement, Plaintiffs must demonstrate that the "*protectable elements, standing alone*, are substantially similar," so the Court must "filter out and disregard the non-protectable elements in making [its] substantial similarity determination." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (quoting *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996)). Defendants argue that the Court must "filter out" non-protectable elements of the Star Trek Copyrighted Works. Defendants contend that non-protectable elements include the following: (1) costumes; (2) geometric shapes (e.g., the Starfleet command insignia); (3) words and short phrases (e.g., the names of planets or races); (4) elements of works derived from nature, the public domain, or third party works (e.g., Vulcans' appearance with pointy ears or the concept of warp drive); (5) the Klingon language; (6) the mood or theme of "science fiction action adventure"; (7) scenes-a-faire elements (e.g., staples of science fiction such as starships and medals on uniforms); and (8) characters identified by Plaintiffs (e.g., Garth of Izar, Soval, and Robau). The Court finds that Defendants' argument mischaracterizes the scope of Plaintiffs' copyright claims.

When viewed in a vacuum, each of these elements may not individually be protectable by copyright. Plaintiffs, however, do not seek to enforce their copyright in each of these elements individually. Rather, Plaintiffs' copyright infringement claims are based on the Star Trek Copyrighted Works as a whole. The Complaint clearly defines the works at issue (the Star Trek Copyrighted Works), and includes the copyright registration numbers for the motion pictures and the first episode of each television series. The Court finds it unnecessary to analyze whether the allegedly non-protectable elements of the Star Trek Copyrighted Works are eligible for copyright protection because Plaintiff describes these elements in the Complaint solely in an effort to demonstrate how the *Axanar* Works are substantially similar to the Star Trek Copyrighted Works.[1]

Further, even if each individual element were not protected by copyright, unprotectable elements "may gain some protection in combination with each other. Specific combinations of unprotectable elements may be copyrightable provided that the elements combined are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Muromura v. Rubin Rostaer & Associates*, CV 12-09263 DDP AGRX, 2015 WL 1728324, at *3-4 (C.D. Cal. 2015). Defendants use *Muromura* to support their argument that the Court should dismiss Plaintiffs' claims because Plaintiffs fail to allege copyright infringement of protectable elements, but ignore *Muromura's* proposition that unprotectable elements may be copyrightable when combined. *Muromura*, therefore, supports Plaintiffs' claims because Plaintiffs allege elements that, when combined with one another, form the entire Star Trek franchise of television series and films. Plaintiffs allege Defendants copied numerous aspects of the Star Trek Copyrighted Works such as the Klingons, the U.S.S. Enterprise, the Vulcans, the Federation, and certain Star Trek characters. Plaintiffs do not allege that Defendants copied each of these Star Trek elements separately, but rather that Defendants copied each of these elements and combined them together in such a way that recreates the Star Trek world. Thus, Plaintiffs' allegations are sufficient to support the copyright infringement claims.

### D. Plaintiffs' Claims Are Not Premature

Defendants argue that Plaintiffs' claims regarding the *Axanar* Motion Picture are premature because the film is not yet complete. Defendants maintain that without a completed film, the Court is

---

[1] Defendants' Request for Judicial Notice relates to this point. (Def.s' Request for Judicial Notice, ECF No. 30.) Because the Court finds it unnecessary to determine whether each individual element is entitled to copyright protection individually, the Court finds it unnecessary to take judicial notice of the requested facts at this time.

unable to analyze substantial similarity, evaluate a fair use defense, or evaluate a de minimus use defense.

