UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[DISCOVERY MATTER] |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

STIPULATED PROTECTIVE ORDER

# PROTECTIVE ORDER

This protective order ("Protective Order") is issued to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and any other applicable rule of this Court. Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation and thereafter as set forth below.

## GOOD CAUSE STATEMENT

In support of this Protective Order the Court finds that good cause exists for entry of this Protective Order because:

1. The parties anticipate that the exchange of information in this case may include documents that constitute non-public, highly sensitive financial information regarding revenues, expenses and profits generated in connection with the motion picture works at issue, the disclosure of which could cause competitive harm to the parties in this action. The parties also anticipate that the exchange of information in this case will include non-public drafts of scripts, screenplays and other creative and artistic material, including unreleased portions or versions of the films at issue, which works, if disclosed, may cause competitive harm to the parties in this action. The parties further seek to protect documents or information containing personal financial information of third parties, including for example writers, producers and directors that are not a party to this litigation, as well as all confidential and proprietary business or commercial information or trade secrets within the meaning of Fed. R. Civ. P. 26(c) or California Civil Code § 3426.1;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

1

STIPULATED PROTECTIVE ORDER

2. The parties believe that public dissemination and disclosure of confidential information could injure or damage the party or a non-party disclosing or producing the confidential information and/or could place that party or non-party at a competitive disadvantage; and

3. To protect the prospective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

4. Any document, written discovery response, testimony, deposition transcript, and all other materials and information (collectively hereinafter "Material") produced or furnished in connection with the above-captioned litigation (the "Action"), or any portion thereof, that is reasonably believed by any party to the Action to contain or constitute trade secrets, or confidential or proprietary business or financial information, or personal information protected by a right of privacy, or non-public drafts or unreleased versions of creative and artistic material, may be designated, in whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only."

5. Any Material or portion thereof that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions for such designation contained herein (hereinafter, "Confidential Information"), shall be deemed confidential and shall be disclosed only to "Qualified Persons" as defined herein and in accordance with the terms hereof. The protections conferred by this Protective Order cover not only Confidential Information as defined herein, but also (1) any information copied or extracted from the Confidential Information; (2) all copies, excerpts, summaries, or compilations of the Confidential Information; and (3) any testimony, conversations, or presentations by the parties to this Action or their counsel that might reveal Confidential Information. However, the protections

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

2

STIPULATED PROTECTIVE ORDER

conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

6. In designating Material as "Confidential – Attorneys' Eyes Only," the designating party must have a good faith and reasonable belief that those Materials contain competitively sensitive or proprietary information, and could cause competitive harm if disclosed to an unauthorized person.

7. Any Material other than deposition testimony may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or otherwise marking the document or other tangible material containing or embodying the Confidential Information as follows: "Confidential – Subject to Protective Order," "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production.

8. (a) Counsel for any party or non-party may designate deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony of the deponent is to be treated as "Confidential" or "Confidential – Attorneys' Eyes Only." Failure of counsel to designate testimony as Confidential Information on the record at the deposition, however, shall not constitute a waiver of the confidentiality of the testimony, if such testimony is designated as Confidential Information within thirty (30) days after the receipt of the transcript of the deposition. Within thirty (30) days after receipt of the transcript of the deposition, counsel for a party or non-party shall be entitled to designate specific pages and lines of the deposition transcript as Confidential Information by a letter addressed to all counsel in the Action that identifies all pages and lines of the transcript being designated as Confidential Information.

(b) To maintain the confidentiality of any deposition testimony or exhibits that have been designated as "Confidential" or "Confidential – Attorneys'

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

3

STIPULATED PROTECTIVE ORDER

Eyes Only" in accordance with the terms of this Protective Order, the court reporter who transcribes the deposition testimony shall mark the cover page of the deposition transcript to indicate that Confidential Information is contained therein. The party introducing Confidential Information bears the burden of adhering to the provisions of this Protective Order, and, as such, shall inform the court reporter of its designation and request that the transcript be marked accordingly.

9. Any non-party that produces or furnishes Material in connection with this Action may obtain the protections provided by this Protective Order with respect to the designation of Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by agreeing with the parties that this Protective Order shall apply to Material produced by such non-party.

