Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20, <br><br> Defendants. | Case No. 2:15-cv-09938-RGK-E <br><br> *Assigned to:  Hon. R. Gary Klausner* <br><br> **DISCOVERY MOTION** <br><br> **DECLARATION OF ERIN R. RANAHAN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFFS** <br><br> Date:  October 21, 2016 <br> Time:  9:30 a.m. <br> Place:  Courtroom 20 <br><br> Discovery Cutoff:  November 2, 2016 <br> Pre-Trial Conference:  January 9, 2017 <br> Trial:  January 31, 2017 |

## DECLARATION OF ERIN R. RANAHAN

1.      I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendants Axanar Productions, Inc. and Alec Peters in this matter.  I am licensed to practice before the Courts of the State of California and this United States District Court.  I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Scheduling Order filed by this Court on May 9, 2016 as ECF No. 44.

3.      On April 19, 2016, we served Defendants' First Set of RFPs and First Set of Interrogatories on Plaintiffs Paramount Pictures Corporation and CBS Studios Inc. (collectively "Plaintiffs").

4.      On May 23, 2016, Plaintiffs served their Responses to Defendants' First Set of RFPs and Interrogatories on Defendants.  In their responses, Plaintiffs stated boilerplate objections to requests for documents regarding any commercial impact Defendants' works have had on the *Star Trek* Copyrighted Works, but agreed to produce responsive documents.  Plaintiffs refused to produce documents regarding their policies relating to, and decisions to, pursue legal action against creators of fan fiction, their expenditures relating to the promotion or production of the *Star Trek* Copyrighted Works, and any guidelines they have created for fan films.

5.      On June 13, 2016, pursuant to Fed. R. Civ. P. 37 and Local Rule 37-1, we sent Plaintiffs a meet and confer letter detailing the deficiencies in Plaintiffs' responses to Defendants' First Set of RFPs and Interrogatories.  Attached hereto as **Exhibit B** is a true an correct copy of the meet and confer letter dated June 13, 2016.

6.      On June 20, 2016, I met and conferred in person with Plaintiffs' counsel to discuss the deficiencies in Plaintiffs' responses to Defendants' First Set of RFPs and Interrogatories.

7.      At this June 20, 2016 meet and confer, Plaintiffs agreed to locate and produce non-privileged documents responsive to Defendants' requests.  In particular,

Plaintiffs agreed to produce all non-privileged documents regarding fan fiction films, including Plaintiffs' guidelines for such works, and agreed to inquire about, search for, and consider producing any non-privileged communications about Axanar and fan films with the director and producer of recent *Star Trek* films, J.J. Abrams and Justin Lin.

8. If Plaintiffs determined any such documents were privileged, Plaintiffs stated they would produce a privilege log. They have not done so.

9. Plaintiffs also indicated that they did not believe documents and communications that were created prior to the filing of this lawsuit in December 2015 should be required to be produced, despite the fact that the lawsuit is about a work by Defendants that was not completed when the lawsuit was filed, and even though Defendants produced responsive documents that post-dated the filing of the Complaint.

10. At the June 20, 2016 meet and confer, Plaintiffs further agreed to produce all documents and information they planned to provide for their expert witnesses for calculation of damages. Based on Defendants' review of Plaintiffs' production, it does not appear as though they have done so.

11. On June 20, 2016, we served Defendants' Second Set of RFPs on Plaintiffs.

12. On July 29, 2016, we served Defendants' Notices of Depositions of Plaintiffs Pursuant to Fed. R. Civ. P. 30(b)(6) on Plaintiffs.

13. On August 4, 2016, Plaintiffs served their Responses to Defendants' Second Set of RFPs on Defendants, in which Plaintiffs refused to produce documents regarding the statements made by J.J. Abrams and Justin Lin regarding this lawsuit.

14. On August 12, 2016, Plaintiffs served their objections to Defendants' Notices of Depositions of Plaintiffs Pursuant to Fed. R. Civ. P. 30(b)(6) on Defendants. Plaintiffs refused to produce witnesses to testify as to their revenues generated by the allegedly infringed works, Plaintiffs' policies surrounding and

1   history of enforcement and protection of their copyrights in the allegedly infringed

2   works, and the statements made by J.J. Abrams and Justin Lin regarding this lawsuit.

3       15.   On August 15, 2016, we served Defendants' Fourth Set of RFPs on

4   Plaintiff CBS Studios Inc.

5       16.   Plaintiffs claimed their production was ready to produce in August, but

6   insisted upon waiting to produce those documents until Defendants were ready to

7   produce.  The parties agreed to the mutual exchange by September 8, 2016.  Pursuant

8   to that agreement, on September 7, 2016, Defendants made their first production of

9   documents, which included 30,914 pages of documents responsive to Plaintiffs'

10  requests.  In an e-mail accompanying the production, Defendants' counsel stated that

11  pursuant to an agreement between the parties, the documents would arrive at

12  Plaintiffs' offices on the agreed upon date of September 8, 2016.  A true and correct

13  copy of the e-mail accompanying the production is attached hereto as **Exhibit C**.

14      17.   On September 8, 2016, in response to Defendants' counsel's e-mail

15  regarding the production, Plaintiffs' counsel responded that despite his August 6, 2016

16  representation that Plaintiffs' production was ready at that time, Plaintiffs would be

17  unable to deliver their production on the agreed upon date of September 8, 2016.  True

18  and correct copies of the August 6, 2016 and September 8, 2016 e-mails are attached

19  hereto as **Exhibit D** and **Exhibit E**.

