Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to: Hon. R. Gary Klausner*<br><br>**DISCOVERY MOTION**<br><br>**DECLARATION OF ERIN R. RANAHAN IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL MEMORANDUM**<br><br>Date: October 21, 2016<br>Time: 9:30 a.m.<br>Place: Courtroom 20<br><br>Discovery Cutoff: November 2, 2016<br>Pre-Trial Conference: January 9, 2017<br>Trial: January 31, 2017 |

## DECLARATION OF ERIN R. RANAHAN

1. I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendants Axanar Productions, Inc. and Alec Peters (collectively "Defendants") in this matter. I am licensed to practice before the Courts of the State of California and this United States District Court. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify thereto.

2. Defendants served their first set of Requests for Production of Documents on Plaintiffs on April 19, 2016.

3. Though Plaintiff Paramount Pictures Corporation ("Paramount") agreed in its discovery responses to produce e-mail communications responsive to Defendants' requests, to date Paramount has not produced a single e-mail.

4. At a June 21, 2016 meet and confer, Plaintiffs' counsel admitted that e-mails between Plaintiffs and J.J. Abrams and/or Justin Lin would not be privileged.

5. At the same June 21, 2016 meet and confer, based on concerns about Plaintiffs' application of privilege in this case, I requested that Plaintiffs produce a privilege log. After initially resisting producing a privilege log at all, Plaintiffs' counsel Mr. Zavin indicated they would prepare a privilege log.

6. Since this agreement, despite multiple communications on that topic, Plaintiffs' counsel has wavered on its commitment to producing such a privilege log, and has not yet done so. Attached hereto as Exhibit A is a true and correct copy of the discussions between counsel regarding the production of a privilege log.

7. At the June 21, 2016 meet and confer, the parties discussed Defendants' need for Plaintiffs to produce documents relevant to the damages Plaintiffs claim to have suffered, including any evidence regarding the market impact of the *Axanar* Works on the *Star Trek* Copyrighted Works, and the revenues generated by the *Star Trek* Copyrighted Works.

8. Defendants provided Plaintiffs with their portion of the Joint Stipulation on September 21, 2016.

1

9. On September 27, 2016, *after* we served our joint stipulation with Defendants' motion to compel arguments for insertion of Plaintiffs' arguments pursuant to Local Rule 37 on September 21, 2016, Plaintiffs produced the missing chain of title documents Defendants sought in their Motion to Compel. Attached hereto as Exhibit B is a true and correct copy of the e-mail from Plaintiffs' counsel, enclosing the production containing the key ownership documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 7, 2016, at Los Angeles, California.

/s/ *Erin R. Ranahan*
Erin R. Ranahan

# Exhibit A

## Oki, Kelly

| | |
|---|---|
| **From:** | David Grossman <dgrossman@loeb.com> |
| **Sent:** | Tuesday, October 04, 2016 5:36 PM |
| **To:** | Ranahan, Erin R. |
| **Cc:** | Jonathan Zavin; Leiden, Diana Hughes; Oki, Kelly |
| **Subject:** | RE: Axanar-- Verifications, Common Interest, etc. |

Erin,

    I have been checking with Gossett's counsel and he doesn't know if Gossett can do the 17th anymore.  Gossett is working on a project and proposed that we take him on Saturday the 22nd, which I can do if that works from your end.  He is also going to figure out if there is a weekday(or days) that he can make work, including the 17th.

    Terry McIntosh works nights and is requesting an afternoon start date, so we will have to adjust the time and potentially the date as well.  I am waiting on him to confirm his availability and will let you know as soon as I have it.

    With respect to your third paragraph, I disagree with everything you have stated.  You can refer to my prior emails regarding the privilege log issue - there was no agreement in June with Jonathan and the meeting you reference included me and Jen Jason, who later emailed a confirmation letter describing the discovery items that had been agreed to.  And there certainly never would have been an agreement to unilaterally provide a privilege log if Defendants were not willing to do so.  Please provide a basis for your refusal to provide a privilege log for your clients.

