# EXHIBIT 1 TO OKI DECLARATION

1    LOEB & LOEB LLP
     DAVID GROSSMAN (SBN 211326)
2    dgrossman@loeb.com
     JENNIFER JASON (SBN 274142)
3    jjason@loeb.com
     10100 Santa Monica Blvd., Suite 2200
4    Los Angeles, CA  90067
     Telephone: 310.282.2000
5    Facsimile: 310.282.2200

6    LOEB & LOEB LLP
     JONATHAN ZAVIN (admitted *pro hac vice*)
7    jzavin@loeb.com
     345 Park Avenue
8    New York, NY  10154
     Telephone: 212.407.4000
9    Facsimile: 212.407.4990

10   Attorneys for Plaintiffs
     PARAMOUNT PICTURES
11   CORPORATION and CBS STUDIOS
     INC.

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16   PARAMOUNT PICTURES CORPORATION, a Delaware | )   Case No.: 2:15-cv-09938-RGK-E |
| 17   corporation; and CBS STUDIOS INC., a Delaware corporation, | ) ) ) |
| 18 | )   **CBS STUDIOS INC.'S AMENDED** |
|           Plaintiffs, | )   **RESPONSES TO** |
| 19 | )   **INTERROGATORIES, SET ONE** |
|           v. | )   **(NOS. 4. 5. 8 AND 9)** |
| 20 | ) |
|    AXANAR PRODUCTIONS, INC., a | ) |
| 21   California corporation; ALEC PETERS, an individual, and DOES 1-20, | ) ) |
| 22 | ) |
|           Defendants. | ) |
| 23 | ) |

24

25

26

27

28

Loeb & Loeb
\ Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

1  PROPOUNDING PARTY:    Defendants Axanar Productions, Inc. and Alec

2                                            Peters

3  RESPONDING PARTY:     Plaintiff CBS Studios Inc.

4  SET NO.:                      ONE

5          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

6  Plaintiff CBS Studios Inc. ("CBS"), by and through its attorneys, Loeb & Loeb

7  LLP, hereby responds to Defendants' First Set of Interrogatories (the

8  "Interrogatories") to CBS, as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 4**:

Identify every Star Trek Copyrighted Work that You claim has been infringed by the *Axanar* Motion Picture.

**RESPONSE TO INTERROGATORY NO. 4**:

CBS incorporates the General Objections as though fully set forth herein. CBS further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. CBS further objects to this Interrogatory as premature in light of the fact that discovery in this case is ongoing. Subject to and without waiving the foregoing objections or General Objections, CBS responds as follows:

1.    *The Original Series* episode "Whom Gods Destroy" (Reg. No. RE-769-427,LP-44-729).

2.    *The Original Series* episode "The Cage" (Reg. No. PA 314-430).

3.    *The Original Series* episode "Errand of Mercy" (Reg. No. PA-58-283).

4.    *The Original Series* episode "The Savage Curtain" (Reg. No. RE-769-425, LP-44-372).

5.    *Enterprise* episode "Shockwave, Part II" (Reg. No. PA-1-134-204).

6.    *Enterprise* pilot episode "Broken Bow" (Reg. No. PA-1-072-515).

7.    *Enterprise* episode "The Expanse" (Reg. No. PA-1-205-604).

8.    *Enterprise* episode "Kir'shara" (Reg. No. PA-1-257-200).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

2

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

9.     *Enterprise* episode "Two Days and Two Nights" (Reg. No. PA-1-102-974).

10.     *Star Trek–The Motion Picture* (PA 58-633).

11.     *Star Trek III The Search for Spock* (PA 214-571).

12.     *Star Trek IV: The Voyage Home* (PA 313-406).

13.     *Star Trek VI–The Undiscovered Country* (PA 558-359).

14.     *Star Trek* (PA 1-626-900).

15.     *Star Trek: The Role Playing Game - The Four Years War*

16.     *Star Trek: The Role Playing Game - Return to Axanar*

Additionally, Defendants have infringed Plaintiffs' copyrighted characters, including Vulcans, Klingons, Starfleet Captains, Garth of Izar, Soval, Chang, the U.S.S. Enterprise, Klingon ships, and Federation ships.

**INTERROGATORY NO. 5**:

Identify every Star Trek Copyrighted Work that You claim has been infringed by any version of the *Axanar* Script.

