1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:* Hon. R. Gary Klausner<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS AXANAR PRODUCTIONS, INC.'S AND ALEC PETERS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   12/19/16<br>Time:   9:00 a.m.<br><br>Original Complaint Filed: 12/29/15<br>First Amended Complaint Filed: 3/11/16 |

## [PROPOSED] ORDER

Defendants Axanar Productions, Inc.'s and Alec Peters' ("Defendants") Motion for Summary Judgment was heard on December 19, 2016, the Honorable R. Gary Klausner presiding.

Having considered all papers, pleadings, and evidence submitted, and the oral arguments presented, and good cause appearing therefore, **IT IS HEREBY ORDERED THAT** Defendants' Motion for Summary Judgment is granted for the following reasons:

*First*, Plaintiffs' claims are premature with respect to the potential feature length film ("Potential Fan Film"), which remains unfinished, and which still does not have a final script.  Given the incomplete state of the Potential Fan Film, this Court cannot compare the relevant works for purposes of determining whether there is substantial similarity between the Potential Fan Film and any of Plaintiffs' works. *See Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006); *Quirk v. Sony Pictures Entm't, Inc.*, No. C 11-3773 RS, 2013 WL 1345075, at *6 (N.D. Cal. April 2, 2013); *Chase-Riboud v. DreamWorks, Inc.*, 987 F. Supp. 1222, 1227 n.5 (C.D. Cal. 1997); *See v. Durang*, 711 F.2d 141, 142 (9th Cir. 1983); *Marshall v. Yates*, No. CV-81-1850-MML, 1983 WL 1148, at *2 n.2 (C.D. Cal. Oct. 26, 1983); *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 435 (S.D.N.Y. 1985). Thus, there is no genuine dispute of material fact with respect to the ripeness of Plaintiffs' claims regarding the Potential Fan Film.

*Second*, *Prelude to Axanar* and the *Vulcan Scene* are not substantially similar to Plaintiffs' works.  To determine whether the protectable elements of Plaintiffs' works, standing alone, are substantially similar to *Prelude to Axanar* and the *Vulcan Scene*, the Court must "filter out and disregard the nonprotectable elements." *Funky Films*, 462 F.3d at 1077.  Having done so, given the amount of original material featured in both *Prelude to Axanar* and the *Vulcan Scene*, and given Defendants' minimal use of elements from the *Star Trek* universe, neither *Prelude to Axanar* or the *Vulcan Scene*

1

are substantially similar to Plaintiffs' works. Thus, there is no genuine dispute of material fact with respect to substantial similarity.

*Third*, considering the totality of the circumstances, and having applied the four factors set forth in *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994), there is no genuine dispute of material fact with respect to Defendants' defense of fair use. First, and most importantly, having considered the traditional market for Plaintiffs' works, it is apparent that Defendants' works do not act as a market substitute or supplant demand for Plaintiffs' works. *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d 769, 780 (9th Cir. 2006), *quoting Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 568 (1985); *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013); *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 614 (2d Cir. 2006); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1275 (11th Cir. 2001). Second, the Court finds that Defendants' works are transformative and noncommercial in nature. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 579; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 (9th Cir. 2007). Third, Defendants' works borrow minimally from Plaintiffs' works. 17 U.S.C. § 107; *Campbell*, 510 U.S. at 586; *Authors Guild v. Google, Inc.*, 804 F.3d 202, 221 (2d Cir. 2015). Last, the Court finds that the nature of Plaintiffs' works weigh in favor of a finding of fair use. Given that Plaintiffs have had ample opportunity to control the first expressions of their works, this factor weighs in Defendants' favor. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012); *Equals Three, LLC v. Jukin Media, Inc.*, 139 F. Supp. 3d 1094, 1106 (C.D. Cal. 2015). Considering the totality of the circumstances, there is no genuine issue of material fact with regard to Defendants' defense of fair use.

Accordingly, judgment shall be entered in favor of Defendants.

**IT IS SO ORDERED.**

Dated: _____  _____

Hon. R. Gary Klausner
United States District Judge