Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20, <br><br> Defendants. | Case No. 2:15-cv-09938-RGK-E <br><br> *Assigned to:  Hon. R. Gary Klausner* <br><br> **DEFENDANTS AXANAR PRODUCTIONS, INC. AND ALEC PETERS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:  12/19/16 <br> Time:  9:00 a.m. <br> Place:  Courtroom 850, 8th Floor <br> 255 East Temple Street <br> Los Angeles, CA 90012 <br> Judge:  Hon. R. Gary Klausner <br><br> Original Complaint Filed: 12/29/15 <br> First Amended Complaint Filed: 3/11/16 |

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED

## UNDER SEAL

Defendants Axanar Productions, Inc., and Alec Peters ("Axanar") respectfully submit this Reply to Plaintiffs Paramount Pictures Corporation and CBS Studios, Inc.'s Statement of Genuine Issues in Opposition to the Axanar Defendants' Motion for Summary Judgment.

## I.   UNCONTROVERTED FACTS

| Fact No. | Moving Party's Alleged Uncontroverted Facts | Plaintiffs' Response in Opposition | Moving Party's Reply to Opposition |
|---|---|---|---|
| 1. | Star Trek was originally conceived by Gene Roddenberry, and debuted as a television show in 1966.<br><br>**Supporting Evidence**:<br><br>Plaintiffs' First Amended Complaint ECF No. 26 ("FAC") ¶ 13; Defendants' Answer to Plaintiffs' First Amended Complaint, ECF No. 48 at 3, ¶ 13 | Undisputed. | This fact is established. |
| 2. | Plaintiffs allege that Defendants' Works infringe 40 specific Star Trek episodes and 11 movies.<br><br>**Supporting Evidence**:<br><br>Declaration of Kelly N. Oki, Nov. 16, 2016 ("Oki Decl."), Ex. 1 (CBS Studios Inc.'s Amended Responses to Interrogatories, Set One, Response to Interrogatory Nos. 4-5); Oki Decl., Ex. 2 (Paramount Pictures Corporation's Amended Responses to Interrogatories, Set One, Response to Interrogatory Nos. 4-5) | Disputed.<br><br>This is a mischaracterization of the cited interrogatory responses, which state: "Additionally, Defendants have infringed Plaintiffs' copyrighted characters, including Vulcans, Klingons, Starfleet Captains, Garth of Izar, Soval, Chang, the U.S.S. Enterprise, Klingon ships, and Federation ships." Oki Decl., Ex. 1 (CBS' Response to Interrogatories Nos. 4-5.) Ex. 2, (Paramount's Response to Interrogatories No. 4-5). In these responses, Plaintiffs also include | Disputed in a manner that is immaterial to motion.<br><br>Plaintiffs did not allege that the Star Trek: *The Role Playing Game – The Four Years War and Star Trek: The Role Playing Game – Return to Axanar* was at issue in their FAC, and have not explained what supposed plot or story Defendants have copied from these works.<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith |

| 3. | infringement of novels and *Star Trek: The Role Playing Game – The Four Years War* and *Star Trek: The Role Playing Game – Return to Axanar*. Oki Decl., Ex. 1 (CBS' Response to Interrogatories Nos. 4-5.) Ex. 2, (Paramount's Response to Interrogatories No. 4-5). Defendants' purported fact also fails to identify Plaintiffs' responses to Interrogatory No. 2, regarding each Star Trek Copyrighted Work infringed by Prelude to Axanar and Interrogatory No. 3 regarding each Star Trek Copyrighted Work infringed by the "Vulcan Scene." See Declaration of David Grossman ("Grossman Decl."), ¶ 2, Exs. DDD and EEE (Paramount and CBS' responses to Interrogatories Nos. 2 and 3). See generally the declaration of John Van Citters ("Van Citters Decl.") for further details on Plaintiffs' claims of infringement. | |
|---|---|---|
| 3. | Plaintiffs do not purport to own in this lawsuit a copyright to the Star Trek universe, but rather own a limited number of copyrights to certain episodes and films. **Supporting Evidence**: FAC, Appendix A ¶¶ 2-6 | Disputed. The purported fact is not supported by Defendants' citation to the FAC. Disputed that Plaintiffs own "limited" copyrights or that those copyrights are restricted to "certain episodes and films." In addition to owning copyrights in episodes and films, | Disputed in a manner that is immaterial to motion. Plaintiffs do not present any evidence to support their suggestion that their copyrights are not limited to the works in their copyright registrations, or that they own a copyright to the "Star Trek universe." |

2

| | | | |
|---|---|---|---|
| | | Plaintiffs own the copyrights in books, reference guides, documentaries, characters and numerous other elements. Grossman Decl., ¶ 90, Ex. UU (copyright registrations for the Star Trek Television Series), ¶ 91, Ex. VV (copyright registrations for the Star Trek Motion Pictures); ¶ 94, Ex. WW (copyright registration for Garth of Izar novel); ¶ 95, Ex. XX (copyright registration for Strangers from the Sky); ¶ 96, Ex. YY (copyright registration for Infinity's Prism). Van Citters Decl. ¶¶ 3-14, Ex. BBB (copyright registration for The Four Years War), 64-65. | *See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith |
| 4. | Of the 51 allegedly infringed works, to date, Plaintiffs have not produced a single copy of any of these episodes or films, though discovery is now closed.<br><br>**Supporting Evidence**:<br><br>Oki Decl. ¶ 15 | Undisputed that, pursuant to agreement, the parties did not exchange their copies of the Star Trek Copyrighted Works.<br><br>On June 21, 2016, Plaintiffs met with counsel for Defendants, Erin Ranahan, and the parties agreed that Plaintiffs did not need to produce the Star Trek films and episodes and Ms. Ranahan stated that Mr. Peters would not be producing his copies of those works either. Ms. Ranahan stated that she believed that Mr. Peters already had all of these works. The parties agreed that, if there were works Peters owned that were interlineated or commented on, those | The fact is established that Plaintiffs did not produce a single copy of any of these episodes or films, though discovery is now closed.<br><br>The discovery conversation happened in the context of whether Defendants needed to produce all source material when access was not disputed, not in connection with Plaintiffs producing the works they claimed were substantially similar to Defendants' Works. There was never an oral or written agreement whereby Defendants agreed that Plaintiffs need not produce the works they claimed to be at issue |

3

| # | | | | |
|---|---|---|---|---|
| | | | would be provided. Grossman Decl., ¶ 99.<br><br>Defendants, therefore, never requested copies of these works as the parties had agreed they would not be exchanging them in discovery. Grossman Decl., ¶ 99.<br><br>Furthermore, and consistent with Ms. Ranahan's representation and stipulation at the meet and confer, M____ers ▮▮▮▮ an Decl., ¶ 99, Ex. A (Peters tr. at 40:10-15). | in this case. Ranahan Decl. at ¶ 2.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 5. | | Plaintiffs do not allege that Defendants' Works use any clips or otherwise copy the plot, dialogue, timeline, or central characters of any of Plaintiffs' Works, but instead allege infringement of such elements such as clothing, shapes, words, colors, short phrases, the Klingon language, and works derived from nature, third parties, and the public domain.<br><br>**Supporting Evidence**:<br><br>FAC ¶¶ 46-47 | Disputed.<br><br>The purported fact is not supported by admissible evidence. Moreover, Defendants' purported fact is a mischaracterization as Plaintiffs have alleged that the plot, dialogue, timeline and characters from Plaintiffs' works have been infringed. *See* Declaration of John Van Citters Decl., ¶¶ 57-60.<br><br>Defendants have copied "clips" from Plaintiffs by appropriating a screenshot from *Star Trek III* to create their "Vulcan Scene." Van Citters Decl., ¶¶ 43, 48. Grossman Decl., ¶ 43, Ex. A (Peters tr. at 82:2-85:12); ¶ 44, Ex. B (Burnett tr. at 106:11-17). Dkt. No. 72-63, Ex. 20 (Vulcan Scene).<br><br>Defendants also took | Undisputed, as Plaintiffs have not presented any admissible evidence to show that there is any clip, plot, dialogue or central characters from any of Plaintiffs' Works that have appeared in any of Defendants' Works.<br><br>Defendants did not use a "clip" or screenshot from *Star Trek III,* or any other clip or screenshot from any other Star Trek work in *Prelude* or the *Vulcan Scene,* and had and have no intention of doing so in the longer *Axanar* project. The scene was newly created and created entirely via visual effects that took inspiration from a scene in *Star Trek III.* ECF No. 72-63, Ex. 20 (Vulcan Scene). |

| | | | |
|---|---|---|---|
| | | the plot of their story from *the Original Series* episode *Whom Gods Destroy*, and from *The Four Years War* publication. Van Citters Decl., ¶ 14, Ex. AAA (*Four Years War*). Grossman Decl., ¶ 13, Ex. A (Peters tr. at 38:22-41:17), ¶ 14, Ex. C (Gossett tr. at 48:10-50:10), Ex. I (April 26, 2014 email from Christian Gossett to Alec Peters).<br><br>The characters taken by Defendants are "central" to Plaintiffs' works, including Klingons, Vulcans, the U.S.S. Enterprise, Klingon ships, along with specific characters such as Soval the Vulcan Ambassador, Chang, the villain from *Star Trek VI*, and Garth of Izar, who was featured in *the Original Series*, and was also the subject of a standalone Star Trek novel. Van Citters Decl. ¶¶ 17-38. | The plot of Defendants' Works was not taken from any Star Trek copyrighted work and in fact bears no similarity to *Whom Gods Destroy*, or *The Four Years War* publication. Defendants merely use a single character and a mentioned battle as a jumping off point. Peters Supp. Decl., ¶ 4; ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script)<br><br>No copyrighted characters were used in Defendants' Works. ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script)<br><br>Li-A-Ping Decl., ¶ 7, Exs. 7-9<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith |
| 6. | While Plaintiffs do have copyright registrations to central Star Trek characters such as Spock and Captain Kirk, Defendants Works' do not include those or any other characters to which Plaintiffs own separate copyrights.<br><br>**<u>Supporting Evidence</u>**:<br><br>FAC, Appendix A ¶¶ 2-6 | Disputed.<br><br>Plaintiffs own the copyrights in the episodes that contain the characters such as Garth of Izar and Soval. Grossman Decl., ¶ 90, Ex. UU (copyright registrations for the Star Trek Television Series). Van Citters Decl. ¶¶ 3-8.<br><br>Plaintiffs are not required to have | Plaintiffs do no dispute the stated fact.<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith |

| | | | | |
|---|---|---|---|---|
| | | copyright registrations in characters in order to own the copyrights to those characters. *Anderson v. Stallone*, 1989 U.S. Dist. LEXIS 11109, Copy. L. Rep. (CCH) P22665 (C.D. Cal. Apr. 25, 1989).<br><br>Further, as the Ninth Circuit recently held, characters depicted in an audiovisual work, with distinct, recognizable traits, are protectable. These characters include Klingons, Vulcans, Garth of Izar, Ambassador Soval, Klingon Commander Chang, and further include recognizable, distinct inanimate objects as well, including the U.S.S. Enterprise, Klingon battlecruisers, and Vulcan ships. *See DC Comics v. Towle*, 802 F.3d 1012, 1021 (9th Cir. 2015). | | |
| 7. | Defendant Alec Peters, a lifelong Star Trek fan, founded *Axanar* Productions along with a group of other Star Trek fans to celebrate their love of Star Trek by creating original stories which take place in the so-called Star Trek universe.<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim at 18, ¶ 11; Oki Decl., Ex. 13 (Deposition of Alec Peters (Oct. 19, 2016) ("Peters Tr., Vol. I") at 81:5-12; 88:5-14); Declaration of Alec Peters, Nov. 16, 2016, | Disputed.<br><br>████████████<br>████████████<br>████████████<br>████████ ecl., ¶ 83, Ex. A (Peters tr. at 182:1-2; 60:6-61:2).<br><br>Further, Axanar Productions was not created to celebrate Defendants' love of Star Trek. Axanar Productions is ██████ ██████████ ████████████ ███████████ | The fact that Alec Peters is a lifelong Star Trek fan is established. Plaintiffs' remaining mischaracterizations are immaterial to the resolution of the motion.<br><br>Though Defendants hoped that their Works would lead to other work, Defendants made their Works because they love Star Trek. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 16<br><br>Defendants' Works were created by Defendants solely because of their love of Star Trek. It is not a | |

| | | | | |
|---|---|---|---|---|
| | ("Peters Decl."), at ¶ 2 | Grossman Decl., ¶ 74, Ex. A, Ex. SS (financial summary).<br><br>Axanar Prod████████████████as ████████████████████████████████████████████████████████████████████████████████████████5, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan). | for-profit venture and ███████████████████████████████████████████████████████████████████████████████████████████████████████████████lar or profit has been made. ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 224:21-225:4); ECF Nos. 90-10, 94-3, Peters Decl., ¶¶ 11-15; ECF Nos. 90-12, 94-5, Peters Decl., Ex. 2 (Second Financial Summary, AX035571-AX035736)<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith |
| 8. | Defendants' first endeavor was the short film *Prelude*, which was to be followed by Defendants' evolving non-commercial film project (the "Potential Fan Film") tentatively titled *Axanar*.<br><br>**Supporting Evidence**:<br><br>Peters Decl., at ¶¶ 7-9; Peters Decl., Ex. 1 | Undisputed that *Prelude* was released to the public.<br><br>Disputed that Defendants planned to complete a "fan film" – Peters repeatedly stated that Axanar was not a fan film.  Grossman Decl., ¶ 48, Ex. A (Peters tr. at 92:19-94:1), Ex. CC (Indiegogo fundraising page), ¶ 49, Ex. A (Peters tr. at 99:10-101:10), Ex. DD (Defendants' Indiegogo fundraising page), ¶ 50, Ex. A (Peters tr. at | Plaintiffs do not dispute the stated fact.<br><br>Disputed only in a way that is immaterial to Motion. Though not material to Defendants' Motion, there were many instances in which Defendants did call their works "fan films." The distinction between "fan films" and "professional" films was made only to distinguish the quality of Defendants' Works. ECF No. 90-16, Peters Decl., Ex. 6 (Press Release);  ECF Nos. |

7

108:6-109:12), Ex. EE (Facebook post by Alec Peters), ¶ 51, Ex. A (Peters tr. at 109:16-110:2), Ex. FF (Post on the Axanar Facebook page), ¶ 53 (Peters tr. at 133:16-143:5; 134:10-143:5; 137:13-138:13; 138:21-140:2; 140:19-141:5; 141:16-142:22), Ex. ZZ (transcript of podcasts), ¶ 55, Ex. A (Peters tr. at 106:6-107:7), Ex. II (tweet) ¶ 57, Ex. A (Peters tr. at 349:18-24), Ex. KK (Peters email to Doug Drexler).

Disputed that Axanar was "non-commercial."

