| | |
|---|---|
| 1 | LOEB & LOEB LLP |
| 2 | DAVID GROSSMAN (SBN 211326) |
|   | dgrossman@loeb.com |
| 3 | JENNIFER JASON (SBN 274142) |
|   | jjason@loeb.com |
| 4 | 10100 Santa Monica Blvd., Suite 2200 |
|   | Los Angeles, CA  90067 |
| 5 | Telephone: 310.282.2000 |
|   | Facsimile: 310.282.2200 |

LOEB & LOEB LLP
JONATHAN ZAVIN (admitted *pro hac vice*)
jzavin@loeb.com
345 Park Avenue
New York, NY  10154
Telephone: 212.407.4000
Facsimile: 212.407.4990

Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR DOCUMENTS BY REECE WATKINS**<br><br>Discovery Cutoff:  November 2, 2016<br>Pre-Trial Conference: January 9, 2017<br>Trial:  January 31, 2017 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

PLAINTIFFS' MOTION IN LIMINE NO. 4

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 31, 2017, at 9:00 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Honorable R. Gary Klausner, United States District Judge, Central District of California, located at 255 E. Temple Street, Los Angeles, California 90012, plaintiffs Paramount Pictures Corporation and CBS Studios Inc. ("Plaintiffs") will and hereby do move to exclude the testimony and documents of Reece Watkins ("Watkins"). Watkins' testimony is primarily inappropriate lay opinion, and is otherwise hearsay and, anecdotal and of no probative value.

Plaintiffs discussed the reasons for the filing of this Motion with Defendants' counsel. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer Jason, all records in this action and on such further argument, evidence and authority as may be offered at the time of hearing.

Dated: December 16, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ Jennifer Jason*
Jennifer Jason
Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS INC.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

1  PLAINTIFFS' MOTION IN LIMINE NO. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Paramount Pictures Corporation and CBS Studios Inc. (collectively, "Plaintiffs") anticipate that Defendants Axanar Productions, Inc. and Alec Peters (collectively, "Defendants") will seek to introduce the testimony and documents of Reece Watkins ("Watkins"), including his personal opinion on the impact of *Prelude to Axanar* on Plaintiffs' copyrighted works. Plaintiffs also anticipate that Defendants will seek to introduce inadmissible and irrelevant hearsay evidence for Watkins. Watkins is not a qualified expert and may not testify as to his opinion, or about facts outside of his personal knowledge, under Federal Rule of Evidence 602. Any admissible testimony Watkins may present to the jury will be anecdotal to the point of irrelevance. Therefore, the Court should exclude testimony from this witness in its entirety.

## II. DISCUSSION

### A. Watkins is a Lay Witness Who May not Provide Opinion Testimony.

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Where lay witnesses give their opinions, their testimony should be limited to "'those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact at issue.'" *United States v. LaPierre*, 998 F.2d 1460, 1465 n.4 (9th Cir. 1993) (quoting Federal Rule of Evidence 701).

Based on Watkins' declaration filed in support of Defendants' motion for summary judgment, Watkins will likely attempt to testify regarding his own experience viewing *Prelude to Axanar*, and how it allegedly renewed his interest in Plaintiffs' merchandise. Declaration of Jennifer Jason ("Jason Decl."), ¶ 3, Ex. A.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

1

PLAINTIFFS' MOTION IN LIMINE NO. 4

Through the production of a Facebook post from October 25, 2016, Watkins will likely also present his personal belief that *Prelude to Axanar* could not cause harm to Plaintiffs. *Id.* Watkins may support this opinion by showing a number of positive replies to his Facebook post, most of which express similar opinions. *Id.*

Watkins has never been presented by Defendants as an expert, but, as outlined above, this witness will likely offer extensive opinion testimony for consumption by the jury. As a lay witness, Watkins risks usurping the function of the jury by presenting his personal opinions regarding Star Trek fan films and the public's reaction thereto. In this case, the Court should exclude the testimony of Watkins except to the extent it relates to his own personal knowledge.

