1  Erin R. Ranahan (SBN: 235286)
   eranahan@winston.com
2  Diana Hughes Leiden (SBN: 267606)
   dhleiden@winston.com
3  Kelly N. Oki (SBN: 304053)
   koki@winston.com
4  WINSTON & STRAWN LLP
   333 South Grand Avenue
5  Los Angeles, CA 90071
   Telephone:  (213) 615-1700
6  Facsimile:   (213) 615-1750

7  Attorneys for Defendants,
   AXANAR PRODUCTIONS, INC.,
8  and ALEC PETERS

9          **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA**

11

12 PARAMOUNT PICTURES              Case No. 2:15-cv-09938-RGK-E
   CORPORATION, a Delaware
13 corporation; and CBS STUDIOS INC., a   *Assigned to:  Hon. R. Gary Klausner*
   Delaware corporation,
14                                 **DEFENDANTS AXANAR
              Plaintiffs,          PRODUCTIONS, INC., AND ALEC
15                                 PETERS' MOTION *IN LIMINE*
          vs.                      NO. 4 TO PRECLUDE PLAINTIFFS
16                                 FROM RELYING ON EVIDENCE
   AXANAR PRODUCTIONS, INC., a     REGARDING ITEMS THAT ARE
17 California corporation; ALEC PETERS,   UNORIGINAL, IN THE PUBLIC
   an individual; and DOES 1-20,   DOMAIN, OR FROM THIRD
18                                 PARTIES; MEMORANDUM OF
              Defendants.          POINTS AND AUTHORITIES**
19
20                                 Hearing Date: January 31, 2017
                                   Pretrial Conference: January 9, 2017
21                                 Trial Date: January 31, 2017
22
23
24
25
26
27
28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 31, 2017, or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner, 255 East Temple Street, Los Angeles, California 90012, Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") will and do hereby move this Court for an order precluding Plaintiffs from relying on evidence regarding items that are unoriginal, in the public domain, or from third parties.

This Motion is brought pursuant to Rules 401-403 of the Federal Rules of Civil Procedure, and is based on this Motion and Notice of Motion, the Request for Judicial Notice, the exhibits attached thereto, the supporting documents filed concurrently herewith, previously filed documents incorporated by reference herein, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion.  Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on December 9, 2016.

Dated:  December 16, 2016               **WINSTON & STRAWN LLP**

By: */s/ Erin R. Ranahan*
Erin R. Ranahan
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants Axanar Productions, Inc., and Alec Peters ("Defendants") move for an *in limine* order precluding Plaintiffs from introducing at trial any evidence regarding items that should be filtered out because they are unoriginal, in the public domain, or from third parties.  Plaintiffs should be precluded from introducing this evidence because any probative value is substantially outweighed by a danger of prejudice to Defendants, waste of time, and/or confusion of the issues.  Fed. R. Evid. 401-403.  Due to these and the other evidentiary infirmities described herein, the Court should grant Defendants' Motion *in Limine* No. 4.

## II.   LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-403; *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence). Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more

1

prejudicial than probative under Rule 403); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) (holding district court did not abuse its discretion in granting plaintiff's motion *in limine* to exclude evidence based on concerns that it might improperly influence the jury on the amount of statutory damages to assess under 504(c)(1) of the Copyright Act of 1976, because the evidence did not provide sufficiently probative information).

Furthermore, a party who fails to make a required initial disclosure (such as disclosing witnesses likely to have information on key topics or producing documents they intend to rely upon at trial) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial" unless the party's failure was "substantially justified" or "harmless."   Fed. R. Civ. P. 37(c)(1); *Hoffman v. Construction Protective Servs., Inc*., 541 F.3d 1175, 1179 (9th Cir. 2008).  Motions *in limine* are appropriate to preclude the introduction at trial of evidence not produced in discovery. *Reyes v. City of Glendale*, No. CV 05-0253 CAS (MANx), 2009 WL 2579614, at *4 (C.D. Cal. Aug. 19, 2009); *Lincoln Diagnostics v. Panatrex, Inc.*, No. 07-CV-2077, 2009 WL 3010840, at *5 (C.D. Ill. Sept. 16, 2009) ("any documents relevant to the issue of damages that Defendant did not produce prior to the 'drop dead' date . . . could not be presented by Defendant at trial.").

