Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:  Hon. R. Gary Klausner*<br><br>**DEFENDANTS AXANAR PRODUCTIONS, INC., AND ALEC PETERS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE PLAINTIFFS FROM RELYING ON EVIDENCE CONCERNING PERSONAL DRAMA, SMEAR CAMPAIGN, AND OTHER IRRELEVANT COMMUNICATIONS, INCLUDING WITNESSES CHRISTIAN GOSSETT, TERRY MCINTOSH; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Hearing Date:        January 31, 2017<br>Pretrial Conference: January 9, 2017<br>Trial Date:          January 31, 2017 |

## REDACTED VERSION OF DOCUMENT

## SOUGHT TO BE FILED UNDER SEAL

TO THE COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2017 or as soon thereafter as this matter may be heard in Courtroom 850 of the Honorable R. Gary Klausner, 255 East Temple Street, Los Angeles, California 90012, Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") will and do hereby move this Court for an order precluding Plaintiffs from relying on irrelevant testimony and evidence concerning personal drama and otherwise irrelevant statements, including the testimony of Christian Gossett and Terry McIntosh.

Plaintiffs should not be permitted to rely these irrelevant personal attacks and other attempts to smear Defendants because the probative value of the evidence is outweighed by the prejudice to Defendants. Fed. R. Evid. 401-403. This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Diana Hughes Leiden ("Leiden Decl."), previously filed documents incorporated by reference herein, and upon such other and further evidence and argument as may be presented to the Court prior to or at the time of hearing on this motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on December 9, 2016.

Dated: December 16, 2016  **WINSTON & STRAWN LLP**

By: */s/ Erin R. Ranahan*
Erin R. Ranahan
Diana Hughes Leiden
Kelly N. Oki
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC. and
ALEC PETERS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") move for an *in limine* order precluding Plaintiffs Paramount Pictures Corporation and CBS Studios Inc. ("Plaintiffs") from relying on at trial any evidence or testimony relating to irrelevant personal drama, or evidence or testimony intended to personally smear Defendant Alec Peters. Specifically, Defendants seek to preclude the introduction of evidence from, or concerning, two witnesses—Christian Gossett, Terry McIntosh—who have personal scores to settle with Defendant Alec Peters. Defendants also seek to preclude any evidence or testimony the personal relationship Defendant Peters had with Ms. Kingsbury, and other documents or testimony regarding irrelevant personal matters or drama, as it has no bearing on the copyright issues presented for trial.

Defendants will suffer prejudice if this Motion is not granted because Plaintiffs will be able to rely on evidence that will certainly evoke bias, and likely influence the jury, without meeting the minimum standard for such evidence under Federal Rule of Evidence 403. For these and all the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion *in Limine*.

## II. RELEVANT FACTUAL BACKGROUND

Beginning in 2015, Defendant Alec Peters had concerns and personal disagreements with both Christian Gossett and Terry McIntosh that caused them to disassociate with Axanar Productions and *Axanar*. *See* ECF No. 90-11 (Peters Decl.).

Mr. Gossett collaborated with Mr. Peters in writing the screenplay for *Prelude to Axanar*, a short mockumentary available for free on YouTube. *Id.*; ECF No. 75-20 (*Prelude to Axanar*). On or around May 2015, Mr. Gossett left the production of *Axanar* and informed Defendants of his departure via a Facebook post. ECF No. 90-11 (Financial Report). Without any evidence, and following several heated conversations, he then later ███████████████████████████. *Id.*

As for Mr. McIntosh, who dealt with intellectual property issues with respect to *Prelude,* he ███████████████████████████████████████████████████████████████. *Id.* In 2016, Mr. McIntosh subsequently left the production of *Axanar*, ███████████████████████████████████████████████████████████████ ███████ *Id.*

Ms. Kingsbury was the Director of Fulfillment at Axanar Productions ECF No. 72-6 (Grossman Decl., Ex. C (Kingsbury tr. at 114:16-25)). She is the former girlfriend of Defendant Alec Peters.

## III. LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-403; *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence). Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more prejudicial than probative under Rule 403); *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) (holding district court did not abuse its discretion in

granting plaintiff's motion *in limine* to exclude evidence based on concerns that it might improperly influence the jury on the amount of statutory damages to assess under 504(c)(1) of the Copyright Act of 1976, because the evidence did not provide sufficiently probative information).

