Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>  Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:  Hon. R. Gary Klausner*<br><br>**DEFENDANT AXANAR PRODUCTIONS, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6 TO PRECLUDE PLAINTIFFS FROM REFERRING TO IRRELEVANT SUPERSEDED SCRIPTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: January 31, 2017<br>Pretrial Conference: January 9, 2017<br>Trial Date:          January 31, 2017 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2017, or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner of the United States District Court for the Central District of California, at 255 East Temple Street, Los Angeles, California, 90012, Defendants Axanar Productions, Inc. and Alec Peters (collectively, "Defendants") will and hereby do move this Court for an order restricting the parties, all counsel and witnesses from mentioning, directly or indirectly, before jurors and prospective jurors from prior, superseded scripts.

This Motion *in Limine* No. 6 ("Motion") is brought pursuant to Rules 701-703 of the Federal Rules of Civil Procedure. This Motion is based upon this Motion and Notice of Motion, the supporting documents filed concurrently herewith, previously filed documents incorporated by reference herein, and such oral argument and submissions that may be presented at or before the hearing on this Motion. Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel that took place on December 9, 2016.

Dated:  December 16, 2016              WINSTON & STRAWN LLP


By: /s/ *Erin R. Ranahan*
    Erin R. Ranahan
    Andrew S. Jick
    Kelly N. Oki
    Attorneys for Defendants,
    AXANAR PRODUCTIONS, INC.
    and ALEC PETERS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Evidence 401-403,[1] Defendants Axanar Productions, Inc. and Alec Peters (collectively, "Defendants") move for an *in limine* order precluding Plaintiffs from introducing at trial any testimony or evidence constituting or relating to irrelevant, superseded scripts. Not only would such evidence be irrelevant and more prejudicial than probative, but also presentation of such evidence would be a waste of the jury and the Court's time to determine substantial similarity between the script and some unknown number of Plaintiffs' works, because there is no risk of that script being made. For these and all the following reasons, Defendants respectfully request that this Court grant its Motion *In Limine* No. 6.

## II. LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-403; *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence). Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because

---

[1] All further statutory references are to the Federal Rules of Evidence unless otherwise noted.

evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more prejudicial than probative under Rule 403).

### III. FACTUAL BACKGROUND

Plaintiffs filed this lawsuit about a film that was not yet made. ECF No. 26 (FAC ¶ 32). At the time Plaintiffs filed this lawsuit in December 2015, Defendants had prepared most recently version 7.7 of the script for *Axanar,* dated November 26, 2015. ECF No. 94-10 (Decl. of Bill Hunt at ¶ 2). Prior to that, Plaintiffs had created many versions of the script. Leiden Decl., Ex. 5 (Deposition Transcript of Bill Hunt ("Hunt Tr.") at 53:15-25). The Court assumed when ruling on Defendants' motion to dismiss that there was a "final, locked" script that was based on this Court's assumption that the facts in Plaintiffs' First Amended Complaint were true, and thus that the Court could look to that script in order to ascertain substantial similarity and presumably fair use. ECF No. 43 (Order re Defendants' Motion to Dismiss at 7). But discovery has proven otherwise.

After Defendants heard the announcement by J.J. Abrams on May 19, 2016 that the lawsuit "was going away," Defendants, optimistic about this announcement, began working on a revised draft script, which is the most recent draft and would be the only *Axanar* draft script that Defendants are still considering proceeding with producing. Leiden Decl., Ex. 5 (Hunt Tr. at 87:22-88:8). The latest script features two entirely new characters that were not in version 7.7, an original story, and an original dialogue. ECF No. 94-10 (Hunt Decl. at ¶¶ 3, 4, 9). The use of Star Trek characters is minor and transformative from any prior Star Trek work. ECF No. 75-19 (Peters Decl. at ¶ 16). This draft has 616 changes from the prior draft. ECF No. 94-10 (Hunt Decl. at ¶ 2).

Defendants are not planning on proceeding with the "7.7" November 2015 draft. ECF No. 94-10 (Hunt Decl. at ¶ 15). Moreover, Defendants are waiting to

obtain guidance from this lawsuit, including what happens with respect to the fair use defense as applied to *Prelude,* to determine whether breaking up *Axanar* into four "mockumentary" style pieces would likely also qualify as fair use. ECF No. 75-19 (Peters Decl. at ¶ 13).

## IV.   ARGUMENT

Courts have held that preliminary works such as draft screenplays are "too unreliable in determining substantial similarity" as to the final work. *Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 435 (S.D.N.Y. 1985); *See v. Durang*, 711 F.2d 141, 142 (9th Cir. 1983) (plaintiff not allowed discovery of "early drafts"); *Hudson v. Universal Pictures Corp.*, No. 03-CV-1008(FB)(LB), 2004 WL 1205762, at *3 (E.D.N.Y. April 29, 2004) ("The Court is under no obligation to consider the draft scripts[.]"); *Marshall v. Yates*, No. CV-81-1850-MML, 1983 WL 1148, at *2 n.2 (C.D. Cal. Oct. 26, 1983) (refusing to consider "draft screenplays or the shooting script" of movie because they were "not relevant"). Rather, it is "the works as they were presented to the public" that are relevant, not preliminary internal drafts. *Walker*, 615 F. Supp. at 434; *see also Chase-Riboud v. DreamWorks, Inc.*, 987 F. Supp. 1222, 1227 n.5 (C.D. Cal. 1997) (to determine substantial similarity, "the court need only consider the final version of [defendant's] film as presented to the viewing public"); 4 Nimmer on Copyright § 13.03[D]("[C]ourts have routinely rejected requests to consider earlier [screenplay] drafts.").

It would be a waste of the jury and the Court's time to sift through a draft script when there is no risk that such script will be made. If any script is permitted for consideration, given that the film over which Plaintiffs filed this lawsuit is not yet made, it should be the most recent one, and it should also be considered that Defendants are strongly considering producing *Axanar* in the same, unique mockumentary style as *Prelude*.

## V. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant its Motion *In Limine* No 6.

Dated: December 16, 2016                    WINSTON & STRAWN LLP

By: /s/ *Erin R. Ranahan*
Erin R. Ranahan
Diana Hughes
Kelly N. Oki
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS