Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:    (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>     vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>          Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:  Hon. R. Gary Klausner*<br><br>**DEFENDANTS AXANAR PRODUCTIONS, INC., AND ALEC PETERS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**<br><br>Pretrial Conference:  January 9, 2017<br>Trial Date:              January 31, 2017 |

# TABLE OF CONTENTS

**Page (s)**

I. INTRODUCTION .................................................................................................. 1

II. CLAIMS AND DEFENSES ................................................................................. 1

    A. Summary of Plaintiffs' Claims ................................................................ 1

        1. Claim 1: Copyright Infringement pursuant to 17 U.S.C. § 101 et seq.; .......................................................................................... 1

        2. Claim 2: Contributory Copyright Infringement; ........................... 1

        3. Claim 3: Vicarious Copyright Infringement; and .......................... 1

        4. Claim 4: Declaratory Judgment ...................................................... 1

    B. Elements Necessary to Prove Plaintiffs' Claims ..................................... 1

        1. Copyright Infringement ................................................................... 1

        2. Contributory Copyright Infringement ............................................. 2

        3. Vicarious Copyright Infringement .................................................. 2

        4. Declaratory Judgment ..................................................................... 3

    C. Brief Description of Key Evidence in Opposition to Each of Plaintiffs' Claims .................................................................................... 4

        1. Evidence in Opposition to Plaintiffs' Copyright Infringement Claim ............................................................................................... 4

        2. Evidence in Opposition to Plaintiffs' Contributory Copyright Infringement Claim ........................................................................ 5

        3. Evidence in Opposition to Plaintiffs' Vicarious Copyright Infringement Claim ........................................................................ 5

        4. Evidence in Opposition to Plaintiffs' Declaratory Judgment Claim ............................................................................................... 5

    D. Summary of Counterclaims and Affirmative Defenses Defendants Plan to Pursue ......................................................................................... 6

        1. Counterclaim for Declaratory Judgment of Non-Infringement ....... 6

        2. Fair Use .......................................................................................... 6

        3. Waiver ............................................................................................ 6

        4. Unclean Hands ................................................................................ 6

5.    First Amendment ..............................................................6

6.    Estoppel.............................................................................7

7.    Failure to Mitigate ...........................................................7

8.    Failure to Register ...........................................................7

9.    Lack of Standing…………………………………………7

10.   Acknowledgment, Ratification, Consent, and Acquiescence..........7

11.   Authorized Use .................................................................7

12.   Misuse of Copyright ........................................................7

13.   Constitutionally Excessive Damages................................7

E.    Elements Required to Establish Affirmative Defenses.............................8

1.    Fair Use ............................................................................8

2.    Waiver ..............................................................................8

3.    Unclean Hands .................................................................8

4.    First Amendment ..............................................................9

5.    Estoppel.............................................................................9

6.    Failure to Mitigate ...........................................................9

7.    Failure to Register ...........................................................9

8.    Lack of Standing…………………………………………9

9.    Acknowledgment, Ratification, Consent, and Acquiescence........10

10.   Authorized Use ...............................................................10

11.   Misuse of Copyright ......................................................10

12.   Constitutionally Excessive Damages..............................10

F.    Key Evidence Relied on in Support of Each Affirmative Defense .........10

1.    Fair Use ..........................................................................10

2.    Waiver ............................................................................11

3.    Unclean Hands ...............................................................11

4.    First Amendment ............................................................11

5.    Estoppel...........................................................................11

6.   Failure to Mitigate ........................................................ 12

7.   Failure to Register........................................................ 12

8.   Lack of Standing…………………………………………12

9.   Acknowledgment, Ratification, Consent, and Acquiescence........ 12

10.   Authorized Use ........................................................... 12

11.   Misuse of Copyright ..................................................... 13

12.   Constitutionally Excessive Damages............................... 13

G.   Anticipated Evidentiary Issues................................................ 13

H.   Anticipated Issues of Law ...................................................... 16

III.   BIFURCATION ................................................................................... 16

IV.   JURY TRIAL ...................................................................................... 16

V.   ATTORNEYS' FEES............................................................................ 16

VI.   ABANDONMENT OF ISSUES ........................................................... 17

## DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT & LAW

Pursuant to Local Rule 16-4, Defendant Axanar Productions, Inc. and Alec Peters ("Defendants") submit this Memorandum of Contentions of Fact and Law.

