1 | LOEB & LOEB LLP
2 | DAVID GROSSMAN (SBN 211326)
  | dgrossman@loeb.com
3 | JENNIFER JASON (SBN 274142)
  | jjason@loeb.com
  | 10100 Santa Monica Blvd., Suite 2200
4 | Los Angeles, CA  90067
  | Telephone: 310.282.2000
5 | Facsimile: 310.282.2200

6 | LOEB & LOEB LLP
7 | JONATHAN ZAVIN (admitted *pro hac vice*)
  | jzavin@loeb.com
  | 345 Park Avenue
8 | New York, NY  10154
  | Telephone: 212.407.4000
9 | Facsimile: 212.407.4990

10 | Attorneys for Plaintiffs
   | PARAMOUNT PICTURES
11 | CORPORATION and CBS STUDIOS
   | INC.

12

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15

16 | PARAMOUNT PICTURES
   | CORPORATION, a Delaware
17 | corporation; and CBS STUDIOS INC.,
   | a Delaware corporation,
18
   |              Plaintiffs,
19
   |         v.
20
   | AXANAR PRODUCTIONS, INC., a
21 | California corporation; ALEC PETERS,
   | an individual, and DOES 1-20,
22
   |              Defendants.
23

Case No.: 2:15-cv-09938-RGK-E

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4**

Discovery Cutoff:  November 2, 2016
Pre-Trial Conference: January 9, 2017
Trial:  January 31, 2017

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

# TABLE OF CONTENTS

**Page**

I.      Introduction ....................................................................................................1

II.     Claims and Defenses.......................................................................................3

        A.      Plaintiffs' Claims and Elements ........................................................3

                1.      Statement of Plaintiffs' Claims .............................................3

                2.      Brief Description of Key Evidence In Support of Each
                        of Plaintiffs' Claims...............................................................6

        B.      Defendants' Claims............................................................................12

                1.      Defendants' Counterclaim and Affirmative Defenses,
                        and Their Elements ..............................................................12

                2.      Brief Description of Key Evidence Relied on in
                        Opposition to Each Counterclaim and Affirmative
                        Defense..................................................................................17

III.    Anticipated Evidentiary Issues and Plaintiffs' Position on those
        Issues .............................................................................................................24

IV.     Anticipated Legal Issues and Plaintiffs' Position on those Issues................25

V.      Bifurcation....................................................................................................25

VI.     Jury Trial ......................................................................................................25

VII.    Attorneys' Fees ............................................................................................26

VIII.   Abandonment of Issues .................................................................................27

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*321 Studios v. MGM Studios, Inc.*,
  307 F. Supp. 2d 1085 (N.D. Cal. 2004)...........................................................14

*Alcatel USA, Inc. v. DGI Technologies, Inc.*,
  166 F.3d 772 (5th Cir.1999)...........................................................................16

*eBay, Inc. v. MercExchange, LLC*,
  547 U.S. 388 (2006)........................................................................................26

*Flexible Lifeline Sys. v. Precision Lift, Inc.*,
  654 F.3d 989 (9th Cir. 2011)............................................................................5

*Granite States Ins. Co. v. Smart Modular Techs.*,
  76 F.3d 1023 (9th Cir. 1996)..........................................................................26

*Hadady Corp. v. Dean Witter Reynolds, Inc.*,
  739 F. Supp. 1392 (C.D. Cal. 1990)...............................................................14

*Intamin, Ltd. v. Magnetar Techs. Corp*,
  623 F. Supp. 2d 1055 (C.D. Cal. 2009) ..........................................................26

*Keystone Driller Co. v. General Excavator Co.*,
  290 U.S. 240 (1933)........................................................................................13

*Lego A/S v. Best-Lock Constr. Toys, Inc.*,
  874 F. Supp. 2d 75 (D. Conn. 2012) ..............................................................26

*Levi Strauss & Co. v. Shilon*,
  121 F.3d 1309 (9th Cir. 1997)........................................................................13

*Lowry's Reports, Inc. v. Legg Mason, Inc.*,
  302 F. Supp. 2d 455 (D. Md. 2004)................................................................17

*PK Studios, Inc. v. R.L.R. Invs., LLC*,
  No. 2:15-cv-389-FtM-99CM, 2016 U.S. Dist. LEXIS 116057
  (M.D. Fla. Aug. 30, 2016)..............................................................................15

*Sias v. City Demonstration Agency*,
  588 F.2d 692 (9th Cir. 1978)..........................................................................14

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

ii

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

# TABLE OF AUTHORITIES

**Page(s)**

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
    768 F.2d 1001 (9th Cir.1985) .............................................................26

*United States v. Iron Mt. Mines*,
    812 F. Supp. 1528 (E.D. Cal. 1992) ...................................................26

*United States v. King Features Entm't, Inc.*,
    843 F.2d 394 (9th Cir. 1988) .............................................................13

