LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
JENNIFER JASON (SBN 274142)
jjason@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

LOEB & LOEB LLP
JONATHAN ZAVIN (Admitted *pro hac vice*)
jzavin@loeb.com
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000
Facsimile: 212.407.4990

Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>**PLAINTIFFS' OPPOSITION TO RENEWED APPLICATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE BY LANGUAGE CREATION SOCIETY AND REQUEST FOR SANCTIONS**<br><br>Trial: January 31, 2017 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11040599.1
202828-10048

OPPOSITION TO RENEWED APPLICATION BY
LCS FOR LEAVE TO FILE AMICUS BRIEF

## I. INTRODUCTION

Well after completion of all of the briefing on Plaintiffs' and Defendants' Motions for Summary Judgment (the "Motions"), and well after the Court took the Motions under submission, the Language Creation Society ("LCS") renewed its application to file an amicus curiae brief, which was previously filed after the parties fully briefed Defendants' Motion to Dismiss the First Amended Complaint, arguing the hypothetical issue of whether a fictional language is copyrightable, and asking the Court to make factual findings based on hearsay. This renewed application was filed one month before trial, despite the fact that LCS was given notice of the Motions over a month prior. The purported authority LCS has submitted for this filing is California Code of Civil Procedure Section 1008, which is a rule that has no application to this Court, and would not permit the proposed filing even if this case were pending in state court.

Courts may grant leave to file an amicus brief if the information provided is <u>timely</u> and <u>useful</u>. *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, 2010 U.S. Dist. LEXIS 61394 (E.D. Cal. June 3, 2010). The proposed amicus brief is neither. Moreover, LCS failed to meet and confer with Plaintiffs seven days prior to filing its application. Here, LCS' request should be denied as untimely, irrelevant, and procedurally improper, and Plaintiffs seek sanctions for this improper filing. In the alternative, if the Court grants the request, Plaintiffs respectfully request that they be given the time to meaningfully respond to the amicus brief.

## II. ARGUMENT

### A. This Application is Untimely and Improper.

The Federal Rules of Civil Procedure do not provide for LCS' filing of an amicus brief in a district court. Further, even if there were a procedure for such a filing, amicus briefs are not permitted when they are untimely. *Jamul Action Comm. v. Jonodev Chaudhuri*, 2015 U.S. Dist. LEXIS 51133 (E.D. Cal. Apr. 16, 2015), citing *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11040599.1
202828-10048

1

OPPOSITION TO RENEWED APPLICATION BY
LCS FOR LEAVE TO FILE AMICUS BRIEF

Supp. 2d 974, 975 (E.D. Wash. 1999) and *Northern Sec. Co. v. United States*, 191 U.S. 555, 556 (1903). Courts have held that amicus briefs are untimely when they are filed after the parties' briefing on the pertinent motion has already been completed. *See, e.g., Hawksbill Sea Turtle v. FEMA*, 11 F. Supp. 2d 529, 541 (D.V.I. 1998) (denying motion for leave to submit amicus brief as untimely when it was submitted after the briefing was completed).

Here, Plaintiffs and Defendants each moved for summary judgment on November 16, 2016. Plaintiffs and Defendants each submitted their opposition to the Motions on November 28, and Plaintiffs and Defendants submitted their replies on December 5. The hearing on the Motions was originally set for December 19, and it was taken off calendar, having been fully submitted to the Court. LCS waited a month and a half after the filing of the Motions, after both sides had already completed their briefing, to file its renewed application to file an amicus brief. Its filing was on December 29, 10 days *after* the hearing date set for the Motions. This is extraordinarily untimely. There is no provision in the Federal Rules or in this Court's local rules for filing a separate opposition to an amicus brief, and Plaintiffs do not have enough time to provide a substantive response, nor would the Court have sufficient time to review that response, in advance of ruling on the Motions. LCS offers no justification for its failure to submit an amicus brief earlier.

Further, although there are no applicable district court rules, in a federal appellate court, LCS would have been permitted to file only a 10 page brief, or half the length of the Motions for Summary Judgment. Fed. R. App. P. 29(d) ("Except by the court's permission, an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief."). This was pointed out to LCS the first time that it attempted to file its amicus brief, in May 2016. Here, on an issue to which each of the parties devoted no more than a few sentences in their respective briefs, LCS submitted 19 page brief – virtually the same length as allowed to the Plaintiffs to respond to Defendants' entire

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11040599.1
202828-10048

2

OPPOSITION TO RENEWED APPLICATION
BY LCS FOR LEAVE TO FILE AMICUS BRIEF

multifaceted Motion for Summary Judgment.  This alone makes the amicus brief completely improper.

