RANDAZZA LEGAL GROUP, PLLC
Marc J. Randazza (SBN 269535)
mjr@randazza.com
Alex J. Shepard (SBN 295058)
ajs@randazza.com
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Amicus
Language Creation Society*

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>**REPLY IN SUPPORT OF RENEWED APPLICATION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE***<br><br>**Judge:** Hon. R. Gary Klausner |

## 1.0 Introduction

Language Creation Society (hereinafter referred to as "*Amicus*" or "LCS") hereby files this Reply in Support of its Renewed Application for Leave to File Brief as *Amicus Curiae*.

Nothing in the Opposition filed by Plaintiffs (Dkt. No. 160) suggests that this Court considering the *Amicus* Brief, which has been on the docket since April, is inappropriate. Plaintiffs raise all the same arguments they offered when *Amicus* first sought leave (Dkt. No. 35) on April 27, 2016.

This Court denied LCS's Application to file its brief *without prejudice* because the Court did not yet reach the issue raised by *Amicus* – whether the Klingon language is copyrightable. When a motion is dismissed *without* prejudice, it signifies that no rights or privileges are lost or waived.[1] Here, *Amicus* filed its renewal pursuant to this Court's reasoning, that the Application was denied without prejudice because the particular issue was not before the Court in April. The issue is now ripe.

**2.0   Argument**
   **2.1   The Application Has Been on the Docket Since April**

The district court has broad discretion to hear *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D.

---

[1] As there are no strict federal or local rules governing the submission of briefs of *amicus curiae* before this Court, the reference to the California Code of Civil Procedure was intended as persuasive, not binding, authority. *See, e.g., Schaad v. N.Y. Life Ins. Co.*, 79 F. Supp. 463, 468 (E.D. Tenn. 1948) ("the state rules and decisions cited in the briefs are of persuasive interest").

1 Cal. 1991). "An amicus brief should normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter* Bros. Dairy, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *Northern Sec. Co. v. United States*, 191 U.S. 555, 556, 24 S. Ct. 119, 48 L. Ed. 299 (1903)).

Plaintiffs take issue with the timing, as if this is a sneak attack. However, they fail to recall that the relevant Brief has been on the docket since April 27, 2016. With the benefit of eight months of time to ponder the arguments, Plaintiffs' counsel instead takes their previously-filed Opposition, adds in a bit of emotional tirade, and wrongly claims prejudice. Plaintiffs are 𝐌𝐄𝐐𝐈𝐓𝐐!²

Plaintiffs' honor cannot be restored by reliance upon *Hawksbill Sea Turtle v. FEMA*, 11 F. Supp. 2d 529, 541 (D.V.I. 1998). In *Hawksbill* the *amicus* moved to file a brief for *the first time* "almost two years after the action was commenced and several months after the parties completed briefing." Even if that were the case, meritorious arguments should withstand even such surprise. However, here, *Amicus* did not uncloak and attack. They levied their challenge eight months ago, leaving Plaintiffs with ample time to counter it.

---

² English translation: "One who is not fully forthright." Latin transliteration: "taHqeq."

1  *Amicus* sought a renewal, not submission of a new brief.  *Hawksbill* is
2  irrelevant, but even if relevant, Plaintiffs wear the uniform of a
3  𝓹𝓮𝓽𝓪𝓠[3] by invoking it.
4    Although the issue of copyrightability of a language was not
5  necessary to resolve the motion to dismiss, it should be addressed at
6  summary judgment (or trial).  Plaintiffs, in fact, in their response, note
7  that the "[i]t is the use of the Klingon language in this context [*i.e.* in
8  the Star Trek works] that will be before the Court."  Dkt. No. 160 at
9  pp. 4-5.  There is no purpose to address the use of Klingon language
10 in a copyright case if it is not one of the allegedly infringed elements.
11 In fact, in their motion for summary judgment, Plaintiffs argue that
12 "[t]he Axanar Works copy from the … dialogue … of the Star Trek
13 works."  Dkt. No. 72 at p. 9.  To the extent Plaintiffs are claiming that
14 Klingon words or phrases are infringed dialogue, the issue of the
15 copyrightability of Klingon is before the Court.[4]

---

[3] Although there is no direct translation, a 𝓹𝓮𝓽𝓪𝓠 is useless. Latin transliteration: "petaQ."