Defendants' reliance on a case from this Court is misplaced. In *Gilbert v. New Line Prods., Inc.*, No. CV 09-02231 RGK, 2009 WL 7422458, at *2 (C.D. Cal. Nov. 16, 2009), this Court found no substantial similarity between the plaintiff's screenplay and the defendant's film upon an analysis of the "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." Despite Defendants' argument, *Gilbert* does not stand for the proposition that a court is unable to analyze substantial similarity involving an unfinished film. Rather, *Gilbert* provides an instructive analysis of how courts conduct a substantial similarity inquiry. Because Plaintiffs' allegations of infringement are based upon an entire franchise of works, the Court anticipates that its substantial similarity analysis will primarily be based on Defendants' utilization of similar character, theme, setting, and mood in the *Axanar* Works, rather than copying a specific plot line or dialogue sequence. Despite Defendants' arguments, the Court finds Plaintiffs' allegations of a "fully revised and locked" script and a completed scene from the *Axanar* Motion Picture sufficient to conduct the substantial similarity analysis.

Plaintiffs allege that Defendants have already completed and disseminated a scene from the *Axanar* Motion Picture (the Vulcan Scene) and have a "fully revised and locked" script. (FAC ¶ ¶ 32, 36, ECF No. 26.) Defendants, however, argue that this script is not completed and courts have refused to look at earlier drafts of screenplays because they lack reliability in determining substantial similarity. *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 435 (S.D.N.Y. 1985); *Quirk v. Sony Pictures Entertainment, Inc.*, No. C 11-2773 RS, 2013 WL 1345075, at *6 (N.D. Cal. April 2, 2013); *Hudson v. Universal Pictures Corp.*, No. 03-CV-1008(FB)(LB), 2004 WL 1205762, at *3 (E.D.N.Y. April 29, 2004); and *Marshall v. Yates*, No. CV-81-1850-MML, 1983 WL 1148, at *2 n.2 (C.D. Cal. Oct. 26, 1983). At the motion to dismiss stage, the Court looks to whether Plaintiffs' claims, taken as true, are plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Taking Plaintiffs' allegations as true, the Court finds it plausible that Defendants have completed a final script of the *Axanar* Motion Picture. The Court will be able to analyze substantial similarity based on the script and the already disseminated Vulcan Scene.

Further, in accordance with the Copyright Act, a work, including an infringing work, is "fixed in a tangible medium of expression when its embodiment in a copy . . . is sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration. . . . When the work is 'prepared over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time.'" *Walt Disney Productions v. Filmation Associates*, 628 F. Supp. 871, 876 (C.D. Cal. 1986) (citing 17 U.S.C. § 101). At this time, Plaintiffs sufficiently allege that the *Axanar* Motion Picture is a work consisting of the Vulcan Scene and the final script.

Because Plaintiffs have sufficiently alleged Defendants created the Vulcan Scene as well as a "final and locked script," the Court finds that Plaintiffs' claims based on the *Axanar* Motion Picture are ripe for adjudication.

### E. Defendants' Prior Restraint Argument

Finally, Defendants argue that it would be an impermissible prior restraint for the Court to allow Plaintiffs' claims based on the *Axanar* Motion Picture to proceed. This argument is unavailing. Plaintiffs have not yet filed a motion for injunctive relief and Defendants are not restrained by the filing of this Complaint. Rather, Defendants are on notice that Plaintiffs allege certain copyright infringement allegations against them. This ruling does not affect Defendants choice to proceed with the production of the *Axanar* Motion Picture. Though Defendants attempt to utilize *Globe International, Inc. v. National Enquirer, Inc.*, No. 98-10613 CAS (MANX), 1999 WL 727232, at *5 (C.D. Cal. Jan. 25, 1999)

to support their argument, Defendants point out in both their Motion and their Reply that this case is regarding a preliminary injunction, which is not the issue here.[2] As such, Defendants' impermissible prior restraint argument is inapposite.

## V.    CONCLUSION

Although the Court declines to address whether Plaintiffs' Claims will prosper at this time, the Court does find Plaintiffs' claims will live long enough to survive Defendants' Motion to Dismiss. For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] In *Globe International*, the court found that an "order blocking publication by the Enquirer of future interviews with Ms. Johnson" was an impermissible prior restraint. *Id.* at *5.