10. Unless otherwise expressly authorized by the provisions of this Protective Order, by a written agreement of the parties executed following the effective date hereof or by Court order, any Material that is designated as "Confidential" in accordance with the terms hereof may be disclosed only to the following "Qualified Persons":

    a. The named parties in this Action and their respective officers, directors, partners, principals and employees (with respect to Plaintiffs, this shall include employees of companies affiliated with the named Plaintiffs) who are assisting that party's counsel in this Action;

    b. Inside or outside counsel for the parties (with respect to Plaintiffs, this shall include inside counsel employed by companies affiliated with the named Plaintiffs), including members of such attorneys' staff (e.g., paralegals, legal secretaries and law clerks);

    c. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition;

    d. Deponents in this Action (before, during and after their depositions);

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

4

STIPULATED PROTECTIVE ORDER

e. The Court and court personnel;

f. Court reporters or videographers selected by the parties; and

g. Any persons who authored or previously received the Confidential Information.

11. Unless otherwise expressly authorized by the provisions of this Protective Order, by a written agreement of the parties or by Court order, any Material that is designated as "Confidential – Attorneys' Eyes Only" in accordance with the terms hereof may be disclosed only to the following "Qualified Persons":

a. Any persons who authored or previously received the Confidential Information;

b. Outside counsel for the parties and licensed in-house counsel (with respect to Plaintiffs, this shall include in-house counsel employed by companies affiliated with the named Plaintiffs) directly assisting that party's outside counsel in the defense of this Action, including members of such attorneys' staff (e.g., paralegals, legal secretaries and law clerks);

c. Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, and who are not competitors of any party or employed by a competitor of any party;

d. Non-party witnesses during the course of their depositions, provided that (1) counsel for the designating party shall be informed that the witness will be shown such Material before the designated information is shown to the witness, to give counsel for the designating party an opportunity to object, and (2) if an objection to showing the witness is made, the designated Material shall not be shown to the witness until the Court rules on the objection;

e. The Court and court personnel;

f. Court reporters or videographers selected by the parties.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

5

STIPULATED PROTECTIVE ORDER

    Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked.

  12. Before counsel for a party may disclose Confidential Information to any Qualified Person other than those Qualified Persons identified in subparagraphs (b), (f) and (g) of Paragraph 10 hereof or subparagraphs (f) and (g) of Paragraph 11 hereof, the disclosing counsel shall obtain from the Qualified Person who is to receive such Confidential Information, an executed copy of a Non-Disclosure Certificate in the form attached hereto as Exhibit "A." Counsel shall be responsible for obtaining signatures of all such Qualified Persons, and for advising all such Qualified Persons that they are not permitted to disclose Confidential Information to any person other than Qualified Persons as set forth herein.

  13. Except for the deponent, no person shall attend those portions of any deposition at which Material that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is discussed or used as an exhibit, unless such person is a Qualified Person authorized to view such material and, if required to do so, has executed a copy of the Non-Disclosure Certificate in the form attached as Exhibit "A" hereto.

  14. If original documents or materials are made available for inspection, such documents or materials need not be designated for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Information.

  15. All Material produced or furnished in this Action (including but not limited to material not marked Confidential or Confidential – Attorneys' Eyes Only) including deposition transcripts and deposition videos, shall be used only in connection with this Action and shall not be otherwise disclosed except as agreed to by the parties, as required by any court, judicial tribunal, administrative agency, taxing body or other governmental unit or entity, or as otherwise required by law.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

6

STIPULATED PROTECTIVE ORDER

All Material, including such deposition transcripts or videos, produced or furnished in this Action shall not be used or disclosed for any business, commercial or competitive purpose and, furthermore, shall not be used in connection with the media or in connection with materials for public dissemination of any kind or type, including but not limited to dissemination of such Material to the public via the internet, social media or any other means now or hereafter known.

16. The parties acknowledge that this Protective Order does not entitle them to file Confidential Information under seal. Any party or non-party must seek permission to file Confidential Information under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. No Confidential Information shall be publicly filed with the Court absent agreement of the producing party or Order of the Court.

17. The failure of a party or non-party to file a motion or application to seal in accordance with the applicable rules shall not operate as or result in a waiver of the right of such party or non-party to designate or seek to have the Confidential Information at issue treated as Confidential Information for other purposes.

18. If Material that a party or non-party intends to designate as Confidential Information is inadvertently disclosed without being marked as Confidential Information in accordance with the provisions of this Protective Order, the failure so to designate such Material shall not be deemed a waiver of its confidentiality. The disclosing party shall be permitted to correct its error and provide notice of the confidentiality of the Materials. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of any document(s) or response(s) appropriately marked as Confidential Information. At such time as the Material is designated as Confidential Information, it shall be treated as Confidential Information in accordance with this Protective Order. Within ten (10) days of receipt of the substitute copies, the receiving party shall return or destroy the previously-unmarked items and all copies thereof.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

7

STIPULATED PROTECTIVE ORDER

19. In the event that Confidential Information is, either intentionally or inadvertently, disclosed to someone not authorized to receive such Information under this Protective Order or, if a person so authorized breaches any of its obligations under this Protective Order, counsel of record for any party who is involved in or aware of such disclosure shall immediately give written notice of such unauthorized disclosure or breach to counsel for the party or non-party that initially produced the subject Confidential Information and/or requested the confidentiality designation, and also shall disclose the circumstances of the unauthorized disclosure or breach. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Confidential Information is made by anyone.