20      18.   On September 9, 2016, Defendants made a small supplemental

21  production of documents, bringing the total number of produced pages of documents

22  to 31,129.

23      19.   Plaintiffs made their first production of documents on September 9, 2016.

24  This production included 6,864 pages of documents, and lacked many of the

25  documents and communications Defendants requested in their RFPs, meet and confer

26  letter, and in person at the meet and confer meeting.  Notably, though Plaintiffs have

27  produced the registrations for the copyrights at issue, it appears that they have not

28  produced anything evidencing the chain of title transferring the rights to the relevant

3

1    works from the *Star Trek* Copyrighted Works' creator, Gene Roddenberry, to

2    Plaintiffs.

3         20.   Though Defendants have produced non-privileged responsive documents

4    from both before and after the filing of this lawsuit, Plaintiffs maintain that they will

5    not produce documents from after the commencement of this lawsuit.   Though I

6    requested from Plaintiffs authority supporting this position, they have not responded

7    to that request.

8         21.   On September 13, 2016, I sent Plaintiffs' counsel a follow up e-mail

9    regarding deficiencies Defendants identified in Plaintiffs' first production.   Attached

10   hereto as **Exhibit F** is a true and correct copy of this e-mail.

11        22.   On September 15, 2016, Plaintiffs' counsel sent Defendants' counsel a

12   response to the follow up e-mail dated September 13, 2016, stating that an upcoming

13   production of documents regarding fan films was to be made shortly, stating that all

14   "transfer" documents between Plaintiffs regarding copyright ownership had been

15   produced, again stating that Plaintiffs would inquire about the existence of any non-

16   privileged documents relating to the statements made by J.J. Abrams and Justin Lin

17   about this action, and refusing to provide any profit statements regarding the *Star Trek*

18   Copyrighted Works, as such a request was "unduly burdensome and totally

19   disproportionate to the issues in this case."   Attached hereto as **Exhibit G** is a true and

20   correct copy of this e-mail.

21        23.   On September 16, 2016, Plaintiffs made a second production of an

22   additional 5,603 pages of documents.   Despite this second production, many of the

23   documents and communications Defendants requested from Plaintiffs remain

24   outstanding.

25        24.   On September 19, Plaintiff CBS Studios Inc. served their Responses to

26   Defendants' Fourth Set of RFPs.   In these responses, Plaintiffs refused to produce

27   documents responsive to Defendants' requests regarding the fair use defense,

28   including documents tending to show that Plaintiffs have not suffered any harm as a

1    result of Defendants' actions.

2         25.    Despite Defendants' extensive efforts to resolve the outstanding

3    discovery disputes that are the subject of Defendants' Motion to Compel, the parties

4    were unable to reach an agreement.

5         I declare under penalty of perjury that the foregoing is true and correct.

6    Executed on September 29, 2016, at Los Angeles, California.

7                    /s/ *Erin R. Ranahan*
                        Erin R. Ranahan
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:15–cv–09938–RGK–E | Date | 5/9/2016 |
|---|---|---|---|
| Title | PARAMOUNT PICTURES CORPORATION ET AL V. AXANAR PRODUCTIONS, INC. ET AL | | |

Present :   The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon Williams | Sandra MacNeil | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Grossman | Erin Ranahan |
| Jonathan Zavin | Andrew Jick |

**Proceedings:**     **SCHEDULING CONFERENCE**

Case called. Court and counsel confer. The Scheduling Conference is held and the Court sets the following dates:

| | |
|---|---|
| Jury Trial (Est. 10–15 days): | January 31, 2017 at 09:00 AM |
| Pretrial Conference: | January 9, 2017 at 09:00 AM |
| Motion Cut–Off Date (last day to file): | November 16, 2016 |
| Discovery Cut–Off Date: | November 2, 2016 |

Last day to motion the Court to add parties or amend complaint is 6/30/2016. Counsel inform the Court that they have selected settlement option number 1 – Magistrate Judge.

**IT IS SO ORDERED.**

:02
Initials of Preparer:  sw

cc:     ADR UNIT

# EXHIBIT B



333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 213 615 1700
F +1 213 615 1750

**ERIN R. RANAHAN**
Partner
213.615.1835
eranahan@winston.com

June 13, 2016

**VIA E-MAIL**

Jonathan Zavin
David Grossman
Jennifer Jason
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
jjason@loeb.com

**Re:** ***Paramount Pictures Corporation et al. v. Axanar Productions et al.***
     C.D. Cal., Case No.: 2-15-cv-09938-RGK-E

Dear Ms. Jason:

I am writing to address the deficiencies in Plaintiffs' responses to Defendants' first sets of Interrogatories and Requests for Production of Documents ("RFP"). A review of Plaintiffs' responses reveals that Plaintiffs have failed to comply with their discovery obligations under the Federal Rules of Civil Procedure and the Local Rules of the Central District, by, among other things, refusing to answer interrogatories that seek information directly relevant to Plaintiffs' claims and Defendants' defenses, and refusing to produce essential categories of documents, including those relating to copyright ownership, Defendants' fair use defense, and supporting Plaintiffs' damages claims.