    Regarding production of the materials that your clients used to create the Axanar works, I requested that you speak to your clients and provide confirmation that all such documents have been produced.  Your email is not responsive to that request.  Please respond and confirm that all documents that were used to create the Axanar works have been produced, and that you have confirmed that fact with your clients (including Rob Burnett and Bill Hunt).


David Grossman
Loeb & Loeb LLP
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA 90067
Tel: 310.282.2077
Fax: 310.919.3943



-----Original Message-----
From: Ranahan, Erin R. [mailto:ERanahan@winston.com]
Sent: Monday, October 03, 2016 7:10 PM
To: David Grossman
Cc: Jonathan Zavin; Jennifer Jason; Leiden, Diana Hughes; Oki, Kelly; Mornin, Joe
Subject: RE: Axanar-- Verifications, Common Interest, etc.

Dear David,

(1) Please let us know if 10/17 still works for Gossett-- we are now available on that date and want to confirm in the calendar;

(2) Can you confirm that Terry McIntosh's deposition in Seattle is taking place on 10/14, at the place and time specified in the subpoena?  We want to arrange our travel plans for that ASAP.

(3) As far as the privilege log:  thank you for agreeing to produce a privilege log 10/14.  We understand that your views of privilege logs is they are largely worthless (both you and Mr. Zavin have expressed this view--he back in June during our in person meet and confer, and you noted they are generally "not productive" in your 9/26 email), and while you previously agreed to produce one (Mr. Zavin in June) you have never asked us for one or expressed any interest in reviewing one until now.  Are you suggesting that we should log emails with other attorneys Alec has spoken to about defending him in this case? Or about anything?  This request is way overbroad and does not extend to anything relevant you are attempting to uncover in prosecuting this action.
If there are specific attorneys who you are questioning whether the communication is privileged we are happy to gather and log those.  Otherwise, you are simply raising this issue as a "tit for tat" to overburden Defendants, without any regard to whether such communications bear any relevance whatsoever to prosecuting your case.  As we have explained, we actually see value in reviewing what communications you have dubbed privileged based on our discussions about the common interest privilege, as well as any communications with J.J. Abrams and Justin, which we don't believe are privileged at all based on your insistence that these are third parties that do not speak for Plaintiffs.  We believe these communications are relevant to our defense against your assertion of willfulness, and to your claim that Plaintiffs have been damaged by Axanar, or have had their market impacted by Axanar.  A privilege log will allow us to view the basis of the communications and whether an attorney was actually included, or whether privilege was potentially broken with the inclusion of third parties.  Further, given that Paramount has not produced a single email whatsoever (which is remarkable for a Plaintiff), and your 30(b)(6) witness was clueless about whether any such collection had taken place, we are attempting to investigate whether you collected any emails at all, or whether you collected emails and then determined they were all privileged.

(4)  We will provide verifications shortly and in advance of Mr. Peters' deposition, as he will be the one verifying Axanar's responses.

(5) We have produced all source documents that we could reasonably locate after a diligent search.  It sounds like you are aware of a specific source you have not seen in the production, in which case you are free to ask Alec and other witnesses about them during their depositions.  Isn't that sufficient here?  Especially since you apparently already have information from your public monitoring to support your claim?  If you want to let me know what the source you have in mind is, I am happy to inquire again to make sure there was not something still in Defendants' possession that was used as a source that can be copied.  We also would consider stipulating that it was used as a source if your information is verified as accurate.  But unless it is some obscure source that you cannot otherwise obtain, it doesn't seem like the source itself is what you need.

Regards,

-Erin

Erin R. Ranahan
Partner
Winston & Strawn LLP
T: +1 (213) 615-1700
D: +1 (213) 615-1835
F: +1 (213) 615-1750
http://www.winston.com

-----Original Message-----
From: David Grossman [mailto:dgrossman@loeb.com]
Sent: Thursday, September 29, 2016 6:13 PM
To: Ranahan, Erin R.