**RESPONSE TO INTERROGATORY NO. 5**:

CBS incorporates the General Objections as though fully set forth herein. CBS further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. CBS further objects to this Interrogatory as premature in light of the fact that discovery in this case is ongoing. Subject to and without waiving the foregoing objections or General Objections, CBS responds as follows:

1.     *The Original Series* episode "Whom Gods Destroy" (Reg. No. RE-769-427,LP-44-729).

2.     *The Original Series* episode "The Cage" (Reg. No. PA 314-430).

3.     *The Original Series* episode "Errand of Mercy" (Reg. No. PA-58-283).

4.     *The Original Series* episode "The Savage Curtain" (Reg. No. RE-769-425, LP-44-372).

5.     *Enterprise* episode "Shockwave, Part II" (Reg. No. PA-1-134-204).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

3

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

6.   *Enterprise* pilot episode "Broken Bow" (Reg. No. PA-1-072-515).

7.   *Enterprise* episode "The Expanse" (Reg. No. PA-1-205-604).

8.   *Enterprise* episode "Kir'shara" (Reg. No. PA-1-257-200).

9.   *Enterprise* episode "Two Days and Two Nights" (Reg. No. PA-1-102-974).

10.   *Star Trek—The Motion Picture* (PA 58-633).

11.   *Star Trek III The Search for Spock* (PA 214-571).

12.   *Star Trek IV: The Voyage Home* (PA 313-406).

13.   *Star Trek* (PA 1-626-900).

14.   *Star Trek: The Role Playing Game - The Four Years War*

15.   *Star Trek: The Role Playing Game - Return to Axanar*

In addition to the infringing elements already copied into the *Axanar* Works, the Axanar Script also infringes:

a.   *Star Trek VI—The Undiscovered Country* (PA 558-359).

b.   *The Original Series* episode "Journey to Babel" (Reg. No. RE-714-288, LP-50-341).

c.   *Star Trek: The Next Generation* episode "Sarek" (Registration No. PA-501-117).

d.   *Star Trek: The Next Generation* episode "Unification, Part I" (Registration No. PA-573-177).

e.   *The Animated Series* episode "The Counter-Clock Incident."

f.   *Deep Space Nine* Series.

Additionally, Defendants have infringed Plaintiffs' copyrighted characters, including Vulcans, Klingons, Starfleet Captains, Garth of Izar, Soval, Chang, the U.S.S. Enterprise, Klingon ships, and Federation ships.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

4

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

1 | **INTERROGATORY NO. 8**:

2    Identify and describe the harm or injury You claim to have suffered as a result

3 | of Defendants' actions as alleged in the FAC.

4 | **RESPONSE TO INTERROGATORY NO. 8**:

5    Defendant Alec Peters raised over $1 million from Star Trek fans, based on

6 | his announced intent to create an "independent Star Trek film." Mr. Peters called

7 | his independent Star Trek film, "*Star Trek: Axanar*." Mr. Peters took the funds

8 | obtained from fans of Plaintiffs' Star Trek intellectual property and he produced and

9 | released a twenty-minute film entitled "*Star Trek: Prelude to Axanar*." After the

10 | completion and release of this twenty-minute film, Mr. Peters continued to raise

11 | money from fans of Plaintiffs' intellectual property, and he paid himself, and his

12 | then-girlfriend, tens of thousands of dollars in "salary" in connection with his

13 | Axanar project. Mr. Peters also took the money obtained from fans and rented out a

14 | studio in Valencia, California. Mr. Peters' stated intent in doing so was to create a

15 | film studio (using funds from Star Trek fans) that he could utilize in the future to

16 | create for-profit projects. Mr. Peters' production team generated a marketing plan

17 | for his project stating that the first goal of Axanar Productions (Mr. Peters'

18 | corporation) was to complete the *Star Trek: Axanar* film, while the second

19 | "objective" of Axanar Productions was to "create and develop new models of

20 | sponsorship and funding that will help Axanar productions generate profits on low

21 | budget productions." Robert Meyer Burnett testified that this was an objective that

22 | he had discussed with Alec Peters and the co-writer of the feature-length *Star Trek:*

23 | *Axanar* screenplay, Bill Hunt, stated, while he was working on the film, that "my

24 | understanding has been that we're trying to make the best independent professional

25 | Star Trek feature film that's ever been done, and – in the process – to help build a

26 | successful independent filmmaking studio that benefits us all."