Peters attempted to meet with Netflix to become a producer of Star Trek productions, attempted to trademark ██████████████████ ████████████████████ ████████████████████ 58, Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett); ¶ 65, Ex. A (Peters tr. at 234:11-25), ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com

90-22, 94-7 Peters Decl., Ex. 12 (Emails between Alec Peters and Morgen Schneider, AX030370-AX030372); ECF No. 90-23, Ex. 13 (Axanar Facebook Post, AX035850); ECF No. 90-24, Ex. 14 (Axanar Tweet, AX035927); ECF No. 90-21, Ex. 11 (Star Trek Fan Film Flyer, PL0000106); ECF No. 90-19, Ex. 9 (Axanar Blog Post, PL0005718-PL0005720); ECF No. 90-20, Ex. 10 (Axanar Blog Post, PL0005973-PL0005989); ECF No. 90-18, Ex. 8 (Axanar Facebook Post, PL0008222); ECF Nos. 90-26, 94-9, Ex. 16 (Email from Marian Cordry to Holly Amos and John Van Citters, PL0008689); ECF No. 90-17, Ex. 7 (Axanar Facebook Post, PL0011822); ECF Nos. 90-25, 94-8 Ex. 15 (Emails among Bill Burke, John Van Citters, and Leslie Ryan, PL0012814-PL0012816); ECF No. 90-15, Ex. 5 (Email from Marian Cordry to John Van Citters, PL0013502-PL0013503); ECF No. 90-14, Ex. 4 (Peters Facebook Post, PL0013517); ECF Nos. 90-11, 94-4, Ex. 1 (Axanar Annual Report, Revised, 2015, PL0013763-



).

Defendants' business plan states ███████

███████████████████████████████████████████

███████████ 7, Ex. PP (Axanar marketing plan).

Mr. Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more directing work ███████

██████████████ ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20); Ex. RR (Robert Meyer Burnett online posting).

Peters created the Axanar Works in large part in order to showcase his own "producing" abilities, in the hopes that he ██████ CBS ██████ Gros███

PL0013785); ECF No. 90-13, Ex. 3 (Emails between Alec Peters and Mallory Levitt, PL0013787-PL0013788); ECF No. 90-6, Ranahan Decl., ¶ 5, Ex. E (Gossett Tr. at 175:17-18)

Defendants' Works are non-commercial. They were made as fan films, with no profit being made by Defendants and the films being given away free online ███████ dant ████████████████████ ████████████████████ ██████████ s no ████████ of being paid back. ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 224:21-225:4); ECF No. 48, Counterclaim, ¶ 16; ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 57:1-11, 85:7-23); ECF No. 75-7, Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8; 202:12-203:4); ECF No. 75-19, Peters Decl., ¶ 7

Defendant Peters did not ██████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ███████, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF Nos. 90-

9

| | |
|---|---|
| Decl., ¶ 79, Ex. A (Peters tr. at 455:24-456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20). | 10, 94-3, Peters Decl., ¶ 17 |
| Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood.  Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting). | Defendants never attempted to ████████████████████████████████████████████████.  Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17 |
| Peters intended ████████████████████████████████████████ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan). | Th█████████aragraph ██████████████████████████████████████████ ¶ 2, Ex. 1 (Peters tr., Vol. I at 236:14-241-13) |
| | Some members of the Axanar team, as with any production, would hope that the work would be good enough to use to help promote their careers in the future.  Li-A-Ping Decl., ¶ 2, Ex. 1(Peters tr. at 81:5-15); ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 387:13-20) |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | Peters Decl., ¶ |
|---|---|---|---|
| 9. | Both *Prelude* and the Potential Fan Film were intended to tell the original story of Garth of Izar, an obscure character who made his lone television appearance in a 1969 episode from Star Trek: The Original Series titled *Whom Gods Destroy*.<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim at 19 ¶¶ 15-16; Oki Decl., Ex. 14 (CBS Studios Inc.'s Responses to Requests for Admission, Set One, Response to Request for Admission Nos. 21-22); Oki Decl., Ex. 15 (Paramount Pictures Corporation's Responses to Requests for Admission, Set One, Response to Request for Admission Nos. 21-22); Oki Decl., Ex. 12 (Deposition of J.J. Abrams, Nov. 9, 2016, ("Abrams Tr.") at 14:22-15:3;); Oki Decl., Ex. 11 (Deposition of Justin Yipin Lin, Nov. 7, 2016, ("Lin Tr.") at 16:10-22); Peters Decl., Ex. 1 | Disputed.<br><br>Garth of Izar is not an obscure character. Garth of Izar was the central character in an episode of *The Original Series*, he was further discussed in *The Four Years War* publication as a heroic captain who helped the Federation in the Four Years War and the Battle of Axanar, and he is the titular subject of an entire standalone Star Trek novel. Van Citters Decl., ¶¶ 6, 11, 13, 14, Ex. AAA (*The Four Years* War supplement), 17- 19. Grossman Decl., ¶ 92, Ex. 1(The Original Series DVDs), ¶ 94, Ex. WW (copyright registration for Garth of Izar novel). Dkt. No. 72-63, Ex. 21 (Garth of Izar novel).<br><br>Disputed to the extent Defendants assert that *Prelude* and Axanar tell a story based solely on Garth of Izar. Instead, those works describe and depict the history of *The Four Years War*, which was also the subject of *The Four Years War* publication. Van Citters Decl., ¶¶ 17-19.<br><br>Exhibit 14 to the Oki declaration is not CBS' responses to Requests for Admission Nos. 21-22. Rather, Exhibit 14 is Paramount's responses to Requests for Admission Nos. 72-76.<br><br>Exhibit 15 to the Oki | Undisputed that Garth of Izar's only appearance throughout hundreds of episodes and twelve movies is in one episode from 1969.<br><br>Garth of Izar is so obscure that neither JJ Abrams nor Justin Lin knew who he was. The two directors of the last three Star Trek films, and two huge Star Trek fans, had no clue who he was. ECF Nos. 75-14, 77-7, Oki Decl., Ex. 12 (Abrams Tr. At 14:22-15:3); ECF Nos. 75-13, 77-6, Oki Decl., Ex. 11 (Lin Tr. at 16:10-22)<br><br>Garth was a guest character in one episode of *The Original Series*, *Whom Gods Destroy*. ECF Nos. 88-1, 91-21, Grossman Decl., ¶ 92, Ex. 1 (The Original Series DVDs)<br><br>Garth of Izar is mentioned only twice in *The Four Years War* publication.  ECF No. 88-71, Van Citters Decl., Ex. AAA (*The Four Years* War supplement), 17- 19.<br><br>No novel about The Four Years War has ever been published.<br><br>The only elements of *The Four Years War* that were used in Defendants' Works were the title and the name of a planet (used in *Prelude*).  No other elements were used |

| | | declaration is not Paramount's responses to Requests for Admission Nos. 21-22. Rather, Exhibit 15 is CBS' responses to Requests for Admission Nos. 51-55.<br><br>Paramount and CBS' responses to Requests for Admission Nos. 21-22, which are not in evidence, simply state that Garth of Izar is the subject of a television show and a novel, but not a motion picture.<br><br>The testimony of Mssrs. Lin and Abrams do not support the stated fact, and their testimony does not constitute an evidentiary admission on the part of Plaintiffs as they are not Plaintiffs' employees. | from these works. ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script)<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 10. | *Prelude* portrays (and the Potential Fan Film would portray) Garth of Izar in a new way not seen in any of Plaintiffs' Works—specifically, as a war veteran with psychological issues resulting from his traumatic experiences during the Four Years War between the United Federation of Planets and the Klingon Empire.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 87:13-88:1); Oki Decl., Ex. 5 (Burnett Tr. at 192:2-15); Peters Decl., at ¶¶ 6-7; Peters Decl., Ex. 1 | Disputed.<br><br>*Prelude* speaks for itself. It does not portray Garth of Izar "as a war veteran with psychological issues resulting" from traumatic experiences fighting the Klingons.<br><br>Instead, *Prelude* portrays Garth as a brilliant military strategist and hero. Further, Defendants have not cited to any pre-lawsuit evidence supporting this characterization or description of their work. | Disputed in a way that is immaterial to the Motion. Defendants do not refute that Defendants presented Garth of Izar in a new way never seen before.<br><br>*Prelude* very much does portray Garth in a very different light. The fact that Defendants' Works used the veterans of WWII portrayed in "Band of Brothers" as the basis for Garth of Izar's character in *Prelude* and that many fans picked up on this shows that he is a very different character. Defendants' Works are set 23 years before his appearance in "Whom Gods Destroy."<br><br>Garth of Izar is a |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | brilliant military strategist and hero, unlike the insane inmate of a mental asylum he is portrayed as in *Whom Gods Destroy.* |
| | | | ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 87:13-88:1); ECF No. 75-7, Oki Decl., Ex. 5 (Burnett Tr. at 192:2-15); ECF No. 75-19, Peters Decl., ¶¶ 6-7; ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 88-1, 91-21, Grossman Decl., ¶ 92, Ex. 1 (The Original Series DVDs); ECF No. 48, Counterclaim at 15, ¶ 6 |
| | | | As explained in Plaintiffs' reply, pre-lawsuit evidence or explanation by the defendant is irrelevant to the issue of transformativeness.  It is irrelevant that Defendants may not have explicitly claimed fair use as "parody" or "satire" before Plaintiffs brought suit.  "What is critical in assessing transformativeness is how the work in question appears to the reasonable observer, not simply what an artist might say about a particular piece." *Cariou*, 714 F.3d at 707 ("defendant's testimony that he "doesn't really have a message'" did not preclude a finding of fair use). And in any event, here Defendants |

| | | | made clear in their promotional materials, crowdfunding campaigns, and through the works themselves, that they were presenting Star Trek in a manner that had never been seen before. Defendants' Response to Plaintiffs' Statements of Fact in Opposition to Plaintiffs' Motion for Summary Judgment, p. 8. |
|---|---|---|---|
| 11. | Star Trek, which promotes the ideals of tolerance, unity, inclusion, and peace, aired during the Vietnam War, before it was socially accepted to publicly examine issues such as Post-Traumatic Stress Disorder.<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim at 15, ¶ 6 | Disputed.<br><br>Lacks foundation and irrelevant.<br>The cited authority (Defendants' Counterclaim) does not support the stated fact and is not admissible evidence. | Defendants do not present any evidence to refute this claim, and in any event, it is not necessary for the Court to grant Defendants' Motion or find Defendants' Works transformative. |
| 12. | Defendants' Works (made up of (i) an original twenty-minute "mockumentary" that has been available for free on YouTube since 2014), (ii) a three-minute scene (the "*Vulcan Scene*"), Defendants' Potential Fan Film, and their creation of scripts for that project) are both social commentary and satire, in that they focus on and intend to expose the true horrors and consequences of war in ways the Plaintiffs' Works did not.<br><br>**Supporting Evidence**:<br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 87:13- | Disputed.<br><br>The Axanar Works speak for themselves. They say nothing about the "horrors and consequences of war."<br><br>Defendants never claimed that the Axanar Works were a social commentary or satire prior to this lawsuit – and they are not. | Undisputed that Defendants' Works show the "horrors and consequences of war" from the very beginning of *Prelude to Axanar* when they show a city being destroyed, to the very same type of scene, Kharn and Chang surveying a destroyed civilian section of a city, in the *Axanar* script. ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script, pp. 1-2); ECF Nos. 88-1, 91-21, Grossman Decl., ¶ 92, Ex. 1 (The Original |

| | | | |
|---|---|---|---|
| 88:1); Oki Decl., Ex. 5 (Burnett Tr. at 192:2-15); Peters Decl., ¶ 7 | | | Series DVDs) |

As explained in Plaintiffs' reply, pre-lawsuit evidence or explanation by the defendant is irrelevant to the issue of transformativeness. It is irrelevant that Defendants may not have explicitly claimed fair use as "parody" or "satire" before Plaintiffs brought suit. "What is critical in assessing transformativeness is how the work in question appears to the reasonable observer, not simply what an artist might say about a particular piece." *Cariou*, 714 F.3d at 707 ("defendant's testimony that he "doesn't really have a message"" did not preclude a finding of fair use). And in any event, here Defendants made clear in their promotional materials, crowdfunding campaigns, and through the works themselves, that they were presenting Star Trek in a manner that had never been seen before. Defendants' Response to Plaintiffs' Statements of Fact in Opposition to Plaintiffs' Motion for Summary Judgment, p. 8.

| | | | |
|---|---|---|---|
| 13. | *Prelude* takes place in a time period previously unexplored by the Plaintiffs' Works, and | Disputed.<br><br>*Prelude* does not take place in a time frame | Undisputed that a time frame "two decades" before *The Original Series* is a time that has |

| | | | |
|---|---|---|---|
| | features an original plot and is shot in a narrative "mockumentary" style, featuring direct-to-camera interviews with characters, a style never before used by either Plaintiffs or in any other Star Trek fan fiction.<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim at 24-25, ¶¶ 30-31; Oki Decl., Ex. 13 (Peters Tr., Vol. I at 85:7-23); Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8; 202:12-203:4); Peters Decl., Ex. 1 | that was previously unexplored, but rather two decades before *The Original Series*. Grossman Decl., ¶ 16, Ex. A (Peters tr. at 143:13-145:7), ¶ 17, Ex. B (Burnett tr. at 202:12-203:4); Van Citters Decl., ¶¶ 7, 39.<br><br>*Prelude* does not feature an original plot. The plot is taken from *The Four Years War* and "*Whom Gods Destroy*" of *The Original Series*. Grossman Decl., ¶ 13, Ex. A (Peters tr. at 38:22-41:17); ¶ 14, Ex. C (Gossett tr. at 48:10-50:10), Ex. I (April 26, 2014 email from Christian Gossett to Alec Peters). Van Citters Decl., ¶¶ 5-6, 13, 14, 19, 57.<br><br>*Prelude* is not an "interview" show – it is a film that uses interspersed fictional interviews along with scripted, filmed dialogue and action sequences. | not been previously explored.<br><br>Undisputed that the time period of Defendants' Works has never been covered in *Star Trek* television episodes or film.<br><br>The plot of *Prelude* is entirely new and the statements by Plaintiffs suggest they do not understand what a "plot" is. There is no similarity between the plot of *Prelude to Axanar* and *The Four Years War* publication other than the use of the title and a planet name. And there is no similarity between *Prelude to Axanar* and *Whom Gods Destroy* outside of the character of Garth.<br><br>*Prelude to Axanar* is a mockumentary, a faux documentary, meant to show fictional events in the Star Trek universe. It is shot using interviews intercut with visual effects scenes just like a History Channel documentary or the classic The World at War, which was an inspiration.<br><br>It is undisputed that *Prelude* features characters providing commentary on a prior battle in an interview format.<br><br>ECF No. 48, Counterclaim at 24-25, ¶¶ 30-31; ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at |

16

| | | | |
|---|---|---|---|
| | | | 85:7-23); ECF No. 75-7, Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8; 202:12-203:4); ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF No. 90-9, Ranahan Decl. ¶ 8, Ex. H ("Mockumentary" *Wikipedia* Page)<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 14. | Defendants' Works are low budget, intended to be distributed for free online, appeal to a relatively small audience of "Trekkies," and have made no profit.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 224:21-225:4) | Disputed.<br><br>███████████ 73, Ex. A (Peters tr. at 70:24-71 ████████ ecl., Ex. A (Peters tr. at 192:3-193:21). This is not low budget, and is comparable to the cost of an hour long Star Trek television program produced by CBS. Van Citters Decl., ¶ 66.<br><br>Peters wanted to create Star Trek content for Netflix. Grossman Decl., ¶ 58, Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email | Disputed in a way that is immaterial to the Motion, as the budget of Defendants' Works is relatively low budget when compared to Plaintiffs' Works and under industry guidelines.<br><br>The actual amount of money raised by ███████████s ECF ████████-5, Peters Decl., Ex. 2 (Second Financial Summary, AX035571-AX035736)<br><br>Any budget below $2,500,000 is considered low budget by industry guidelines. Li-A-Ping Decl., ¶ 8, Ex. 10 (Internet post concerning minimum rates for filmmakers)<br><br>An hour long Star Trek: Enterprise episode cost $5 million.  Li-A-Ping Decl., ¶ 6, Exs. 5-6 (Media discussing the cost per episode of Star |

17

exchange between Alec Peters and Christian Gossett).