**B.     The Testimony of Watkins Includes Inadmissible Hearsay.**

Plaintiffs also move to exclude the expected testimony of Watkins because it will include, or will be based upon, inadmissible hearsay. Such testimony and evidence is inadmissible under Federal Rules of Evidence 801 and 802 and related to statutory and case authority. *See, e.g., Anderson v. United States*, 417 U.S. 211, 219-20 (1974) ("[t]he primary justification for the exclusion of hearsay is the lack of any opportunity for the adversary to cross-examine the absent declarant whose out-of-court-statement is introduced into evidence").

The potential testimony and documentary evidence of Watkins will rely extensively, if not exclusively, on hearsay. In his declaration, Watkins attaches a Facebook post made by him on October 25, 2016, as well as fifty-six replies thereto. Jason Decl. ¶ 3, Ex. A. Each of these replies will likely be presented by Watkins for its truth, principally that at least those people were also triggered to purchase Plaintiffs' merchandise by watching *Prelude to Axanar*. However, Watkins does not have any actual knowledge of the activities of any of the people who replied to his Facebook post. Therefore, to the extent Watkins testifies about the contents of these Facebook replies, or presents them to the jury, he will be providing inadmissible hearsay. If Defendants wish to relay the experience of any of Watkins'

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

2     PLAINTIFFS' MOTION IN LIMINE NO. 4

1  responders, they must produce these individuals so that Plaintiffs are given the
2  opportunity of cross-examination.  Otherwise, this testimony and evidence should be
3  excluded.

4   **C.   The Testimony Watkins is Irrelevant, Anecdotal and Unduly**
5   **Prejudicial.**

6  Federal Rule of Evidence 401 defines "relevant evidence" as "'evidence
7  having any tendency to make the existence of any fact that is of consequence to the
8  determination of the action more probable or less probable than it would be without
9  the evidence.'" *See United States v. Curtin*, 489 F.3d 935, 948 (9th Cir.
10 2007)(citation omitted).

11 Watkins' non-hearsay testimony is irrelevant, completely anecdotal, and non-
12 probative in the context of *Star Trek*'s worldwide popularity.  Presumably,
13 Defendants will use Watkins' testimony to illustrate the fact that at least one fan of
14 *Prelude to Axanar* also spent money on merchandise licensed by Plaintiffs.  It is, of
15 course, possible that Watkins purchased Plaintiffs' merchandise because he watched
16 *Prelude to Axanar*.  However, that fact is irrelevant to the jury's inquiry in this case,
17 which does not turn on whether Plaintiffs' licensed merchandise has experienced a
18 de minimis benefit from *Prelude to Axanar*.  Instead, market harm exists where, "if
19 the challenged use 'should become widespread, it would adversely affect the
20 potential market for the copyrighted work'… This inquiry must take account not
21 only of harm to the original but also of harm to the market for derivative works."
22 *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 568 (1985)
23 (citation omitted).  Watkins' purely anecdotal claim that *Prelude to Axanar* inspired
24 him to engage more with Plaintiffs' merchandise is irrelevant to whether
25 Defendants' film does or does not occupy Plaintiffs' marketplace for Plaintiffs' *Star*
26 *Trek*.  If anything, Watkins' potential testimony seems to indicate that *Prelude to*
27 *Axanar* is the exact type of work that Plaintiffs may create and rely upon to generate
28 interest in their merchandise.  This testimony is irrelevant and should be excluded.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

3

PLAINTIFFS' MOTION IN LIMINE NO. 4

1  Furthermore, the fact that a single fan of *Star Trek* purchased Plaintiffs'
2  merchandise after watching *Prelude to Axanar* is too anecdotal to offer any
3  probative value for the jury.  For over fifty years, *Star Trek* has been a global
4  entertainment phenomenon with millions of fans.  The actions of a single fan, who
5  also happens to be a guest-blogger for Axanar.com and a self-described "staunch
6  supporter" of Defendants, would present an unfair and prejudicial representation of
7  *Star Trek* fans in general to the jury.  Jason Decl. ¶¶ 4-5, Exs. B-C.  Therefore,
8  Watkins' testimony should be excluded.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs request that testimony or documents by Watkins regarding this matter be excluded from trial.

Dated:  December 16, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ Jennifer Jason*
    Jennifer Jason
    Attorneys for Plaintiffs
    PARAMOUNT PICTURES
    CORPORATION and CBS STUDIOS
    INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11003677.1
202828-10048

4   PLAINTIFFS' MOTION IN LIMINE NO. 4