## III.   ARGUMENT

### A.   Plaintiffs Should Be Precluded from Relying on Evidence Regarding Items that Should be Filtered Out Because they are Unoriginal, in the Public Domain, or from Third Parties

Plaintiffs' operative complaint in this case emphasizes numerous elements that have appeared in Plaintiffs' Works that are not protectable by copyright.  These items include costumes, geometric shapes, words and short phrases, ideas, scenes a faire, unprotected characters, and elements of works derived from nature, the public domain, or third parties.  Because any mention of these elements would improperly and unlawfully appear to the jury to expand the proper elements at issue with respect to

Plaintiffs' copyright claims, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Moreover, the introduction of such evidence would confuse the jury by intertwining copyrightable and non-copyrightable works and would certainly result in a waste of time.

To prove copyright infringement, Plaintiffs must show that the "*protectable elements*" of their works, "*standing alone*, are substantially similar" to Defendants' works. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (emphasis in original). In making this determination, a court must "filter out and disregard the non-protectable elements." *Id.* As such, evidence of these "non-protectable elements" is irrelevant, and even if it were relevant, its minimal probative value is outweighed by the unfair prejudice that would result from presenting it to a jury. The introduction of this evidence also poses a great risk of confusing the issues, as Plaintiffs seek to introduce numerous items that are not copyrightable to substantiate their claims.

The introduction of evidence of the following non-copyrightable elements relied upon by Plaintiffs would be severely prejudicial:

### 1.    Costumes

Plaintiffs should not be permitted to introduce evidence of items of clothing that are not copyrightable, such as a "gold shirt," "cowl neck," "green drapes," and "robes." Dkt. 26 (FAC ¶ 46, at 17-19). Under the "useful article" doctrine, clothing cannot be copyrighted except to the extent there are original designs on the clothing that can be separated from the function of the clothing, which is not alleged here, and so any evidence of this clothing would unfairly prejudice Defendants. *Id.*; 17 U.S.C. § 101; *Ent. Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1221 (9th Cir. 1997) Further, a color cannot be copyrighted. 37 C.F.R. § 202.1(a).[1]

---

[1] Plaintiffs also seek to include an image of Mr. Peters wearing the "original Garth" costume. But this picture is _not_ a shot from the Potential Fan Film; Mr. Peters, a lifelong Star Trek fan, lawfully purchased the costume for his collection and is shown wearing it.

### 2.   Geometric Shapes

Plaintiffs should not be permitted to introduce evidence of geometric shapes to which they claim copyright ownership because "common geometric shapes cannot be copyrighted." *Kelley v. Chicago Park Dist.*, 635 F.3d 290, 303 (7th Cir. 2011) (citing U.S. Copyright Office, Compendium II: Copyright Office Practices § 503.02(a)-(b) (1984) ("Copyright Compendium II"). The U.S. Copyright Office refuses to base copyright registration on simple and "standard ornamentation," such as "chevron stripes," "a plain, ordinary cross, "common geometric figures or shapes, or "a standard symbol such as an arrow or a five-pointed star." Copyright Compendium II § 503.02(a)-(b).

Therefore, the Starfleet Command Insignia (Dkt. 26, FAC ¶ 46, at 18), "triangular medals on uniforms" (*id.* at 19-20), the United Federation of Planets logos (simply the letters "UFP" surrounded by stars) (*id.* at 27), Federation logo (*id.* at 28), Memory Alpha logo (simply the Greek letter "alpha" with the words "Memory Alpha") (*id.*), and Klingon logos (simply a three-pointed star) (*id.* at 29), are not protectable elements and cannot form the basis of a copyright claim. Thus, allowing evidence of such items would certainly prejudice Defendants without providing any probative value.