IV. **ARGUMENT**

   A. **The Court Should Exclude All Statements Made By Christian Gossett Because They Are Intended to Smear Defendants Axanar Productions and Alec Peters**

The legal rule for excluding prejudicial evidence under Federal Rule of Evidence 403 explains that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Plaintiffs intend to offer the testimony of disgruntled director Christian Gosssett in order to state, among other falsehoods, his non-legal *opinion* that Defendants' *Prelude to Axanar* infringes upon Star Trek intellectual property. *See* ECF No. 72-5 (Grossman Decl., Ex. C (Gossett tr. at 185:25-186:8)). Mr. Gossett's proposed testimony fails to meet the FRE 403 standard for several reasons.

First, it is impermissible lay testimony, and as such, Mr. Gossett's opinion on whether Defendants' Works—*i.e.*, *Prelude to Axanar* and *Axanar*—infringe on Plaintiffs' is irrelevant. *See Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051 (9th Cir. 2008) ("Testimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.").

Second, any factual testimony Mr. Gossett would have personal knowledge of—emails regarding the lease of a studio, preliminary sketches, etc.—has no bearing on whether the <u>final</u> version of *Prelude to Axanar* violates any protections Plaintiffs' may have with respect to their copyrighted works. Mr. Gossett's testimony here would, at best, confuse the jury about the proper facts for consideration in determining

1  Plaintiffs' copyright claims; at worst, his testimony results in undue prejudice against
2  Defendants when the facts have no bearing on the ultimate copyright issues left for
3  resolution.  Indeed, Defendants would be severely prejudiced should Plaintiffs be
4  allowed to present such testimony.
5       The Court should also preclude Mr. Gossett from appearing at trial, and should
6  exclude all such evidence from Gossett under Federal Rule of Evidence 403.

### i. Mr. Gossett's Personal Feud With Alec Peters Is Irrelevant to Plaintiffs' Copyright Claims

9       Even less relevant are the testimony and evidence concerning Mr. Gossett's
10 dislike for Defendant Peters—these quite obviously make no fact of consequence
11 more or less probable as it relates to the copyright issues presented for trial.  *See* Fed.
12 R. Evid. 401.  As mentioned, Mr. Gossett left Axanar Productions via a Facebook
13 post, and continued thereafter See Leiden Decl., Ex 8 (Peters tr. at 281:14-19) to
14 ██████████████████████████████████████████████████████████████████
15 ████████████████████████████  Such inflammatory testimony may tend to evoke an
16 emotional bias against Defendant Peters, and is unduly prejudicial given its minimal
17 evidentiary impact.  Fed. R. Evid. 403.  Mr. Gossett was also not mentioned in
18 Plaintiffs' Initial Disclosures, which presents another basis to exclude him.  *See*
19 Leiden Decl., Ex. 3 (Plaintiffs' Rule 26 Disclosures); *Gunchick v. Federal Ins. Co.*,
20 No. CV 14-1162 RSWL (PJWx), 2015 WL 1781404, at *5 (C.D. Cal. Apr. 20, 2015)
21 (excluding witnesses not previously disclosed in Rule 26 disclosures where "no
22 substantial justification" for failure to disclose was given); *see also Bartko v. Fidelity*
23 *Nat'l Fin., Inc.*, Case No. CV12-00986-JVS (MLGx), 2013 WL 1211440, at *4 (C.D.
24 Cal. Apr. 11, 2013) ("[T]he Court finds that generic, non-specific disclosures are
25 insufficient to meet the purpose of Rule 26. Absent an exception, these witnesses are
26 excluded.").  Therefore, all such testimony concerning Mr. Gossett's personal feud
27 with Defendant Peters should be excluded under Federal Rule of Evidence 403.
28

### B. Plaintiffs Should Be Precluded From Introducing the Testimony of Terry McIntosh On Relevancy and Prejudicial Grounds

Plaintiffs should likewise be precluded from introducing any testimony or evidence concerning Terry McIntosh, including his statements concerning whether Defendants planned to "trademark" Axanar, and other emails between them about irrelevant matter. See ECF No. 72-7 (Grossman Decl., Ex. E (McIntosh tr. at 20:23-22-15)).