## I.   INTRODUCTION

Plaintiffs Paramount Pictures Corporation and CBS Studios, Inc. ("Plaintiffs") sued lifelong Star Trek fan Alec Peters and his small company, Axanar Productions, Inc. ("Defendants") for allegedly infringing the copyrights of 40 Star Trek episodes, 11 movies, and four novels ("Plaintiffs' Works").  Defendants' works at issue are (i) an original twenty-minute "mockumentary" entitled *Prelude to Axanar*; (ii) a three-minute scene (the "*Vulcan Scene*"); and (iii) Defendants' evolving plans to pursue another non-commercial film project and their creation of scripts for that project (the "Potential Fan Film") (collectively, "Defendants' Works").  Defendants assert that Plaintiffs' claims with respect to the unfinished project are premature; that none of Defendants' Works are substantially similar to Plaintiffs' Works; and that Defendants' Works are projected by the doctrine of fair use.

## II.   CLAIMS AND DEFENSES

### A.   Summary of Plaintiffs' Claims

1.   **Claim 1:**  Copyright Infringement pursuant to 17 U.S.C. § 101 *et seq.*;

2.   **Claim 2:**  Contributory Copyright Infringement;

3.   **Claim 3:**  Vicarious Copyright Infringement; and

4.   **Claim 4:**  Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Plaintiffs' "continued production of the Axanar Motion Picture constitutes infringement of the Star Trek Copyrighted Works."

### B.   Elements Necessary to Prove Plaintiffs' Claims

1.   Copyright Infringement

To succeed on their claims for copyright infringement, Plaintiffs must prove:

a.      Plaintiffs own valid copyrights in the works at issue; and

b.      Defendants copied original expression from the alleged copyrighted works.  Copying includes (1) reproducing the work in copies; (2) preparing derivative works based upon the copyrighted work; (3) distributing copies of the copyrighted work to the public by sale or other transfer or ownership or by rental or lease or lending, (4) performing publicly a copyrighted work, (5) displaying publicly a copyrighted work, and (6) performing a sound recording by means of a digital audio transmission.

*See* Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction Nos. 17.1, 17.4 (2007).

2.      <u>Contributory Copyright Infringement</u>

To succeed on their claims for contributory copyright infringement, Plaintiffs must prove:

a.      Plaintiffs own valid copyrights in the works at issue; and

b.      Direct copyright infringement by another; and

c.      Defendants knew or had reason to know of the infringing activity; and

d.      Defendants induced or materially contributed to the activity.

*See* Ninth Circuit Manual of Model Jury Instructions Civil (2007 ed.), Instructions 17.4, 17.20.

3.      <u>Vicarious Copyright Infringement</u>

To succeed on their claims for vicarious copyright infringement, Plaintiffs must prove:

a.      Direct copyright infringement by another; and

b.      Defendants directly benefitted financially from the infringing activity; and

1          c.     Defendants had the right and ability to control the infringing

2          activity; and

3          d.     Defendants failed to exercise that ability.

*See* Ninth Circuit Manual of Model Jury Instructions Civil (2007 ed.), Instructions 17.4, 17.19.

        4.   <u>Declaratory Judgment</u>

Plaintiffs seek a declaratory judgment "that Defendants' continued production of the *Axanar* Motion Picture constitutes infringement of the Star Trek Copyrighted Works." In order to obtain a declaratory judgment of copyright infringement, Plaintiffs must prove:

         a.     An actual controversy exists (despite the fact that Defendants have not yet created the motion picture);

         b.     Plaintiffs own valid copyrights in the works at issue; and

         c.     Defendants' motion picture, which does not yet exist, copies original elements from the alleged copyrighted works. Copying includes (1) reproducing the work in copies; (2) preparing derivative works based upon the copyrighted work; (3) distributing copies of the copyrighted work to the public by sale or other transfer or ownership or by rental or lease or lending, (4) performing publicly a copyrighted work, (5) displaying publicly a copyrighted work, and (6) performing a sound recording by means of a digital audio transmission.

*See* Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction Nos. 17.1, 17.4 (2007); 28 U.S.C. §§ 2201 *et seq.*

C.     **Brief Description of Key Evidence in Opposition to Each of Plaintiffs' Claims**

1.     Evidence in Opposition to Plaintiffs' Copyright Infringement Claim

There is no evidence to support a claim of copyright infringement against Defendants.  The key evidence that Defendants will rely upon in opposition to Plaintiffs' copyright infringement claim is: copies of *Prelude to Axanar* and the *Vulcan Scene*, scripts for the unmade Potential Fan Film, and testimony from Defendants' witnesses establishing that there is no substantial similarity between Plaintiffs' Works and Defendants' Works for many reasons, including that Defendants' Works introduce new characters, take place in a time period unexplored by Plaintiffs' Works, feature original plots, and that *Prelude to Axanar* is shot in a narrative "mockumentary" style never before used by either Plaintiffs or any other Star Trek fan fiction.  Defendants will rely upon the scripts for the unmade Potential Fan Film and testimony from Defendants' witnesses to prove that because Defendants are not currently committed to using any of the existing scripts in the Potential Fan Film, and have not decided what format, length and substance the Potential Fan Film will take when presented to the public, Plaintiffs' claims against Defendants based on the Potential Fan Film are unripe and cannot be decided by a jury.

Defendants will rely upon testimony from Defendants' witnesses (including damages expert Christian Tregillis and transformative use expert Henry Jenkins) and Plaintiffs' witnesses to prove that Defendants' Works are protected as fair use because they have no effect upon the potential market for or value of Plaintiffs' Works, they are transformative and noncommercial in nature, Defendants' Works do not use a substantial portion of Plaintiffs' Works, and because Plaintiffs' Works have been publicized for the last fifty years.  Defendants will also rely upon testimony from Defendants' witnesses and communications between Plaintiffs and Defendants to show that Defendants believed that they were operating within the accepted sphere of

1    fan fiction permitted by Plaintiffs and that therefore any copyright infringement was

2    not willful.

### 2.    Evidence in Opposition to Plaintiffs' Contributory Copyright Infringement Claim

5        There is no evidence to support a claim of contributory copyright infringement

6    against Defendants.  Defendants will rely upon the evidence summarized above in

7    order to oppose Plaintiffs' claim for direct copyright infringement, a required element

8    of contributory copyright infringement.  Defendants will rely upon testimony from

9    their witnesses and relevant communications to prove that Defendants did not know

10   about, have reason to know about, induce, or materially contribute to any copyright

11   infringement by third parties.

### 3.    Evidence in Opposition to Plaintiffs' Vicarious Copyright Infringement Claim

14       There is no evidence to support a claim of vicarious copyright infringement

15   against Defendants.  Defendants will rely upon the evidence summarized above in

16   order to oppose Plaintiffs' claim for direct copyright infringement, a required element

17   of vicarious copyright infringement.  Defendants will rely upon testimony from their

18   witnesses and relevant communications to prove that Defendants did not profit from

19   any alleged infringement, nor failed to exercise any right or ability to control the

20   infringing conduct of third parties.

### 4.    Evidence in Opposition to Plaintiffs' Declaratory Judgment Claim

22       Defendants will rely upon testimony from Defendants' witnesses and scripts

23   from the unmade Potential Fan Film to prove that Defendants are not currently

24   committed to using any of the existing scripts in the Potential Fan Film, and have not

25   decided what format, length and substance the Potential Fan Film will take when

26   presented to the public, and thus, Plaintiffs' claims against Defendants based on the

27   Potential Fan Film are unripe.

28

**D.     Summary of Counterclaims and Affirmative Defenses Defendants Plan to Pursue**

**1.     Counterclaim for Declaratory Judgment of Non-Infringement**

Defendants seek a declaratory judgment that Defendants' Works at issue do not infringe Plaintiffs' Works at issue, including without limitation because Plaintiffs' alleged Works are unprotectable as a matter of law; because Defendants' Works are not substantially similar to protectable elements of Plaintiffs' Works; and because to the extent Defendants' Works are held to be substantially similar to protectable elements of Plaintiffs' Works, Defendants' Works make fair use of such elements and are therefore non-infringing as a matter of law.

**2.     Fair Use**

Plaintiffs' claims are barred because any use by Defendants is a fair use, and therefore "is not an infringement of copyright" as a matter of law. To the extent Defendants' Works are found to have copied protectable elements of Plaintiffs' alleged works resulting in substantial similarity of the works, such use is fair because it has been made for purposes or criticism, comment, parody, or other purpose that is permitted pursuant to the First Amendment, decisional law, statute, or otherwise.

**3.     Waiver**

Plaintiffs' claims are barred because Plaintiffs expressly or impliedly waived their claims for copyright infringement against Defendants.

**4.     Unclean Hands**

Plaintiffs' claims are barred because Plaintiffs' conduct in connection with this litigation, including without limitation their eleventh-hour filing of this lawsuit, was unfair or unethical.

**5.     First Amendment**

Plaintiffs' claims are barred in whole or in part because the Copyright Act must be interpreted to be compatible with First Amendment guarantees, but Plaintiffs' claims and requested remedies are incompatible with the First Amendment.

### 6.   Estoppel

Plaintiffs are estopped from bringing some or all of their claims because of their past actions and statements that are inconsistent with or contradict their present assertions and claims.

### 7.   Failure to Mitigate

Plaintiffs are not entitled to damages, including but not limited to damages for unregistered works and statutory damages for willful infringement, because they failed to take reasonable steps to mitigate such damage.

### 8.   Failure to Register

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to register their alleged copyrights, including without limitation by failing to register purported "characters."

### 9.   Lack of Standing

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert their copyright claims.

### 10.   Acknowledgment, Ratification, Consent, and Acquiescence

Plaintiffs' claims are barred by Plaintiffs' acknowledgment, ratification, consent, and/or acquiescence to Defendants' use.

### 11.   Authorized Use

Plaintiffs' claims are barred, in whole or in part, because Defendants' use was authorized.

### 12.   Misuse of Copyright

Plaintiffs' claims are barred because they have misused their copyright(s), including by their abusive or improper conduct in exploiting or enforcing the copyright(s).

### 13.   Constitutionally Excessive Damages

The statutory damages sought by Plaintiffs are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of

the Due Process Clause of the United States Constitution.

**E.    Elements Required to Establish Affirmative Defenses**

1.    Fair Use

One who is not an owner of the copyright may use the copyrighted work in a reasonable way without the consent of the copyright owner if it would advance the public interest.  Factors bearing on whether a use is a fair use include:

1) The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2) The nature of the copyrighted work;

3) The amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4) The effect of the use upon the potential market for, or value of, the copyrighted work;

5) Any other factors that bear on whether the use is fair.

*See* 17 U.S.C. § 107; Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction No. 17.21.

2.    Waiver

The elements of a defense of waiver require a showing of Plaintiffs' intentional relinquishment of a right with knowledge of its existence and the intent to relinquish it.  *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (2001), *aff'd after remand*, 284 F.3d 291 (9th Cir. 2002).

3.    Unclean Hands

The elements for a defense of unclean hands in the copyright context are:

1) inequitable conduct by Plaintiffs;

2) that Plaintiffs' conduct directly relates to the claim which it has asserted against the defendant; and

3) that the Plaintiffs' conduct injured Defendants.

*See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)).

### 4. <u>First Amendment</u>

Defendants must establish that Plaintiffs' claims are incompatible with Defendants' constitutionally-guaranteed free speech rights.

### 5. <u>Estoppel</u>

The three elements of statutory estoppel are:

1) an assertion by a party of entitlement to statutory right or privilege;

2) the receipt by that party of an actual benefit pursuant to the statute; and

3) a subsequent assertion by that party that is inconsistent with entitlement to the statutory benefit previously received. *Sathon, Inc. v. Am. Arbitration Ass'n*, No. 83 C 6019, 1984 WL 2917, at *3 (N.D. Ill. Mar. 30, 1984) (citing *Technicon Med. Info. Sys. Corp. v. Green Bay Packaging, Inc.*, 687 F. 2d 1032, 1034 (7th Cir. 1982), cert. denied, 459 U.S. 1106, 103 S.Ct. 732 (1983)).

### 6. <u>Failure to Mitigate</u>

Defendants must establish that:

1) the damages suffered by Plaintiffs could have been avoided; and

2) Plaintiffs failed to use reasonable care and diligence in avoiding the damages. *Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978); Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction No. 5.3.

### 7. <u>Failure to Register</u>

Defendants must establish that Plaintiffs failed to register their alleged copyrights.

### 8. <u>Lack of Standing</u>

Defendants must establish that Plaintiffs were not the owner or exclusive licensee of the works they assert were infringed at the time of the alleged

infringement. *See Lanard Toys Ltd. v. Novelty Inc*., 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007).

9.   Acknowledgment, Ratification, Consent, and Acquiescence

Defendants must prove that Plaintiffs have given a license or its consent or acquiescence, express or implied, to Defendants to use Plaintiffs' Works. *See Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991); *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990).

10.   Authorized Use

Defendants must establish that Plaintiffs, by words or actions, authorized Defendants to use Plaintiffs' Works.

11.   Misuse of Copyright

The elements of copyright misuse require a showing that Plaintiffs have attempted to enforce their copyrights in a manner that goes beyond the scope of the rights granted under the United States Constitution. *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990); Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction No. 17.23.

12.   Constitutionally Excessive Damages

Defendants must prove that Plaintiffs seek excessive statutory damages. *Cf. Philip Morris USA v. Williams*, 549 U.S. 346, 346 (2007), cert. dismissed as improvidently granted, 129 S.Ct. 1436 (2009) (regarding excessive punitive damages).

**F.   Key Evidence Relied on in Support of Each Affirmative Defense**

1.   Fair Use

The key evidence that Defendants will rely upon to support this defense is as follows: the allegedly infringing videos and script, themselves, including the nature, purpose, and character of their minimal similarity to Plaintiffs' Works; expert testimony and documents relating to the lack of potential impact of Defendants' Works on the market for Plaintiffs' Works; and documents and testimony from Defendants' witnesses regarding Defendants' Works.

1

2          2.   <u>Waiver</u>

3          The key evidence that Defendants will rely upon to support this defense is as

4   follows: testimony from Defendants' and Plaintiffs' witnesses; and documents and

5   evidence demonstrating that Plaintiffs have ignored Defendant Peters' attempts to

6   communicate regarding the use of any allegedly infringing content in Defendants'

7   Works.   Defendants will also rely on Plaintiffs' delay in taking action against

8   allegedly infringing works before this lawsuit and Plaintiffs' delay in filing this

9   lawsuit.

10          3.   <u>Unclean Hands</u>

11          The key evidence that Defendants will rely upon to support this defense is as

12   follows: testimony from Defendants' and Plaintiffs' witnesses; and documents and

13   evidence demonstrating that Plaintiffs were aware of allegedly infringing content prior

14   to the filing of the Complaint, and, in spite of corresponding with Defendant Peters

15   previously about his interest in creating the works at issue, took no action against

16   Defendant Peters prior to filing this lawsuit and made no request for removal of the

17   allegedly infringing material.

18          4.   <u>First Amendment</u>

19          The key evidence that Defendants will rely upon to support this defense is as

20   follows: the allegedly infringing videos and script, themselves, including the nature,

21   purpose, and character of their minimal similarity to Plaintiffs' Works; and documents

22   and testimony from Defendants' witnesses regarding Defendants' Works.

23          5.   <u>Estoppel</u>

24          The key evidence that Defendants will rely upon to support this defense is as

25   follows: testimony from Defendants' and Plaintiffs' witnesses; testimony from experts

26   and their reports; and documents, including Plaintiffs' internal emails and

27   correspondence among the parties that demonstrate that Plaintiffs took advantage of

28   and benefited from the kind of fan participation that resulted in the alleged

1    infringements.

2              6.      Failure to Mitigate

3         The key evidence that Defendants will rely upon to support this defense is as
4    follows: documents and testimony from Plaintiffs' and Defendants' witnesses
5    regarding Plaintiffs' failure to mitigate damages by deliberately delaying in filing this
6    lawsuit against Defendants in spite of Plaintiffs' previous awareness of Defendants'
7    alleged infringing activity.

8              7.      Failure to Register

9         The key evidence that Defendants will rely upon to support this defense is as
10   follows:  documents and testimony from Plaintiffs' and Defendants' witnesses
11   regarding Plaintiffs' failure to register certain of its copyrights, including copyrights to
12   certain "characters" and other allegedly infringed elements.

13             8.      Lack of Standing

14        The key evidence that Defendants will rely upon to support this defense is as
15   follows:  documents and testimony from Plaintiffs' and Defendants' witnesses
16   demonstrating that either individual Plaintiff was not the owner or exclusive licensee
17   of the works ultimately determined to be infringed, if any, and therefore is not entitled
18   to a joint judgment against Defendants.

19             9.      Acknowledgment, Ratification, Consent, and Acquiescence

20        The key evidence that Defendants will rely upon to support this defense is as
21   follows: documents and testimony from Plaintiffs' and Defendants' witnesses
22   regarding Plaintiffs' failure to mitigate damages by deliberately delaying in filing this
23   lawsuit against Defendants in spite of Plaintiffs' previous awareness of Defendants'
24   alleged infringing activity.

25             10.     Authorized Use

26        The key evidence that Defendants will rely upon to support this defense is as
27   follows: testimony from Defendants' and Plaintiffs' witnesses; and documents,
28   including Plaintiffs' internal emails and correspondence among the parties that

demonstrate that Plaintiffs encouraged, took advantage of, and benefited from the kind of fan participation that resulted in the alleged infringements.

### 11. Misuse of Copyright

The key evidence that Defendants will rely upon to support this defense is as follows: the allegedly infringing videos and script, themselves; testimony and documents from Plaintiffs' and Defendants' witnesses; and court filings to demonstrate that Plaintiffs are using this lawsuit to prevent Defendants from engaging in lawful activity.

### 12. Constitutionally Excessive Damages

The key evidence that Defendants will rely upon to support this defense is as follows: testimony from Plaintiffs' and Defendants' witnesses; experts; and documents and evidence showing that Plaintiffs have failed to provide any quantifications of actual damages and have not suffered any actual damages.

## G. Anticipated Evidentiary Issues

The parties have filed the following Motions *in Limine* seeking evidentiary rulings:

Plaintiffs' Motions *in Limine*:

1.  To Exclude Altered Financial Statement And Its Contents, Or Any Of The Post-Litigation Transactions Reflected Therein (ECF No. 120);

2.  To Exclude Scripts Created After The Litigation Was Filed And Testimony Discussing Them (ECF No. 121);

3.  To Exclude Testimony Or Documents By J.J. Abrams And Justin Lin And Their Public Statements, Or Anything Related To Their Public Statements Or Documents Regarding This Matter (ECF No. 122);

4.  To Exclude Testimony Or Documents By Reece Watkins (ECF No. 123);

5. To Exclude Testimony And Documents Of Jonathan Lane (ECF No. 124);

6. To Exclude Testimony And Documents Regarding Star Trek Fan Films (ECF No. 127);

7. To Exclude Testimony And Documents Discussing Peters Unrelated Work Regarding Star Trek Props (ECF No. 129);

8. To Exclude All Testimony, Documents Or Other Evidence Made Or Created After The Filing Of The Original Complaint In This Litigation (ECF No. 131);

9. To Exclude The Testimony Of Christian Tregillis (ECF No. 137); and

10. To Exclude Testimony of Henry Jenkins (ECF No. 142).

Defendants' Motions *in Limine* (and explanation of the grounds therefore):

1. To preclude Plaintiffs from relying on evidence concerning alleged discovery violations because no discovery violations have been found against Defendants in this case nor is evidence of the parties' discovery disputes relevant to Plaintiffs' claims of copyright infringement.  (ECF No. 126);

2. To preclude Plaintiffs from relying on evidence that was not timely disclosed under the Court's scheduling order because the probative value of the evidence is outweighed by the prejudice to Defendants, who were prevented from taking any discovery on these documents. (ECF No. 128);

3. To preclude Plaintiffs from introducing evidence regarding allegedly infringed works not identified in the First Amended Complaint because allowing Plaintiffs to introduce such evidence after they withheld it from Defendants until the end of the discovery period would be severely prejudicial and would violate

14

Defendants' right to due process.  (ECF No. 130);

4.    To preclude Plaintiffs from relying on evidence regarding items that are unoriginal, in the public domain, or from third parties because such items are not protected by copyright, and any mention of them would improperly and unlawfully appear to the jury to expand the proper elements at issue with respect to Plaintiffs' copyright claims. (ECF No. 132);

5.    To preclude Plaintiffs from relying on evidence concerning personal drama, smear campaign, and other irrelevant communications, including witnesses Christian Gossett, Terry McIntosh, because the introduction of evidence intended to smear Defendants would evoke bias and influence the jury without adding any probative value to the copyright claims at issue.  (ECF No. 133);

6.    To preclude Plaintiffs from referring to irrelevant superseded scripts because it would waste the jury's and the Court's time to sift through a draft script when there is no risk that such script will be made.  (ECF No. 134);

7.    To preclude Plaintiffs from introducing certain of Defendants' financial information and inaccurate references to "profits" Defendants allegedly earned because any mention or mischaracterization of the money raised by Defendants through crowdfunding campaigns has no bearing on whether Defendants infringed on Plaintiffs' copyrights and risks prejudicing Defendants and confusing the jury.  (ECF No. 135);

8.    To preclude Plaintiffs from relying on any evidence, testimony, or argument suggesting that Defendants' use of the name "Star Trek" in their works is relevant to an infringement analysis because no

15

reference to the use of Star Trek as a name or trademark is related to any specific alleged copyright infringements at issue, and so any such use would have little to no probative value. (ECF No. 136); and

9.   To preclude Plaintiffs from referencing the quality of Defendants' Works as relevant to an infringement or fair use analysis because such evidence is irrelevant to the analysis of substantial similarity or the Works' transformative nature, and Defendants would be severely prejudiced by the implication that they are acting improperly by using professionals.  (ECF No. 138).

### H.   Anticipated Issues of Law

Defendants identify the following anticipated issues of law: (1) Whether Plaintiffs' claim regarding Potential Fan Film is premature; (2) Whether Defendants' Works are substantially similar to Plaintiffs' Works; (3) The number of works that are substantially similar and whether Plaintiffs' Works should be treated as one work for purposes of determining statutory damages; (4) Whether Defendants' Works are protected as fair use; and (5) Whether Defendants' alleged infringement was willful.

## III.   BIFURCATION

The parties have not requested bifurcation of the trial.

## IV.   JURY TRIAL

Defendants timely demanded a jury trial (ECF No. 26) in its answer to Plaintiff's First Amended Complaint. The copyright claims at issue in this case are triable to a jury. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

## V.   ATTORNEYS' FEES

Defendants intend, as indicated in its pleadings, to seek attorneys' fees from Plaintiffs if they prevail in this action. The Copyright Act provides that in any copyright action, the court "may allow the recovery of full costs by or against any party…[and] the court may award a reasonable attorney's fee to the prevailing party

as part of the costs." 17 U.S.C. § 505. To determine whether to grant a prevailing defendant attorneys' fees, the district court determines whether the successful defense of the action furthered the purposes of the Copyright Act. *Mattel Inc., v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (remanding for the district court to reconsider its denial of fees under the proper standard). To this end, the Court may consider several nonexclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness; and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Magnuson v. Recording Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) (citing *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Judge Posner of the Seventh Circuit Court of Appeals has emphasized that "[w]hen the prevailing party is the defendant . . . the presumption in favor of awarding fees is very strong." *Assessment Technologies, LLC v. WIREData, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004) (citing *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)); *see also Milton H. Greene Archives, Inc. v. Julien's Auction House, LLC*, No. 05-7686, 2007 WL 4898365, at *5 (C.D. Cal. Dec. 20, 2007). "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Assessment Technologies*, 361 F.3d at 439.

## VI.   ABANDONMENT OF ISSUES

Defendants do not intend to pursue certain of their pleaded affirmative defenses: Invalidity and Unenforceability of Copyright; and Forfeiture or Abandonment.

Dated: December 19, 2016          **WINSTON & STRAWN LLP**

By: */s/ Erin R. Ranahan*
     Erin R. Ranahan
     Diana Hughes Leiden
     Kelly N. Oki
     Attorneys for Defendants,
     AXANAR PRODUCTIONS, INC.
     and ALEC PETERS