**Statutes**

17 U.S.C. § 411 ...............................................................................15, 17

17 U.S.C. § 504(b) ................................................................................5

17 U.S.C. § 504(c) ................................................................................4

17 U.S.C. § 504(c)(1) ............................................................................5

17 U.S.C. § 504(c)(2) ............................................................................5

17 U.S.C. § 505 ..................................................................................26

**Other Authorities**

Ninth Circuit Manual of Model Jury Instructions § 14.1 (2007)................3

Ninth Circuit Manual of Model Jury Instructions § 17.19 (2007)..............4

Ninth Circuit Manual of Model Jury Instructions § 17.20 (2007)..............4

Ninth Circuit Manual of Model Jury Instructions § 17.21 (2007)......13, 26

Ninth Circuit Manual of Model Jury Instructions § 17.22 (2007)............16

Ninth Circuit Manual of Model Jury Instructions § 17.23 (2007)............16

Ninth Circuit Manual of Model Jury Instructions § 17.32 (2007)..............5

Ninth Circuit Manual of Model Jury Instructions § 17.34 (2007)..............5

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

iii

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I.    Introduction

Plaintiffs Paramount Pictures Corporation ("Paramount") and CBS Studios Inc. ("CBS") (collectively, "Plaintiffs"), own the copyrights to the famous Star Trek films and television series, and numerous related other merchandise, such as books, games, reference guides and documentaries (the "Star Trek Copyrighted Works"). Defendants Alec Peters and Axanar Productions (a for-profit company owned by Peters) illegally copied from Plaintiffs' works to create a twenty-minute infringing featurette/film entitled "*Star Trek: Prelude to Axanar*" ("*Prelude*").  Defendants' *Prelude* served as the precursor to Defendants' proposed full-length feature film entitled "*Star Trek: Axanar*" ("*Axanar*").  Defendants wrote a complete script for Axanar ("the Axanar Script"), and partially completed that film, which Peters himself repeatedly called a "professional" "independent Star Trek" film.  Peters proclaimed that his film would be "the best" Star Trek film ever.  *Prelude,* the Axanar Script, and the film to be based on the Axanar Script are collectively referred to as "the Axanar Works."  Defendants raised almost $1.5 million from Star Trek fans to create the Axanar Works, ███████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████.

*Prelude* featured characters from pre-existing Star Trek works, and was built around a storyline that was intended to be a "prequel" to the original Star Trek television series.  The story itself was taken from and based upon two copyrighted Star Trek works, an episode of the original series called "*Whom Gods Destroy*," and a guidebook to Star Trek: The Role Playing Game, entitled "*The Four Years War*." Following the release of *Prelude*, Defendants raised even more money from Star

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

1

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Trek fans and began production on Axanar.  Defendants hired professional actors, a number of whom had previously starred in the Star Trek television series, Defendants ███████████████████████████████████ (some of whom had also worked on authorized Star Trek works), Defendants created a script that they intended to use to create the film, they built a set and they shot multiple scenes. Defendants announced they would begin final production of Axanar in January 2016.

Plaintiffs own the Star Trek Copyrighted Works – a fact that was undisputed by Defendants in the recent motion for summary judgment submissions.  It is also undisputed that Defendants copied Plaintiffs' Star Trek Copyrighted Works.  As ownership and copying are the two elements of copyright infringement – there is no question that Defendants have engaged in copyright infringement.  The Axanar Works are set in the Star Trek universe, and feature numerous specific Star Trek characters, along with Plaintiffs' fictional races and organizations, such as Klingons, Vulcans, and the United Federation of Planets.  The Axanar Works also copy from the plots, themes, settings, mood, dialogue, characters, and pace of the Star Trek works.  The Axanar Works even replicate innumerable details from Plaintiffs' Star Trek works, including make-up, uniforms, weapons, language and fictional technology.  Defendants' avowed purpose was to make an authentic film that would "look and feel like a true Star Trek movie" – and they copied Plaintiffs' works in order to do so.

The Axanar Works infringe the Star Trek Copyrighted Works; and Defendants' after-the-fact assertions of non-infringement and "fair use" are specious.  Prior to the filing of this lawsuit, Defendants unequivocally declared that they were creating a "professional" Star Trek film, with a Star Trek storyline and Star Trek characters.  The Axanar Works are exactly what Defendants proclaimed them to be prior to this litigation – professional productions that are intended to be unlicensed "independent" Star Trek films for which Defendants received financial

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4

remuneration, and which were targeted at the same audience as Plaintiffs' Star Trek movies and television programs.  Defendants' Axanar Works fail completely under all four factors of the fair use test and there is no precedent for a finding of fair use under these circumstances.  As a matter of law, Defendants' Axanar Works are infringing unauthorized derivative works.

Plaintiffs have asserted claims for direct copyright infringement, contributory copyright infringement, and vicarious infringement against Defendants.  Plaintiffs seek statutory damages, or in the alternative actual damages.  Plaintiffs also seek a permanent injunction preventing Defendants from creating infringing works. Finally, Plaintiffs seek a declaration that the Axanar Works infringe Plaintiffs' Star Trek Works.

## II.   Claims and Defenses

### A.   Plaintiffs' Claims and Elements

#### 1.   Statement of Plaintiffs' Claims

Plaintiffs' FAC alleges the following claims against Defendants:

**Claim 1: Copyright Infringement**

Summary:  Defendants infringed Plaintiffs' Star Trek Motion Pictures and Star Trek Television Series, and novels (the "Star Trek Copyrighted Works").

Elements:  Plaintiffs must prove that: (1) Plaintiffs are the owners of a valid copyright; and (2) Defendants copied original expression from the copyrighted work.

Authority:  Ninth Circuit Manual of Model Jury Instructions § 14.1 (2007).

**Claim 2: Contributory Copyright Infringement**

Summary:  Peters contributed to the copyright infringement of Axanar Productions, Inc. of Plaintiffs' Star Trek Copyrighted Works.

Elements:  Plaintiffs must prove that: (1) Defendant Peters knew or had reason to know of the infringing activity of Axanar Productions, Inc.; and (2)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Defendant Peters intentionally induced or materially contributed to Axanar Productions, Inc.'s infringing activity.

Authority:  Ninth Circuit Manual of Model Jury Instructions § 17.20 (2007).

**Claim 3: Vicarious Copyright Infringement**

Summary:  Peters vicariously infringed Plaintiffs' Star Trek Copyrighted Works.

Elements: Plaintiffs must prove that: (1) Defendant Peters directly benefitted financially from the infringing activity of Axanar Productions, Inc.; and (2) Defendant Peters had the right and ability to supervise or control the infringing activity of Axanar Productions, Inc.

Authority: Ninth Circuit Manual of Model Jury Instructions § 17.19 (2007).

**Claim 4: Declaratory Judgment**

Summary: A controversy exists as to whether the Axanar Works infringe Plaintiffs' Star Trek Copyrighted Works.

Elements: Plaintiffs seek a declaration that Defendants' continued production the *Axanar* Motion Picture constitutes infringement of the Star Trek Copyrighted Works.

**Prayer for Relief: Damages**

Summary:  Plaintiffs seek, at their election, statutory damages of up to $150,000 for each separate Star Trek Copyrighted Work infringed, for willful infringement pursuant to 17 U.S.C. § 504(c), or Plaintiffs' actual damages sustained as a result of Defendants' acts of copyright infringement according to proof and Defendants' profits obtained as a result of their acts of copyright infringement according to proof.

Elements: With respect to statutory damages, Plaintiffs are entitled to statutory damages between $750 and $30,000 per infringed work, unless the jury concludes that Defendants' infringement is willful (in which case Plaintiffs are entitled to statutory damages of up to $150,000 per work).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

4

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

With respect to actual damages, Plaintiffs are entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement.  The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Defendants of the Plaintiffs' works.  That amount also could be represented by the lost license fees Plaintiffs would have received for Defendants' unauthorized use of Plaintiffs' works.

Authority: For statutory damages: 17 U.S.C. §§ 504(c)(1), (2); Ninth Circuit Manual of Model Jury Instructions § 17.34 (2007).

For actual damages: 17 U.S.C. § 504(b); Ninth Circuit Manual of Model Jury Instructions § 17.32 (2007).

**Prayer for Relief: Permanent Injunction**

Summary: Plaintiffs request that the Court enjoin Defendants, their agents, servants, employees, attorneys, successors, assigns, subsidiaries, and all persons, firms, and corporations acting in concert with them, from directly or indirectly infringing the copyrights in the Star Trek Copyrighted Works, including but not limited to continuing to distribute, copy, publicly perform, market, advertise, promote, produce, sell, or offer for sale the Axanar Works or any works derived or copied from the Star Trek Copyrighted Works, and from participating or assisting in any such activity whether or not it occurs in the United States.

Elements: In determining whether to issue a permanent injunction in copyright infringement actions, courts evaluate four factors: (1) irreparable harm; (2) inadequacy of monetary damages; (3) the balance of hardships; and (4) whether the public interest would be served by a permanent injunction.

Authority: *Flexible Lifeline Sys. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

## 2.     Brief Description of Key Evidence In Support of Each of Plaintiffs' Claims

### Claim 1: Copyright Infringement

Plaintiffs will introduce the following categories of evidence establishing that Defendants willfully reproduced, adapted, performed, and distributed Plaintiffs' copyrighted works:

- Copies of copyright registrations for Plaintiffs' Star Trek Copyrighted works as well as other chain of title documents showing that Plaintiffs acquired title to the Star Trek Copyrighted Works from the original producers.[1]

- If necessary, and if Defendants attempt to contest ownership, testimony from employees of Plaintiffs describing the chain of title for the Star Trek Copyrighted Works.

- Excerpts/clips and stills from television episodes and motion pictures that are part of the Star Trek Copyrighted Works.  The Star Trek Copyrighted Works comprise hundreds of hours of potentially relevant material.  In the interest of saving time and resources, Plaintiffs will only introduce material sufficient to show that Defendants copied the Star Trek Copyrighted Works in producing the Axanar Works.

- Excerpts from novels that are part of the Star Trek Copyrighted Works.  Out of the hundreds of novels set in the Star Trek universe, Plaintiffs will introduce only material sufficient to show that Defendants copied the Star Trek Copyrighted Works in producing the Axanar Works.

---

[1] Defendants previously represented to the Court, in connection with Plaintiffs' Motion for Partial Summary Judgment, that they did not dispute Plaintiffs' ownership of the Star Trek Copyrighted Works.  Defendants also failed and refused, in discovery, to provide any basis for disputing Plaintiffs' ownership of the Star Trek Copyrighted Works.  Nevertheless, Defendants have not agreed to stipulate to ownership for purposes of trial, so Plaintiffs are listing this element as a potential item for the trial of this matter.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

6

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- A copy of a booklet entitled The Four Years War, published by the FASA Corporation and licensed and copyrighted by Plaintiffs. This document describes the fictional events that form the basis of the Axanar Works and was used extensively by Defendants.

- Evidence of the Axanar Works themselves, including *Prelude*, the Axanar Script, an illustrated script for *Prelude*, and a completed scene from the upcoming Axanar feature with professional actor Gary Graham reprising his role from the television series, *Star Trek: Enterprise*, as the Vulcan Ambassador Soval.

- Communications in the form of emails and Facebook messages between Defendant Alec Peters and various individuals who contributed to the Axanar Works regarding the creative sources for the Axanar Works. These communications include numerous emails between Mr. Peters and the director of *Prelude* discussing the use of copyrighted material from the Star Trek Copyrighted Works and ways in which to ensure that the Axanar Works appeared as authentic Star Trek works, and were consistent with Star Trek "canon."

- Testimony from Defendant Peters, and various individuals who contributed to the Axanar Works, relating to the creation of the Axanar Works as well as to the source material for the Axanar Works. This evidence makes clear that Defendants copied original elements from Plaintiffs' works, including Klingons, Vulcans, Starfleet Officers, the U.S.S. Enterprise, Klingon battlecruisers, Vulcan spaceships, uniforms, weapons, and specific characters including Garth of Izar, Soval the Vulcan Ambassador and Klingon Commander Chang. Plaintiffs will also introduce testimony from these witnesses that Defendants' intended that the Axanar Works be extremely similar, or in some cases identical, to the Star Trek Copyrighted Works. Apart from Defendant

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

7

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Peters, Plaintiffs will introduce testimony from the director of *Prelude*, and the director of the upcoming Axanar feature.

- Testimony from John Van Citters, employee of Plaintiff CBS, and Daniel O'Rourke, employee of Defendant Paramount, regarding the elements of the Star Trek Copyrighted Works that were copied by the Axanar Works, and the originality of these elements.  These witnesses will also introduce excerpts from the Star Trek Copyrighted Works to the jury so that the jury is able to form their own opinion regarding similarity.

- Evidence that Defendants had access to the entirety of the Star Trek Copyrighted Works, including every television episode, motion picture, and *The Four Years War* supplement, among others, when they produced the Axanar Works.

- Evidence that Defendants intentionally withheld probative evidence from Plaintiffs, demonstrating that Defendants' infringement was willful and that Defendants attempted to mislead Plaintiffs and the jury as to the true extent of Defendants' infringement.

**Claim 2: Contributory Copyright Infringement**

Plaintiffs will introduce the following categories of evidence establishing that Defendant Alec Peters is contributorily liable for the copyright infringement of Defendant Axanar Productions, Inc.

- Testimony of Defendant Alec Peters establishing ███████████████ ███████████████████████████████████ ███████████████ .

- Testimony of contributors to the Axanar Works other than Defendant Alec Peters establishing ████████████████████████ ██████████████████████████████████████ ██████████████████████████

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

1  ██████████████████████████████████████████████

2  ███████████████████████.

3  • Documentary evidence, such as draft scripts and concept art, showing that

4  Peters was involved in all aspects of producing the Axanar Works.

5  • Pictures of Defendant Peters present at various stages of the production of the

6  Axanar Works, including during the filming of *Prelude to Axanar*.

7  • Evidence establishing that Peters had access to the entirety of the Star Trek

8  Copyrighted Works, including every television episode, motion picture, and

9  The Four Years War when he produced the Axanar Works.

10 • Emails and other communications between Peters and other contributors to

11 the Axanar works establishing ████████████████████████

12 ██████████████████████████.

13 • Corporate documents showing that Peters owns the sole interest in Defendant

14 Axanar Productions, Inc.

15 **Claim 3: Vicarious Copyright Infringement**

16 Plaintiffs will introduce the following categories of evidence establishing that

17 Defendant Alec Peters is vicariously liable for the copyright infringement of

18 Defendant Axanar Productions, Inc.

19 • Documentary evidence, ████████████████████████████

20 █████████████████████████████████████████████

21 ████████████████████████.

22 • ████████████████████████████████████

23 ██████████████████████.

24 • Financial documents from Defendants showing the total funds raised by

25 Defendants using the protected material from the Star Trek Copyrighted

26 Works. ████████████████████████████████████████

27 ████████████████████████████████████████████

28 █████████████████████████████████████████████████

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

9

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

1  ███████████████████████████████████████

2  ███████████████████████████████████████

3  ████████████████████████████████████

4  ███████████████████████████████████████

5  ████████████████████████████████████████

6  ████████████████████████████████ .

7  • Communications, including emails and Facebook chat transcripts, showing

8  that use of the Star Trek Copyrighted Works ████████████████

9  ██████████████████████████████████ .

10  • Testimony from various contributors to the Axanar works regarding ████████

11  ██████████████████ .

12  • Testimony of Peters establishing ████████████████████

13  ████████████████████████████████████████

14  ██████████ .

15  • Testimony of other contributors to the Axanar Works establishing ███████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  ██████████████████████████████████ .

20  • Documentary evidence, such as draft scripts and concept art, showing that

21  ██████████████████████████████████ .

22  • Pictures of Peters present at various stages of the production of the Axanar

23  Works, including during the filming of Prelude to Axanar.

24  • Evidence establishing that Peters had ██████████████████

25  ████████████████████████████████████████

26  ████████████████████████████████ .

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- Emails and other communications between Peters and other contributors to the Axanar works establishing ████████████████████████████ ████████████████████████████.

**Claim 4: Declaratory Judgment**

Plaintiffs will introduce the following categories of evidence establishing Plaintiffs are entitled to a declaratory judgment that Defendants' continued production of the *Axanar* feature constitutes infringement of the Star Trek Copyrighted Works.

- Copies of copyright registrations for Plaintiffs' Star Trek Copyrighted works as well as other chain of title documents showing that Plaintiffs acquired title to the Star Trek Copyrighted Works from the original producers.

- Testimony from employees of Plaintiffs describing the chain of title for the Star Trek Copyrighted Works.

- Excerpts/clips and stills from television episodes and motion pictures that are part of the Star Trek Copyrighted Works.  The Star Trek Copyrighted Works comprise hundreds of hours of potentially relevant material.  In the interest of saving time and resources, Plaintiffs will only extract sufficient material to show that Defendants copied the Star Trek Copyrighted Works in producing the Axanar Works.

- Excerpts from novels that are part of the Star Trek Copyrighted Works.  Out of the hundreds of novels set in the Star Trek universe, Plaintiffs will extract only sufficient material to show that Defendants copied the Star Trek Copyrighted Works in producing the Axanar Works.

- Evidence of the upcoming *Axanar* feature, including the Axanar Script, and a completed scene from the Axanar feature featuring professional actor Gary Graham reprising his role from *Star Trek: Enterprise* as Vulcan Ambassador Soval.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4

- A copy of a booklet entitled *The Four Years War*, published by the FASA Corporation and licensed by Plaintiffs.   This document describes the fictional events that form the basis of the Axanar Works and was used extensively by Defendants.

- Testimony of Defendant Peters ███████████████████████ ████████████████████████████████████████████████████████ ███████████████████████.

- Documentary evidence showing that Defendants intend to continue producing more infringing content for the foreseeable future.

## B.    Defendants' Claims

### 1.    Defendants' Counterclaim and Affirmative Defenses, and Their Elements

**Counterclaim 1: Declaratory Relief:**

Summary: A controversy exists as to whether Defendants infringe Plaintiffs' Star Trek Copyrighted Works.

Elements: Defendants seek a declaratory judgment that *Prelude to Axanar*, Defendants' scripts for the planned feature film *Axanar*, the Vulcan Scene, and any other fixed works that Plaintiffs claim are infringing, are not substantially similar to any of Plaintiffs' works; and/or are lawful under the fair use doctrine; and do not infringe Plaintiffs' copyrights.

**First Affirmative Defense – Fair Use:**

Summary: Plaintiffs' claims are barred because any use by Defendants of Plaintiffs' works constitutes fair use.

Elements: Defendants have the burden of proving fair use by a preponderance of the evidence.  In determining whether the use made of the work was fair, the following factors are considered: (1) the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

12

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

portion used in relation to the copyrighted work as a whole; (4) the effect of the use upon the potential market for or value of the copyrighted work.

Authority: Ninth Circuit Manual of Model Jury Instructions § 17.21 (2007).

**Second Affirmative Defense : Waiver**

Summary: Plaintiffs' claims are barred by the doctrine of waiver.

Elements: Defendants must prove by a preponderance of evidence that: (1) Plaintiffs intentionally relinquished a known right with knowledge of its existence; and (2) the intent to relinquish it.

Authority: *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988).

**Third Affirmative Defense: Unclean Hands**

Summary: Plaintiffs' claims are barred by the doctrine of unclean hands.

Elements: Defendants must show by a preponderance of evidence that: (1) Plaintiffs' conduct is inequitable; and (2) the conduct relates to the subject matter of Plaintiffs' claims.

Authority: *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933); *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997), *quoting Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).

**Fourth Affirmative Defense: First Amendment**

Summary: Plaintiffs' claims are barred by the First Amendment.

Elements: The First Amendment is not an affirmative defense to copyright infringement claims; rather, First Amendment concerns are built into the Copyright Act.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Authority: *321 Studios v. MGM Studios, Inc.*, 307 F. Supp. 2d 1085, 1104 (N.D. Cal. 2004)("Copyright law contains built-in First Amendment accommodations."), *citing Eldred v. Ashcroft*, 537 U.S. 186 (2003). [2]

**Fifth Affirmative Defense: Estoppel**

Summary: Plaintiffs' claims are barred by the doctrine of estoppel.

Elements: Defendants must prove: (1) Plaintiffs knew of Defendants' infringing conduct; (2) Plaintiffs intend that their conduct is acted on or act that Defendants have a right to believe that it is so intended; (3) Defendants were ignorant of the true facts; and (4) Defendants detrimentally relied on Plaintiffs' conduct.

Authority: *Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392, 1399 (C.D. Cal. 1990).

**Sixth Affirmative Defense: Failure to Mitigate**

Summary: Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages, if any.

Elements: Defendants must establish: (1) the damage suffered by Plaintiffs could have been avoided; and (2) Plaintiffs failed to use reasonable care and diligence in avoiding the damages.

Authority: *Sias v. City Demonstration Agency*, 588 F.2d 692, 696-97 (9th Cir. 1978).

**Seventh Affirmative Defense: Acknowledgement, Ratification, Consent, and Acquiescence**

Summary: Plaintiffs acknowledged, ratified, consented to, and acquiesced in Defendants' conduct.

---

[2] The court also noted that "the First Amendment is not an affirmative defense to a claim under the DMCA." *321 Studios v. MGM Studios, Inc.*, 307 F. Supp. 2d 1085, 1107 (N.D. Cal. 2004).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

14

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

<u>Elements:</u> Consent and acquiescence are distinct affirmative defenses. Consent requires that Defendants establish an intent by Plaintiffs to surrender rights in his work.  Acquiescence requires that the Defendants establish an active representation that Plaintiffs would not assert a right or claim.

<u>Authority:</u> *PK Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FtM-99CM, 2016 U.S. Dist. LEXIS 116057, at *8 (M.D. Fla. Aug. 30, 2016)(internal quotations and citations omitted).

**<u>Eighth Affirmative Defense: Failure to Register</u>**

<u>Summary:</u> Plaintiffs failed to obtain valid copyright registrations, failed to properly or timely register their works, failed to properly renew their registrations, and/or failed to comply with other statutory requirements or formalities.

<u>Elements:</u> This affirmative defense relates to Plaintiffs' purported lack of ownership of the copyrights at issue.  Because Plaintiffs must establish valid copyrights in order to proceed with the suit, this is not a proper affirmative defense. Further, Defendants refused to offer any basis, in response to written discovery requests, to support this claimed defense.

<u>Authority:</u> 17 U.S.C. § 411.

**<u>Ninth Affirmative Defense: Invalidity of Unenforceability of Copyright</u>**

<u>Summary:</u> Plaintiffs' claims are barred because their copyrights are invalid and/or unenforceable.

<u>Elements:</u> This purported affirmative defense relates to Plaintiffs' purported lack of ownership of the copyrights at issue.  Because Plaintiffs must establish valid copyrights in order to proceed with the suit, this is not a proper affirmative defense. Further, Defendants refused to offer any basis, in response to written discovery requests, to support this claimed defense.

<u>Authority:</u> 17 U.S.C. § 411.

**<u>Tenth Affirmative Defense: Authorized Use</u>**

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Summary: Plaintiffs' claims are barred because they impliedly authorized Defendants' allegedly infringing use of their works.

Elements: Plaintiffs are not aware of how this defense differs from Defendants' Seventh Affirmative Defense (Acknowledgement, Ratification, Consent, and Acquiescence).

**Eleventh Affirmative Defense: Forfeiture or Abandonment**

Summary: Plaintiffs' claims are barred because they have forfeited or abandoned their copyrights.

Elements: Defendants have the burden of proving by a preponderance of evidence: (1) Plaintiffs intended to surrender ownership rights in the work; and (2) an act by Plaintiffs evidencing that intent.

Authority: Ninth Circuit Manual of Model Jury Instructions § 17.22 (2007).

**Twelfth Affirmative Defense: Misuse of Copyright**

Summary: Plaintiffs' claims are barred by the doctrine of misuse of copyright.

Elements: Copyright misuse is an equitable defense to copyright infringement. In *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 793 (5th Cir.1999), the Fifth Circuit affirmed a jury decision that a copyright holder had engaged in copyright misuse by stating, "A reasonable juror could conclude, based on the licensing agreement, that 'DSC has used its copyrights to indirectly gain commercial control over products DSC does not have copyrighted,' namely, its microprocessor cards."

Authority: Ninth Circuit Manual of Model Jury Instructions § 17.23 (2007), citing *Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1115 (9th Cir.2010) and *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772 (5th Cir.1999).

**Thirteenth Affirmative Defense: Constitutionally Excessive Damages**

Summary: Plaintiffs' claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

Elements: The Due Process clause does not apply to statutory damages. *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459- 60 (D. Md. 2004) (no Due Process defense to statutory damages because "[s]tatutory damages exist in part because of the difficulties in proving—and providing compensation for—actual harm in copyright infringement actions").

Authority: *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459- 60 (D. Md. 2004)

**Fourteenth Affirmative Defense: Lack of Standing**

Summary: Plaintiffs' claims fail because they lack standing.

Elements: This affirmative defense relates to Plaintiffs' purported lack of ownership of the copyrights at issue.  Because Plaintiffs must establish valid copyrights in order to proceed with the suit, this is not a proper affirmative defense. Further, Defendants refused to offer any basis, in response to written discovery requests, to support this claimed defense.

Authority: 17 U.S.C. § 411.

## 2.    Brief Description of Key Evidence Relied on in Opposition to Each Counterclaim and Affirmative Defense

**Counterclaim 1: Declaratory Relief:**

Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

**First Affirmative Defense – Fair Use:**

Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

17

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- The Axanar Works are not "transformative" and the works themselves show that they do not "recast" or "transform" Plaintiffs' works and, instead, simply re-create Plaintiffs' copyrighted characters, such as Klingons, Vulcans, Garth of Izar, Soval the Vulcan Ambassador, and the U.S.S. Enterprise, and place those copyrighted characters and elements in a slightly different time period (two decades before the events depicted in *The Original Series*). Peters' own statements, prior to the filing of this suit, as well of the statements of his colleagues on the Axanar project, will demonstrate that this was a professional film project that was meant to be authentic "Star Trek" that was true to Star Trek "canon."

- The character of the use was not for "nonprofit educational purposes" and, instead, was for commercial gain.  The evidence will show that ███████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████████████ █████████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████ █████████████████████████████████████████ ███████████████████████████████████████ ███████████████████████.

- Documentary evidence showing that Defendants characterized the Axanar Works as professional independent Star Trek films rather than amateur productions and that they intended to create a market substitute for Plaintiffs' works.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- Evidence, in the form of Plaintiffs' works, showing the creative nature of the copyrighted works that were infringed, and showing that those works include fictional and unique elements and characters.

- Evidence, in testimony and documents, including emails and the works at issue, showing that the amount and substantiality of the portions used by Defendants.  Defendants took their plot from an episode of *The Original Series*, and also took story elements from the copyrighted licensed Star Trek: The Role Playing Game supplement called "*The Four Years War*."  Defendants took the settings of the Axanar Works from Plaintiffs' works, replicating the time period (a "stardate" taking place two decades before the original series, during the Four Years War with the Klingon Empire), along with bridges of Federation and Klingon space ships, Vulcan, Federation and Klingon spaceships, the planet Vulcan and many other settings.  Defendants also took specific characters, described above, and copied Plaintiffs' tone and theme of the Star Trek works, including the conflict between the Federation and the Klingon Empire depicted as part of a military space drama.  The evidence will show that Defendants copied a tremendous amount of creative, copyrighted expression from Plaintiffs, effectively copying the "heart" of Plaintiffs' works.

- Testimony of various contributors to the Axanar Works regarding ██████████████████████████████████████████ ████████████.

- Evidence showing that the Star Trek Copyrighted Works and the Axanar Works occupy the same marketplace and are directed towards the same audiences.  The evidence, ██████████████████ and statements from Defendants will show that the Defendants intended to create a product that was competitive with Plaintiffs' works, and that, if

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

such unlicensed, professional works were to proliferate, the market for Plaintiffs' derivative works would be damaged.  Plaintiffs have repeatedly used characters from *The Original Series* and used those characters in subsequent derivative works, including films and television series, and Defendants' work appropriates characters and elements from *The Original Series* to create an unauthorized derivative work.

**Second Affirmative Defense: Waiver**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Plaintiffs are not aware of any evidence to support this affirmative defense.

- Testimony from employees of Plaintiffs that Plaintiffs did not intend to, and did not, relinquish their right enforce copyright protection on the Star Trek Copyrighted Works.

- Documentary evidence showing prior enforcement actions against entities that infringed on Plaintiffs copyrights to the Star Trek Copyrighted Works.

- Communications between Plaintiffs and third parties regarding potential infringements of the Star Trek Copyrighted Works showing that Plaintiffs actively protected the Star Trek Copyrighted Works.

- Testimony and documents from John Van Citters, employee of Plaintiff CBS, and Peters that Plaintiffs had been in communication with Defendants regarding Defendants' potential infringement via the Axanar Works.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4

**Third Affirmative Defense: Unclean Hands**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Plaintiffs are not aware of any evidence to support this affirmative defense.

- The application of the doctrine of "unclean hands" would require some evidence that Plaintiffs misused the copyrights at issue in this case, and no such evidence has been described by the Defendants in any pleading, submission or discovery response in this case, nor does any such evidence exist.

**Fourth Affirmative Defense: First Amendment**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Plaintiffs are not aware of any evidence to support this affirmative defense.  Further, there is no such defense to a copyright infringement claim.

**Fifth Affirmative Defense: Estoppel**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Testimony and documents, including emails, showing that Plaintiffs expressed concerns about the Axanar Works to Defendants and that Defendants ignored those concerns.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- Emails between Plaintiffs and Defendants predating the Axanar Works showing that Defendant Alec Peters was aware of Plaintiffs pattern of enforcing their copyrights in the Star Trek Copyrighted Works.

- Documentary and testimonial evidence showing that Defendant Peters knew that his Axanar Works were not authorized.

**Sixth Affirmative Defense: Failure to Mitigate**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Plaintiffs are not aware of any evidence to support this affirmative defense.

- Plaintiffs filed suit prior to the creation of the full-length Axanar film, thereby precluding Defendants from further damaging Plaintiffs by completing the film.

**Seventh Affirmative Defense: Acknowledgement, Ratification, Consent, and Acquiescence**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Testimony from employees of Plaintiffs that Plaintiffs never communicated to Defendants permission to infringe on the Star Trek Copyrighted Works, or approval of the Axanar Works of any kind.

**Eighth Affirmative Defense: Failure to Register**

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4

Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

### Ninth Affirmative Defense: Invalidity of Unenforceability of Copyright

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

### Tenth Affirmative Defense: Authorized Use

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Testimony from employees of Plaintiffs that Plaintiffs never communicated to Defendants permission to infringe on the Star Trek Copyrighted Works, or approval of the Axanar Works of any kind.

### Eleventh Affirmative Defense: Forfeiture or Abandonment

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

- Testimony from employees of Plaintiffs that Plaintiffs have never intended to abandon their rights in the Star Trek Copyrighted Works.

### Twelfth Affirmative Defense : Misuse of Copyright

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

23

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- Plaintiffs are not aware of any evidence to support this affirmative defense.
- The application of the doctrine of "copyright misuse" would require some evidence that Plaintiffs misused the copyrights at issue in this case, and no such evidence has been described by the Defendants in any pleading, submission or discovery response in this case, nor does any such evidence exist.

### Thirteenth Affirmative Defense: Constitutionally Excessive Damages

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.
- This is not a proper affirmative defense, and there is no damages award as of yet for Defendants to contest.

### Fourteenth Affirmative Defense: Lack of Standing

- Plaintiffs incorporate by reference the evidence described in section II(A)(2), which shows that Plaintiffs own the Star Trek Copyrighted Works and that Defendants infringed on the Star Trek Copyrighted Works through the Axanar Works.

### III.   Anticipated Evidentiary Issues and Plaintiffs' Position on those Issues

As reflected in Plaintiffs' Motions in Limine, Plaintiffs believe the following evidence is inadmissible:

- Defendants' altered financial statement and its contents, or any of the post-litigation transactions reflected therein (Dkt. No. 120)
- Scripts created after the litigation was filed and testimony discussing them (Dkt. No. 121)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

24

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

- Testimony or documents by J.J. Abrams and Justin Lin and their public statements, or anything related to their public statements or documents regarding this matter (Dkt. No. 122)
- Testimony or documents by Reece Watkins (Dkt. No. 123)
- Testimony and documents of Jonathan Lane (Dkt. No. 124)
- Testimony and documents relating to Star Trek fan films (Dkt. No. 127)
- Testimony and documents discussing Peters' unrelated work regarding Star Trek props (Dkt. No. 129)
- Testimony, documents, or other evidence created after the filing of the original complaint in this action (Dkt. No. 131)
- Testimony of Christian Tregillis (Dkt. No. 137)
- Testimony of Henry Jenkins (Dkt. No. 142)

## IV.   Anticipated Legal Issues and Plaintiffs' Position on those Issues

Both parties have filed motions for summary judgment, which are fully briefed and have been taken under submission (Dkt. No. 114). On December 16, 2016, the parties also filed their respective motions in limine, addressing the evidentiary issues anticipated in connection with this trial.

## V.   Bifurcation

Plaintiffs do not seek to bifurcate any issues.

## VI.   Jury Trial

A timely demand for a jury trial has been made. The following issues are triable to the jury:

1.      Copyright infringement under the three theories asserted by Plaintiffs: (1) Direct Infringement, (2) Contributory Infringement, (3) Vicarious Infringement. *See* Ninth Circuit Manual of Model Jury Instructions §§ 17.0, 17.4, 17.19, 17.20 (2007). Plaintiffs' and Defendants' claims for declaratory relief, which relate to copyright infringement.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

25

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4

2.    The following affirmative defenses: First Affirmative Defense (Fair Use),[3] Seventh Affirmative Defense (Acknowledgement, Ratification, Consent, and Acquiescence),  Eighth (Failure to Register), Ninth Affirmative Defense (Invalidity of Unenforceability of Copyright), Tenth Affirmative Defense (Authorized Use), Eleventh Affirmative Defense (Forfeiture or Abandonment), Twelfth Affirmative Defense (Misuse of Copyright), Fourteenth Affirmative Defense (Lack of Standing).

3.    Statutory damages per work and actual damages.[4]

The following issues are triable to the Court:

1.    Plaintiffs' prayer for a permanent injunction.[5]

2.    Defendants' equitable affirmative defenses[6]: Second Affirmative Defense (Waiver),[7] Third Affirmative Defense (Unclean Hands),[8] Fifth Affirmative Defense (Estoppel),[9]

3.    Defendants' remaining defenses would also be triable to the Court, including the Fourth Affirmative Defense (First Amendment).

## VII.  <u>Attorneys' Fees</u>

Plaintiffs may be entitled to their attorneys' fees pursuant to the Copyright Act.  *See* 17 U.S.C. § 505; *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir.1985)(affirming award of attorneys' fees where plaintiff was

---

[3] *See* Ninth Circuit Manual of Model Jury Instructions § 17.21.

[4] *See* Ninth Circuit Manual of Model Jury Instructions § 17.32, 17.33, 17.34, 17.35, 17.36. As this relates to damages, this includes Defendants' Sixth Affirmative Defense (Failure to Mitigate) and Thirteenth Affirmative Defense (Constitutionally Excessive Damages).

[5] *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

[6] "A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." *Granite States Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1027 (9th Cir. 1996)(citation omitted).

[7] *United States v. Iron Mt. Mines*, 812 F. Supp. 1528, 1546 (E.D. Cal. 1992) (waiver is an equitable defense).

[8] *Intamin, Ltd. v. Magnetar Techs. Corp*, 623 F. Supp. 2d 1055, 1074 (C.D. Cal. 2009)(unclean hands is an equitable doctrine).

[9] *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 874 F. Supp. 2d 75, 81 (D. Conn. 2012)(estoppel is an equitable doctrine).

11022223.1
202828-10048

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16-4

1    successful in prevailing over defendant on most claims and record contained

2    substantial evidence of deliberate infringement).

3    **VIII.** **Abandonment of Issues**

4          Plaintiffs are not abandoning any issues.

5

6    Dated:  December 19, 2016            LOEB & LOEB LLP

7                                        JONATHAN ZAVIN
                                         DAVID GROSSMAN
                                         JENNIFER JASON

8

9                                        By:*/s/  Jennifer Jason*_____

10                                          Jennifer Jason
                                            Attorneys for Plaintiffs

11                                          PARAMOUNT PICTURES
                                            CORPORATION and CBS STUDIOS

12                                          INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11022223.1
202828-10048

27

PLAINTIFFS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW
PURSUANT TO LOCAL RULE 16-4