### B. LCS Failed to Meet and Confer.

LCS was required to meet and confer seven days before filing its application pursuant to Local Rule 7-3.  LCS never met and conferred with Plaintiffs.  Instead, a law clerk for counsel for LCS sent an email to counsel for Plaintiffs <u>the day before LCS filed its application</u>, stating that counsel for LCS would like to meet and confer about the renewed application "soon." Declaration of David Grossman, ¶ 2, Ex. A.  Less than 24 hours later, LCS filed its improper, renewed application. Dkt. No. 156.  The Court should deny the application because LCS failed to meet and confer.

### C. The Issues in the Amicus Brief Are Not Before The Court.

An application to file an amicus brief should be denied when it addresses issues that are not before the court or issues that are not necessary for the Court's disposition of the motion at issue.  *See Juniper Networks v. Shipley*, 2010 U.S. Dist. LEXIS 24889, 94 U.S.P.Q.2d (BNA) 1934 (N.D. Cal. Mar. 16, 2010)(denying motion for leave to file amicus brief when the brief addressed an issue that the court would not even reach); *Gingery v. City of Glendale*, 2014 U.S. Dist. LEXIS 107598 (C.D. Cal. Aug. 4, 2014)(denying request to appear as amicus curiae when "none of the information provided by the proposed Amicus applicants [wa]s necessary for the Court's disposition of the present motions").

In its application and amicus brief, LCS is asking the Court for an advisory opinion on whether fictional languages are copyrightable.  This is not at issue in the Motions for Summary Judgment.  At the summary judgment stage, the Court will determine whether there are no material facts in dispute that Defendants have infringed Plaintiffs' Star Trek Copyrighted Works.  The Court has not been asked to determine the independent copyrightability of the Klingon language (or fictitious languages in general) outside of context of Star Trek works.  It is the use of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11040599.1
202828-10048

3

OPPOSITION TO RENEWED APPLICATION
BY LCS FOR LEAVE TO FILE AMICUS BRIEF

Klingon language in this context that will be before the Court, not the copyrightability of languages in general.

### D. LCS is Improperly Asking the Court to Make Factual Findings Based on Hearsay.

LCS's primary argument is that, because the fictitious Klingon language has become a "living language," it is not copyrightable, or at least is no longer copyrightable. To support this factual contention regarding whether or not Klingon is a "living language," LCS submits numerous hearsay exhibits. Based on these exhibits, which are hearsay, irrelevant and outside of the record in this case, LCS invites the Court to make factual findings as to whether Klingon is a "living language."[1] Because it relies on exhibits not properly before the Court, the renewed application to file an amicus brief should be denied.

### E. LCS Should be Sanctioned.

Local Rule 11-9 provides that: "The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7."[2]

LCS should be sanctioned for filing a renewed application over a month after the parties filed their Motions, which were fully briefed and submitted, of improper

---

[1] While not attempting to substantively respond to amicus's arguments, it is worth noting that LCS's purported 'evidence' of the Klingon language not being copyrightable includes such things an unauthenticated news report that one couple "spoke" Klingon while getting married at a Star Trek convention. Under this theory, had the couple dressed up as Professor Higgins and Eliza Doolittle and been married in Covent Garden, presumably *My Fair Lady* would no longer be copyrightable.

[2] Local Rule 83-7 states that "The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:

(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or

(c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances."

length, and without a reasonable attempt to meet and confer.  Plaintiffs seek their attorneys' fees in opposition this application.

### F. If the Brief is Allowed, Plaintiffs Seek Leave to File a Response.

If the brief by LCS is allowed, Plaintiffs request a meaningful opportunity to respond.  The LCS brief was filed on December 29, after the parties had completed their briefing on the Motions and after the Motions had been taken under submission by the Court.  In the event that the Court allows the filing of the amicus brief, Plaintiffs request that the Court set a date by which they can file a substantive response.  Plaintiffs further request that such response be permitted to be 15 pages in length given that LCS submitted a 19-page brief.

## III. CONCLUSION

LCS' brief is untimely, of improper length, and attempts to have the Court review information based on inadmissible hearsay.  Nonparty LCS should not be permitted to insert itself in the litigation at this stage in the proceedings, one month before trial, to add unnecessary complication.  Moreover, LCS should be sanctioned for its frivolous filing.

Dated:  December 30, 2016

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
JENNIFER JASON

By: */s/ David Grossman*
David Grossman
Attorneys for Plaintiffs
PARAMOUNT PICTURES CORPORATION and CBS STUDIOS INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11040599.1
202828-10048

5

OPPOSITION TO RENEWED APPLICATION
BY LCS FOR LEAVE TO FILE AMICUS BRIEF