[4] Although Plaintiffs take issue with the reference to a Klingon wedding, there is a stark difference between simply using dialogue from *My Fair Lady* and using Klingon generally.  If there were a Klingon wedding ceremony portrayed in Star Trek, the text of the ceremony would be copyrightable, just as "Mawage.  Mawage is wot bwings us togeder today.  Mawage, that bwessed awangement, the dweam wifin a dweam" from *The Princess Bride* (1987) is.  The article is otherwise admissible under Fed. R. Evid. 807.

1  Furthermore, the Parties clearly dispute whether the Klingon
2  language is copyrightable and whether Plaintiffs have encouraged
3  its use.  Dkt. No. 102-1 at 173; Dkt. No. 104-9 at 8.  Even if the motions
4  for summary judgments are not the end of the case and the case
5  proceeds to trial, Axanar's pending Motion *in Limine* No. 4 leaves at
6  issue what the jury should be told regarding the status of the Klingon
7  language.  Dkt. No. 132 at 9.  Similarly, Plaintiffs charge that the
8  "Axanar Words even replicate innumerable details from Plaintiffs'
9  Star Trek works, including … language."  Plaintiffs' Memorandum of
10 Contentions of Fact and Law Pursuant to Local Rule 16-4, Dkt. No.
11 153 at 6.

12 *Amicus* is prepared to have this Court address the question of
13 copyrightability of a language: 𐍈𐍂𐍊𐍆𐍀'𐍉𐍇𐍀 𐍒𐍀𐍒 𐍖𐍀𐍌𐍂𐍀𐍐.[5]

14 **2.2   Local Rule 7-3**

15 *Amicus* does not agree that it had to comply with Local Rule
16 7-3, but even if it had to, it did.  Even if not, LR 7-3 should be waived.

17 **2.2.1   Local Rule 7-3 does not apply**

18 *Amicus* is unable to locate a single case supporting an
19 interpretation of LR 7-3 requiring a Meet and Confer by <u>Amici</u>.
20 The Rule requires counsel to meet and confer with "opposing"
21 counsel.  There is no "opposing" counsel.  "Historically, amicus curiae

---

23 [5] English translation: "Today is a good day to die." Latin transliteration: "Heghlu'meH QaQ jajvam."

is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Cmty. Ass'n for Restoration of Env't (CARE)*, 54 F. Supp. 2d at 975. This is why *Amicus* is here. *Amicus* has no "opposing counsel" in this case. "Friend of the Court" does not translate to "enemy of a party" – not in any known language, human or otherwise.

### 2.2.2   If Local Rule 7-3 Applies, Amicus Complied

Notwithstanding the lack of application, as a courtesy, *Amicus* sought to speak with both Parties regarding its participation in April of 2016. At that time, as now, Axanar did not fear *Amicus* participation, but Plaintiffs trembled at the thought. 𐍈𐍂𐍈𐍃𐍂 𐍈𐍂𐍂![6] *See* Dkt. No. 35 at 3. That April discussion should not have required a ritualistic repetition – as nothing since then has changed. It is the same fruit; it has simply ripened. *Amicus* believed that the Rule did not apply, and if it applied, all courtesies were discharged in April. Nevertheless, *Amicus* sought to show an abundance of respect to the Parties by conferring again.

*Amicus* reached out to both parties on December 28th both by telephone and email. Declaration of LaTeigra Cahill ("Cahill Decl.")

---

[6] English translation: "They [are] cowards."   Latin transliteration: "nuchpu' chaH."

- 6 -
Reply in Support of Renewed Application for Leave to File Brief as *Amicus Curiae*
2:15-cv-09938-RGK-E

at ¶¶ 3-12; Dkt. No. 160-2. *Amicus's* counsel's office left messages for two different attorneys for Plaintiffs at two separate offices of Loeb & Loeb. Cahill Decl. at ¶¶ 3-9. Further, a request to parley was sent by email. Dkt. No. 160-2.

Similarly, *Amicus* reached out to Axanar's counsel, and they immediately had the respect to schedule a call. *See* Cahill Decl. at ¶¶ 11-13. During that call, the Parties traded war stories and expressed their mutual respect for fellow warriors. 𐌵𐌵' 𐌽𐌴𐌵𐌷𐌴𐌳![7]

During that call, *Amicus's* counsel expressed concern that Plaintiffs' attorneys might be on holiday vacation, as all hailing frequencies remained silent. However, counsel for Defendants told *Amicus* that Plaintiffs' lawyers were in active (and aggressive) communication regarding the case, and were certainly working. Cahill Decl. at ¶¶ 15-17. It was clear that Plaintiffs chose a strategy of *mokusatsu*.[8]

### 2.2.3 Failure to Comply Should be Excused

Should the Court find that Local Rule 7-3 applied, it may be excused. "Failure to comply with the Local Rules does not automatically require the denial of a party's motion […]" *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088

---

[7] English Translation: "For the honor of the Empire!" Latin transliteration: "wo' batlhvaD."

[8] 黙殺 - Japanese for "treat with silent contempt."

(C.D. Cal. 2015). "[F]ailure to meet and confer may be excused when to do so would be futile." *Fleisher v. Electronically Filed Phoenix Life Ins. Co.*, 2012 U.S. Dist. LEXIS 182698 (S.D.N.Y. Dec. 27, 2012) (Interpreting a similar rule); accord *Berry v. Baca*, Case No. CV 01-02069 DDP (SHx), 2002 U.S. Dist. LEXIS 15698, at *5 n.4 (C.D. Cal. July 29, 2002).

Any new conference with Plaintiffs was as futile as resisting assimilation by the Borg. Plaintiffs made their position known in April. That position clearly has not changed since April. *Compare* Dkt. No. 38 and Dkt. No. 160. The only deviation is that Plaintiffs now claim that sanctions are warranted. If they were, they would be more warranted against Plaintiffs, but *Amicus* is not so dishonorable as to request them.

### 2.2.4 Paramount Suffered No Prejudice

Even if Local Rule 7-3 was required and not complied with, it should be waived. Where there is no prejudice to the responding party, the court may waive strict compliance with Rule 7-3. *See Fitzgerald v. City of Los Angeles*, 485 F. Supp. 2d 1137, 1140 (C.D. Cal. 2007) (Loeb & Loeb [Plaintiffs' Counsel] failed to comply with L.R. 7-3 and it was excused due to lack of prejudice). There is no prejudice to Plaintiffs because this brief has been on the docket since April. With the benefit of 8 months in which to prepare for

these arguments, Plaintiffs cannot credibly claim prejudice. 𝒦𝒦𝒴𝒥𝒦ʼ 𝒴𝒦𝒦 𝒴𝒦𝒪 𝒦𝒦𝒥𝒥𝒥𝒴𝒦𝒥.[9]

### 3.0 Conclusion

The Court should consider *Amicus's* brief. Languages are not copyrightable subject matter. LCS's *Amicus* brief will assist the Court in doing justice and not permitting Plaintiff to over-extend its rights under Title 17.

Dated: January 3, 2017.   Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Amicus Curiae,
Language Creation Society*

---

[9] English translation: "They are definitely cowards and their so-called honor is empty." Latin transliteration: "nuchpu' chaH chim batlhqoqchaj."

- 9 -
Reply in Support of Renewed Application for Leave to File Brief as *Amicus Curiae*
2:15-cv-09938-RGK-E

Case No. 2:15-cv-09938-RGK-E

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ Tay Bothell

Employee,
Randazza Legal Group, PLLC