20. The acceptance by a party of documents designated as Confidential Information shall not constitute an agreement, admission or concession, or permit an inference, that the Material(s) are in fact properly the subject for protection under Fed. R. Civ. P. 26(c), or some other basis. Documents designated as Confidential Information shall be treated in accordance with the provisions of this Protective Order, except that any party may at any time seek an Order from the Court determining that specified information or categories of information are not properly designated as Confidential Information, provided that prior to making such a motion the parties shall meet and confer in good faith to resolve any differences over the designation. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude subsequent challenge.

21. Notwithstanding the pendency of any challenge to the designation of Material as Confidential Information, all Material so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the party or non-party who claims that the Material is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

8

STIPULATED PROTECTIVE ORDER

Confidential Information withdraws such designation in writing; or (b) the Court rules that the Material is not Confidential Information.

22. In the event that a Qualified Person: (a) is served with a subpoena in another action, (b) is served with a demand in another action to which the Qualified Person is a party, or (c) is served with any other legal process that seeks Confidential Information that was produced or designated as such by someone other than the Qualified Person who receives the subpoena, demand or other legal process, such Qualified Person shall give prompt written notice of the receipt of such subpoena, demand or other written notice to the party or non-party who produced or designated the Material as Confidential Information, and shall object to its production. Should the person seeking access to the Confidential Information take action to enforce the subpoena, demand or other legal process against the Qualified Person from whom the Confidential Information is sought, the Qualified Person shall cooperate with the party or non-party to this Action who produced or designated the Material as Confidential Information in resisting any efforts by such other parties to obtain such Confidential Information from the Qualified Person. Nothing herein shall be construed as requiring the Qualified Person from whom the Confidential Information is sought, or anyone else subject to this Protective Order, to challenge or appeal any court order requiring production of the Confidential Information, or to subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought on in accordance with the rules of the Court. The parties consent to an expedited hearing upon any such application, provided that reasonable time for response is allowed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

9

STIPULATED PROTECTIVE ORDER

24. Nothing herein shall prevent any of the parties from using Confidential Information in any trial in this litigation or from seeking further protection with respect to the use of any Confidential Information in any trial in this litigation. Means to preserve the confidentiality of Confidential Information presented at any trial shall be considered and implemented in advance of such trial.

25. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

26. Within thirty (30) days of the final determination of this Action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any person who is in possession of physical copies of documents that have been designated as Confidential Information shall return such copies to the person who produced it or the person's counsel, or shall destroy them, except that this paragraph shall not apply to work product of counsel, or to counsels' copies of pleadings, briefs or declarations ("counsels' pleadings files"). Written confirmation of such return or destruction shall be forwarded to the person producing such Confidential Information or the person's counsel.

27. This Protective Order shall survive the final conclusion of this Action and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Protective Order in order to enforce the provisions contained herein.

28. By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court.

**IT IS SO STIPULATED.**

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

10

STIPULATED PROTECTIVE ORDER

Dated: July 12, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ David Grossman*
David Grossman
Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.

Dated: July 12, 2016

WINSTON & STRAWN LLP

By: */s/ Erin R. Ranahan*
Erin R. Ranahan
Attorneys for Defendants
AXANAR PRODUCTIONS, INC. and
ALEC PETERS

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 7/12/16

Honorable Charles F. Eick
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____, declare under penalty of perjury that my address is _____.

I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2016, in the case of *Paramount Pictures Corporation, et al. v. Axanar Productions, Inc., et al.*, Case No. CV 15-09938-RGK-E.

I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I will hold all Confidential Information and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective order, and will use the Confidential Information solely for purposes of this litigation, except as provided by the Protective Order.

At the conclusion of this litigation, I will return or destroy all Confidential Information and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or to anyone else, to counsel for the party by whom I am employed or retained.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

1

STIPULATED PROTECTIVE ORDER

1     I hereby swear and affirm under the penalties of perjury that the foregoing is
2 true and correct.

4 Date: _____

5 City and State where sworn and signed: _____

6 Printed name: _____

7 Signature: _____

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10055707
202828-10048

2

STIPULATED PROTECTIVE ORDER