Pursuant to Fed. R. Civ. P. 37 and L.R. 37-1, Defendants request a meet and confer conference within ten days of receipt of this letter in order to discuss and attempt to resolve these discovery issues.

A.    Plaintiffs' Deficient Responses and Meritless Objections to RFP No. 2

RFP No. 2 seeks documents that relate to, support, or refute any allegations set forth in Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs have unreasonably refused to provide any response, and have instead relied on boilerplate objections.

As an initial matter, Defendants do not seek to obtain any documents that are either privileged or otherwise protected from discovery. Defendants instead request that Plaintiffs produce all documents relating to their allegations, and which are directly relevant to the claims and defenses at issue in this case. Defendants presume that, at a minimum, Plaintiffs have marshaled evidence in support of their allegations in order to meet their obligations under

Fed. R. Civ. P. 11.  Thus, to the extent those documents are not privileged or otherwise protected from discovery, they—and any other responsive documents—must be produced.  Defendants additionally request that Plaintiffs produce privilege logs regarding all documents they have each withheld on the basis of privilege.

B.   Plaintiffs' Deficient Responses and Meritless Objections to Defendants' RFP No. 7

In their responses to RFP No. 7, Plaintiffs refuse to identify which Star Trek Copyrighted Works they each own individually, and instead claim to jointly own all copyrights at issue. Plaintiffs also refuse to provide documents relating to ownership rights, title, and/or interest in or to any of the Star Trek Copyrighted Works that they contend Defendants have infringed. Though this request is essential to Defendants' ability to test Plaintiffs' ownership claims, and standing to bring any claims at all, Plaintiffs have improperly withheld all responsive documents.

To establish copyright infringement, Plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent original elements of the work.  *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993).  Only an exclusive owner of a copyright may institute a copyright infringement lawsuit.  *Silvers v. Sony Pictures Ent't, Inc.*, 402 F.3d 881 (9th Cir. 2005).

Issuance of a certificate of registration before or within five years of a work's initial publication creates a rebuttable presumption that the recipient is owner of a valid copyright. 17 U.S.C. § 410(c); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (presumption of ownership created by registration may be rebutted).  The presumption is modest: "The prima facie status accorded by section 410(c) is slight, since the Copyright Office is merely an office of record. . . . Of necessity, the Office's examination is limited."  5 Patry on Copyright § 17:109. "[A] certificate of registration creates no irrebuttable presumption of copyright validity." *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980).

Indeed, in *In re Napster*, the court stated that: "refusing to allow any discovery on the issue of ownership converts the presumption of ownership into an irrebuttable one."  *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1100 (N.D. Cal. 2002).  Although this Court need not look further than *Napster*, in case after case, copyright ownership documents are regularly requested and produced.  *See, e.g., Jim Marshall Photography, LLC v. John Varvatos of Cal.*, No. C-11-06702 DMR, 2013 WL 3339048, at *8-9 (N.D. Cal. June 28, 2013) (granting defendant's motion for summary judgment where plaintiff failed to satisfy its burden of producing sufficient evidence demonstrating its ownership of the copyrights at issue; citing cases supporting the proposition that a party who obtains copyright ownership through assignment by a third party has the burden of proving the chain of title); *Mindlab Media, LLC v. LWRC Int'l, LLC*, No. CV 11-3405-CASFFMX, 2013 WL 1688309, at *2 (C.D. Cal. Apr. 15, 2013) (noting that plaintiff produced documents during discovery with respect to plaintiff's ownership of copyright at issue); *E. W. Sounds, Inc. v. Phoenix*, No. CV 12-6143 CASAJWX, 2012 WL 4003047, at *3 n.2 (C.D. Cal. Sept. 10, 2012) (noting that documents related to ownership would

WINSTON
&STRAWN

June 13, 2016
Page 3

be produced and "[would] provide defendant information regarding the basis on which plaintiff claims ownership of copyrights."); *Righthaven LLC v. Pahrump Life*, No. 2:10-CV-1575 JCM PAL, 2011 WL 7402998, at *1 (D. Nev. Apr. 28, 2011) (issuing order to show cause why the case should not be dismissed for plaintiff's lack of beneficial ownership of the copyright where plaintiff failed to produce any documents demonstrating ownership); *McCormick v. Cohn*, No. CV 90-0323 H, 1992 WL 687291, at *12 (S.D. Cal. July 31, 1992), *aff'd*, 17 F.3d 395 (9th Cir. 1994) (finding that plaintiff's failure to produce non-privileged responsive documents relating to copyright ownership violated discovery order); *Trill Entm't, LLC v. B C D Music Grp., Inc.*, No. CIV.A.07-559-JJB-SCR, 2008 WL 2354424 (M.D. La. June 9, 2008) (granting defendant's motion for summary judgment where plaintiff failed to produce documents indicating copyright ownership during the discovery period and, therefore, plaintiff failed to demonstrate it has satisfied the jurisdictional requirements necessary to bring an infringement action); *EdicionesQuiroga, S.L. v. Fall River Music, Inc.*, No. 93 CIV. 3914 (RPP), 1996 WL 148363, at *4 (S.D.N.Y. Apr. 2, 1996) (granting defendant's motion to compel production of documents regarding plaintiff's copyright ownership); *Logic Leasing & Fin. Co. v. Admin. Info. Mgmt. Grp., Inc.*, 979 F.2d 1535, at *4 (5th Cir. 1992) (unpublished) (affirming dismissal of complaint and entry of default judgment as sanction for discovery abuses where plaintiff failed to produce relevant documents, including documents regarding ownership of the software copyrights).

Defendants must be provided the opportunity to investigate and rebut the presumption of valid ownership in order to prevent this rebuttable presumption from becoming an irrebuttable one, and to file any appropriate motions in light of the documents and information received. "The presumption . . . is not an insurmountable one, and merely shifts to the [challengers] the burden to prove the invalidity of the [ ] copyrights." *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 985 (C.D. Cal. 2015) (citing *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668 (3d Cir. 1990)). And where there was "a material mistake" in the registration, "the presumption of validity is rebutted, if not voided altogether." *Id.* (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1163 (1st Cir. 1994) ("We assume for argument's sake that a material error in a copyright deposit, even if unintentional, may destroy the presumption of validity."); *see also Masquerade*, 912 F.2d at 668 n.5 (stating that if the registration contains "a material, but inadvertent omission," it may be the correct approach "to deprive the plaintiff of the benefits of [the presumption of validity] and to require him to establish the copyrightability of the articles he claims are being infringed"); *Wilson v. Brennan*, 666 F. Supp. 2d 1242, 1251-52 (D.N.M. 2009) (following the approach suggested in *Masquerade* and *Data General* in denying a copyright claimant any presumption of validity as a result of errors in a registration)); *Rouse v. Walter & Assocs., L.L.C.*, 513 F. Supp. 2d 1041, 1065 (S.D. Iowa 2007) (declining to find that a certificate constituted "prima facie evidence of the validity of the copyright"); *Gibson Tex, Inc. v. Sears Roebuck & Co.*, 11 F. Supp. 2d 439, 442 (S.D.N.Y. 1998).

Plaintiffs' refusal to identify which copyrights they each individually own, and failure to produce documents relating to their ownership, rights, title, and/or interest in or to the Star Trek Copyrighted Works is improper.  If Plaintiffs have become involved in any disputes over ownership, either pending or resolved, Defendants are entitled to understand how those disputes



may impact ownership rights and standing in this case.  Moreover, if there have been any ownership disputes between Plaintiffs, Defendants have the right to inspect and review any documents pertaining to those disputes, as they are directly related to the potential allocation of damages, settlement discussions, and the potential exposure created by this case.  As such, all responsive, non-privileged documents must be produced.

      C.     <u>Plaintiffs' Deficient Responses and Meritless Objections to RFP Nos. 18, 19, 20 and 21</u>

RFP Nos. 18, 19, 20 and 21 each relate to the policies and procedures surrounding Plaintiffs' decisions to pursue legal action against creators of *Star Trek*-inspired fan films, including such measures as issuing DMCA takedown notices, sending cease and desist letters, and filing lawsuits against these creators.

Again, Defendants do not seek to obtain any privileged documents through these requests.  Rather, the non-privileged documents sought are directly relevant to Defendants' assertion of the fair use defense, particularly to demonstrate the lack of impact Defendants' works have had on the market.  These documents are particularly significant to demonstrating that Plaintiffs' claims of willful infringement are unfounded, given that Defendants reasonably believed they were operating within the enduring tradition of *Star Trek*-inspired fan works, which have long been tolerated by Plaintiffs in the past.  These documents are additionally relevant to demonstrating that Plaintiffs' have failed to mitigate their damages, to the extent they suffered any at all.

Plaintiffs have failed to demonstrate how these narrow requests are unduly burdensome, and absent any compelling reason to withhold these otherwise relevant documents, Plaintiffs must produce all non-privileged documents responsive to these requests.

      D.     <u>Plaintiffs' Deficient Responses and Meritless Objections to RFP Nos. 24 and 25</u>

RFP Nos. 24 and 25 both refer to guidelines Plaintiffs have set forth, or have discussed, for fan films inspired by *Star Trek*.  Documents responsive to these two requests are relevant to Defendants' fair use defense, particularly on the lack of impact Defendants' works have had on the market.  In recent weeks, Plaintiffs have made statements indicating that the parties to this action are involved in settlement negotiations, and are presently developing guidelines for future fan films.  In response, media sources have discussed whether this action will lead to the creation of guidelines, and obviate the need to litigate cases such as this one.  However, to date Plaintiffs have not released any fan film guidelines.

At no time during the creation of Defendants' works have they believed they were operating outside of the long-standing tradition of *Star Trek*-inspired works Plaintiffs have tolerated for decades.  Defendants have continuously requested guidelines from Plaintiffs since long before this suit was filed, thus demonstrating their good faith attempt to work with Plaintiffs in creating their works, and preventing such unnecessary litigation.  Moreover, given that one of Defendants' works is unfinished, provision of guidelines at this stage could render this entire

WINSTON
&STRAWN

June 13, 2016
Page 5

case moot.  It is clearly in the parties' best interests for Plaintiffs to produce all documents related to any guidelines they have implemented or intend to implement, especially given that such documents are directly relevant to Defendants' defenses in this case.  Absent any compelling reason to withhold non-privileged documents responsive to these requests, Plaintiffs must produce the requested documents.

> E.   Plaintiffs' Unverified Responses to Defendants' Interrogatories Nos. 8 and 9; Deficient Responses and Meritless Objections to RFP No. 23

Interrogatories 8 and 9, and RFP No. 23, all seek documents and information related to the harm Plaintiffs are alleged to have suffered in their FAC.  Plaintiffs alleged they are entitled to either statutory damages of up to $150,000 for each separate Star Trek Copyrighted Work infringed for willful infringement, or Plaintiffs' actual damages sustained as a result of Defendants' acts.  *See* FAC, Prayer for Relief, ¶ (3)(a).  It is impossible for Defendants to assess Plaintiffs' actual damages without information regarding the harm or injury Plaintiffs claim to have suffered as a result of Defendants' actions.

Plaintiffs are required to provide a computation of each category of damages they seek, even absent discovery requesting such information.  Fed. R. Civ. P. 26 (a)(1)(A)(iii).  Plaintiffs must provide their assessment of damages in light of the information currently available to them in sufficient detail so as to enable the Defendants to understand the contours of their potential exposure and make informed decisions as to settlement and discovery.  *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).  While Plaintiffs' alleged damages may ultimately be based on opinions of expert witnesses, this does not justify them in failing to provide any information regarding their alleged damages.  *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2011 WL 3957434, at *9 (D. Nev. Sept. 7, 2011).

With respect to RFP No. 23 specifically, this request seeks documents related to Plaintiffs' expenditures in producing and promoting the Star Trek Copyrighted Works.  This information is directly relevant to demonstrating the vast difference in the amounts spent creating Defendants' works as compared to the Star Trek Copyrighted Works.  As long as Plaintiffs insist on parsing out how donations Defendants received were spent in producing their works—which Defendants do not agree is relevant to any claims in this action—Defendants will continue to pursue information regarding the expenditures Plaintiffs made on the Star Trek Copyrighted Works – which *is* relevant to Plaintiffs' claims, to Defendants' damages analysis, and to demonstrating the lack of impact Defendants' works have had on the market.

Plaintiffs' absolute refusal to provide any information regarding the damages or harms they are alleged to have suffered is patently improper, and serves no purpose but to obstruct discovery in and resolution of this case. Plaintiffs' use of boilerplate objections to obscure the fact that they have, in fact, suffered no damages or harm as a result of Defendants' actions is a weak attempt to withhold plainly relevant discovery.  If Plaintiffs are unable to identify any harm or injury they have suffered without the aid of expert witnesses, Plaintiffs should so state.  It is clear Plaintiffs are obligated to produce documents relating to their allegations of damages, as



there is no legitimate reason Defendants should be prejudiced by waiting until trial begins to commence its analysis of Plaintiffs' purported actual damages.

  F. <u>Plaintiffs' Unverified and Deficient Responses and Meritless Objections to Interrogatory No. 10</u>

  Interrogatory No. 10 requests that Plaintiffs state all facts and evidence they intend to rely upon in support of their contention in the FAC that the Axanar Works are not a parody and do not constitute fair use of the Star Trek Copyrighted Works. Plaintiffs refused to provide any information regarding this interrogatory, citing only boilerplate objections.

  Plaintiffs' suggestion that this narrow request is overbroad and unduly burdensome is disingenuous, as the interrogatory seeks very specific information regarding a distinct claim made in the FAC. *See* FAC, ¶ 50. Moreover, any information regarding Plaintiffs' assertion that Defendants' works are not a parody or fair use of the Star Trek Copyrighted Works is unquestionably related to Defendants' fair use defense. Defendants presume that, at a minimum, Plaintiffs have gathered evidence in support of their allegations in order to meet their obligations under Fed. R. Civ. P. 11. Given that Plaintiffs are unable to demonstrate why such relevant information should be withheld, all responsive, non-privileged documents must be produced.

  G. <u>Outstanding Verifications for Plaintiffs' Interrogatory Responses</u>

  It has come to Defendants' attention that Plaintiffs have yet to provide verifications to their Responses to Defendants' Interrogatories. Though Plaintiffs indicated that verifications were forthcoming, Defendants have not yet received them. Defendants request that Plaintiffs provide the outstanding verifications at their earliest convenience.

  H. <u>Meet and Confer</u>

  While Defendants favor informal resolution to these discovery issues, Defendants will not hesitate to move to compel proper responses and the production of documents, and seek all other available remedies. Defendants therefore request a meet and confer within ten days of this letter pursuant to Fed. R. Civ. P. 37 and L.R. 37-1. Given that the parties have already scheduled a time to speak regarding the discovery propounded by Plaintiffs, Defendants suggest discussing all outstanding discovery issues at the scheduled meeting on June 20, 2016 at 3:30 p.m.

  We look forward to hearing from you.

        Best regards,


        Erin R. Ranahan

# EXHIBIT C

| | |
|---|---|
| **From:** | Oki, Kelly |
| **Sent:** | Wednesday, September 07, 2016 10:17 PM |
| **To:** | 'jzavin@loeb.com'; 'David Grossman'; 'jjason@loeb.com' |
| **Cc:** | Ranahan, Erin R.; Leiden, Diana Hughes |
| **Subject:** | Paramount et al. v. Axanar Productions et al. - Defendants' Production |
| **Attachments:** | Axanar Cover Letter Production.pdf |

Counsel:

Today we sent a flash drive containing Defendants' production to your offices under the attached cover letter.  The flash drive should arrive tomorrow, per your request that we exchange documents on Thursday, which you mistakenly stated was 9/9.  The password for the encrypted flash drive is @Winst0nWay.  We look forward to receiving Plaintiffs' production tomorrow as well.

Best,

Kelly

**Kelly N. Oki**
**Associate Attorney**
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
D: +1 (213) 615-1769
F: +1 (213) 615-1750
Bio | VCard | Email | winston.com

WINSTON
&STRAWN
LLP

# EXHIBIT D

| | |
|---|---|
| **From:** | Jonathan Zavin <jzavin@loeb.com> |
| **Sent:** | Saturday, August 06, 2016 11:10 AM |
| **To:** | Ranahan, Erin R. |
| **Cc:** | Jennifer Jason; David Grossman; Leiden, Diana Hughes; Oki, Kelly |
| **Subject:** | REDACTED |

Erin,

Sorry I was delayed in responding about discovery.  We will have our documents ready for production on Wednesday.  This includes what we agreed to produce at the "meet and confer."  I presume that yours are also ready.  Can we agree to exchange then?  I'll check on depositions schedule for 30(b)(6) witnesses.  Let me know about the documents.

Jonathan


Jonathan Zavin, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
E-mail: jzavin@loeb.com
NY Tel:  212-407-4161
LA Tel:  310-282-2227
Direct Fax: 212-658-9105

**From:** Waters, Patricia S. [mailto:PWaters@winston.com] **On Behalf Of** Ranahan, Erin R.
**Sent:** Friday, July 29, 2016 9:58 PM
**To:** Jonathan Zavin
**Cc:** Jennifer Jason; David Grossman; Leiden, Diana Hughes; Oki, Kelly; Ranahan, Erin R.
**Subject:** RE:                     REDACTED

# REDACTED

# REDACTED

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Jonathan Zavin [mailto:jzavin@loeb.com]
**Sent:** Wednesday, July 27, 2016 3:54 PM
**To:** Ranahan, Erin R.
**Cc:** Jennifer Jason; David Grossman; Leiden, Diana Hughes; Oki, Kelly
**Subject:** RE:                REDACTED

# REDACTED

Jonathan Zavin, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
E-mail: jzavin@loeb.com
NY Tel:  212-407-4161

LA Tel:  310-282-2227
Direct Fax: 212-658-9105

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Tuesday, July 26, 2016 12:56 PM
**To:** Jonathan Zavin
**Cc:** Jennifer Jason; David Grossman; Leiden, Diana Hughes; Oki, Kelly
**Subject:** RE:

# REDACTED

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Jonathan Zavin [mailto:jzavin@loeb.com]
**Sent:** Thursday, July 21, 2016 8:24 AM
**To:** Ranahan, Erin R.
**Cc:** David Grossman; Jennifer Jason
**Subject:** RE:                    REDACTED

# REDACTED

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Friday, July 15, 2016 5:33 PM
**To:** Jonathan Zavin
**Cc:** David Grossman; Jennifer Jason
**Subject:** RE:                    REDACTED

# REDACTED

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Jonathan Zavin [mailto:jzavin@loeb.com]
**Sent:** Monday, July 11, 2016 9:31 AM
**To:** Ranahan, Erin R.
**Cc:** David Grossman; Jennifer Jason
**Subject:** Axanar

# REDACTED

# REDACTED

Jonathan Zavin, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
E-mail: jzavin@loeb.com
NY Tel:  212-407-4161
LA Tel:  310-282-2227
Direct Fax: 212-658-9105

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# EXHIBIT E

| | |
|---|---|
| **From:** | Jonathan Zavin <jzavin@loeb.com> |
| **Sent:** | Thursday, September 08, 2016 6:15 AM |
| **To:** | Ranahan, Erin R. |
| **Cc:** | David Grossman; Jennifer Jason; Leiden, Diana Hughes; Oki, Kelly |
| **Subject:** | Re: Paramount et al. v. Axanar Productions et al. - Defendants' Production |

Erin,

I think I created confusion by saying "Thursday, Sept 9" in my e-mail regarding document exchange.  You took this to mean Thursday, Sept. 8, my people in LA took it to be Friday, September 9.  I think you were correct, however, we consequently may be a day behind in getting you our documents.  We will try for this afternoon, but it may be tomorrow.  In any case, we won't look at your documents until we have delivered ours.

Also, one of our clients just within the last few days gave us some more documents.  We are going through these as quickly as possible, but won't have reviewed all of them by the end of the day today.  Given that you have Plaintiffs' 30(b)(6) depositions in a couple of weeks, I don't want to delay the entire document production over these remaining documents.  Therefore, we will deliver the documents ready for production by no later than tomorrow, and try to get you the remaining documents as early next week as possible.  Let me know if this is acceptable.

Jonathan

Sent from my iPad

On Sep 8, 2016, at 1:18 AM, Oki, Kelly <KOki@winston.com> wrote:

> Counsel:
>
> Today we sent a flash drive containing Defendants' production to your offices under the attached cover letter.  The flash drive should arrive tomorrow, per your request that we exchange documents on Thursday, which you mistakenly stated was 9/9.  The password for the encrypted flash drive is @Winst0nWay.  We look forward to receiving Plaintiffs' production tomorrow as well.
>
> Best,
>
> Kelly
>
>
> **Kelly N. Oki**
> **Associate Attorney**
> Winston & Strawn LLP
> 333 S. Grand Avenue
> Los Angeles, CA 90071-1543
> D: +1 (213) 615-1769
> F: +1 (213) 615-1750
> Bio | VCard | Email | winston.com
> <image003.jpg>

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

<Axanar Cover Letter Production.pdf>

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

# EXHIBIT F

| | |
|---|---|
| **From:** | Ranahan, Erin R. |
| **Sent:** | Tuesday, September 13, 2016 4:08 PM |
| **To:** | Jennifer Jason |
| **Cc:** | Jonathan Zavin; David Grossman; Oki, Kelly; Leiden, Diana Hughes |
| **Subject:** | RE: Axanar |

Hi Jennifer,

Based on our meet and confer on June 21, there are several categories of documents that Plaintiffs agreed to search for and produce, but so far appear to be missing from your production.  Please let us know ASAP (and no later than this Thursday, 9/15) if we can expect these in the next wave (which we expect this week), or whether we need to move to compel:

(1)  You agreed to produce all non-privileged pre-lawsuit documents regarding other fan films, and agreed you would inquire about producing non-privileged post-lawsuit documents regarding fan films, including the guidelines.  These documents are relevant to show the impact on the market—a fair use element—and to investigate whether Plaintiffs have recognized promotional value in fan films.  This is also relevant to show the lack of willfulness, as Axanar and Mr. Peters relied on the tolerance that ensued since Gene Roddenberry openly celebrated and encouraged fan fiction in creating Prelude to Axanar and intending to create Axanar.  Have you taken the position to cut off your production at the time you filed the complaint?  If so, please provide any authority you have to justify that cutoff.  As you know, we did not do that, and in fact, because there is no Axanar feature film, cutting off the documents at the time the lawsuit would reduce Plaintiffs' claim on the feature film to some version of the script and one scene.  Are Plaintiffs willing to stipulate to that?  In any event, we do not see how post-lawsuit developments and documents from both sides are not relevant, and will seek to compel.

(2)  You agreed to search for and produce any ownership documents relating to disputes between Paramount and CBS, as well as with third parties. Please confirm you have completed this search, as we have not located any such documents.

(3)  You agreed to search for and inquire about internal or third party communications with Jeremy Lin and J.J. Abrams about Axanar and this lawsuit, which are relevant certain fair use elements, including the lack of harm on Plaintiffs' works, which is an element of fair use.  Indeed, if the ambassadors of the very works that this lawsuit is about believe that "Star Trek belongs to all of us" and that you are not treating fans fairly, that is squarely relevant, no matter whether those comments happened prior to the lawsuit or after it was filed, and no matter if these ambassadors are employees or independent contractors.  If you do not agree to produce responsive documents on this (which you admitted were not privileged, because you consider them independent), AND to produce a 30(b)(6) witness on these discussions, then we will move to compel.

(4)  With respect to damages, you acknowledged during both the meet and confer on June 21 and David acknowledged with Diana last week, that you will not be able to show actual damages to Plaintiffs from Axanar.  Are you willing to stipulate to that?  Otherwise, we are entitled to investigate the revenues for Plaintiffs' Star Trek works before Axanar existed and since it was released in 2014.  We are also entitled to review this information to provide to our expert and to argue for the lower end of statutory damages.  Are you willing to produce profit statements regarding each work that you claim has been infringed? And/or are you willing to produce the profit and loss statements for exploiting the Star Trek franchise?  We can discuss going back through a reasonable timeframe, though your clients' profits from Star Trek since the time you acquired the rights are relevant in light of the dates of the works you are claiming have been infringed.

(5) Finally, you have refused to produce documents or produce a 30(b)(6) witness (which David recently discussed with Diana) about your DMCA policies.  Your decision about whether to send DMCA notices with respect to fan fiction is relevant to your reasons for allowing fan fiction to permeate in this context (which again is relevant to willfulness and impact on the market), and is relevant to your effort to mitigate any damages.  Please confirm whether you will produce a witness and relevant documents relating to these DMCA policies and communications.

Thank you,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

---

**From:** Jennifer Jason [mailto:jjason@loeb.com]
**Sent:** Wednesday, August 03, 2016 4:01 PM
**To:** Ranahan, Erin R.
**Cc:** Jonathan Zavin; David Grossman
**Subject:** Axanar

Erin,

Please see the attached letter.

**Jennifer Jason**
*Attorney At Law*
**LOEB & LOEB LLP**
10100 Santa Monica Blvd., Suite 2200 | Los Angeles, CA 90067
**Direct Dial:** 310.282.2195 | **Fax:** 310.919.3614 | **E-mail:** jjason@loeb.com

**Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong | www.loeb.com**

---

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

# EXHIBIT G

| From: | Jennifer Jason <jjason@loeb.com> |
|---|---|
| Sent: | Thursday, September 15, 2016 4:52 PM |
| To: | Ranahan, Erin R. |
| Cc: | Jonathan Zavin; David Grossman; Oki, Kelly; Leiden, Diana Hughes |
| Subject: | RE: Axanar |

Erin,

Below is a response to each item in your e-mail.

(1) We are planning on producing documents relating to fan films either tomorrow or early next week.

(2) We agreed to produce transfer documents between CBS and Paramount, and we have produced those documents.  We told you that we are not aware of any disputes between CBS and Paramount regarding ownership of the Star Trek Copyrights, and have produced those few documents relating to claims of ownership by third parties.

(3) We objected to your requests for communications with Justin Lin and J.J. Abrams as irrelevant, and did not agree to produce those documents.  However, before we discuss this issue further, we have inquired about whether non-privileged documents even exist, and we will get back to you.

(4) Your statement is not correct that we purportedly acknowledged that Plaintiffs will not be able to show actual damages.  Rather, we said that we would undoubtedly elect statutory damages, and that we would give you anything that we will give to our expert, if any.  We will not provide you with profit statements regarding each of the Star Trek Copyrighted Works, created and exploited over a 50 year period.  This request is unduly burdensome, and totally disproportionate to the issues in this case.  We are considering what we may provide with respect to more recent works.

(5) We will produce a witness from both CBS and Paramount relating to DMCA takedown policies for fan films, and will produce nonprivileged documents relating to DMCA takedown policies for fan films, if any exist.

Thank you.

**From:** Ranahan, Erin R. [mailto:ERanahan@winston.com]
**Sent:** Tuesday, September 13, 2016 4:08 PM
**To:** Jennifer Jason
**Cc:** Jonathan Zavin; David Grossman; Oki, Kelly; Leiden, Diana Hughes
**Subject:** RE: Axanar

Hi Jennifer,

Based on our meet and confer on June 21, there are several categories of documents that Plaintiffs agreed to search for and produce, but so far appear to be missing from your production.  Please let us know ASAP (and no later than this Thursday, 9/15) if we can expect these in the next wave (which we expect this week), or whether we need to move to compel:

   (1) You agreed to produce all non-privileged pre-lawsuit documents regarding other fan films, and agreed you would inquire about producing non-privileged post-lawsuit documents regarding fan films, including the guidelines.  These documents are relevant to show the impact on the market—a fair use element—and to investigate whether Plaintiffs have recognized promotional value in fan films.  This is also relevant to show the lack of willfulness, as Axanar and Mr. Peters relied on the tolerance that ensued since Gene Roddenberry openly celebrated and encouraged fan fiction in creating Preclude to Axanar and intending to create Axanar.  Have you

taken the position to cut off your production at the time you filed the complaint? If so, please provide any authority you have to justify that cutoff. As you know, we did not do that, and in fact, because there is no Axanar feature film, cutting off the documents at the time the lawsuit would reduce Plaintiffs' claim on the feature film to some version of the script and one scene. Are Plaintiffs willing to stipulate to that? In any event, we do not see how post-lawsuit developments and documents from both sides are not relevant, and will seek to compel.

(2) You agreed to search for and produce any ownership documents relating to disputes between Paramount and CBS, as well as with third parties. Please confirm you have completed this search, as we have not located any such documents.

(3) You agreed to search for and inquire about internal or third party communications with Jeremy Lin and J.J. Abrams about Axanar and this lawsuit, which are relevant certain fair use elements, including the lack of harm on Plaintiffs' works, which is an element of fair use. Indeed, if the ambassadors of the very works that this lawsuit is about believe that "Star Trek belongs to all of us" and that you are not treating fans fairly, that is squarely relevant, no matter whether those comments happened prior to the lawsuit or after it was filed, and no matter if these ambassadors are employees or independent contractors. If you do not agree to produce responsive documents on this (which you admitted were not privileged, because you consider them independent), AND to produce a 30(b)(6) witness on these discussions, then we will move to compel.

(4) With respect to damages, you acknowledged during both the meet and confer on June 21 and David acknowledged with Diana last week, that you will not be able to show actual damages to Plaintiffs from Axanar. Are you willing to stipulate to that? Otherwise, we are entitled to investigate the revenues for Plaintiffs' Star Trek works before Axanar existed and since it was released in 2014. We are also entitled to review this information to provide to our expert and to argue for the lower end of statutory damages. Are you willing to produce profit statements regarding each work that you claim has been infringed? And/or are you willing to produce the profit and loss statements for exploiting the Star Trek franchise? We can discuss going back through a reasonable timeframe, though your clients' profits from Star Trek since the time you acquired the rights are relevant in light of the dates of the works you are claiming have been infringed.

(5) Finally, you have refused to produce documents or produce a 30(b)(6) witness (which David recently discussed with Diana) about your DMCA policies. Your decision about whether to send DMCA notices with respect to fan fiction is relevant to your reasons for allowing fan fiction to permeate in this context (which again is relevant to willfulness and impact on the market), and is relevant to your effort to mitigate any damages. Please confirm whether you will produce a witness and relevant documents relating to these DMCA policies and communications.

Thank you,

-Erin

**Erin R. Ranahan**
**Partner**
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
winston.com

**From:** Jennifer Jason [mailto:jjason@loeb.com]
**Sent:** Wednesday, August 03, 2016 4:01 PM
**To:** Ranahan, Erin R.

**Cc:** Jonathan Zavin; David Grossman
**Subject:** Axanar

Erin,

Please see the attached letter.

**Jennifer Jason**
*Attorney At Law*



10100 Santa Monica Blvd., Suite 2200 | Los Angeles, CA 90067
**Direct Dial:** 310.282.2195 | **Fax:** 310.919.3614 | **E-mail:** jjason@loeb.com

**Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong |** www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.