Cc: Jonathan Zavin; Jennifer Jason; Leiden, Diana Hughes; Oki, Kelly
Subject: RE: Axanar-- Verifications, Common Interest, etc.

Erin,

  Again, we did not agree to produce a privilege log in June.  However, we are working on one and will provide it by October 14.  That is subject to your agreement that Alec Peters and Axanar will provide a log as well.  You did not respond to my prior email where I pointed out that Alec Peters had spoken to counsel other than Winston & Strawn.  If his position is that he has not spoken to any other attorneys about this matter, he can provide a declaration this week stating that.

  We also have not received any verifications from Defendants yet - unless I am mistaken.  Please let us know when those will be provided.

  Finally, I have been asking for the last two weeks for all of the source documents that Defendants used to create the Axanar works - your response that any documents will be provided three days before a deposition is not sufficient.  Please speak to your client and let me know what source documents were used in the creation of the Axanar works, other than films.  They have publicly stated that documents - that have not yet been produced - were used to create the Axanar works, and yet those documents have not yet been provided.


David Grossman
Loeb & Loeb LLP
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA 90067
Tel: 310.282.2077
Fax: 310.919.3943



-----Original Message-----
From: Ranahan, Erin R. [mailto:ERanahan@winston.com]
Sent: Wednesday, September 28, 2016 9:14 PM
To: David Grossman
Cc: Jonathan Zavin; Jennifer Jason; Leiden, Diana Hughes; Oki, Kelly; Waters, Patricia S.
Subject: Re: Axanar-- Verifications, Common Interest, etc.

David,

Once again, when will Plaintiffs produce a privilege log?  We have been requesting these since June, and it's part of your obligation under the Federal Rules to produce if you are withholding documents as privileged.  It's long overdue and you are prejudicing our ability to review in time to challenge any items.

Can you produce this week?

Thanks,

-Erin

Sent from my iPhone

On Sep 26, 2016, at 5:24 PM, David Grossman <dgrossman@loeb.com<mailto:dgrossman@loeb.com>> wrote:

Erin,

We will not be providing a privilege log on 10/3, which is Rosh Hashanah.  Further, we have not taken a "broader interpretation" of privilege than the defendants.  Moreover, the conversation that you referred to which I had with Diana regarding pre-lawsuit joint defense communications was in a meet and confer relating to the 30b6 depositions and did not address documents.  I said, in that discussion, that I was not aware of any pre-lawsuit discussions regarding whether or not to file this lawsuit that did not involve lawyers.  If you are insisting on the production of a log, we will put one together in due course.  As for your assertion that there is nothing privileged that has been withheld by Alec Peters and Axanar, I am not sure that is correct as Alec has publicly stated that he has spoken with other attorneys other than you - both before and after you were retained.  If you are demanding a privilege log, the defendants need to provide one as well.

You have not responded to my question from last week regarding the third party witnesses you are representing and whether you will be producing their documents this week.  These deponents were noticed for several weeks ago and while we agreed to move the depositions at your firm's request to October, we did not agree to delay the production of documents and I requested your agreement that those documents would be produced ahead of time.  Please confirm that they will be provided by 9/30.


From: Ranahan, Erin R. [mailto:ERanahan@winston.com]
Sent: Monday, September 26, 2016 3:11 PM
To: David Grossman; Jonathan Zavin; Jennifer Jason
Cc: Leiden, Diana Hughes; Oki, Kelly; Waters, Patricia S.
Subject: RE: Axanar-- Verifications, Common Interest, etc.

Hi David,

Jonathan and I specifically discussed the privilege log point during the June meet and confer (which you and Jennifer were present for, though it was several months ago). Jonathan made the same point you make below, and I explained that I had recently had a motion where we obtained documents that had been designated privileged in another case, and that we do believe privilege logs can be useful, especially in a case like this, because you are withholding documents that we may want to challenge as not-privileged based on those that are party to the communications (which will be apparent from the privilege log itself).

We are not withholding anything from before the lawsuit was filed as privileged, and we are only withholding post-lawsuit communications that include an attorney on the communication. It sounds like you have taken a far broader interpretation of privileged; hence, the need to review your privilege log.

Please provide by 10/3.

Best,

-Erin

Erin R. Ranahan

Partner

Winston & Strawn LLP

T: +1 (213) 615-1700

D: +1 (213) 615-1835

F: +1 (213) 615-1750

winston.com<http://www.winston.com>

From: David Grossman [mailto:dgrossman@loeb.com]
Sent: Monday, September 26, 2016 3:03 PM
To: Ranahan, Erin R.; Jonathan Zavin; Jennifer Jason
Cc: Leiden, Diana Hughes; Oki, Kelly; Waters, Patricia S.
Subject: RE: Axanar-- Verifications, Common Interest, etc.

Erin,
    We will work on getting the verifications this week.
    The common interest discussion related to whether that doctrine extended to pre-litigation discussions. I believe that it does. Purely non-legal communications (that are also not protected by work product) would likely not fall under that category. However, I don't believe any documents have been withheld that fall into that latter category.
    I don't recall any agreement on a privilege log. They are generally not productive but if you are demanding that a log be provided, let us know when the defendants intend to provide theirs.


David Grossman
Loeb & Loeb LLP
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA 90067
Tel: 310.282.2077
Fax: 310.919.3943


_____
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.
_____



From: Ranahan, Erin R. [mailto:ERanahan@winston.com]
Sent: Monday, September 26, 2016 2:44 PM
To: David Grossman; Jonathan Zavin; Jennifer Jason
Cc: Leiden, Diana Hughes; Oki, Kelly; Waters, Patricia S.

Subject: Axanar-- Verifications, Common Interest, etc.

Counsel,

I believe we are still waiting for Plaintiffs' verifications for all three sets of interrogatories.  Can you please send those ASAP?  Back in June you assured we would have these shortly.  We would like them in advance of the depositions this week.

David-you and Diana discussed at the last in person meet and confer (9/8) whether Plaintiffs were standing by the position that communications between non-lawyers at CBS and Paramount about the lawsuit are covered by a "comment interest" privilege.  You were going to look into this and get back to us.  If you are standing by this, please provide the authority for this.  We also understood from our June meet and confer that you would be producing a privilege log, which should include any of the documents you are withholding on this basis. Please advise.

Also, we are confirming that the depositions Wednesday and Friday are starting at 10am.  Please provide us the name of all attendees from your side so that we can add to the security list.

Best,

-Erin

Erin R. Ranahan

Partner

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

D: +1 (213) 615-1835

F: +1 (213) 615-1750

Bio<http://www.winston.com/en/who-we-are/attorneys/ranahan-erin-r.html> | VCard<http://www.winston.com/vcards/621.vcf> | Email<mailto:eranahan@winston.com> | winston.com<http://www.winston.com>

_____
The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# Exhibit B

**Oki, Kelly**

| | |
|---|---|
| **Subject:** | Paramount Pictures Corporation et al. v. Axanar Productions et al. |
| **Attachments:** | PL0012670 - PL0012692.pdf |

**From:** Jennifer Jason [mailto:jjason@loeb.com]
**Sent:** Tuesday, September 27, 2016 4:45 PM
**To:** Ranahan, Erin R.
**Cc:** David Grossman; Jonathan Zavin
**Subject:** Paramount Pictures Corporation et al. v. Axanar Productions et al.

Erin,

Enclosed please find documents being produced by Paramount and CBS, which are bates labeled PL0012670 - PL0012692.

Also enclosed please find CBS' verifications for its responses to Interrogatories Sets One, Two, and Three.

Jennifer

**Jennifer Jason**
*Attorney At Law*

LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200 | Los Angeles, CA 90067
**Direct Dial:** 310.282.2195 | **Fax:** 310.919.3614 | **E-mail:** jjason@loeb.com

**Los Angeles | New York | Chicago | Nashville | Washington, DC | Beijing | Hong Kong** | www.loeb.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.