27    Thus, Mr. Peters' stated goal was to create an "independent" "professional"

28 | Star Trek film that was of a quality that could compete with Plaintiffs' intellectual

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

5

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

1  property, and Mr. Peters additionally hoped to continue to raise money from

2  consumers of Plaintiffs' licensed intellectual property so that he could continue to

3  create, and profit from, Plaintiffs' intellectual property.

4       Mr. Peters personally profited from Plaintiffs' intellectual property by paying

5  himself with funds raised from consumers of Plaintiffs' intellectual property and by

6  spending tens of thousands of dollars of those funds on his own personal expenses.

7  Mr. Peters used fan-raised funds to pay for the tires on his Lexus, to service his car,

8  to pay for his gas, each and every week for nearly two years, to pay for his

9  girlfriend's gas for the same time period, to pay for two years of personal phone

10  bills for himself, his girlfriend and Robert Meyer Burnett, to pay for his health

11  insurance, his car insurance, his annual AAA memberships, his TSA airport pre-

12  check fee, and his personal travel to conventions, both in the United States and

13  internationally.  Mr. Peters also used these funds to pay for tens of thousands of

14  dollars in restaurant meals.  Mr. Peters and his girlfriend were provided with debit

15  cards that they used to pay for these expenses from the Axanar Productions account

16  – which account was populated with funds contributed by Star Trek fans.  Further,

17  Mr. Peters' company, Propworx, is housed in the studio facility that was rented and

18  built out using funds from Star Trek fans.  Propworx has not paid any rent to Axanar

19  Productions for its use of this facility.

20       These funds, which Alec Peters personally profited from, were raised from

21  consumers of Plaintiffs' intellectual property.  Instead of purchasing licensed Star

22  Trek products, these consumers donated to Mr. Peters' "independent Star Trek film"

23  project.  Any dollar that a donor spends on Axanar is a dollar that they do not have

24  for authorized Star Trek merchandise or products.

25       Additionally, if the activity by Defendants becomes widespread, or if Mr.

26  Peters was permitted to continue to create Star Trek productions from his studio

27  paid for with fan funds, this conduct would have a direct economic impact on

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

1  Plaintiffs by virtue of the fact that there would be professional Star Trek films

2  competing with authorized Star Trek movies and television series.

3      Moreover, if viewers are viewing Axanar for free, they may not be

4  downloading or viewing the Star Trek films or television series.

5      Further, emails turned over by Christian Gossett, the director of *Star Trek:*

6  *Prelude to Axanar*, show that Mr. Peters met with Netflix and Amazon regarding

7  Axanar Productions.  Mr. Peters was exploring methods by which he could

8  distribute high-quality Star Trek content, without a license, in order to enable him to

9  continue to personally profit from Plaintiffs' intellectual property.

10      The unrestricted and widespread conduct of the sort engaged in by the

11  Defendants in this case would result in a substantially adverse impact on the market

12  for Plaintiffs' products.  This was Mr. Peters' stated intent, in fact, as he planned to

13  use the funds raised from Star Trek fans to build out a for-profit studio and to

14  continue to profit himself by creating additional productions of "independent" and

15  "professional Star Trek" films.

16      Mr. Peters' conduct also damages the market for derivative works, and

17  Plaintiffs have already created and licensed derivative works that include the

18  characters misappropriated by Defendants.  These works include the published

19  novel, *Garth of Izar*, as well as the licensed works "The Four Years War" and

20  "Return To Axanar" which were included as part of Star Trek: The Role Playing

21  Game.

22      Indeed, for fifty years, Plaintiffs have continuously used the intellectual

23  property and characters from *The Original Series* to create new, authorized

24  derivative works, whether in the form of television series, feature films, or novels.

25  **INTERROGATORY NO. 9**:

26      Identify and describe the damages that You seek for each cause of action

27  asserted in the FAC, including by identifying and describing the method(s) used to

28  compute these damages.

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

7

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 9**:

Pursuant to 17 U.S.C. § 504(c), CBS is entitled to recover statutory damages of up to $150,000 for each infringing act by Defendants for the three claims alleged for copyright infringement. The works alleged to be infringed are included in the First Amended Complaint in this action and are further identified in the interrogatory responses served by Plaintiffs. Mr. Peters' conduct in connection with infringing Plaintiffs' works has been willful, in that he deliberately sought to trade off Plaintiffs' intellectual property, repeatedly proclaimed that he was not creating a "fan film" but was instead creating a "professional, independent Star Trek film." Mr. Peters also stated that the quality of his Axanar works would rival Plaintiffs' productions. Mr. Peters also appears to have attempted to create a business relationship with Netflix and Amazon based on his infringing *Star Trek: Axanar* project and, although Christian Gossett, the director of *Star Trek: Prelude to Axanar*, testified that Mr. Peters told him about these meetings, and Mr. Gossett produced a document showing that such meetings occurred, Mr. Peters has not turned over any documents relating to his negotiations with these entities.

Mr. Peters was also fully aware of the infringing nature of his activities, as over the course of several years, Mr. Peters (a trained attorney) repeatedly sent CBS notices informing CBS that Mr. Peters believed that other entities and fan film creators were engaging in "infringing" conduct. Again, Mr. Peters did not turn over these communications in discovery, although CBS did.

CBS further states that, in the alternative and at its election, pursuant to 17 U.S.C. § 504(b), CBS is entitled to recover its actual damages and any of Defendants' profits that are attributable to the infringement, the exact amount of which actual damages and profits is currently unknown to CBS and is subject to CBS' continuing investigation and discovery into the nature and extent of Defendants' violations of the Copyright Act. CBS has been able to determine that Mr. Peters raised approximately $1.5 million from donors in order to create *Star*

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

8

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

1  *Trek: Prelude to Axanar*, and to engage in production activities relating to the

2  planned full-length independent Star Trek film, *Star Trek: Axanar*.  It is unclear

3  from Mr. Peters' discovery responses and documents produced to date how much of

4  those funds were used to pay himself, but CBS is entitled to recover, as profits

5  relating to the infringing activity, all of those funds, including the amounts paid to

6  Mr. Peters, his girlfriend, and for his travel, gas, meals, tires and other personal

7  expenses as listed on Bates Nos. AX 30915-31129.

8  　　　　CBS further states that, pursuant to 17 U.S.C. § 505 and/or other applicable

9  law, it seeks an award of its reasonable attorneys' fees and full costs of this action,

10  which fees and costs continue to accrue and cannot be computed at this time.

11

12  Dated:  October 28, 2016　　　　　　　　LOEB & LOEB LLP
　　　　　　　　　　　　　　　　　　　　　　JONATHAN ZAVIN
13　　　　　　　　　　　　　　　　　　　　　DAVID GROSSMAN
　　　　　　　　　　　　　　　　　　　　　　JENNIFER JASON
14

15　　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　David Grossman
16　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　PARAMOUNT PICTURES
17　　　　　　　　　　　　　　　　　　　　　CORPORATION and CBS STUDIOS
　　　　　　　　　　　　　　　　　　　　　　INC.

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

9

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE

# PROOF OF SERVICE

I, Kathryn M. Arnote, the undersigned, declare that:

I am employed in the County of Los Angeles, State of California, over the age of 18, and not a party to this cause. My business address is 10100 Santa Monica Blvd., Suite 2200, Los Angeles, CA 90067.

On October 28, 2016, I served a true copy of the **CBS STUDIOS INC.'S AMENDED RESPONSES TO INTERROGATORIES, SET ONE (NOS. 4, 5, 8 AND 9)** on the parties in this cause as follows:

☑ (VIA MESSENGER SERVICE – PERSONAL DELIVERY) by giving the above-named document, for personal delivery on the party set forth below, to Nationwide Legal, Inc., a registered process service, having its principal place of business in the County of Los Angeles, State of California, and whose telephone number is (213) 249-9999, and whose business address is 1609 James M. Wood Blvd., Los Angeles, California 90015.

Erin R. Ranahan, Esq.
Kelly N. Oki, Esq.
Diana Hughes Leiden, Esq.
Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 28, 2016, at Los Angeles, California.

Kathryn M. Arnote

Loeb & Loeb
Limited Liability Partnership
Including Professional
Corporations

10866222.1
202828-10048

CBS STUDIOS INC.'S AMENDED RESPONSES
TO INTERROGATORIES, SET ONE