Peters attempted to trademark ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ an Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett); ¶ 65, Ex. A (Peters tr. at 234:11-25), ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com).

Defendants' business plan states ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ 7, Ex. PP (Axanar marketing plan).

Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more

Trek series)

The new Star Trek TV show reportedly has a $6-7 million per episode budget.   Li-A-Ping Decl., ¶ 6, Exs. 5-6  (Media discussing the cost per episode of Star Trek series)

████████████████ ████████████████ ████████████████ ████████████████ ████████████████ ████████████████ Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17

Defendant ████████████████ ████████████████ ████████████████ ████████████████ 1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25);  ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17

The quote in this paragraph is not from a "business plan," but from ████████████████ ████████████████ ████████████████

18

| | | directing work ████████ | ████████ ¶2, Ex. 1 (Peters tr., Vol. I at 236:14-241-13) |
|---|---|---|---|

directing work ████████

████████ ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr. at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting).

Peters created the Axanar Works in large part in order to showcase his own "producing" abilities, in the hopes that he wo████ CBS to ████████ Grossm████, Ex. A (Peters tr. at 455:24-456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20).

Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood. Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert

*Prelude to Axanar* and *Axanar* were created for a love of Star Trek. However, The Axanar team, as with any production, would hope that the work would be good enough to use to help promote their careers in the future. This was not the reason Defendants pursued Axanar, but an ancillary benefit. Li-A-Ping Decl., ¶2, Ex. 1 (Peters tr. at 81:5-15); ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 387:13-20)

████████████

Peters Decl., ¶¶ 11-15

*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith

| | | | | |
|---|---|---|---|---|
| | | | Meyer Burnett online posting). | |
| | | | Peters ███████████ | |
| | | | 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan). | |
| | | | 64, Ex. B (Burnett tr. at 142:14-148:8); ¶ 67, Ex. PP (Axanar marketing plan); Ex. QQ (printout from Axanarproductions.com). | |
| 15. | In August of 2014, Defendants released *Prelude* for free on YouTube.com.<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim, ¶ 16; Oki Decl., Ex. 13 (Peters Tr., Vol. I at 57:1-11, 85:7-23); Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8; 202:12-203:4); Peters Decl., ¶ 7 | Undisputed. | This fact is established. | |
| 16. | In March of 2014, Defendants launched a Kickstarter campaign to raise money for the Potential Fan Film.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 239:20-23, 241:10-13); Peters Decl., | Undisputed. | This fact is established. | |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | |
|---|---|---|---|
| | | ¶ 9 | |
| 17. | Aside from the *Vulcan Scene* (released for free on YouTube.com in July 2015), which may or may not ultimately become part of the Potential Fan Film, no scenes from the Potential Fan Film have been filmed.<br><br>**Supporting Evidence**:<br><br>Peters Decl., ¶ 9; Oki Decl., Ex. 5 (Burnett Tr. at 174:3-10); Oki Decl., Ex. 6 (Hunt Tr. at 56:12-25) | Disputed.<br><br>Earlier this year, Peters stated that, in addition to the Axanar Script, and the filmed Vulcan Scene, one third of the visual effects for the full length Axanar film had been completed in a special effects "reel." Grossman Decl., ¶ 98. Defendants did not turn over this special effects reel. Grossman Decl., ¶98. | Disputed in a manner that is immaterial to motion.<br><br>*See also*, Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 18. | Of the six total characters portrayed in *Prelude*, four were developed entirely by Defendants.<br><br>**Supporting Evidence**:<br><br>Peters Decl., ¶ 8 | Disputed.<br><br>These characters were not "developed entirely by Defendants." The referenced characters are Vulcans, Klingons and Starfleet Officers. They are depicted with costumes, makeup, hair and even logos and insignias that are copied from Plaintiffs' characters. Van Citters Decl., ¶¶ 5, 25-32. | Disputed in a way that is immaterial to the Motion. Besides being inspired by the species, Defendants' characters were vastly original. One is a Klingon who has minor similarities to Klingons seen in Star Trek. The other characters created are entirely new, human characters in new costumes. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 9; ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 360:12-361:11); ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF No. 75-19, Peters Decl., ¶¶ 8, 10, 15<br><br>*See also*, Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also*, Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 19. | As the *Vulcan Scene* and the Potential Fan Film are both intended to | Disputed.<br><br>The timeframe of the | Undisputed that the time frame of Defendants' Works, |

21

| | | | |
|---|---|---|---|
| | build off of the *Prelude* storyline, they also are set in the same unique timeframe.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 43:9-14); Oki Decl., Ex. 6 (Hunt Tr. at 44:18-25); Oki Decl., Ex. 5 (Burnett Tr. At 104:11-105:17); Peters Decl., Ex. 2 | Axanar Works is not unique.  It is twenty years before *The Original Series* (which is several hundred years in the future) and it is a timeframe that was explored and discussed in *The Four Years War* publication, which was used by Defendants to create the Axanar Works. Van Citters Decl., ¶¶ 13-15, 19, 39, 60.Grossman Decl., ¶ 16, Ex. A (Peters tr. at 143:13-145:7), ¶ 35, Ex. V (blueprints for the soundstage at Paramount Studios that was used for Star Trek); ¶ 36, Ex. A (145:12-147:10), Ex. W (blueprints), ¶ 32, Ex. C (Gossett tr. at 47:22-48:6); ¶ 15, Ex. A (Peters tr. at 371:13-372:9), Ex. J (Mr. Gossett email exchange with Mr. Peters) ¶ 17, Ex. B (Burnett tr. at 202:12-203:4). Van Citters Decl., ¶¶ 13, 14, Ex. AAA (The Four Years War supplement), Ex. BBB (copyright registration for The Four Years War). Grossman Decl., ¶ 13, Ex. A (Peters tr. at 38:22-41:17);  ¶ 14, Ex. C (Gossett tr. at 48:10-50:10), Ex. I (April 26, 2014 email from Christian Gossett to Alec Peters). Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). | "twenty years before the *Original Series*" has never been explored in Star Trek television or film.  *The Four Years War* publication dates much later than *Prelude to Axanar* and explores those dates in a very different way. There is nothing similar between them outside of the title and the name of one planet. ECF No. 48, Counterclaim at 24-25, ¶¶ 30-31; ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 85:7-23); ECF No. 75-7, Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8; 202:12-203:4); ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*)<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 20. | The three minute *Vulcan Scene* features two characters, one of which is completely original, as well as Defendants' own dialogue.<br><br>**Supporting Evidence**: | Disputed.<br><br>Defendants' Vulcan characters are not "original."  Vulcans are a fictional species created by Plaintiffs and portrayed in the Star | Undisputed that the scene, dialogue, and with the exception of the species, the character, in *the Vulcan* Scene are original. |

| | | | |
|---|---|---|---|
| | Oki Decl., Ex. 13 (Peters Tr., Vol. I at 43:9-14, 85:7-23); Peters Decl., ¶ 10; Oki Decl., Ex. 5 (Burnett Tr. at 22:8-23:8, 202:12-203:4); Oki Decl., Ex. 6 (Hunt Tr. At 44:18-25); Peters Decl., Ex. 2 | Trek Copyrighted Works.  The Vulcans in Defendants' Vulcan Scene are depicted wearing Vulcan robes, on the planet Vulcan, with Vulcan architecture in the background.  Van Citters Decl. ¶¶ 43-53. | Defendants' latest script for the longer film *Axanar* includes the original character of T'Lera, who has never been seen in Star Trek and was created by Defendants.  Peters Supp. Decl., ¶ 5  *See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 21. | As a war mockumentary, *Prelude* was largely inspired by works such as "M*A*S*H," "Band of Brothers," "Babylon 5," "The Pacific" and "The Civil War."  **Supporting Evidence**:  Oki Decl., Ex. 5 (Burnett Tr. at 22:15-23:18); Oki Decl., Ex. 6 (Hunt Tr. at 51:8-16); Oki Decl., Ex. 13 (Peters Tr., Vol. I at 57:19-58:4); Peters Decl., Ex. 1 | Disputed.  *Prelude* speaks for itself and does not include any characters or copyrighted elements from the cited works. Further, Plaintiffs specifically asked for Defendants' source documents used to create the Axanar Works (other than the Star Trek films and television episodes which the parties agreed did not need to be exchanged) and Defendants did not turn over any of these claimed sources. Grossman Decl., ¶ 99.  Defendants advertised *Prelude* as an independent Star Trek film, not as a war movie.  Grossman Decl., ¶ 54, Ex. A (Peters tr. at 97:14-98:22), Ex. HH (screenshot from Defendants' Kickstarter fundraising page). Grossman Decl., ¶ 34, Ex. A (Peters tr. at 471:25-474:20), Ex. U (March 7, 2015 email | Defendants are not in a position to dispute the inspirations of Defendants' Works, and have presented no evidence to refute that *Prelude* was inspired inspired by works such as "M*A*S*H," "Band of Brothers," "Babylon 5," "The Pacific" and "The Civil War," all of which were viewed online and are publicly available. In addition, the memories and experiences of those shows and movies are not something that is tangible.  Defendant Peters relies on his experience and memory when creating fictional works.  ECF No. 75-7, Oki Decl., Ex. 5 (Burnett Tr. at 22:15-23:18); ECF No. 75-7, Oki Decl., Ex. 6 (Hunt Tr. at 51:8-16); ECF No. 75-7, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 57:19-58:4); ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF No. 75-19, Peters Decl., ¶ 9 |

| | | | |
|---|---|---|---|
| | | from Alec Peters to Christian Gossett). Grossman Decl., ¶ 29, Ex. C (Gossett tr. at 36:11-37:8), Ex. R (March 24, 2013 email from Sean Tourangeau to Christian Gossett and Alec Peters). Grossman Decl., ¶ 38, Ex. C (Gossett tr. at 92:14-93:13), Ex. Y (April 13, 2014 email exchange between Alec Peters, Tobias Richter, and Christian Gossett). Grossman Decl., ¶ 10, Ex. C (Gossett tr. at 30:7-31:13, Ex. F (January 4, 2011 email from Alec Peters to Christian Gossett), Ex. A (Peters tr. at 332:15-334:4). Grossman Decl., ¶ 12, Ex. C (Gossett tr. at 32:7-34:16), Ex. H (November 13, 2013 email exchange between Alec Peters and Christian Gossett), Ex. A (Peters tr. at 359:18-361:11). | Prelude to Axanar is called "*The Four Years War, Part III, Prelude to Axanar*" in the title credits.  It cannot be disputed that it is a war movie.  ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*) <br><br> The use of the name "Star Trek" is irrelevant to this lawsuit, which has no trademark claims.  Further, the use of the phrase "independent" to truthfully convey that it is not associated with Plaintiffs has no bearing on this Motion. <br><br> *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 22. | Mr. Peters modeled his performance of Garth of Izar after the veterans depicted in "Band of Brothers," the HBO war documentary mini-series. <br><br> **Supporting Evidence**: <br><br> Peters Decl., ¶ 7 | Disputed and irrelevant. <br><br> *Prelude* speaks for itself.  Mr. Peters was not portraying anyone from an HBO series, he portrayed Plaintiffs' character, Garth of Izar. | Undisputed that an actor takes influences from many sources and incorporates them into his performance, and that Plaintiffs are not in a position to judge Mr. Peters' inspirations.  Director Gossett specifically showed Defendant Peters "Band of Brothers"  as the model for what he wanted his performance as Garth of Izar to be.  The fact that fans have seen that portrayal as inspired by Major Dick Winters, one of the stars of that show, without Defendant Peters' prompting, shows that |

| | | | | it is in fact, effective. ECF No. 75-7, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 57:19-58:4); ECF No. 75-19, Peters Decl., ¶ 9 |
|---|---|---|---|---|
| 23. | The Potential Fan Film was also intended to borrow from war film sources, including "The Longest Day," "Patton," and "The Hunt for Red October."<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 5 (Burnett Tr. at 22:15-23:18); Peters Decl., ¶ 9 | | Disputed.<br><br>Axanar was not a "fan film" and, prior to the filing of this lawsuit, Mr. Peters repeatedly rejected the implication, often explicitly, that he was involved in a "fan film."  Grossman Decl., ¶ 48, Ex. A (Peters tr. at 92:19-94:1), Ex. CC (Indiegogo fundraising page), ¶ 49, Ex. A (Peters tr. at 99:10-101:10), Ex. DD (Defendants' Indiegogo fundraising page), ¶ 50, Ex. A (Peters tr. at 108:6-109:12), Ex. EE (Facebook post by Alec Peters), ¶ 51, Ex. A (Peters tr. at 109:16-110:2), Ex. FF (Post on the Axanar Facebook page), ¶ 53 (Peters tr. at 133:16-143:5; 134:10-143:5; 137:13-138:13; 138:21-140:2; 140:19-141:5; 141:16-142:22), Ex. ZZ (transcript of podcasts), ¶ 55, Ex. A (Peters tr. at 106:6-107:7), Ex. II (tweet) ¶ 57, Ex. A (Peters tr. at 349:18-24), Ex. KK (Peters email to Doug Drexler).<br><br>The Axanar Script is not similar to any of these war films and there is no evidence to support this purported fact.  T██████ | Undisputed as to the stated fact.  Disputed in a way that immaterial to the Motion, and not supported by the evidence.<br><br>There were many instances in which Defendants did call their works "fan films." The distinction between "fan films" and "professional" films was made only to distinguish the quality of Defendants' Works. ECF No. 90-16, Peters Decl., Ex. 6 (Press Release);  ECF Nos. 90-22, 94-7 Peters Decl., Ex. 12 (Emails between Alec Peters and Morgen Schneider, AX030370-AX030372); ECF No. 90-23, Ex. 13 (Axanar Facebook Post, AX035850); ECF No. 90-24, Ex. 14 (Axanar Tweet, AX035927); ECF No. 90-21, Ex. 11 (Star Trek Fan Film Flyer, PL0000106); ECF No. 90-19, Ex. 9 (Axanar Blog Post, PL0005718-PL0005720); ECF No. 90-20, Ex. 10 (Axanar Blog Post, PL0005973-PL0005989); ECF No. 90-18, Ex. 8 (Axanar Facebook Post, PL0008222); ECF Nos. 90-26, 94-9, |

25

| | | | Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (Axanar Script at pages 8, 21), ¶ 22, Ex. C (Gossett tr. at 112:14-113:8), ¶ 45, Ex. A (Peters tr. at 44:21-55:20; 362:9-363:13); ¶ 46, Ex. B (Burnett tr. at 194:9-195:16; 195:18-23). Van Citters Decl., ¶¶ 15-62. | Ex. 16 (Email from Marian Cordry to Holly Amos and John Van Citters, PL0008689); ECF No. 90-17, Ex. 7 (Axanar Facebook Post, PL0011822); ECF Nos. 90-25, 94-8, Ex. 15 (Emails among Bill Burke, John Van Citters, and Leslie Ryan, PL0012814-PL0012816); ECF No. 90-15, Ex. 5 (Email from Marian Cordry to John Van Citters, PL0013502-PL0013503); ECF No. 90-14, Ex. 4 (Peters Facebook Post, PL0013517); ECF Nos. 90-11, 94-4, Ex. 1 (Axanar Annual Report, Revised, 2015, PL0013763-PL0013785);  ECF No. 90-13, Ex. 3 (Emails between Alec Peters and Mallory Levitt, PL0013787-PL0013788); ECF No. 90-6, Ranahan Decl., ¶ 5, Ex. E (Gossett Tr. at 175:17-18) |
| | | | | The potential fan film is in fact a war film and has many elements typical to war films, including ship to ship combat,  hand to hand combat, burdens of command, political implications, spycraft, chain of command, dealing with the deaths of comrades, etc.  ECF No. 75-20, Peters Decl., Ex. 1 (*Prelude to Axanar*); ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | Script) |
|---|---|---|---|
| | | | In the potential fan film, only 7 of 57 characters have ever been seen before, and those characters are all minor ones.  ECF No. 75-19, Peters Decl., ¶ 15;  ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script) |
| | | | *See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 24. | While the Potential Fan Film is unfinished, and its scripts still in flux, the most recent draft script featured 50 original characters (of a total 57 characters).<br><br>**<u>Supporting Evidence</u>**:<br><br>Peters Decl., ¶ 15 | Disputed.<br><br>The Axanar Works are not a "fan film" and Peters denied, prior to this lawsuit, that the Axanar Works were properly characterized as such.  Grossman Decl., ¶ 48, Ex. A (Peters tr. at 92:19-94:1), Ex. CC (Indiegogo fundraising page), ¶ 49, Ex. A (Peters tr. at 99:10-101:10), Ex. DD (Defendants' Indiegogo fundraising page), ¶ 50, Ex. A (Peters tr. at 108:6-109:12), Ex. EE (Facebook post by Alec Peters), ¶ 51, Ex. A (Peters tr. at 109:16-110:2), Ex. FF (Post on the Axanar Facebook page), ¶ 53 (Peters tr. at 133:16-143:5; 134:10-143:5; 137:13-138:13; 138:21-140:2; 140:19-141:5; 141:16-142:22), Ex. ZZ (transcript of podcasts), ¶ 55, Ex. A (Peters tr. at 106:6-107:7), Ex. II (tweet) | Undisputed as to the stated fact.<br><br>Disputed in a way that is immaterial to the Motion and not supported by the evidence. There were many instances in which Defendants did call their works "fan films." The distinction between "fan films" and "professional" films was made only to distinguish the quality of Defendants' Works. ECF No. 90-16, Peters Decl., Ex. 6 (Press Release);  ECF Nos. 90-22, 94-7 Peters Decl., Ex. 12 (Emails between Alec Peters and Morgen Schneider, AX030370-AX030372); ECF No. 90-23, Ex. 13 (Axanar Facebook Post, AX035850); ECF No. 90-24, Ex. 14 (Axanar Tweet, AX035927); ECF No. |

| | | | | |
|---|---|---|---|---|
| 1 | | | ¶ 57, Ex. A (Peters tr. at 349:18-24), Ex. KK (Peters email to Doug Drexler). | 90-21, Ex. 11 (Star Trek Fan Film Flyer, PL0000106); ECF No. 90-19, Ex. 9 (Axanar Blog Post, PL0005718-PL0005720); ECF No. 90-20, Ex. 10 (Axanar Blog Post, PL0005973-PL0005989); ECF No. 90-18, Ex. 8 (Axanar Facebook Post, PL0008222); ECF Nos. 90-26, 94-9, Ex. 16 (Email from Marian Cordry to Holly Amos and John Van Citters, PL0008689); ECF No. 90-17, Ex. 7 (Axanar Facebook Post, PL0011822); ECF Nos. 90-25, 94-8 Ex. 15 (Emails among Bill Burke, John Van Citters, and Leslie Ryan, PL0012814-PL0012816); ECF Nos. 90-15, Ex. 5 (Email from Marian Cordry to John Van Citters, PL0013502-PL0013503); ECF No. 90-14, Ex. 4 (Peters Facebook Post, PL0013517); ECF Nos. 90-11, 94-4, Ex. 1 (Axanar Annual Report, Revised, 2015, PL0013763-PL0013785);  ECF No. 90-13, Ex. 3 (Emails between Alec Peters and Mallory Levitt, PL0013787-PL0013788); ECF No. 90-6, Ranahan Decl., ¶ 5, Ex. E (Gossett Tr. at 175:17-18)

Scripts are never final. A "locked" script |
| 2 | | | | |
| 3 | | | | |
| 4 | | | ▉▉▉▉▉▉ | |
| 5 | | | ▉▉▉▉▉h | |
| 6 | | | 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script). | |
| 7 | | | | |
| 8 | | | Irrelevant to the extent Defendants claim to have altered the Axanar Script after the filing of suit. | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | Disputed that the Axanar Script contains "original" characters. The referenced characters are Klingons, Vulcans, and Starfleet officers and personnel. Van Citters Decl., ¶ 59. | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |

| | | | |
|---|---|---|---|
| | | | simply means that writers do not add sets, scenes or characters before shooting begins. Mr. Peters did not refer to it as "the best Star Trek movie script ever!" He was expressly restating a comment by someone else. ECF No. 75-19, Peters Decl., ¶ 13 ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 Axanar Script)

Plaintiffs' claim suggests that there can be no "original" characters in the Star Trek universe.

*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 25. | At the Motion to Dismiss stage of these proceedings, this Court relied on the truth of Plaintiffs' allegation that as of August 2015, there was a "fully revised and locked" script for the Potential Fan Film.

**Supporting Evidence**:

FAC ¶ 36; ECF No. 54 (Order re Defendants' Motion to Dismiss) at 5, 7 | Disputed.

The Court noted that the particular cited allegation was supported by specific facts, including Mr. Peters' own public posting that he had created a "fully revised and locked script." Grossman Decl., ¶ 40, Ex. Z. | Disputed. A "locked" script simply means that writers do not add sets, scenes, or characters before shooting begins. Mr. Peters did not refer to it as "the best Star Trek movie script ever!" He was expressly restating a comment by someone else.  ECF No. 75-19, Peters Decl., ¶ 13 ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 Axanar Script)

*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 26. | As has been shown | Disputed. | Undisputed that Mr. |

| | | | |
|---|---|---|---|
| | | through discovery, Defendants used "locked script" as a term of art meaning that no new sets, scenes or characters will be added to a script, and is used to aid in budgeting purposes.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 6 (Hunt Tr. at 47:19-48:6); Peters Decl., ¶ 13, Peters Decl., Ex. 3 | ██████████<br>cl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script). | Peters has also testified that more recent scripts have superseded version 7.7. Peters Decl., ¶ 13, Peters Decl., Ex. 3; Oki Decl., Ex. 6 (Hunt Tr. at 49:18-50:5). A "locked" script simply means that writers do not add sets, scenes, or characters before shooting begins. Mr. Peters did not refer to it as "the best Star Trek movie script ever!" He was expressly restating a comment by someone else. ECF No. 75-19, Peters Decl., ¶ 13 ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 Axanar Script)<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 27. | | Many scripts have been created since the unfinished August 2015 script, all using varying degrees of the Star Trek Universe.<br><br>**Supporting Evidence**:<br><br>Peters Decl., ¶ 13, Peters Decl., Ex. 3 | Disputed.<br><br>It is irrelevant whether Peters modified the script after the lawsuit. | Plaintiffs do not dispute the stated fact. This fact is established. |
| 28. | | Defendants are not currently committed to using any of the existing scripts in the Potential Fan Film, and have not decided what format, length and substance the Potential Fan Film will take, though are considering whether to make more mockumentary style works. | Disputed.<br><br>Defendants' post-lawsuit revisions and "considerations" are irrelevant. | Plaintiffs do not dispute the stated fact. This fact is established. |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | |
|---|---|---|---|
| | **Supporting Evidence**: Oki Decl., Ex. 13 (Peters Tr., Vol. I at 74:10-23); Peters Decl., ¶¶ 13-14; Oki Decl., Ex. 6 (Hunt Tr. at 49:18-50:5); Oki Decl., Ex. 5 (Burnett Tr. at 88:7-18, 97:11-98:7) | | |
| 29. | ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■<br><br>**Supporting Evidence**: Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶¶ 7-12, 34-35; ECF No. 72-63 | Disputed, to the extent that Plaintiffs' Star Trek Copyrighted Works are distributed in other markets as well, such as cable distribution, print, etc. Further, Plaintiffs object to the statements of Mr. Tregillis as hearsay. There is no declaration from Mr. Tregillis.<br><br>Further, Plaintiffs timely subpoenaed Mr. Tregillis for deposition, _prior_ to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Tregillis available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Tregillis report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.<br><br>His testimony, if not excluded as hearsay, should be excluded for | Plaintiffs do not dispute the stated fact, which does not state that it is an exhaustive list. This fact is established.<br><br>The subpoena issued to Mr. Tregillis was neither timely nor reasonable. See Ranahan Declaration, ¶ 3 and Ex. A. |

31

| | | | | |
|---|---|---|---|---|
| | | | failure to make him available pursuant to a timely-served subpoena. | |
| 30. | Defendants' Works are not intended to be commercialized, and Defendants have no ambitions of competing against Plaintiffs' Works in movie theaters, on television, over premium streaming services, or to otherwise sell their Works for profit.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 13 (Peters Tr., Vol. I at 225:5-6); Oki Decl., Ex. 4 (Report of Henry Jenkins) at 4 | Disputed.<br><br>Peters stated: "But Axanar is not just an independent Star Trek film; it is the beginning of a whole new way that fans can get the content they want, by funding it themselves. Why dump hundreds or thousands of dollars a year on 400 cable channels, when what you really want is a few good sci-fi shows?" Grossman Decl., ¶ 49, Ex. A (Peters tr. at 99:10-100:15), Ex. DD (Axanar Indiegogo fundraising page).<br><br>Plaintiffs' Star Trek Copyrighted Works are distributed via cable. Van Citters Decl., ¶ 11.<br><br>Peters attempted to meet with Netflix to become a producer of Star Trek productions, attempted to tradem ████████ 58, Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett); ¶ 65, Ex. A (Peters tr. at 234:11- | Undisputed with respect to the stated fact.<br><br>Plaintiffs attempt to mischaracterize the document in way that takes this statement out of context.  This statement was made to address how fans watch science fiction shows they enjoy, not how to stop fans from watching Plaintiffs' Works.  ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 99:10-100:15),  ECF No. 88-32, Grossman Decl., Ex. DD (Axanar Indiegogo fundraising page)<br><br>*Prelude to Axanar* and *Axanar* were created for a love of Star Trek. However, the Axanar team, as with any production, would hope that the work would be good enough to use to help promote their careers in the future.  This was not the reason Defendants pursued Axanar, but an ancillary benefit. Li-A-Ping Decl., ¶ 2, Ex. 1(Peters tr. at 81:5-15); ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 387:13-20)<br><br>Defendant Peters is ██████████ |

| | | |
|---|---|---|
| | |  Peters Decl., |

Peters Decl., ¶¶ 11-15

*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith

25); ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com).

Defendants' business plan states

7, Ex. PP (Axanar marketing plan).

Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more directing work

¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr. at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20); Ex. RR (Robert Meyer Burnett online posting).

Peters created the Axanar Works in large

part in order to showcase his own "producing" abilities, in the hopes that he ▮▮▮ CBS ▮▮▮ ▮▮▮ Gros ▮▮▮, Ex. A (Peters tr. at 455:24-456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20).

Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood.  Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting).

Peters ▮▮▮ ▮▮▮ ▮▮▮ ▮▮▮ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan).

▮▮▮ ▮▮▮ 64, Ex. B (Burnett tr. at 142:14-148:8); ¶ 67, Ex. PP (Axanar marketing plan); Ex. QQ (printout

34

| | | from Axanarproductions.com ). | |
|---|---|---|---|
| 31. | Plaintiffs' most recent feature film, *Star Trek Beyond*, had a production budget of $185 million and has grossed over $350 million worldwide since its July 22, 2016 release.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶ 10 | Objection, irrelevant and hearsay.  Plaintiffs object to the statements of Mr. Tregillis as hearsay.  There is no declaration from Mr. Tregillis.<br><br>Further, Plaintiffs subpoenaed Mr. Tregillis for deposition, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Tregillis available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Tregillis report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.  Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants).<br><br>His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. | Undisputed as to the stated fact.<br><br>Disputed in a manner that is immaterial to motion.<br><br>The subpoena issued to Mr. Tregillis was neither timely nor reasonable.  See Ranahan Declaration, ¶ 3 and Ex. A.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 32. | Plaintiffs' Works are budgeted and produced for appeal to the general public worldwide, offering the type of | Disputed and irrelevant.<br><br>Plaintiffs object to statements of Mr. Tregillis as hearsay. | Undisputed as to the stated fact.<br><br>Disputed in a manner |

35

| | | | |
|---|---|---|---|
| 1 | | | |

production, special effects, talent, and other qualities that result in extensive profits.

**Supporting Evidence**:

Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶ 10

There is no declaration from Mr. Tregillis.

Further, Plaintiffs timely subpoenaed Mr. Tregillis for deposition, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Tregillis available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Tregillis report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition. Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants). His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. Further, there is no evidence that the assertion is true of all of Plaintiffs works, or that all of Plaintiffs' works are similar in this regard. Specifically, the one hour episodes of the last Star Trek television series were budgeted at approximately $2.2 million to $2.4 million, the same range as

that is immaterial to motion.

The subpoena issued to Mr. Tregillis was neither timely nor reasonable. See Ranahan Declaration, ¶ 3 and Ex. A.

*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith

| | | | |
|---|---|---|---|
| | | Axanar's budget, particularly if Peters was to raise more funds to complete Axanar. Van Citters Decl., ¶ 66. | |
| 33. | ■■■ **Supporting Evidence**: Oki Decl., Ex. 10 (Deposition of Dan O'Rourke, Sept. 30, 2016 ("O'Rourke Tr.") at 99:15-100:2); Oki Decl., Ex. 9 (Deposition of John Van Citters, Sept. 28, 2016 ("Van Citters Tr.") at 160:13-15 | Undisputed that Plaintiffs did not serve a takedown notice. Instead, Plaintiffs filed this lawsuit, and requested the court to enjoin the distribution of the Axanar Works. | Undisputed as to the stated fact. Adds allegations immaterial to motion. |
| 34. | ■■■ **Supporting Evidence**: Oki Decl., Ex. 14 (CBS Studios Inc.'s Responses to Requests for Admission, Set Two, Response to Request for Admission Nos. 72-73); Oki Decl., Ex. 15 (Paramount Pictures Corporation's Responses to Requests for Admission, Set Two, Response to Request for Admission Nos. 72-73); Oki Decl., Ex. 1 (CBS Studios Inc.'s Amended Responses to Interrogatories, Set One, Response to Interrogatory Nos. 4-9); Oki Decl., Ex. 2 (Paramount Pictures Corporations Amended Responses to | Disputed. This is a mischaracterization of Plaintiffs' interrogatory responses and deposition testimony which extensively discuss the harm to Plaintiffs from the unchecked creation of unauthorized derivative works. | Undisputed as to the stated fact, and Plaintiffs cite no evidence to refute this fact. This fact is established. ■■■ Decl., Ex. 14 (Paramount Pictures Corporation's Responses to Requests for Admission, Set Two, Response to Request for Admission Nos. 72-73); ECF No. 75-17, Oki Decl., Ex. 15 (CBS Studios Inc.'s Responses to Requests for Admission, Set Two, Response to Request for Admission Nos. 72-73); ECF Nos. 75-11, 77-4, Oki Decl., Ex. 9 (Van Citters Tr. at 94:8-95:7, 119:19-124:18); ECF Nos. 75- |

37

| | | | | |
|---|---|---|---|---|
| | Interrogatories, Set One, Response to Interrogatory Nos. 4-9); Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶ 58-62; Oki Decl., Ex. 9 (Van Citters Tr. at 94:8-95:7, 119:19-124:18); Oki Decl., Ex. 10 (O'Rourke Tr. at 60:22-6 | | | 12, 77-5, Oki Decl., Ex. 10, O'Rourke Tr. at 60:22-61:5; 63:8-16; Li-A-Ping Decl., ¶ 4, Ex. 3 (Tregillis Report, ¶¶ 58-62) |
| | 35. | ████████████ **Supporting Evidence**: Oki Decl., Ex. 9 (Van Citters Tr. at 52:14-18, 54:9-23, 119:19-124:18); Oki Decl., Ex. 10 (O'Rourke Tr. at 60:22-61:5; 63:8-16) | Disputed. Plaintiffs did concern themselves with *Prelude*, and considered it an infringing work. Grossman Decl., ¶ 97, Ex. CCC (Van Citters and O'Rourke testimony). | Undisputed that Plaintiffs did not complain about *Prelude* from the time it was released un 2014 until this lawsuit was filed, and has still never sent YouTube a takedown notice regarding that *Prelude,* and that Plaintiffs' witnesses testimony speaks for itself. Disputed in a manner that is immaterial to motion. *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| | 36. | ████████████ **Supporting Evidence**: Declaration of Jonathan Lane, Nov. 15, 2016 ("Lane Decl."), Ex. 1; Oki Decl., Ex. 4 (Report of Henry Jenkins) at 2; Declaration of Reece Watkins, Nov. 15, 2016 ("Watkins Decl."), Ex. 1; Oki Decl., Ex. 3 | Disputed. There is no admissible evidence to support the stated fact. The unsworn statements by Jonathan Lane, Henry Jenkins, and Christian Tregillis are hearsay, as is Exhibit 1 to the Watkins declaration. There are no declaration from Mr. Tregillis or Mr. Jenkins. The cited testimony from John Van Citters, Elizabeth Kalodner, and Bill Burke does not provide that there is increased and continued | Undisputed as to the stated fact.  Plaintiffs present no evidence to refute stated fact. Li-A-Ping Decl., Ex. 4 (Jenkins Report at 3); ECF Nos. 75-13, 77-6, Oki Decl., Ex. 11 (Lin Tr. at 40:18-41:18); ECF Nos. 75-11, 77-4, Oki Decl., Ex. 9 (Van Citters Tr. at 62:1-25, 137:5-21); ECF No. 75-10, Oki Decl., Ex. 8 (Kalodner Tr. at 33:22-42:17); ECF No. 75-9, Oki Decl., Ex. 7 (Burke Tr. at 40:5-45:7); ECF No. 75-18, Oki Decl, Ex. 16 (StarTrek.com Article); ECF No. 75-29, |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | |
|---|---|---|---|
| | (Report of Christian Tregillis) ¶ 63; Oki Decl., Ex. 9 (Van Citters Tr. at 137:5-21); Oki Decl., Ex. 8 (Deposition of Elizabeth Kalodner ("Kalodner Tr."), Oct. 13, 2016 at 33:22-42:17); Oki Decl., Ex. 7 (Deposition of Bill Burke, Nov. 3, 2016 ("Burke Tr.") at 40:5-45:7; Oki Decl., Ex. 16 | enthusiasm for Plaintiffs' works due to the Axanar Works.<br><br>Exhibit 16 is simply an article about the licensed tour of a replica of the set from *The Original Series*.<br><br>Further, Plaintiffs timely subpoenaed Mr. Jenkins for deposition, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Jenkins available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Jenkins report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.  Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants). His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. | Watkins Decl., Ex. 1 (Facebook Post); ECF Nos. 75-14, 77-7, Oki Decl., Ex. 12 (Abrams Tr., Ex. 310 (Tweets)); Li-A-Ping Decl., ¶ 4, Ex. 3 (Tregillis Report, ¶¶ 58-62)<br><br>The subpoenas issued to Mr. Tregillis and Dr. Jenkins were neither timely nor reasonable. See Ranahan Decl., ¶ 3 and Ex. A.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 37. | Star Trek fans have produced and disseminated fan fiction for over 50 years, without complaint, and rather with encouragement from | Disputed.<br><br>This is inaccurate and irrelevant.<br><br>The unsworn statements of Christian Tregillis | Undisputed that Star Trek fans have produced and disseminated fan fiction for over 50 years, and Plaintiffs have provided only one |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| | | | |
|---|---|---|---|
| Plaintiffs.<br><br>**<u>Supporting Evidence</u>**:<br><br>Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶¶ 10-12; Lane Decl., Ex. 1 at 1 | and Jonathan Lane are hearsay.<br><br>Plaintiffs have filed suit in the past against infringers of their Star Trek works.  See, e.g. *Paramount Pictures Corp. v. Carol Publ'g Group*, 11 F. Supp. 2d 329 (S.D.N.Y. 1998).<br><br>Moreover, whether or not Plaintiffs have filed suit before is irrelevant. *See id.* at 337 (Court rejected defenses of abandonment and estoppel asserted by a defendant who created a work that infringed on the Star Trek copyrights, holding: "Defendants instead allege that Paramount's failure to commence litigation against <u>other</u> potentially infringing books estops them from bringing this action. Extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy.").<br><br>There is no sworn declaration from Mr. Tregillis and, although Plaintiffs timely subpoenaed Mr. Tregillis for deposition, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment, Defendants' counsel refused to make Mr. Tregillis available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert | example of a lawsuit during that time.<br><br>No lawsuit has ever been filed against a Star Trek fan film, and in fact CBS has stated to Defendants that they have only once ever issued a Cease and Desist letter to a fan film.  Hundreds of fan films have been made over the last 40 years with absolutely no interference by Paramount or CBS. Li-A-Ping Decl., Ex. 4 (Jenkins Report at 3); ECF Nos. 75-13, 77-6, Oki Decl., Ex. 11 (Lin Tr. at 40:18-41:18); ECF Nos. 75-11, 77-4, Oki Decl., Ex. 9 (Van Citters Tr. at 62:1-25, 137:5-21); ECF No. 75-10, Oki Decl., Ex. 8 (Kalodner Tr. at 33:22-42:17); ECF No. 75-9, Oki Decl., Ex. 7 (Burke Tr. at 40:5-45:7); ECF No. 75-18, Oki Decl, Ex. 16 (StarTrek.com Article); Li-A-Ping Decl., ¶ 4, Ex. 3 (Tregillis Report, ¶¶ 58-62)<br><br>Even though Plaintiffs were ordered to produce all communications regarding fan films, they did not produce any cease and desist letter ever sent to any fan film.  ECF No. 60 (Order dated Oct. 21, 2016)<br><br>The subpoena issued to Mr. Tregillis was neither timely nor reasonable.  See Ranahan Declaration, ¶ |

40

| | | | |
|---|---|---|---|
| | | reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Tregillis report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.  Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants).<br><br>His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. | 3 and Ex. A.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 38. | Plaintiffs have benefitted from the unpaid and often unacknowledged labor of fans, who have helped to maintain engagement in the Plaintiffs' Works during leaner years in Plaintiffs' cycle of production.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 4 (Report of Henry Jenkins) at 8 | Disputed.<br><br>The statements of Henry Jenkins are hearsay and lack foundation.<br><br>Further, Plaintiffs timely subpoenaed Mr. Jenkins for deposition, prior to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Jenkins available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Jenkins report as an exhibit to Ms. Oki's declaration, and yet still refused to | Undisputed as to the stated fact.<br><br>Disputed in a manner that is immaterial to motion.<br><br>The subpoena issued to Dr. Jenkins was neither timely nor reasonable. See Ranahan Declaration, ¶ 3 and Ex. A.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |

41

| | | | |
|---|---|---|---|
| | | make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.  Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants). His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. | |
| 39. | *Prelude* had a production budget of $125,000.00, and was posted on YouTube.com to be viewed for free, with no profit to Defendants.<br><br>**Supporting Evidence**:<br><br>Peters Decl., ¶ 7 | Disputed.<br><br>The Axanar Works are commercial works for profit.<br><br>Peters attempted to meet with Netflix to become a producer of Star Trek productions, attempted to tradem ██████████ ██████████ 58, Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett);  ¶ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com ). | Undisputed as to the stated fact.<br><br>The Axanar Works are non-commercial, given away for free, and no profit has been made from them.  ECF No. 75-19, Peters Decl., ¶ 11;  ECF No. 75-15, Oki Decl., Ex. 13 (Peters Tr., Vol. I at 224:21-225:4); ECF Nos. 90-10, 94-3, Peters Decl., ¶¶ 11-15 ██████████ ██████████, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17 ██████████ |

42



Defendants' business plan states ▮▮▮▮▮

▮▮▮▮▮▮▮, Ex. PP (Axanar marketing plan).

Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more directing work ▮▮▮▮▮

▮▮▮▮▮ ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr. at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20); Ex. RR (Robert Meyer Burnett online posting).

Peters created the Axanar Works in large part in order to showcase his own "producing" abilities, in the hopes that he ▮▮▮▮ CBS ▮▮▮▮ Gros ▮▮▮▮, Ex. A (Peters tr. at 455:24-

▮▮▮▮▮▮▮ 1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5-448:25); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17

The quote in this paragraph is not f▮m a ▮▮▮▮

▮▮▮▮ ¶ 2, Ex. 1 (Peters tr., Vol. I at 236:14-241:13)

The Axanar team, as with any production, would hope that the work would be good enough to use to help promote their careers in the future. However, Axanar was created for a love of Star Trek. Li-A-Ping Decl., ¶ 2, Ex. 1(Peters tr. at 81:5-15); ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 387:13-20)

43

| | | | | |
|---|---|---|---|---|
| | | | 456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20).<br><br>Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood.  Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting).<br><br>Peters ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan).<br><br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 64, Ex. B (Burnett tr. at 142:14-148:8); ¶ 67, Ex. PP (Axanar marketing plan); Ex. QQ (printout from Axanarproductions.com). | Peters Decl., ¶¶ 11-15<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 40. | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | | Disputed.<br><br>Peters stated: "But Axanar is not just an independent Star Trek | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |



**Supporting Evidence**:

Oki Decl., Ex. 9 (Van Citters Tr. at 119:19-124:18); Oki Decl., Ex. 10 (O'Rourke Tr. at 60:22-61:5; 63:8-16)

film; it is the beginning of a whole new way that fans can get the content they want, by funding it themselves. Why dump hundreds or thousands of dollars a year on 400 cable channels, when what you really want is a few good sci-fi shows?" Grossman Decl., ¶ 49, Ex. A (Peters tr. at 99:10-100:15), Ex. DD (Axanar Indiegogo fundraising page).

Plaintiffs' Star Trek Copyrighted Works are distributed via cable. Van Citters Decl., ¶ 11.

Peters attempted to meet with Netflix to become a producer of Star Trek productions, attempted to trademark
nd

58,
Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett); ¶ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com).



Defendants' business plan states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮7, Ex. PP (Axanar marketing plan).

Mr. Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more directing work ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr. at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20); Ex. RR (Robert Meyer Burnett online posting).

Mr. Peters created the Axanar Works in large part in order to showcase his own "producing" abilities, in the hopes that he ▮▮▮▮▮▮CBS▮▮▮▮▮ ▮▮▮▮▮▮Gros▮▮, Ex. A

46

| | | | |
|---|---|---|---|
| 1 | | (Peters tr. at 455:24-456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20). | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood. Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting). | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | Mr. Peters intended to | |
| 14 | | ███████████████ | |
| 15 | | ███████████████ | |
| 16 | | ███████████████ | |
| 17 | | ██████ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan). | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | ███████████████ | |
| 22 | | ███████████████ | |
| 23 | | ████ 64, Ex. B (Burnett tr. at 142:14-148:8); ¶ 67, Ex. PP (Axanar marketing plan); Ex. QQ (printout from Axanarproductions.com). Grossman Decl., ¶ 97, Ex. CCC (Van Citters and O'Rourke testimony). | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| 41. | ████████ | Disputed. | Undisputed as to the stated fact. |
|---|---|---|---|
| | | The report of Christian Tregillis lacks foundation and is hearsay. | This document is taken out of context. This statement was made to address how fans watch science fiction shows they enjoy, not how to stop fans from watching Plaintiffs' Works. ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 99:10-100:15), ECF No. 88-32, Grossman Decl., Ex. DD (Axanar Indiegogo fundraising page) |
| | | The testimony cited does not support the purported "fact." | |
| | **Supporting Evidence**: Oki Decl., Ex. 3 (Report of Christian Tregillis) at ¶¶ 10-12; Oki Decl., Ex. 12 (Abrams Tr. at 42:7-11); Oki Decl., Ex. 9 (Van Citters Tr. at 119:19-124:18); Oki Decl., Ex. 10 (O'Rourke Tr. at 60:22-61:5; 63:8-16) | Peters stated: "But Axanar is not just an independent Star Trek film; it is the beginning of a whole new way that fans can get the content they want, by funding it themselves. Why dump hundreds or thousands of dollars a year on 400 cable channels, when what you really want is a few good sci-fi shows?" Grossman Decl., ¶ 49, Ex. A (Peters tr. at 99:10-100:15), Ex. DD (Axanar Indiegogo fundraising page). | |
| | | | Defendant Peters did ████████ |
| | | Plaintiffs' Star Trek Copyrighted Works are distributed via cable. Van Citters Decl., ¶ 11. | ████████, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 17 |
| | | Peters attempted to meet with Netflix to become a producer of Star Trek productions, attempted to trademark ██ nd ████████ 58, Ex. A (Peters tr. at 442:21-449:9); Ex. LL (Facebook message exchange between Terry McIntosh and Alec Peters); ¶ 59, Ex. E (McIntosh tr. at 20:23-22:15), ¶ 60, Ex. | Defendant ████████ ██1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 447:5 - 448:25); ECF No. 90-10, 94-3, Peters Decl., ¶ 17 |

| | | |
|---|---|---|
| C (Gossett tr. at 126:10-128:14), Ex. MM (April 20, 2015 email exchange between Alec Peters and Christian Gossett); ¶ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B. (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan), ¶ 68, Ex. QQ (printout from Axanarproductions.com ). | The quote in this paragraph is not f__m a  ¶ 2, Ex. 1 (Peters tr., Vol. I at 236:14-241:13) |
| Defendants' business plan states | The Axanar team, as with any production, would hope that the work would be good enough to use to help promote their careers in the future. However, Axanar was created for a love of Star Trek. Li-A-Ping Decl., ¶ 2, Ex. 1(Peters tr. at 81:5-15); ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters tr. at 387:13-20) |
| ¶ 77, Ex. PP (Axanar marketing plan). | |
| Mr. Peters' collaborator and the director of Axanar, Rob Burnett, stated that he was creating Axanar in order to get more directing work | , |
| ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20); ¶ 79, Ex. A (Peters tr. at 455:24-456:16), Ex. OO (Facebook communication between Alec Peters and Terry McIntosh); ¶ 81, Ex. B (Burnett tr. | Peters Decl., ¶¶ 11-15 *See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |

49

at 32:6-33:1), ¶ 82 (Burnett tr. at 31:21-36:20); Ex. RR (Robert Meyer Burnett online posting).

Mr. Peters created the Axanar Works in large part in order to showcase his own "producing" abilities, in the hopes that he ▮▮ CBS ▮▮ ▮▮ Gros ▮▮, Ex. A (Peters tr. at 455:24-456:16); ¶ 77, Ex. B (Burnett tr. at 217:22-218:7); ¶ 78, Ex. C (Gossett tr. at 19:15-22:20).

Mr. Burnett, the editor of Prelude to Axanar, and director of the full length Axanar Film, also stated that he was creating the Axanar Works as a "spec commercial" in order to showcase his directing abilities in the hopes to obtain other jobs in Hollywood. Grossman Decl., ¶ 82, Ex. B (Burnett tr. at 31:21-36:20), Ex. RR (Robert Meyer Burnett online posting).

Peters ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ 65, Ex. A (Peters tr. at 234:11-25); ¶ 66, Ex. B (Burnett tr. at 151:2-153:12), ¶ 67, Ex. PP (Axanar marketing plan).

Defendants ▮▮▮▮▮

| | | | | |
|---|---|---|---|---|
| | | ████████ 64, Ex. B (Burnett tr. at 142:14-148:8); ¶ 67, Ex. PP (Axanar marketing plan); Ex. QQ (printout from Axanarproductions.com). Grossman Decl., ¶ 97, Ex. CCC (Van Citters and O'Rourke testimony). | |
| 42. | ████████████ **Supporting Evidence**: Oki Decl., Ex. 9 (Van Citters Tr. at 119:19-124:18); Oki Decl., Ex. 10 (O'Rourke Tr. at 60:22-61:5; 63:8-16) | Disputed. This is not a fact; it is argument. Defendants' work is not, and was not intended to be, a "fan film."  Grossman Decl., ¶ 48, Ex. A (Peters tr. at 92:19-94:1), Ex. CC (Indiegogo fundraising page), ¶ 49, Ex. A (Peters tr. at 99:10-101:10), Ex. DD (Defendants' Indiegogo fundraising page), ¶ 50, Ex. A (Peters tr. at 108:6-109:12), Ex. EE (Facebook post by Alec Peters), ¶ 51, Ex. A (Peters tr. at 109:16-110:2), Ex. FF (Post on the Axanar Facebook page), ¶ 53 (Peters tr. at 133:16-143:5; 134:10-143:5; 137:13-138:13; 138:21-140:2; 140:19-141:5; 141:16-142:22), Ex. ZZ (transcript of podcasts), ¶ 55, Ex. A (Peters tr. at 106:6-107:7), Ex. II (tweet) ¶ 57, Ex. A (Peters tr. at 349:18-24), Ex. KK (Peters email to Doug Drexler). The evidence does not support Defendants' | Undisputed as to the stated fact, and no admissible evidence refuting the fact is presented.  This fact is established. Disputed in a way that is immaterial. tMotionotion Motion. There were many instances in which Defendants did call their works "fan films." The distinction between "fan films" and "professional" films was made only to distinguish the quality of Defendants' Works. ECF No. 90-16, Peters Decl., Ex. 6 (Press Release);  ECF Nos. 90-22, 94-7 Peters Decl., Ex. 12 (Emails between Alec Peters and Morgen Schneider, AX030370-AX030372); ECF No. 90-23, Ex. 13 (Axanar Facebook Post, AX035850);  ECF No. 90-24, Ex. 14 (Axanar Tweet, AX035927);  ECF No. 90-21, Ex. 11 (Star Trek Fan Film Flyer, PL0000106); ECF No. 90-19, Ex. 9 (Axanar |

51

| | | | |
|---|---|---|---|
| | | purported "fact," and the commercial nature of Defendants' work, and the potential harm to Plaintiffs, are discussed at length in the Van Citters and O'Rourke depositions and Plaintiffs' interrogatory responses. Oki Decl., Exs. 1-2; Grossman Decl., ¶ 97, Ex. CCC (Van Citters and O'Rourke testimony). | Blog Post, PL0005718-PL0005720); ECF No. 90-20, Ex. 10 (Axanar Blog Post, PL0005973-PL0005989); ECF No. 90-18, Ex. 8 (Axanar Facebook Post, PL0008222); ECF Nos. 90-26, 94-9, Ex. 16 (Email from Marian Cordry to Holly Amos and John Van Citters, PL0008689); ECF No. 90-17, Ex. 7 (Axanar Facebook Post, PL0011822); ECF Nos. 90-25, 94-8 Ex. 15 (Emails among Bill Burke, John Van Citters, and Leslie Ryan, PL0012814-PL0012816); ECF No. 90-15, Ex. 5 (Email from Marian Cordry to John Van Citters, PL0013502-PL0013503); ECF No. 90-14, Ex. 4 (Peters Facebook Post, PL0013517); ECF Nos. 90-11, 94-4, Ex. 1 (Axanar Annual Report, Revised, 2015, PL0013763-PL0013785);  ECF No. 90-13, Ex. 3 (Emails between Alec Peters and Mallory Levitt, PL0013787-PL0013788); ECF No. 90-6, Ranahan Decl., ¶ 5, Ex. E (Gossett Tr. at 175:17-18)<br><br>*See also,* Evidentiary Objections to Van Citters Decl., filed concurrently herewith; *See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |

| | | | |
|---|---|---|---|
| 43. | There were approximately 12 more scripts prepared after the August 2015 Facebook post proclaiming a "fully revised and locked" script, including new scripts that were prepared after this litigation commenced.<br><br>**Supporting Evidence**:<br><br>Peters Decl., ¶ 13; Peters Decl., Ex. 3 | Disputed.<br><br>It is irrelevant whether Defendants worked on their script since the lawsuit w ██████████ ██████████ ██████████ ██████████ ██████ Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script). | Undisputed as to the stated fact. This fact is established.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |
| 44. | Though Defendants halted plans for any filming and temporarily stopped working on the project altogether after Plaintiffs filed suit, Defendants resumed drafting scripts when it was publicly announced that this lawsuit was "going away."<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 5 (Burnett Tr. at 174:3-10); Oki Decl., Ex. 6 (Hunt Tr. at 56:12-25); Oki Decl., Ex. 12 (Abrams Tr. at 20:23-21:13) | Disputed.<br><br>It is irrelevant whether Defendants worked on their script since the lawsuit was filed. | Undisputed as to the stated fact. This fact is established. |
| 45. | In March 2016, Justin Lin, the director of the most recent *Star Trek* motion picture, *Star Trek Beyond*, publicly commented on this case, stating: "[t]his is getting ridiculous! I support the fans. Trek belongs to all of us."<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 11 (Lin Tr. at 17:11-23); ECF No. 48, Counterclaim ¶¶ 21-22 | Undisputed. | This fact is established. |
| 46. | In May 2015, J.J. Abrams, who directed and/or produced the three most recent Star Trek movies, publicly | Undisputed. | This fact is established. |

| | | | | |
|---|---|---|---|---|
| | | stated that he and Justin Lin "realized this [case] was not an appropriate way to deal with the fans."<br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 12 (Abrams Tr. at 20:23-21:13); ECF No. 48, Counterclaim ¶¶ 21-22 | | |
| | 47. | In May 2015, J.J. Abrams stated that "fans should be celebrating [Star Trek]. Fans of Star Trek are part of this world. So [Justin] went to the studio and pushed them to stop this lawsuit and now, within the next few weeks, it will be announced this is going away, and that fans would be able to continue working on their project."<br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 12 (Abrams Tr. at 20:23-21:13); ECF No. 48, Counterclaim ¶¶ 21-22 | Undisputed. | This fact is established. |
| | 48. | In the 1976 book Star Trek: *The New Voyages*, Mr. Roddenberry stated in the Foreword that he "realized that there is no more profound way in which people could express what Star Trek has meant to them than by creating their own very personal Star Trek [fan fiction]."<br><br>**Supporting Evidence**:<br><br>ECF No. 48, Counterclaim at 15-17, ¶ 7; ECF No. 49, Answer to Counterclaim at 1-2, ¶ 7 | Disputed and irrelevant.<br><br>The purported fact is not supported by the cited authority as the Counterclaim and the Answer are not evidence. Further, in 1976 the only "fan films" that existed were a few homemade 8 mm movies, with no means of widespread distribution such as YouTube. | Undisputed as to the stated fact.<br>Of course Plaintiffs' Answer is evidence that a fact is not disputed.<br><br>Disputed in a manner that is immaterial to motion. |
| | 49. | Since Mr. Roddenberry's statement, a substantial number of films have | Disputed. Irrelevant.<br><br>The statements of Mr. Lane and Mr. Jenkins | Undisputed as to the stated fact.<br><br>The subpoena to Dr. |

| | | | |
|---|---|---|---|
| | been created by fans without any complaint by Plaintiffs, some using characters from the Star Trek Works and exact replicas of Star Trek movie sets.<br><br>**Supporting Evidence**:<br><br>Lane Decl., Ex. 1 at 26; Oki Decl., Ex. 4 (Report of Henry Jenkins) | are unsworn hearsay.<br><br>Further, Plaintiffs timely subpoenaed Mr. Jenkins for deposition, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make Mr. Jenkins available for deposition on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted the Jenkins report as an exhibit to Ms. Oki's declaration, and yet still refused to make him available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition. Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants).<br>His testimony, if not excluded as hearsay, should be excluded for failure to make him available pursuant to a timely-served subpoena. | Jenkins was neither timely nor reasonable. Ranahan Decl. ¶ 3 and Ex. A. |
| 50. | For over 50 years, Plaintiffs have tolerated, and even encouraged a community of fandom and fan fiction surrounding Star Trek.<br><br>**Supporting Evidence**:<br><br>Oki Decl., Ex. 4 (Report of Henry Jenkins) at 3; Oki Decl., Ex. 11 (Lin Tr. at 40:18-41:18); Oki Decl., Ex. 3 (Report of Christian Tregillis) | Disputed.<br><br>This is inaccurate and irrelevant and the statements of Mr. Jenkins and Mr. Tregillis lack foundation and constitute hearsay.<br><br>Plaintiffs have filed suit in the past against infringers of their Star Trek works.  See, e.g. *Paramount Pictures* | Undisputed as to the sated fact.<br><br>No lawsuit has ever been filed against a Star Trek fan film, and in fact CBS has stated to Defendants that they have only once ever issued a Cease and Desist letter to a fan film.  Hundreds of fan films have been made over the last 40 years |

| | | | |
|---|---|---|---|
| | ¶¶ 24, 63; Oki Decl., Ex. 9 (Van Citters Tr. at 62:1-25, 137:5-21); Oki Decl., Ex. 8 (Kalodner Tr. at 33:22-42:17), Oki Decl., Ex. 7 (Burke Tr. at 40:5-45:7); Oki Decl., Ex. 16 | *Corp. v. Carol Publ'g Group*, 11 F. Supp. 2d 329 (S.D.N.Y. 1998).<br><br>Moreover, whether or not Plaintiffs have filed suit before is irrelevant. *See id.* at 337 (Court rejected defenses of abandonment and estoppel asserted by a defendant who created a work that infringed on the Star Trek copyrights, holding: "Defendants instead allege that Paramount's failure to commence litigation against <u>other</u> potentially infringing books estops them from bringing this action. Extending the doctrine of estoppel so that a defendant may rely on a plaintiff's conduct toward another party is both unsupported by law and pernicious as a matter of policy.").<br><br>Further, Plaintiffs timely subpoenaed Mr. Tregillis and Mr. Jenkins for depositions, <u>prior</u> to the filing of Defendants' Motion for Summary Judgment. Defendants' counsel refused to make these designated experts available for deposition, on the grounds that the "fact discovery" deadline had passed (prior to the service of any expert reports) and stated that she was not making any of Defendants' experts available for deposition. Thereafter, Defendants submitted these reports as exhibits to Ms. Oki's declaration, and yet still refused to make them | with absolutely no interference by Paramount or CBS. ECF No. 75-6, Li-A-Ping Decl., Ex. 4 (Jenkins Report at 3); ECF Nos. 75-13, 77-6, Oki Decl., Ex. 11 (Lin Tr. at 40:18-41:18); ECF Nos. 75-11, 77-4, Oki Decl., Ex. 9 (Van Citters Tr. at 62:1-25, 137:5-21); ECF No. 75-10, Oki Decl., Ex. 8 (Kalodner Tr. at 33:22-42:17); ECF No. 75-9, Oki Decl., Ex. 7 (Burke Tr. at 40:5-45:7); ECF No. 75-18, Oki Decl, Ex. 16 (StarTrek.com Article); Li-A-Ping Decl., ¶ 4, Ex. 3 (Tregillis Report, ¶¶ 58-62)<br><br>Even though Plaintiffs were ordered to produce all communications regarding fan films, they did not produce any cease and desist letter ever sent to any fan film.  ECF No. 60 (Order dated Oct. 21, 2016)<br><br>The subpoenas issued to Mr. Tregillis and Dr. Jenkins were neither timely nor reasonable. See Ranahan Declaration, ¶ 3 and Ex. A.<br><br>*See also,* Evidentiary Objections to Grossman Decl., filed concurrently herewith |

| | | available for deposition on the subpoenaed date, or at any time prior to the deadline to file this Opposition.  Grossman Decl., ¶ 100, Ex. JJJ (email exchange with counsel for Defendants).<br><br>The testimony of Tregillis and Jenkins, if not excluded as hearsay, should be excluded for failure to make them available pursuant to a timely-served subpoena. | |

Plaintiffs also submitted the following additional, uncontroverted facts and supporting evidence:

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| 51. | Plaintiffs Paramount Pictures Corporation ("Paramount") and CBS Studios Inc. ("CBS") (collectively, "Plaintiffs"), own the copyrights to the Star Trek films and television series.<br><br>**Supporting Evidence**<br><br>Declaration of David Grossman ("Grossman Decl."), ¶ 90, Ex. UU (copyright registrations for the Star Trek Television Series), ¶ 91, Ex. VV (copyright registrations for the Star Trek Motion Pictures).<br>Declaration of John Van Citters ("Van Citters Decl."), ¶¶ 8, 10. | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 52. | Plaintiff CBS owns the rights to *The Original Series*, as well as to all of the subsequent Star Trek Television Series. | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | **Supporting Evidence**<br><br>Van Citters Decl., ¶ 8. Grossman Decl., ¶ 90, Ex. UU (copyright registrations for the Star Trek Television Series). | |
| 53. | Paramount owns the copyrights in the Star Trek Motion Pictures.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶ 10. Grossman Decl., ¶ 91, Ex. VV (copyright registrations for the Star Trek Motion Pictures). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 54. | Paramount owns the copyright in the novel entitled *Garth of Izar*.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 11. Grossman Decl., ¶ 94, Ex. WW (copyright registration for *Garth of Izar* novel). Dkt. No. 72-63, Ex. 21 (*Garth of Izar* novel). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 55. | CBS owns the copyright in the novel entitled *Strangers from the Sky*.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 11. Grossman Decl., ¶ 95, Ex. XX (copyright registration for *Strangers from the Sky*). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 56. | CBS owns the copyright in the novel entitled *Infinity's Prism*.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 11. Grossman Decl., ¶ 96, Ex. YY (copyright registration for *Infinity's Prism*). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| 57. | The original Star Trek television series ("*The Original Series*") debuted in 1966, and ran for three seasons, until 1969.<br><br>**Supporting Evidence**<br>Van Citters Decl., ¶ 5.<br><br>Grossman Decl., ¶ 92, Ex. 1 (*The Original Series* DVDs). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 58. | In addition to *The Original Series*, there have been five further Star Trek television series totaling more than 700 episodes (collectively with *The Original Series*, the "Star Trek Television Series").<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 3, 4.<br><br>Grossman Decl., ¶ 90, Ex. UU (copyright registrations for the Star Trek Television Series), ¶ 92, Exs. 1-5 (Star Trek Television Series DVDs). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 59. | *The Original Series* chronicled the adventures of the U.S.S. Enterprise (one of the ships of "Starfleet") and its crew as they traveled through space during the twenty-third century, and featured numerous original and copyrightable elements, including but not limited to elements such as the plots of the episodes, mood, theme, characters, settings, pace and numerous original and copyrightable elements such as the Starship Enterprise (Starfleet registry number NCC-1701), original and fictitious races and species, including the Vulcan and Klingon races, the United Federation of Planets (the "Federation"), and fictional | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | weapons and technology.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 5.<br><br>Grossman Decl., ¶ 92, Ex. 1 (*The Original Series* DVDs). | |
| 60. | In "Whom Gods Destroy," one of the episodes of *The Original Series*, James T. Kirk (played by the actor William Shatner), the Captain of the U.S.S. Enterprise, meets his hero, Garth of Izar, a former starship captain.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 6.<br><br>Grossman Decl., ¶ 92, Ex. 1(*The Original Series* DVDs). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 61. | In "Whom Gods Destroy," Kirk and Garth discuss Garth's victory in the Battle of Axanar.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 6.<br><br>Grossman Decl., ¶ 92, Ex. 1(*The Original Series* DVDs). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 62. | The newest television series, *Star Trek: Discovery*, will premiere in 2017.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 7. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 63. | *Star Trek: Discovery* takes place ten years before the events depicted in *The Original Series*.<br><br>**Supporting Evidence** | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Van Citters Decl., ¶ 7. | |
| 64. | Plaintiffs have licensed numerous derivative works, including books, games and merchandise. These works also include reference guides, encyclopedias, documentaries, behind the scenes books, dictionaries and "companions" to various television series.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 12, 64-65. | Undisputed. *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 65. | Klingons are an alien race, from the planet Qo'noS, who are portrayed as a serious and war-like species.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 25. | Undisputed. *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 66. | Klingons have distinctive visual elements including large, protruding foreheads covered by symmetrical bumps and ridges, dark hair and skin and facial hair and upward sloping eyebrows.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 25. | Undisputed. *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 67. | The Klingons were long-time enemies of the Federation, and engaged in a number of military battles with Starfleet.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 25. | Undisputed. *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 68. | Vulcans are an iconic species, owned by Plaintiffs, first appearing in the form of Mr. Spock in *The Original Series*.<br><br>**Supporting Evidence** | Undisputed. *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Van Citters Decl., ¶ 30. | |
| 69. | Vulcans are depicted with their pointed ears and upswept eyebrows, they are portrayed as stern and eschew emotions for logic and reason.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 29. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 70. | Vulcan men are usually depicted with straight, dark (or gray) hair cut in a "bowl" style.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 29. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 71. | Vulcans are part of the Federation, and are portrayed as an advanced technological species.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 29. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 72. | Ambassador Soval was first seen in the *Star Trek: Enterprise* pilot episode "Broken Bow" in 2001, and was featured many times throughout the *Enterprise* series such as in the episode "The Expanse" from 2003.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 21, 45. Grossman Decl., ¶ 92, Ex. 5 (*The Enterprise* DVDs). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 73. | Soval is portrayed by actor Gary Graham, who reprised his role as Ambassador Soval in Defendants' infringing works, and even wore virtually identical makeup and costumes that he had in the *Enterprise* series, rendering the portrayal of that character all but identical | Disputed.<br><br>Gary Graham's makeup and hair as Soval in Defendants' Works were different from that of the Soval who appeared in Plaintiffs' Works. The ears, while pointed, were different from those Gary Graham wore in "Enterprise." Gary Graham's costume was different in *Prelude to Axanar*, the *Vulcan Scene*, and in Plaintiffs' Works.  While in *Prelude*, Gary |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
|  | to that seen in Plaintiffs' works.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 21-24, 45-46. | Graham's robes were Chinese, in the *Vulcan Scene*, he wore Japanese-style robes over a business suit.  These costumes were not identical to each other, much less to the one Soval wore in Plaintiffs' Works.  ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 425:11-22); ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar* at 45-:58, 2:32-45, 3:11-20, 3:49-58, 7:30-43, 9:30-43, 10:14-28); ECF No. 75-19, Peters Decl., Ex. 2 (*Vulcan Scene*).  *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 74. | Defendants' works incorporate Plaintiffs' character, Garth of Izar.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶17-20. | Undisputed that Garth of Izar is incorporated, but disputed that Defendants have portrayed him in the same way as Defendant, and disputed that Plaintiffs have copyright protection in Garth of Izar. *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 75. | Garth of Izar, like Captain Kirk, was a Starfleet Captain.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 18. | Disputed.  Garth of Izar was a Fleet Captain, and thus closer to an Admiral, commanding many ships, than a ship captain like Kirk.  ECF Nos. XX- not on docket Grossman Decl., Ex. 1 (*Whom Gods Destroy* at 32:20). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 76. | In *The Original Series*, Garth of Izar was introduced and portrayed as a former starship captain whose exploits were "required reading" at the Starfleet Academy due to his heroic conduct during the Battle of Axanar.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 18. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 77. | In the episode that introduced Garth (entitled "Whom Gods Destroy"), Captain Kirk finds Garth in an asylum after he had been declared criminally insane.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 18. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 78. | This character was further developed and explored by | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Plaintiffs in the 2003 novel entitled "Garth of Izar." **Supporting Evidence** Van Citters Decl., ¶ 18. | |
| 79. | Paramount has a licensed work called *Star Trek: The Role Playing Game*. **Supporting Evidence** Van Citters Decl., ¶ 12. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 80. | Garth of Izar's military battles against the Klingon Empire, including the Battle of Axanar, were explored by Paramount's licensee, FASA, in *Star Trek: The Role Playing Game*. **Supporting Evidence** Van Citters Decl., ¶ 19. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 81. | *The Four Years War* supplement is a guide that was used in connection with *Star Trek: The Role Playing Game*. **Supporting Evidence** Van Citters Decl., ¶ 13. | Undisputed. |
| 82. | The *Four Years War* supplement also describes the Battle of Axanar (a related mission guide for the role-playing game was called "Return to Axanar"), and the military campaigns of Federation Fleet Captain Garth of Izar. **Supporting Evidence** Van Citters Decl., ¶¶ 13, 14, Ex. AAA (*The Four Years War* supplement). | Disputed.  The Battle of Axanar is discussed on only two pages of *The Four Years War* supplement.  The Battle of Axanar discussed in *The Four Years War* supplement is entirely different than the battle portrayed in *Prelude to Axanar*.  *The Four Years War* supplement does not describe the military campaigns of Garth of Izar.  Garth of Izar is only mentioned twice in the supplement:  once in a discussion of the Battle of Axanar, and in a one-sentence summary of the Battle of Axanar in a timeline.  ECF No. 88-71, Van Citters Decl., Ex. AAA (The *Four Years War* supplement at pp. 16, 35).  *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 83. | The copyright in *The Four Years War* is owned by Paramount. | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | **Supporting Evidence**<br><br>Van Citters Decl., ¶ 14, Ex. AAA (*The Four Years War* supplement), Ex. BBB (copyright registration for *The Four Years War*). | |
| 84. | *The Four Years War* was used as source material by Defendants in order to create their Axanar Works.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 13, Ex. A (Peters tr. at 38:22-41:17); ¶ 14, Ex. C (Gossett tr. at 48:10-50:10), Ex. I (April 26, 2014 email from Christian Gossett to Alec Peters). | Undisputed that Defendants had a copy of the *Four Years War,* but disputed that it was used as source material besides in a *de minimus* way. Only the title and the name of the planet were used. ECF Nos. 88-2, 91-1 Grossman Decl., ¶ 13, Ex. A (Peters tr. at 40:19-41:17); *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 85. | Defendants admitted that they used *The Four Years War* to create the Axanar Works.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶ 14, Ex. AAA (*Four Years War*).<br><br>Grossman Decl., ¶ 13, Ex. A (Peters tr. at 38:22-41:17), ¶ 14, Ex. C (Gossett tr. at 48:10-50:10), Ex. I (April 26, 2014 email from Christian Gossett to Alec Peters). | Undisputed that Defendants had a copy of the *Four Years War,* but disputed that it was used as source material besides in a *de minimus* way. Only the title and the name of the planet were used. ECF Nos. 88-2, 91-1 Grossman Decl., ¶ 13, Ex. A (Peters tr. at 40:19-41:17); *See* Evidentiary Objections to Van Citters Decl. *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 86. | *Star Trek: Prelude to Axanar*, is a twenty-one minute film.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 18, Ex. A (Peters tr. at 34:10-12). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 87. | *Star Trek: Prelude to Axanar* was funded on Kickstarter.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 18, Ex. A | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | (Peters tr. at 34:5-9). | |
| 88. | Kickstarter is a crowdsourcing website where parties can raise money to fund their projects.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 18, Ex. A (Peters tr. at 69:14-70:6). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 89. | In exchange for donations on *Prelude to Axanar*, Defendants provided donors with perks that included various branded merchandise.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 69, Ex. D (Kingsbury tr. at 114:16-24). | Disputed. The merchandise did not include any Star Trek marks and was "Axanar" branded, not Star Trek branded. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 11. *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 90. | *Prelude to Axanar* was released on YouTube in August of 2014.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 19, Ex. L (YouTube page). | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 91. | Defendant Peters wrote the *Prelude to Axanar* screenplay.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 23, Ex. A (Peters tr. at 57:1-58:25). | Disputed. Defendant Alec Peters collaborated with Christian Gossett in writing the screenplay for *Prelude to Axanar*. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 2. ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*). *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 92. | *Star Trek: Prelude to Axanar* features Plaintiffs' character, Garth of Izar, and describes his military exploits during the war between the Federation and the Klingon Empire.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 17. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). | Undisputed. *See* Evidentiary Objections to Van Citters Decl. *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Grossman Decl., ¶ 23, Ex. A (Peters tr. at 36:20-37:25; 46:18-48:1); ¶ 24, Ex. B (Burnett tr. at 191:17-192:25). | |
| 93. | *Prelude to Axanar* features the Federation.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 15, 37, 38. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶ 23, Ex. A (Peters tr. at 44:21-55:20 , ¶ 24, Ex. B (Burnett tr. at 107:6-15); ¶ 22, Ex. C (Gossett tr. at 67:5-70:23), Ex. N (brochure for *Prelude to Axanar*). | Undisputed.  See Evidentiary Objections to Van Citters Decl.  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 94. | *Prelude to Axanar* features Klingons.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 15, 25-28. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶ 23, Ex. A (Peters tr. at 44:21-55:20); ¶ 22, Ex. C (Gossett tr. at 67:5-70:23), Ex. N (brochure for *Prelude to Axanar*). | Disputed.<br><br>*Prelude to Axanar* features only one Klingon, Kharn.  ECF Nos. 90-10, 94-3, Peters Decl., ¶ 9; ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*).  *See also* Evidentiary Objections to Van Citters Decl.  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 95. | *Prelude to Axanar* features Vulcans.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 29-32. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶ 23, Ex. A (Peters tr. at 44:21-55:20). | Disputed.<br><br>*Prelude to Axanar* features only one Vulcan, Soval.  Peters Decl., ¶ 8.  ECF No. 75-19; ECF Nos. 90-10, 94-3, Peters Decl., Ex. 1 (*Prelude to Axanar*).  *See also* Evidentiary Objections to Van Citters Decl.  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 96. | *Prelude to Axanar* features | Disputed. |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Starfleet.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 33-34. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶ 23, Ex. A (Peters tr. at 44:21-55:20). | "Starfleet" is a generic term used in science fiction generally, and in Star Trek itself, to indicate space ships from different races.  ECF Nos. 90-10, 94-3, Peters Decl., ¶ 7; Do't have docket no., Grossman Decl., Ex. 1 (*Errand of Mercy* at 42:28).  *See also* Evidentiary Objections to Van Citters Decl.  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 97. | *Prelude to Axanar* features Starfleet officers and commanders, including Garth of Izar.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 17-18. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶ 23, Ex. A (Peters tr. at 36:20-37:16; 414:2-415:19), ¶ 33, Ex. S (July 8, 2014 email from Alec Peters to Christian Gossett and Rocio Everett). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl.  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 98. | *Prelude to Axanar* features the character Soval.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 21-24. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 99. | *Prelude to Axanar* features Klingon battlecruisers.<br><br>**Supporting Evidence**<br><br>Van Citters Decl. ¶¶ 15, 35-36. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). | Disputed.<br><br>*Prelude to Axanar* features different Klingon battlecruisers from those seen in Plaintiffs' Works.  The battlecruisers featured in *Prelude to Axanar* are original designs created by Axanar VFX coordinator Tobias Richter.  ECF Nos. 90-10, 94-3, Peters Decl., ¶ 10. *See also* Evidentiary Objections to Van Citters Decl. |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*). | filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 100. | Defendants have created substantially similar representations of Klingons, and in doing so have copied the makeup, hair, costumes, weaponry and accessories worn by those species.<br><br>**<u>Supporting Evidence</u>**<br><br>Van Citters Decl., ¶¶ 15, 25-28. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*), ¶¶ 30, 31 Ex. B (Burnett tr. at 202:21-203:25; 215:4-216:9); ¶ 26, Ex. A (Peters tr. at 82:6-85:12), ¶ 45 (Peters tr. at 44:21-55:20); ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (Axanar Script at page 3 for use of Bat'leth and page 30 for use of Mek'leth). | Disputed.<br><br>The representation of Kharn, the only Klingon featured in *Prelude to Axanar*, is not substantially similar to the Klingons seen in Plaintiffs' Works. Klingons did not even have a consistent appearance across Plaintiffs' Works, appearing as little more than actors wearing brown makeup to darken their skin in *Star Trek: The Original Series*, and appearing as characters with large head ridges, and big, dog-like teeth in later television episodes and motion pictures. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 9; Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 360:12-361:11);ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 101. | Defendants have created substantially similar representations of Vulcans, and in doing so have copied the makeup, hair, costumes, and accessories worn by those species.<br><br>**<u>Supporting Evidence</u>**<br><br>Van Citters Decl., ¶¶ 15, 29-32. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*).<br><br>Grossman Decl., ¶ 20, Ex. M (illustrated script for *Prelude*),¶ 26, Ex. A (Peters tr. at 82:6-85:12); Grossman Decl., ¶ 23, Ex. A (Peters tr. at 44:21-55:20). | Disputed.<br><br>The one Vulcan appearing in Defendants' Works is substantially different: his hair, age, and costume are different from any Vulcan seen in Plaintiffs' Works. ECF Nos. 90-10, 94-3, Peters Decl., ¶ 8; ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 360:12-361:11);ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 102. | ▮▮▮▮▮▮▮▮▮▮▮ itted that | Disputed. |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | ████████████ **Supporting Evidence** Grossman Decl., ¶ 26, Ex. A (Peters tr. at 82:6-85:12); ¶ 23, Ex. A (Peters tr. at 44:21-55:20). | ECF Nos. 90-10, 94-3, Peters Decl., ¶¶ 8-9; ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. II at 360:12-361:11) ; ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*). *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 103. | ████████████ **Supporting Evidence** Grossman Decl., ¶ 25, Ex. A (Peters tr. at 319:8-323:10), Ex. O (March 17, 2014 email from Alec Peters to Christian Gossett and Hamilton Cox). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 104. | Mr. Peters stated "I am the keeper of the faith with fans. They love that about us.  Our faithfulness to the universe." **Supporting Evidence** Grossman Decl., ¶ 34, Ex. A (Peters tr. at 471:25-475:1), Ex. U (March 7, 2015 email from Alec Peters to Christian Gossett). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 105. | ████████████ his ████████████ **Supporting Evidence** Grossman Decl., ¶ 34, Ex. A (Peters tr. at 420:13-421:19; 471:25-475:1), Ex. T (July 15, 2014 email from Christian Gossett to Alec Peters); Ex. U (March 7, | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | 2015 email from Alec Peters to Christian Gossett); ¶ 27, Ex. A (Peters tr. at 347:4-348:10), Ex. P (email exchange between Mr. Peters and Mr. Gossett); ¶ 47, Ex. A (Peters tr. at 456:24-458:18), Ex. BB (Peters email exchange), ¶ 28, Ex. A (Peters tr. at 376:16-377:11), ¶ 38, Ex. A (Peters tr. at 377:17-378:13), Ex. Y (email exchange), ¶ 37, Ex. A (Peters tr. at 373:10-375:16), Ex. X (Peters email exchange). | |
| 106. | The director of *Prelude to Axanar* testified that *Prelude to Axanar* is an infringing work.<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 21, Ex. C (Gossett tr. at 185:25-186:8). | Disputed.<br><br>Calls for a legal conclusion, fails to consider fair use, and is based on a fundamental misunderstanding of copyright law, as he also testified that more original elements make it more infringing, which is incorrect.  Also, Mr. Gossett has a personal vendetta against Mr. Peters and is no longer associated with Axanar, so his credibility on these issues at the very least creates yet another factual dispute. ECF No. 90-6, Ranahan Decl., ¶ 5, Ex. E (Gossett Tr. at 124:7-14, 139:5-140:18, 187:25-188:7); ECF No. 90-10, 94-3, Peters Decl., ¶¶ 22-23; Li-A-Ping Decl., ¶ 3, Ex. 2 (O'Rourke tr. at 74:13-25; 75:17-8); *See also* Evidentiary Objections to Grossman Decl. |
| 107. | Prior to the filing of this lawsuit, Axanar, Defendants drafted a final shooting ███████████████ ██████████████<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script). | Disputed.<br><br>Defendants still do not have a "final shooting script" for the unmade Potential Fan Film. ECF Nos. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. I at 77:5-9); ECF. No. 75-8, Oki Decl., Ex. 6 (Hunt Tr. at 49:10-50:24).  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 108. | In 2015, Defendants released one scene from the full-length film, which they call the "Vulcan Scene."<br><br>**Supporting Evidence** | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | Dkt. No. 72-63, Ex. 20 (Vulcan Scene). Grossman Decl., ¶ 43, Ex. A (Peters tr. at 79:11-17). | |
| 109. | The Vulcan Scene features Vulcans. **Supporting Evidence** Van Citters Decl., ¶¶ 43, 47. Dkt. No. 72-63, Ex. 20 (Vulcan Scene). Grossman Decl., ¶ 43, Ex. A (Peters tr. at 425:11-426:3; 77:5-9); ¶ 42, Ex. AA (script at pages 21-23). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 110. | The Vulcan Scene features the character Soval. **Supporting Evidence** Van Citters Decl., ¶¶ 43, 45-46. Dkt. No. 72-63, Ex. 20 (Vulcan Scene). Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script at pages 21-23). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 111. | The Vulcan Scene features the planet Vulcan. **Supporting Evidence** Van Citters Decl., ¶¶ 43, 48, 49. Dkt. No. 72-63, Ex. 20 (Vulcan Scene). Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (script at pages 21-23); ¶ 44, Ex. N (Burnett tr. at 103:13-18). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 112. | The shot of planet Vulcan in the Vulcan Scene was copied from *Star Trek III: The* | Disputed. The shot of planet Vulcan in the *Vulcan Scene* |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | *Search for Spock.*<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 43, Ex. A (Peters tr. at 82:2-85:12); ¶ 44, Ex. B (Burnett tr. at 106:11-17). | was not copied from *Star Trek III: The Search for Spock.* ECF No. 88-2, 91-1, Grossman Decl., ¶ 13, Ex. A (Peters Tr., Vol. I at 84:9-11). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 113. | The Vulcan Scene features Vulcan ships.<br><br>**Supporting Evidence**<br><br>Van Citters Decl., ¶¶ 43, 50. Dkt. No. 72-63, Ex. 20 (Vulcan Scene).<br><br>Grossman Decl., ¶ 43 Ex. A (Peters tr. at 82:2-85:12). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 114. | Defendant Alec Peters himself announced, on August 15, 2015, that he had completed the "fully revised and locked script" which he referred to as "the best Star Trek movie script ever!"<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 40, Ex. Z (Facebook post). | Disputed.<br><br>A "locked" script simply means that writers do not add sets, scenes or characters before shooting begins.  Mr. Peters did not refer to it as "the best Star Trek movie script ever!"  He was expressly restating a comment by someone else.  ECF No. 75-19, Peters Decl., ¶ 13; ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script).  *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 115. | Script ▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (Axanar Script at page 8), ¶ 22, Ex. C (Gossett tr. at 112:14-113:8). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 116. | ▮▮▮▮▮▮▮▮▮▮▮pt features<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>**Supporting Evidence**<br><br>Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (Axanar Script at page 21). | Undisputed.  *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| 117. | ███████████████ **Supporting Evidence** Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9), ¶ 42, Ex. AA (Axanar Script at page 8), ¶ 45, Ex. A (Peters tr. at 362:9-363:13); ¶ 46, Ex. B (Burnett tr. at 195:18-23). | Disputed. Character Chang is a Lieutenant in the potential fan film script. ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script); *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 118. | Klingon Commander Chang was the villain featured in *Star Trek VI: The Undiscovered Country*. **Supporting Evidence** Grossman Decl., ¶ 45, Ex. A (Peters tr. at 44:21-55:20; 3 | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 119. | ███████████████ **Supporting Evidence** Grossman Decl., ¶ 41, Ex. A (Peters tr. at 77:5-9, ¶ 42, Ex. AA (Axanar Script), ¶ 46, Ex. B (Burnett tr. at 194:9-195:16). | Disputed. Of the 57 characters that appear in the most recent script of the unmade Potential Fan Film, there are only seven characters that have appeared previously in Plaintiffs' Works. All seven of those characters played minor roles. ECF No. 75-19, Peters Decl., ¶ 15; ECF Nos. 75-22, 77-8, 77-9, Peters Decl., Ex. 3 (July 1, 2016 *Axanar* Script); ECF Nos. 88-29, Grossman Decl., Ex. AA (Nov. 26, 2015 *Axanar* Script); ECF No. 90-10, 94-3, Peters Decl., ¶ 29. *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 120. | ███████████████ **Supporting Evidence** Grossman Decl., ¶ 45, Ex. A (Peters tr. at 362:9-363:13); ¶ 93, Ex. 11 (*Star Trek VI: Undiscovered Country* DVD) | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 121. | ███████████ns ███████████ | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | ████████████ | |
| | **Supporting Evidence** Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). Grossman Decl., ¶ 42, Ex. AA (Axanar Script). | |
| 122. | Defendants also took characters, sequence, themes, mood, dialogue, and settings from the Star Trek Copyrighted Works. **Supporting Evidence** Van Citters Decl., ¶¶ 15-62. | Disputed. Defendants did not "take" characters, sequence, themes, moods, or dialogue from Plaintiffs' Works. None of the settings in *Prelude to Axanar* is the same as any setting used in Plaintiffs' Works. As for the *Vulcan Scene*, Defendants used only one setting that was similar to one that had appeared in Plaintiffs' Works. ECF Nos. 88-29, Grossman Decl., Ex. AA (Nov. 26, 2015 *Axanar* Script); ECF Nos. 90-10, 94-3, Peters Decl., ¶ 6; ECF No. 75-19, Peters Decl., Ex. 1 (*Prelude to Axanar*). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 123. | ████████████ **Supporting Evidence** Van Citters Decl., ¶ 58. Grossman Decl., ¶ 42, Ex. AA (Axanar Script). | Undisputed as to the use of these phrases but disputed as to whether these phrases are original to Star Trek; ECF No. 31, Plaintiffs' Opposition to Defendants' Motion to Dismiss, p. 14; ECF No. 33, Defendants' Reply in Support of Motion to Dismiss, p. 4; ECF No. 26, FAC ¶ 46, p. 32; ECF No. 29, Defendants' Motion to Dismiss, p. 9; ECF No. 30, Defendants' Request for Judicial Notice, Ex. O ("H.G. Wells, *War of the Worlds*). *See also* Evidentiary Objections to Van Citters Decl. filed concurrently herewith; *See also* Evidentiary Objections to Grossman Decl. filed concurrently herewith |
| 124. | Defendants expressly set out to create an authentic and "independent Star Trek film" that sta████████████ **Supporting Evidence** Grossman Decl., ¶ 54, Ex. A | Undisputed. *See* Evidentiary Objections to Grossman Decl. filed concurrently herewith |

DEFENDANTS' REPLY TO PLAINTIFFS' STATEMENT OF GENUINE ISSUES

| Fact No. | Moving Party's Alleged Additional Uncontroverted Facts | Moving Party's Reply to Opposition |
|---|---|---|
| | (Peters tr. at 97:14-98:22), Ex. HH (screenshot from Defendants' Kickstarter fundraising page). | |
| | Grossman Decl., ¶ 34, Ex. A (Peters tr. at 471:25-474:20), Ex. U (March 7, 2015 email from Alec Peters to Christian Gossett). | |
| | Grossman Decl., ¶ 29, Ex. C (Gossett tr. at 36:11-37:8), Ex. R (March 24, 2013 email from Sean Tourangeau to Christian Gossett and Alec Peters). | |
| | Grossman Decl., ¶ 38, Ex. C (Gossett tr. at 92:14-93:13), Ex. Y (April 13, 2014 email exchange between Alec Peters, Tobias Richter, and Christian Gossett). | |
| | Grossman Decl., ¶ 10, Ex. C (Gossett tr. at 30:7-31:13, Ex. F (January 4, 2011 email from Alec Peters to Christian Gossett), Ex. A (Peters tr. at 332:15-334:4). | |
| | Grossman Decl., ¶ 12, Ex. C (Gossett tr. at 32:7-34:16), Ex. H (November 13, 2013 email exchange between Alec Peters and Christian Gossett), Ex. A (Peters tr. at 359:18-361:11). | |
| 125. | Defendants have set the Axanar Works in 2241.03 to 2245.1, which is twenty-one years before *The Original Series* episode "Where No Man Has Gone Before." <br><br> **Supporting Evidence** <br><br> Van Citters Decl., ¶¶ 15, 39. Dkt. No. 72-63, Ex. 19 (*Prelude to Axanar*). | Undisputed.  *See* Evidentiary Objections to Van Citters Decl. filed concurrently herewith |
| 126. | Defendants set out to create a | Undisputed.  *See* Evidentiary Objections to |