### i.   Words and Short Phrases

"Words and short phrases such as names, titles, and slogans" are not subject to copyright. 37 C.F.R. § 202.1(a). Thus, the names Garth of Izar, Soval, Richard Robau, and John Gill (Dkt. 26, FAC ¶ 46, at 11-12) are not protectable, and neither are the words Andorians, Tellarites, Romulans, Axanar, Archanis IV, Q'onoS, Nausicaa, Rigel, Andoria, Tellar Prime, Vulcans, Klingons, Terra (land), Starship Enterprise, Starfleet, Federation, Starships, Stardate, and Federation or the short phrase "beaming up." (*Id*. at 13, 16, 19-21, 26, 30, 33, 35, 38). Thus, allowing Plaintiffs to introduce evidence of these words and short phrases would prejudice the Defendants and confuse copyrightable and non-copyrightable issues.

1
2

    **ii.**  **Elements of Works Derived From Nature, the Public Domain, or Third-Party Works**

3
4
5
6
7
8
9
10
11
12
13
14

   Plaintiffs should not be permitted to introduce evidence of elements of works derived from nature, the public domain, or third-party works because a plaintiff cannot claim copyright protection for elements of its works that are not original in the public domain. *Feist*, 499 U.S. at 350 ("[c]opyright does not prevent subsequent users from copying from a prior author's work those constituent elements that are not original, [including] materials in the public domain"). Further, "to the extent a [work] captures the characteristics of an object as it occurs in nature, these characteristics are not protectible." *Psihoyos v. The National Geographic Society,* 409 F. Supp. 2d 268, 275 (S.D.N.Y. 2005). "Even if a work does not occur in nature—[like] a dragon—there is no liability if the only similarity between the two works is that they each portray the same item, but in a different form." 4 Nimmer on Copyright § 13.03[B][2]. Accordingly, evidence of such works would only serve to prejudice Defendants.

15
16

   Here, Plaintiffs improperly seek to rely on evidence regarding elements derived from nature, the public domain, or third-party works, including:

17
18
19
20
21

- **Vulcans' appearance** (Dkt. 26, FAC at 15): a species with "pointy ears" is not original to Star Trek, and has appeared in many fictional fantasy works depicting imaginary humanoid species predating Star Trek, including, but not limited to, vampires, elves, fairies, and werewolves,[2] as well as in many animals in nature.

22
23

- **Vulcan** (Dkt. 26, FAC at 14): in Roman mythology, Vulcan is the god of fire and metalworking. The first known use of "Vulcan" was in 1513.[3]

24

- **Triangular medals on uniforms** (Dkt. 26, FAC at 19): have been used by

25
26
27
28

---

[2] RJN, at ¶ 4 and Ex. D-E. *See, e.g.*, NOSFERATU (Jofa-Atelier Berlin- Johannisthal, Prana-Film GmbH (1922); Elf, Merriam Webster, http://www.merriam-webster.com/dictionary/elf (last visited Mar. 27, 2016) (defining elves as "a small creature in stories usually with pointed ears and magical powers").
[3] RJN, at ¶ 5 and Ex. F Vulcan, Merriam Webster, http://www.merriam-webster.com/dictionary/Vulcan (last visited Mar. 27, 2016).

military, religious, and other organizations throughout history.[4]

- **Nausicaa** (Dkt. 26, FAC at 20): is a character in Homer's *Odyssey*.[5]

- **Rigel** (*id.*): is the name of a first-magnitude star in the constellation Orion.[6]

- **Terra**, (*id.*): is the Latin word for "Land."[7]

- **Federation logo** (Dkt. 26, FAC at 27-28): is adapted from the United Nations flag.[8]

- **Transporters** (Dkt. 26, FAC at 32): have existed in science fiction since 1877.[9]

- **Warp drive** (Dkt. 26, FAC at 32): has existed in science fiction as early as 1945.[10]

- **Federation** (Dkt. 26, FAC at 33): is the general word to describe "a country formed by separate states that have given certain powers to a central government while keeping control over local matters" commonly used in science fiction and is inspired by the United Nations.[11]

- **Phasers** (Dkt. 26, FAC at 33): are also known as Heat-Ray weapons, which have existed in science fiction since H.G. Wells' "War of the Worlds" in 1898.[12]

- **Bridge** (Dkt. 26, FAC ¶ 66(b)):  is a naval term for a ship's command center whose first usage predates the 12th century.[13]

---

[4] RJN, at ¶ 6 and Ex. G.  *See* WILLIAM T. R. MARVIN, *THE MEDALS OF THE MASONIC FRATERNITY: DESCRIBED AND ILLUSTRATED* (1880).
[5] RJN, at ¶ 7 and Ex. H.  Translated by WILLIAM CULLEN BRYANT, THE ODYSSEY OF HOMER, James R. Osgood and Co. (1871).
[6] RJN, at ¶ 8 and Ex. I. Rigel, Merriam Webster, http://www.merriam-webster.com/dictionary/Rigel (last visited Mar. 27, 2016).
[7] RJN, at ¶ 9 and Ex. J. Terra, Merriam Webster, http://www.merriam-webster.com/dictionary/terra (last visited Mar. 27, 2016).
[8] RJN, at ¶ 10 and Ex. K.
[9] RJN, at ¶ 11 and Ex. L. Teleportation, Merriam Webster, http://www.merriam-webster.com/dictionary/teleportation; *see also*, NEWSPAPER ARTICLE 1878 (last visited Mar. 27, 2016).
[10] RJN, at ¶ 12 and Ex. M. Sten Odenwald, *Who Invented Faster Than Light Travel?*, http://www.astronomycafe.net/anthol/scifi1.html (last visited Mar. 28, 2016).
[11] RJN, at ¶ 13 and Ex. N, Federation, Merriam Webster, http://www.merriam-webster.com/dictionary/federation (last visited Mar. 27, 2015).
[12] RJN, at ¶ 14 and Ex. O, H.G. Wells, *War of the Worlds*, Leipzig (1898).
[13] RJN, at ¶ 15 and Ex. P, Bridge, Merriam Webster, http://www.merriam-webster.com/dictionary/bridge (last visited Mar. 27, 2016).

### iii.   The Klingon Language

Plaintiffs should not be able to introduce evidence of use of the Klingon language (Dkt. 26, FAC ¶ 46, at 31) because the language, itself, is an idea or a system and is not copyrightable.  As the Supreme Court held in the context of a system of bookkeeping, although copyright protects the author's *expression* of the system, it does not prevent others from *using* the system.  *Baker v. Selden*, 101 U.S. 99, 101 (1879).  Therefore, the introduction of evidence of the use of the Klingon language would only serve to prejudice Defendants, confuse the jury, and waste time.

### iv.   Ideas

Plaintiffs should not be able to introduce evidence related to the use of ideas because, "[i]n no case does copyright protection for an original work of authorship extend to any idea...regardless of the form in which it is...illustrated[] or embodied in such work."  17 U.S.C. § 102(b).  Rather, "copyright...encourages others to build freely upon the ideas...conveyed by a work." *Feist*, 499 U.S. at 350-41 (citing *Harper & Row*, 471 U.S. at 556-57); *FASA Corp. v. Playmates Toys, Inc.*, 869 F. Supp. 1334, 1351 (N.D. Ill. 1994) (plaintiffs could not claim protection for "general ideas and concepts [such as]...a futuristic, interstellar, battle dominated universe").  In fact, the Star Trek episode "Whom the Gods Destroy" borrows from the work of Henry Wadworth Longfellow and Edgar Allan Poe.[14]

Consequently, the "mood and theme" of **"science fiction action adventure"** (FAC ¶¶ 46, 47, at 34, 39) is not protectable and, as such, should not be introduced as evidence.  *See Ideal Toy Corp. v. Kenner Prods. Div. of Gen. Mills Fun Group, Inc.*,

---

[14] RJN, at ¶¶ 16-19 and Exs. Q-T. *See, e.g.,* "Whom Gods Destroy (Star Trek: The Original Series)," Wikipedia, https://en.wikipedia.org/wiki/Whom_Gods_Destroy_(Star_Trek%3A_The_Original_Series) (last visited Dec. 15, 2016); "Whom the Gods Would Destroy," Wikipedia, https://en.wikipedia.org/wiki/Whom_the_gods_would_destroy (last visited Dec. 15, 2016); "The System of Doctor Tarr and Professor Fether," Wikipedia, https://en.wikipedia.org/wiki/The_System_of_Doctor_Tarr_and_Professor_Fether (last visited Dec. 15, 2016); "Is 'those whom the gods wish to destroy they first make mad' a classical quotation?," Blog of Roger Pearse, http://www.roger-pearse.com/weblog/2015/10/31/is-those-whom-the-gods-wish-to-destroy-they-first-make-mad-a-classical-quotation/ (last visited Dec. 15, 2016).

1   443 F. Supp. 291 (D.C.N.Y. 1977) (although toy company "sought to make use of the
2   themes embodied in" *Star Wars* and its licensed products, "[a] theme is not
3   protectable…[because] it is only the idea which stands behind a protectible
4   expression").  Introduction of such evidence would be severely prejudicial, would
5   confuse the jury, and would waste time.

6                                  **v.    Scènes à Faire**

7           "Scenes-a-faire, or situations and incidents that flow necessarily or naturally
8   from a basic plot premise, cannot sustain a finding of infringement," *Cavalier v.*
9   *Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002), and so introduction of such
10  evidence is improper.   The following elements are unprotectable scènes à faire
11  because they are staples of science fiction:   starships and spacedocks, beaming
12  up/transporters, warp drive, phasers, command insignia and medals on uniforms,
13  stardates, Starfleet, and a federation of planets.  Dkt. 26 (FAC at 22, 23, 25, 26, 29,
14  30, 32, 33).   Indeed, *Star Wars* makes use of nearly all of these elements.   *See*
15  *Althouse*, 2014 WL 2986939, at *4 ("these features can be traced back to films like
16  *Star Wars* and *Terminator*, and are neither original nor protectable").  Introduction of
17  such evidence is therefore irrelevant and would only serve to prejudice the
18  Defendants, confuse the jury, and waste time.

19                   **vi.    Characters Plaintiffs Have Identified Are Not Protected**

20          The Ninth Circuit has explained that copyright protection is not available for
21  "every comic book, television, or motion picture character"—only for those that are
22  "especially distinctive."  *DC Comics v. Towle*, 802 F.3d 1012, 1019 (9th Cir. 2015).
23  To meet this standard, a character must be "sufficiently delineated" and display
24  "consistent, widely identifiable traits."  *Id*.  Further, "characters that have been 'lightly
25  sketched' and lack descriptions may not merit copyright protection."  *Id*.   For
26  example, courts have held that James Bond, Batman, and Godzilla are characters
27  protected by copyright.  *Id*. at 1020.  Here, evidence of minor, unprotected characters
28  without "especially distinctive" and "widely identifiable traits," such as Garth of Izar,

1  Soval, Richard Robau, John Gill, Captain Robert April, Chang, and Sarek Dkt, 26

2  (FAC at 11-12, ¶ 66) should not be introduced.[15]  The introduction of such evidence

3  would only waste the Court's and the jury's time, confuse copyrightable and non-

4  copyrightable issues, and prejudice the Defendants for that reason.

5  **IV.    CONCLUSION**

6        For all of these reasons, the Court should grant Defendants' Motion *in Limine*

7  No. 4.

8  Dated:  December 16, 2016          **WINSTON & STRAWN LLP**

9

10                          By:  */s/ Erin R. Ranahan*
                                 Erin R. Ranahan
11                               Attorneys for Defendants,
                                 AXANAR PRODUCTIONS, INC.
12                               and ALEC PETERS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [15] RJN, at ¶¶ 1-3 and Exs. A-C. *See, e.g.,* "Soval Name Meaning,"
     https://www.kidpaw.com/names/soval (last visited Dec. 5, 2016); "Garth (name)",
28   https://en.wikipedia.org/wiki/Garth_(name) (last visited Dec. 5, 2016); "Epsilon
     Bootis,"  https://en.wikipedia.org/wiki/Epsilon_Bo%C3%B6tis (last visited Dec. 5,
     2016).

9