Mr. McIntosh was a volunteer at Defendant Axanar Productions; his role comprised of managing and monitoring Defendants' social media campaigns. See ECF No. 90-11 (Financial Report). Despite this, Plaintiffs' have cherry-picked McIntosh's statements about irrelevant matters, including "trademarking" Axanar in a futile attempt to show Defendants' intended their fan films for commercial use. Dkt. 72 at 13 (Plaintiffs' Motion for Partial Summary Judgment). However, his testimony is irrelevant for at least two reasons. First, Defendants did not trademark Axanar, therefore his speculative statements are not probative of any intended use of Defendants' Works. ██████████████████████████████████████████████████████████████████████████████. Second, no trademark claims are even at issue in this case about "Star Trek," let alone Axanar. See also Defendants' Motion in Limine No. 6 (concurrently filed). Given the likelihood jury confusion regarding the relevance of "trademarking"—or lack thereof, in this instant matter—this evidence should be precluded on Federal Rule of Evidence 403 grounds.

### i. Mr. McIntosh's Personal Feud With Or Opinions About Alec Peters Are Irrelevant to Plaintiffs' Copyright Claims

Like Christian Gossett, Mr. McIntosh has made comments concerning his falling out with Defendant Peters. In particular, Mr. McIntosh has noted that he blocked Mr. Peters on social media and has ████████████ ████████████████████████ all which cast Defendants in a negative light.

1  ████████████████ Indeed, Mr. McIntosh has also gone on to parrot impermissible
2  hearsay regarding Defendants' use of funds. *See, e.g.*, ECF No. 72-7 (Grossman
3  Decl., Ex. E (McIntosh tr. at 52:12-22)). As explained in Defendants' Motion *in*
4  *Limine* No. 7, this is irrelevant altogether. Even if it were relevant, however, it is
5  undisputed that Mr. McIntosh worked remotely in Seattle, almost exclusively, during
6  his tenure with Defendant Axanar Productions, Inc., ████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ██████████████████████████████████. *Wicker v. Oregon ex rel. Bureau of Labor*,
10 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in
11 excluding conclusive, speculative evidence).
12      Defendants would be severely prejudiced should Mr. McIntosh be allowed to
13 parrot information of which he has insufficient knowledge. Thus, the entirety of Mr.
14 McIntosh's testimony on this point should be precluded under Federal Rule of
15 Evidence 403.
16     C. **Plaintiffs Should Be Precluded From Introducing Certain Evidence**
17         **or Testimony Concerning Diana Kingsbury**
18      Plaintiffs' plan to introduce evidence or references to Diana Kingsbury █
19 ████████████████████████████████████████████████████████████████
20 ██████████████████████████████████ *See, e.g.*, ECF No. 72 at 13
21 (Plaintiffs' Motion for Partial Summary Judgment); ECF No. 72-1 (Grossman Decl.,
22 Ex. A (Peters tr. at 197:12-15)). This type of evidence concerning Defendant Peters'
23 relationship simply has no bearing on the copyright issues presented for trial, and thus
24 is irrelevant. *See* Fed. R. Evid. 401. And yet, Plaintiffs seek to suggest—without any
25 actual evidence—there was some nefarious plot behind *Axanar* because of their
26 former personal relationship, when in fact the nature of Mr. Peters and Ms.
27 Kingsbury's personal relationship is wholly irrelevant to the copyright claims and
28 issues in this case.

All evidence, testimony and references concerning Defendant Peters' personal relationship with Ms. Kingsbury is irrelevant and would be a waste of time for the jury, and is unduly prejudicial given its lack of probative value and confusing nature. Fed. R. Evid. 403. As such, any testimony or evidence concerning Defendant Peters' "girlfriend" or "former girlfriend" should be excluded under Federal Rule of Evidence 403.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their Motion *in Limine* No. 5.

Dated: December 16, 2016　　　　**WINSTON & STRAWN LLP**

By: */s/ Erin R. Ranahan*
Erin R. Ranahan
Diana Hughes Leiden
Kelly N. Oki
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS