LOEB & LOEB LLP
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
JENNIFER JASON (SBN 274142)
jjason@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

LOEB & LOEB LLP
JONATHAN ZAVIN (admitted *pro hac vice*)
jzavin@loeb.com
345 Park Avenue
New York, NY  10154
Telephone: 212.407.4000
Facsimile: 212.407.4990

Attorneys for Plaintiffs
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual, and DOES 1-20,<br><br>Defendants. | Case No.: 2:15-cv-09938-RGK-E<br><br>**PLAINTIFFS' DISPUTED JURY INSTRUCTIONS**<br><br>Hon. Robert G. Klausner<br><br>Trial:  January 31, 2017 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

In light of the Court's rulings to date and without waiving any objections thereto, plaintiffs Paramount Pictures Corporation and CBS Studios Inc. ("Plaintiffs") submit the following Disputed Proposed Jury Instructions pursuant to the Court's Order for Jury Trial.  Plaintiffs reserve the right to request additional or different instructions based on the rulings of the Court on evidentiary and other pre-trial matters, and the evidence presented at trial.  The parties agree to meet and confer promptly following the Final Pre-trial Conference in this matter to determine whether agreement can be reached on additional proposed jury instructions.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

# INDEX

| No. | Title | Source | Page |
|-----|-------|--------|------|
| **1** | Claims and Defenses | 9th Cir. 1.2 | 1 |
| **2** | Return of Verdict | 9th Cir 3.5 | 4 |
| **3** | Preliminary Instruction – Copyright | 9th Cir. 17.0 | 7 |
| **4** | Copyright – Defined | 9th Cir. 17.1 | 12 |
| **5** | Copyright – Subject Matter – Generally | 9th Cir. 17.2 | 15 |
| **6** | Copyright Infringement – Elements – Ownership and Copying | 9th Cir. 17.4 | 19 |
| **7** | Copyright Infringement – Ownership of Valid Copyright – Definition | 9th Cir. 17.5 | 22 |
| **8** | Copyright Infringement – Originality | 9th Cir. 17.13 | 25 |
| **9** | Copyright Interests – Derivative Work | 9th Cr. 17.14 *Salinger v. Colting*, 607 F. 3d 68, 74 (2d Cir. 2010) | 28 |
| **10** | Copying – Access and Substantial Similarity | 9th Cir. 17.16 | 32 |
| **11** | Substantial Similarity – Extrinsic Test; Intrinsic Test | 9th Cir. 17.17 | 35 |
| **12** | Copyright – Damages – Defendants' Profits | 9th Cir. 17.33 *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984) | 38 |
| **13** | Copyright – Damages – Statutory Damages | 9th Cir. 17.34 | 41 |

EXHIBIT A:  PARAMOUNT'S STAR TREK COPYRIGHTED WORKS

EXHIBIT B:  CBS' STAR TREK COPYRIGHTED WORKS

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

i

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 1**

**<u>1.2 Claims and Defenses</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs, Paramount and CBS, assert that Defendants, Axanar Productions and Alec Peters, infringed the plaintiffs' copyrights in Star Trek by producing a short film titled *Star Trek: Prelude to Axanar* and by developing a feature film titled *Star Trek: Axanar*.  The Plaintiffs have the burden of proving this claim.

The Defendants deny those claims and have asserted a number of defenses. The Defendants have the burden of proving these affirmative defenses.

The Plaintiffs deny that Defendants have any valid affirmative defenses.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.2.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

1

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 1**

Defendants object to referring to Defendants' works as *Star Trek: Prelude to Axanar* and *Star Trek: Axanar* as it is factually incorrect and prejudicial.  The correct titles of the works are *Prelude to Axanar* and *Axanar*.  While at one point Defendants used the title *Star Trek: Prelude to Axanar*, the title was changed.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

2

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

## Plaintiffs' Reply to Defendants' Objections to
## Proposed Jury Instruction No. 1

Plaintiffs' reference to Defendants' works as *Star Trek: Prelude to Axanar* and *Star Trek: Axanar* are factually accurate, because that is how Defendants have consistently referred to their works.  Defendants' own expert reports refer to their works in the same manner.  When Defendants raised money from Star Trek fans for their project, they referred to the works in this manner, which is the same naming convention used by authorized Star Trek works ("Star Trek: First Contact", "Star Trek: Into Darkness", etc.).  Further, when Defendants premiered their *Star Trek: Prelude to Axanar* film, they created marketing materials labeling their project as "Star Trek: Prelude to Axanar."  There is, therefore, nothing inaccurate about referring to these works in the same manner as Defendants themselves did during the time period in question.

Further, the fact that Defendants (prior to the filing of this lawsuit) heavily used the term "Star Trek" in their works, promotional materials, and in every one of their discussions regarding the content of their works is highly relevant as to whether Defendants intended to copy and did copy Plaintiffs' works.  Using "Star Trek" to describe the Axanar Works supports Plaintiffs' claim that Peters is liable for willful infringement, because it supports the conclusion that he was aware of the infringing activity.  Defendants' Motion in Limine No. 8 sought to exclude Defendants' use of the "Star Trek" name, and the Court's tentative order was to deny this Motion.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

3

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

2

**Proposed Jury Instruction No. 2**

**3.5 Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority**

Ninth Circuit Model Instruction No. 3.5.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 2**

Defendants have proposed inserting a placeholder for instructions on the verdict form, as contemplated by the model instruction.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

5

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 2**

Plaintiffs do not object to this addition by Defendants.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

6

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2

**Proposed Jury Instruction No. 3**

**17.0 Preliminary Instruction – Copyright**

3   The Plaintiffs, Paramount Pictures Corporation ("Paramount") and CBS

4   Studios Inc. ("CBS"), claim ownership of certain copyrights and seek damages

5   against the Defendants, Axanar Productions, Inc. ("Axanar Productions") and Alec

6   Peters ("Peters"), for copyright infringement. The Defendants deny infringing the

7   copyrights. To help you understand the evidence in this case, I will explain some of

8   the legal terms you will hear during this trial.

9   **Definition of Copyright**

10  The owner of a copyright has the right to exclude any other person from

11  reproducing, distributing, performing, displaying or preparing derivative works from

12  the work covered by copyright for a specific period of time.

13  A copyrighted work can be a literary work, musical work, dramatic work,

14  pantomime, choreographic work, pictorial work, sculptural work, motion picture,

15  audiovisual work, sound recording, architectural work, or computer program.

16  Facts, ideas, procedures, processes, systems, methods of operation, concepts,

17  principles, or discoveries themselves cannot be copyrighted.

18  The copyrighted work must be original. An original work that closely

19  resembles other works can be copyrighted so long as the similarity between the two

20  works is not the result of copying.

21  **How Copyright is Obtained**

22  Copyright automatically attaches to a work the moment the work is fixed in

23  any tangible medium of expression. The owner of the copyright may register the

24  copyright by completing a registration form and depositing a copy of the

25  copyrighted work with the Copyright Office. After determining that the material

26  deposited constitutes copyrightable subject matter and that certain legal and formal

27  requirements are satisfied, the Register of Copyrights registers the work and issues a

28  certificate of registration to the copyright owner.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

7

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Plaintiff's Burden of Proof**

In this case, Plaintiffs, Paramount and CBS, contend that Defendants, Axanar Productions and Peters, have infringed the Plaintiffs' copyrights in Star Trek films, television shows and other Star Trek works (the "Star Trek Copyrighted Works").

I have found that Plaintiffs own the copyrights in the Star Trek Copyrighted Works that are the subject of this lawsuit.

I have also found that the Axanar Works are, objectively, substantially similar to the Star Trek Copyrighted Works. However, to be infringing, the Axanar Works must also be determined to be subjectively similar by you, the Jury. You will be asked to determine the issue of subjective similarity, using instruction 17.18, herein. To analyze subjective substantial similarity, you are to view the works at issue as an ordinary, reasonable person, and determine whether the concept and feel of the works are substantially similar to each other.

**Proof of Copying**

To prove that defendants copied the plaintiffs' work, the plaintiffs may either show that Defendants actually copied original elements of Plaintiffs' copyrighted works, or they may show that the Defendants had access to the Plaintiffs' copyrighted work and that there are substantial similarities between the Defendants' work and the Plaintiffs' copyrighted work.

I have determined that Defendants copied original elements of Plaintiffs' copyrighted works.

**Liability for Infringement**

One who prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

8

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1  **Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 3**

2      Defendants submit that the instruction should follow Ninth Circuit Model

3  Instruction No. 17.0 and include Defendants' affirmative defenses, as contemplated

4  by the model instruction.  The "Plaintiffs' Burden of Proof" section does not

5  mention the actual burden of proof, which is preponderance of the evidence.  *Any*

6  reference to the summary judgment opinion, or the Court's findings therein, is

7  inappropriate and should be stricken as unduly prejudicial and unnecessary.  The

8  statement "I have found that Plaintiffs own the copyrights in the Star Trek

9  Copyrighted Works that are the subject of this lawsuit" is factually inaccurate, as

10  ownership was not at issue in the summary judgment motion, and the Court

11  explicitly recognized as the pretrial conference the need for Plaintiffs to put on

12  evidence of ownership and copyright registrations.  Finally, the instruction should

13  include reference to vicarious and contributory infringement.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

9

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 3**

There is no need to include the preponderance of the evidence standard here because the parties have already agreed on a stipulated jury instruction that deals exclusively with the preponderance of the evidence standard (Ninth Circuit Model Instruction No. 1.3).

The Court's order on the parties' summary judgment motions is relevant because it provides a context for the jury.  The jury will be deciding the intrinsic portion of the substantial similarity test, and it is logical that they should know that the Court has already made a determination as to the extrinsic portion of the substantial similarity test.  Contrary to Defendants' argument, the Court did make a determination that Plaintiffs own the Star Trek Copyrighted Works.  *See* Dkt. No. 163 at page 1 ("The undisputed facts are as follows: Plaintiffs Paramount and CBS own the copyrights to the Star Trek motion pictures and television series, respectively.") and page 4 ("Here, there is no dispute that Plaintiffs have ownership of the copyrights to the Star Trek Copyrighted Works, and that Defendants have access to these Works.").   The Court's findings and rulings on these points were based on the fact that Defendants agreed to these facts as "undisputed" in connection with the parties' summary judgment briefing.  Defendants' claim that "ownership" was not an issue on summary judgment is demonstrably incorrect. Copyright infringement involves two elements (a) ownership of a copyrighted work; and (b) copying of original elements from that work.  Thus, the ownership of Plaintiffs' works was squarely at issue in the summary judgment proceeding, it was expressly agreed by Defendants that ownership was "undisputed," and the Court made a determination that the relevant works are owned by Plaintiffs.

The instruction does not need to include a reference to vicarious and contributory infringement, because this is irrelevant.  In deciding the parties' summary judgment motions, the Court has already determined that if the jury makes

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

10

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

a finding of substantial similarity, that Peters is liable for vicarious and contributory infringement.  *See* Dkt. No. 163 at page 14 ("Accordingly, the Court finds contributory and vicarious infringement contingent upon the jury's finding of subjective substantial similarity.").

11086283.2
202828-10048

11

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

**Proposed Jury Instruction No. 4**

**<u>17.1 Copyright – Defined (17 U.S.C §106)</u>**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1.      reproduce the copyrighted work in copies, such as films, television shows and books;

2.      recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

3.      perform publicly an unlicensed infringing audiovisual work.

It is the owner of a copyright who may exercise these exclusive rights.  In general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. The term owner includes an assignee.  An owner may enforce the right to exclude others in an action for copyright infringement.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.1.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

12

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 4**

Defendants object to Plaintiffs' proposed instruction that the right to copy includes the exclusive right to "perform publicly an unlicensed infringing audiovisual work" which is unnecessary, unclear, and confusing, and not included in the model instruction. Furthermore, in the event that Plaintiffs' proposed instructions to the jury that the Court has already found substantial similarity are accepted, the sentence "[i]n general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission" is vague and confusing and should be omitted.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

13

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2

### Plaintiffs' Reply to Defendants' Objections to
### Proposed Jury Instruction No. 4

3    Plaintiffs' instruction relating to the rights of a copyright owner as including

4   the right to "perform publicly an unlicensed infringing audiovisual work" is

5   appropriate and was taken from the Ninth Circuit model instructions.  Model

6   Instruction No. 17.1 states: "[4.] [perform publicly a copyrighted [literary work]

7   [musical work] [dramatic work] [choreographic work] [pantomime work] [motion

8   picture] [or] [specify other audiovisual work.]"

9

10   Defendants contend that the following sentence from Plaintiffs' instruction is

11   vague and confusing: "In general, copyright law protects against reproduction of

12   identical or substantially similar copies of the owner's copyrighted work without the

13   owner's permission."  This sentence comes from Model Instruction No. 17.1, which

14   states: "In general, copyright law protects against [reproduction] [adaptation] [public

15   distribution] [public performance] [public display] of identical or substantially

16   similar copies of the owner's copyrighted work without the owner's permission."

17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

14

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 5**

**17.2 Copyright—Subject Matter—Generally**

**(17 U.S.C. § 102)**

The works involved in this trial are:

1. Literary works; and

2. Motion pictures, television episodes and other audiovisual works in which a series of related images convey an impression of motion when shown in succession;

You are instructed that a copyright may be obtained in the literary and audiovisual works at issue.

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, regardless of the form in which it is described, explained, illustrated, or embodied.

Original elements from these works are also independently protectable, including characters, props and sets.

In addition to the overall protection afforded to literary and audiovisual works, the law provides that individual characters in comic books, television or motion pictures, including inanimate objects, can be afforded copyright protection when the character:

     (a) must generally have physical as well as conceptual qualities;

     (b) is sufficiently delineated to be recognizable as the same character whenever it appears by displaying consistent, identifiable character traits and attributes, although it need not have a consistent appearance; and

     (c) is especially distinctive and contains some unique elements of expression.

The Court has held that the character, Garth of Izar, is owned by Plaintiffs, is protected by copyright and was copied by Defendants.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

15

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

## **<u>Authority</u>**

2      Ninth Circuit Model Instruction No. 17.2; *DC Comics v. Towle*, 802 F.3d

3  1012 (9th Cir. 2015); Court's 1/4/17 Order, Dkt. No. 163, pp. 5-6.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

16

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 5**

Defendants object to the reference to "other audiovisual works" as this instruction would be confusing to the jury given that the only works at issue in this case are motion pictures, television episodes, and literary works.  Defendants object to including the language in the instruction starting with "[o]riginal elements from these works…" as it is irrelevant to substantial similarity and would be confusing to the jury.  The statement "[t]he Court has held that the character, Garth of Izar, is owned by Plaintiffs, is protected by copyright and was copied by Defendants" should be stricken because *any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  In the event that the Court accepts that sentence, the following should be added:  "It is for you, the jury, to decide whether the total concept and feel of the depiction of Garth of Izar in Defendants' works is substantially similar to any such depiction in any of Plaintiffs' works."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

17

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Reply to Defendants' Objections to
Proposed Jury Instruction No. 5**

Defendants object to language from the Model Jury Instructions relating to "original elements from these works" but they do not provide any basis for their claim that this instruction is confusing, and it is not.

The statement that "[t]he Court has held that the character, Garth of Izar, is owned by Plaintiffs, is protected by copyright and was copied by Defendants" is accurate and necessary as the jury is not being asked to make an initial determination regarding copying of this character.  Defendants' copying has already been established and the jury is simply being instructed that copyrightable elements include fictional characters, as determined by the Ninth Circuit and this Court.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 6**

**<u>17.4 Copyright Infringement – Elements – Ownership and Copying</u>**

**<u>(17 U.S.C. § 501(a)-(b))</u>**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the Copyright.

On the Plaintiffs' copyright infringement claim, the Plaintiffs have the burden of proving by a preponderance of the evidence that:

1.    the Plaintiffs are owners of valid copyrights; and

2.    the Defendants copied original expression from the copyrighted works.

I have already determined that Plaintiffs are the owners of the copyrights in the Star Trek Copyrighted Works and that the Defendants copied original expression from those copyrighted works.

Your duty is to determine whether there is subjective similarity between Plaintiffs' Star Trek Copyrighted Works and the Axanar Works, by deciding whether the concept and feel of the parties' works are substantially similar. Instruction No. 17.18 discusses the subjective similarity analysis to be applied.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.4; Court's 1/4/17 Order, Dkt. No. 163.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

19

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 6**

Defendants object to this instruction after item No. 2.  Furthermore, in the event that the Court allows reference to its finding of objective substantial similarity, the first sentence, "Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the Copyright" should reference substantial similarity; otherwise, it may lead the jury to incorrectly find that the Court's finding on objective similarity ends the infringement analysis.  In any event, that sentence is not consistent with 17 U.S.C. § 106 nor with Model Jury Instruction No. 17.0, which states that "[o]ne who [reproduces] [publicly distributes] [publicly performs] [publicly displays] [prepares derivative works from] a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright."

Furthermore, the statement "I have already determined that Plaintiffs are the owners of the copyrights in the Star Trek Copyrighted Works and that the Defendants copied original expression from those copyrighted works" is factually inaccurate, as ownership was not at issue in the summary judgment motion, and the Court explicitly recognized as the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations.  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  Finally, the last paragraph of the instruction should mirror the model instruction and reference Defendants' affirmative defenses.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

20

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

## Plaintiffs' Reply to Defendants' Objections to
## Proposed Jury Instruction No. 6

The Court's order on the parties' summary judgment motions is relevant because it provides a context for the jury. The jury will be deciding the intrinsic portion of the substantial similarity test, and it is logical that they should know that the Court has already made a determination as to the extrinsic portion of the substantial similarity test.

Contrary to Defendants' argument, the Court did make a determination that Plaintiffs own the Star Trek Copyrighted Works. *See* Dkt. No. 163 at page 1 ("The undisputed facts are as follows: Plaintiffs Paramount and CBS own the copyrights to the Star Trek motion pictures and television series, respectively.") and page 4 ("Here, there is no dispute that Plaintiffs have ownership of the copyrights to the Star Trek Copyrighted Works, and that Defendants have access to these Works."). The Court's findings and rulings on these points were based on the fact that Defendants agreed to these facts as "undisputed" in connection with the parties' summary judgment briefing. Defendants' claim that "ownership" was not an issue on summary judgment is demonstrably incorrect. Copyright infringement involves two elements (a) ownership of a copyrighted work; and (b) copying of original elements from that work. Thus, the ownership of Plaintiffs' works was squarely at issue in the summary judgment proceeding, it was expressly agreed by Defendants that ownership was "undisputed," and the Court has already made a determination that the relevant works are owned by Plaintiffs.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

21

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

**Proposed Jury Instruction No. 7**

2

**<u>17.5 Copyright Infringement – Ownership of Valid Copyright –</u>**

3

**<u>Definition (17 U.S.C. §§ 201-205)</u>**

4

    The Court has determined that Plaintiff Paramount is the owner of valid

5

copyrights in the thirteen Star Trek motion pictures, the *Four Years War* supplement

6

to *Star Trek: The Role Playing Game*, and the novel, *Garth of Izar*, [*see* Exhibit A]

7

8

9

    The Court has determined that Plaintiff CBS is the owner of valid copyrights

10

in six Star Trek television series, as well as various Star Trek Novels and additional

11

materials [*see* Exhibit B]

12

13

**<u>Authority</u>**

14

    Ninth Circuit Model Instruction No. 17.5; Court's 1/4/17 Order, Dkt. No. 163,

15

pp. 1-2.

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

22

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 7**

Defendants object to this instruction and believe it should track Ninth Circuit Model Instruction No. 17.5.  This entire instruction is factually inaccurate, as ownership was not at issue in the summary judgment motion, and the Court explicitly recognized as the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations.  Furthermore, *any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  Finally, the model instruction notes that it should "identify work(s) allegedly infringed," and therefore should either list all of Plaintiffs' alleged works or only refer to the exhibits, rather than summarizing Plaintiffs' purported copyrights.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

23

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

2

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 7**

3          The Court's order on the parties' summary judgment motions is relevant

4    because it provides a context for the jury.  The jury will be deciding the intrinsic

5    portion of the substantial similarity test, and it is logical that they should know that

6    the Court has already made a determination as to the extrinsic portion of the

7    substantial similarity test.

8          Contrary to Defendants' argument, the Court did make a determination that

9    Plaintiffs own the Star Trek Copyrighted Works.  *See* Dkt. No. 163 at page 1 ("The

10   undisputed facts are as follows: Plaintiffs Paramount and CBS own the copyrights to

11   the Star Trek motion pictures and television series, respectively.") and page 4

12   ("Here, there is no dispute that Plaintiffs have ownership of the copyrights to the

13   Star Trek Copyrighted Works, and that Defendants have access to these Works.").

14   The Court's findings and rulings on these points were based on the fact that

15   Defendants agreed to these facts as "undisputed" in connection with the parties'

16   summary judgment briefing.  Defendants' claim that "ownership" was not an issue

17   on summary judgment is demonstrably incorrect.  Copyright infringement involves

18   two elements (a) ownership of a copyrighted work; and (b) copying of original

19   elements from that work.  Thus, the ownership of Plaintiffs' works was squarely at

20   issue in the summary judgment proceeding, it was expressly agreed by Defendants

21   that ownership was "undisputed," and the Court made a determination that the

22   relevant works are owned by Plaintiffs.

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

24

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Jury Instruction No. 8**

**17.13 Copyright Infringement—Originality**

An original work may include or incorporate elements taken from prior works, and works from the public domain.  The original parts of the Plaintiffs' works are the parts created:

> 1. independently by the work's author, that is, the author did not copy it from another work; and

> 2. by use of at least some minimal creativity.

The Court has determined that Defendants used original, copyright-protected elements in the Axanar Works.

**Authority**

Ninth Circuit Model Instruction No. 17.13; *Enter. Mgmt. Ltd. v. Warrick*, 717 F.3d 1112, 1118-19 (10th Cir. 2013); Court's 1/4/17 Order, Dkt. No. 163, pp. 5-7 ("Accordingly, the Court finds that Defendants used copyright-protected elements in the *Axanar* Works.").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

25

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 8**

2      Defendants object to the last sentence only, "[t]he Court has determined that

3   Defendants used original, copyright-protected elements in the Axanar Works." *Any*

4   reference to the summary judgment opinion, or the Court's findings therein, is

5   unduly prejudicial and unnecessary. Nor is this sentence relevant to this instruction

6   and as such would be confusing to the jury.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations   11086283.2
202828-10048                                    26                     PLAINTIFFS' DISPUTED JURY
                                                                       INSTRUCTIONS

1
2

### Plaintiffs' Reply to Defendants' Objections to
### Proposed Jury Instruction No. 8

3    The Court's order on the parties' summary judgment motions provides
4    context for the jury, and it is helpful for the jury to know that the Court has made a
5    determination that Defendants used original, copyrighted elements of the Star Trek
6    Copyrighted Works.

7    Without that context, this instruction would be confusing to the jury, and
8    could cause them to believe that they are being required to make initial
9    determinations regarding originality of elements that have already been determined
10   to be so by the Court.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

27

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 9**

**17.14 Copyright Interests – Derivative Work (17 U.S.C. §§ 101, 106(2))**

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a dramatization, motion picture version, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted.  Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

If the copyright owner allows others to create a derivative work based on the copyrighted work, the copyright owner of the pre-existing work retains a copyright in that derivative work with respect to all of the elements of the pre-existing work that were used in the derivative work.  The author of the derivative work is entitled to copyright protection only for original contributions made by the author that are more than trivial.  If the derivative work incorporates pre-existing work by others, or work in the public domain, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others, or in the public domain, or limited to the manner in which the derivative author combined the pre-existing elements by other persons, or pre-existing elements in the public domain into the derivative work.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the pre-existing work.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

28

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

I have determined that the Axanar Works are derivative works of the Star Trek Copyrighted Works, so long as you determine that there is subjective similarity between the Axanar Works and the Star Trek Copyrighted Works.

### Authority

Ninth Circuit Model Instruction No. 17.14; *Salinger v. Colting*, 607 F. 3d 68, 74 (2d Cir. 2010) (the right to create a sequel to copyrighted works falls within the protections of the Copyright Act); Court's 1/4/17 Order, Dkt. No. 163, p. 13 ("If the jury finds subjective similarity, the *Axanar* Works are rightfully considered derivative works of the Star Trek Copyrighted Works.").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

29

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 9**

Defendants object to any language in this instruction that is not included in Ninth Circuit Model Instruction No. 17.14.  Specifically, Defendants object to the final sentence, "I have determined that the Axanar Works are derivative works of the Star Trek Copyrighted Works, so long as you determine that there is subjective similarity between the Axanar Works and the Star Trek Copyrighted Works."  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  The jury should be instructed on what it must decide—not what the Court will do with it after the fact.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

30

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 9**

The Court's order on the parties' summary judgment motions is relevant because it provides a context for the jury.  The jury will be deciding the intrinsic portion of the substantial similarity test, and it is logical that they should know that the Court has already made a determination as to the extrinsic portion of the substantial similarity test.

Without that context, this instruction would be confusing to the jury, and could cause them to believe that they are being required to make initial determinations what constitutes a derivative work, when that determination has already been made by the Court.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

31

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 10**

**17.16 Copying – Access and Substantial Similarity**

Instruction 17.4 states that Plaintiffs have the burden of proving that the Defendants copied original elements from Plaintiffs' copyrighted works.

I have determined that Defendants had access to the Star Trek Copyrighted Works and that Defendants copied original elements from Plaintiffs' copyrighted works in creating the Axanar Works.  I have determined that there is objective substantial similarity between the Axanar Works and the Star Trek Copyrighted Works.

You are now to determine, consistent with Instruction 17.18, whether the total concept and feel of the works is substantially similar.

**Authority**

Ninth Circuit Model Instruction No. 17.16; Court's 1/4/17 Order, Dkt. No. 163, p. 9 ("After reviewing the evidence before the Court, including the *Axanar* Works, the Court is satisfied that Defendants have achieved their goal of creating authentic Star Trek films and script.  The *Axanar* Works are substantially similar to the Star trek Copyrighted Works, at least under the extrinsic test.").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

32

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 10**

Defendants object to this instruction to the extent it deviates from Ninth Circuit Model Instruction No. 17.16.   Specifically, Defendants object to the sentences "I have determined that Defendants had access to the Star Trek Copyrighted Works and that Defendants copied original elements from Plaintiffs' copyrighted works in creating the Axanar Works.  I have determined that there is objective substantial similarity between the Axanar Works and the Star Trek Copyrighted Works."  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

33

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1

2

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 10**

3

4

5

6

7

8

9

10

The Court's order on the parties' summary judgment motions is relevant because it provides context for the jury.  The jury will be deciding the intrinsic portion of the substantial similarity test, and it is logical that they should know that the Court has already made a determination as to the extrinsic portion of the substantial similarity test.  Without that context, this model instruction would be confusing to the jury, and could cause them to believe that they are being required to make initial determinations regarding "access," which is not an issue for the jury, and is not a disputed issue in this trial.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

34

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Proposed Jury Instruction No. 11
## <u>17.18 Substantial Similarity – Extrinsic Test; Intrinsic Test</u>

Substantial similarity involves an objective test, and a subjective test.   The objective test considers whether two works share a substantial similarity of ideas and expression as measured by external, objective criteria.

I have already concluded that the ideas and expression in Defendants' Axanar Works are, objectively, substantially similar to Plaintiffs' Star Trek Copyrighted Works.

You must decide if Defendants' Axanar works are also substantially similar under the subjective test.  In order to show substantial similarity under the subjective test, Plaintiffs must show that the average viewer would conclude that the overall original expression in Defendants' Axanar works, and not just bits and pieces of them, is substantially similar to the original expression in Plaintiffs' Star Trek works.

To find subjective substantial similarity, you must consider the combination of the elements of the Axanar Works, including the plot, themes, dialogue, mood, setting, pace, sequence of events, and characters together as an entire work.  You must also evaluate the overall concept and feel of the Axanar works compared with Plaintiffs' Star Trek Copyrighted Works.  Remember, the subjective test depends solely on the response of the ordinary reasonable person.  Therefore, you must rely on your own impressions and not rely on any expert opinions you may have heard.

### <u>Authority</u>

*Paramount Pictures Corp. v. Axanar Prods.*, No. CV 15-09938 RGK (Ex), 2016 U.S. Dist. (C.D. Cal. January 3, 2017); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000); *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985); *Benay v. Warner Bros. Ent't*, 607 F.3d 620, 624 (9th Cir. 2010).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

35

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 11**

First, Defendants object to including the sentence "I have already concluded that the ideas and expression in Defendants' Axanar Works are, objectively, substantially similar to Plaintiffs' Star Trek Copyrighted Works." *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.   Defendants also object to this instruction as inaccurate and confusing to the extent it implies that *only* Defendants' works must be evaluated as a whole.  To the contrary, the jury must decide whether there is substantial similarity between any of Defendants' works, as a whole, and any of Plaintiffs' works, as a whole. *Swirsky v. Carey*, 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (2010); *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985).   Finally, Defendants object to the final sentence, "Therefore, you must rely on your own impressions and not rely on any expert opinions you may have heard" should be stricken as prejudicial, as it may cause the jury to discount expert testimony on other relevant subjects.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

36

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 11**

The instruction does not imply that only Defendants' works must be evaluated as a whole.  As the Court ruled on the parties' summary judgment motions, "The two steps [the extrinsic and intrinsic tests] are used 'to determine the scope of copyright protection before [the] works are considered as a whole in the comparison step.' *Dr. Seuss Enterprises*, 109 F.3d at 1398.  Thus, the court should not overzealously disregard unprotectable elements and 'blind [itself] to the expressiveness of their ensemble.' *Harney v. Sony Pictures Television, Inc.*, 704 F.3d 173, 180 (1st Cir. 2013)."  Dkt. No. 163, page 5.

The final sentence of Plaintiffs' instruction ("Therefore, you must rely on your own impressions and not rely on any expert opinions you may have heard") is consistent with Ninth Circuit case law, including *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) ("The intrinsic test is subjective; it depends solely on the response of the ordinary reasonable person.  To that extent, expert testimony or the comparison of individual features of the works is inappropriate in applying the intrinsic test. Rather, the trier of fact ordinarily decides whether the 'total concept and feel' of the two works is substantially similar." )(internal citation and quotations omitted).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

37

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 12**

**17.33 Copyright – Damages – Defendants' Profits (17 U.S.C. § 504(b))**

In addition to actual damages, the copyright owner is entitled to any profits of the Defendants attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the Defendants' profits only if you find that the Plaintiffs showed a causal nexus between the infringement and the profits generated indirectly from the infringement.

The Defendants' profit is determined by subtracting all expenses from Defendants' gross revenue.

The Defendants' gross revenue is all of the Defendants' receipts from the use, or sale, of the products and works using the copyrighted work associated with the infringement.  The Plaintiffs have the burden of proving the Defendants gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the Defendants' gross revenue, so long as the operating costs, overhead costs, and production costs actually assisted in production, distribution or sale of the infringing product.  The Defendants have the burden of proving their expenses by a preponderance of the evidence.

Unless you find that a portion of the profits from the use of a work containing or using the copyrighted work is attributable to factors other than the use of the copyrighted work, all of the profit is to be attributed to the infringement.  The Defendants have the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted works.

**Authority**

Ninth Circuit Model Instruction No. 17.33, *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984).

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

38

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 12**

Defendants propose changing "the" to "any" profits because there is no evidence in this case of any profits that Defendants have generated as a result of the alleged infringement.  Defendants also object to the Plaintiffs addition to this instruction relating to the fact that costs incurred, to be deductible, must relate to the production of the works at issue.  Plaintiffs' cited case law does not support its proposed addition to the model instruction, as it had only to do with overhead costs. *See Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

1
2

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 12**

3   Defendants' argument that there is no evidence in this case that Defendants

4   have generated any profits as a result of their infringement is contradicted by the

5   facts and the Court's order on the parties' motions for summary judgment.

6   Voluminous evidence and deposition testimony submitted by the parties clearly

7   establishes the personal profits earned by Peters from the Axanar Works.  Based on

8   this evidence, the Court has already held that: "Peters also profited directly from the

9   Axanar Works."  Dkt. No. 163, page 14.

10   The explanation of expenses is necessary because Defendants spent donor

11   funds on personal expenses that did not assist in the production, distribution, or sale

12   of the infringing product.  Without this clarification, Defendants could confuse the

13   jury into believing that funds spent by Peters and others from the Axanar production

14   account are properly deducted from Axanar's revenues, which is not the law.  Only

15   properly deductible expenses can be used to offset revenues from infringement.

16
17
18
19
20
21
22
23
24
25
26
27
28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

40

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Proposed Jury Instruction No. 13**

**<u>17.34 Copyright – Damages – Statutory Damages (17 U.S.C. § 504(c))</u>**

If you find for the Plaintiffs' copyright infringement claim, you must determine the Plaintiffs' damages.  The Plaintiffs seek a statutory damage award, established by Congress for each work infringed.  Its purpose is to penalize the infringer and deter future violations of copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000.00 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions 17.36 will tell you what constitutes willful infringement.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.34.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to Plaintiffs' Proposed Jury Instruction No. 13**

Defendants object to the omission of any reference to the potential for finding that Defendants engaged in innocent infringement.  Defendants also propose adding the language excerpted below relating to the jury's discretion in calculating statutory damages.  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (jury "has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."); *F.W. Woolworth Co. v. Contemporary Arts. Inc.,* 344 U.S. 228, 232 (1952) (trier of fact must be guided by "what is just in the particular case … considering the nature of the copyright, the circumstances of the infringement and the like."); *Coach, Inc. v. Am. Fashion Gift*, CV 12-07647-MWF RZX, 2013 WL 950938, at *2 (C.D. Cal. Mar. 12, 2013) (enumerating various factors to be considered in determining appropriate amount of statutory damages).

"You have wide discretion in determining the amount of statutory damages to be awarded in this case between the minimum and maximum.  You may decide to award more or less for any given work based on what you consider just, and you must decide what is just in this case considering the nature of the copyright, the circumstances of the infringement and the like.

Factors that you may consider in determining what is appropriate include, but are not limited to:  (1) the revenues lost by Plaintiffs, if any; (2) the degree to which Defendants' conduct was egregious and willful; (3) the value of the copyright; (4) the expenses saved and profits earned by Defendants; (5) the deterrent effect on others besides Defendants; (6) the conduct and attitude of the parties; and (7) any benefit to Plaintiffs from Defendants' conduct."

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

42

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Plaintiffs' Reply to Defendants' Objections to**

**Proposed Jury Instruction No. 13**

Defendants' proposal of including extraneous information that is not included in the Model Jury Instructions would confuse the jury.  Defendants fail to provide the basis for the factors.

Further, innocent infringement has no application to this case.  Under 17 U.S.C. § 401(d), "[i]f a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright Infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504(c)(2)."  Therefore, because each of the works Plaintiffs claim were infringed, to which the Court has decided Defendants had access, featured a copyright notice, and because Defendants are not nonprofit educational institutions, libraries, or archives (or employees/agents thereof), innocent infringement is irrelevant to this case.  *See* 17 U.S.C. § 504(c)(2).  Instructing the jury regarding innocent infringement would be irrelevant and misleading in their calculation of damages.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

43

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

## EXHIBIT A: PARAMOUNT'S STAR TREK COPYRIGHTED WORKS

A.   Motion Pictures

    1.   *Star Trek – The Motion Picture* (PA 58-633)

    2.   *Star Trek II – The Wrath of Khan* (PA 147-513)

    3.   *Star Trek III The Search for Spock* (PA 214-571)

    4.   *Star Trek IV: The Voyage Home* (PA 313-406)

    5.   *Star Trek V: The Final Frontier* (PA 436-660)

    6.   *Star Trek VI – The Undiscovered Country* (PA 558-359)

    7.   *Star Trek Generations* (PA 735-978)

    8.   *Star Trek: First Contact* (PA 832-616)

    9.   *Star Trek: Insurrection* (PA 949-613)

    10.   *Star Trek Nemesis* (PA 1-113-097)

    11.   *Star Trek* (PA 1-626-900)

    12.   *Star Trek Into Darkness* (PA 1-837-943)

B.   Books

    1.   *Garth of Izar*, the novel (Registration No. TX0005745716).

    2.   *Star Trek: The Role Playing Game - The Four Years War* (Registration No. TX0008260896).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

44

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

**Defendants' Objections to "Exhibit A"**

Defendants object to the inclusion of *Star Trek: The Role Playing Game - The Four Years War* as an allegedly infringed work.  The Court has indicated that it will grant Plaintiffs' motion *in limine* precluding Plaintiffs from introducing at trial any testimony or evidence regarding allegedly infringed works not identified in the Complaint, including *Star Trek: The Role Playing Game - The Four Years War* which was not alleged in the First Amended Complaint.  Plaintiffs first claimed this as an infringed work just days before discovery closed in this case.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY INSTRUCTIONS

1

**Plaintiffs' Reply to Defendants' Objections to Exhibit A**

2      *Star Trek: The Role Playing Game - The Four Years War* is clearly a work at

3   issue in this case.  In an email to Peters, the director of *Prelude to Axanar*, Christian

4   Gossett, discussed how Defendants were using *Star Trek: The Role Playing Game -*

5   *The Four Years War* as a "bible."  Defendants cannot claim with a straight face that

6   they were not aware of this work.  Moreover, although the title of *The Four Years*

7   *War* was not stated in the complaint, after Plaintiffs discovered how Defendants

8   used the work, Plaintiffs served interrogatory responses that specifically identified

9   *Star Trek: The Role Playing Game* – and *The Four Years War* as infringed works.

10   *See* Declaration of Kelly Oki, Exs. 1 and 2 (ECF Nos. 75-3 and 75-4).  Defendants

11   have been aware of the existence of this evidence at all relevant times.

12      Further, Defendants moved to exclude this work, in their Motion in Limine

13   No. 2, on the same basis that they object to its inclusion here, and that motion was

14   tentatively denied by the Court at the January 9, 2017 pre-trial conference.

15      The Court also expressly relied on *The Four Years War* in the ruling on

16   summary judgment, and therefore, it clearly did not intend to exclude that work

17   from this case.

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

## **EXHIBIT B: CBS' STAR TREK COPYRIGHTED WORKS**

A.   Television Series

    1.   *The Original Series* episode "Whom Gods Destroy" (Reg. No. RE-769-427,LP-44-729).

    2.   *The Original Series* episode "Patterns of Force" (Reg. No. RE-740-926, LP-44-375).

    3.   *The Original Series* episode "The Cage" (Reg. No. PA 314-430).

    4.   *The Original Series* episode "Errand of Mercy" (Reg. No. PA-58-283).

    5.   *The Original Series* episode "Where No Man Has Gone Before" (Reg. No. PA-58-303).

    6.   *The Original Series* episode "The Savage Curtain" (Reg. No. RE-769-425, LP-44-372).

    7.   *The Original Series* episode "The Man Trap" (Reg. No. PA-58-307).

    8.   *The Original Series* episode "Amok Time" (Reg. No. PA-58-289).

    9.   *The Original Series* episode "Space Seed" (Reg. No. PA-58-280).

    10.   *The Original Series* episode "Balance of Terror" (Reg. No. PA-58-310).

    11.   *The Original Series* episode "The Menagerie Part I" (Reg. Nos. PA-58-294).

    12.   *The Original Series* episode "The Menagerie Part II" (Reg. No. PA-58-295).

    13.   *The Original Series* episode "Court Martial" (Reg. No. PA-58-293).

    14.   *The Original Series* episode "Journey to Babel" (Reg. No. RE-714-288, LP-50-341).

    15.   *The Original Series* episode "Day of the Dove" (Reg. No. RE-740-931, LP-44-380).

    16.   *The Original Series* episode "Tomorrow is Yesterday" (Reg. No. PA-58-300).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

47

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

17. *The Original Series* episode "The Doomsday Machine" (Reg. No. RE-714-257, LP-44-258).

18. *The Original Series* episode "Elaan of Troyius" (Reg. No. RE-740-930, LP-44-379).

19. *The Original Series* episode "The Lights of Zetar" (Reg. No. 769-428, LP-44-730).

20. *The Original Series* episode "The Alternative Factor" (Reg. No. PA-58-299).

21. *The Original Series* episode "And The Children Shall Lead" (Reg. No. RE-740-928, LP-44-377).

22. *The Original Series* episode "A Taste of Armageddon" (Reg. No. PA-58-302).

23. *Enterprise* episode "Shockwave, Part II" (Reg. No. PA-1-134-204).

24. *Enterprise* pilot episode "Broken Bow" (Reg. No. PA-1-072-515).

25. *Enterprise* episode "The Expanse" (Reg. No. PA-1-205-604).

26. *Enterprise* episode "Kir'shara" (Reg. No. PA-1-257-200).

27. *Enterprise* episode "Two Days and Two Nights" (Reg. No. PA-1-102-974).

28. *Enterprise* episode "Bounty" (Reg. No. PA-1-205-603).

29. *Enterprise* episode "United" (Reg. No. PA-1-257-201).

30. *Enterprise* episode "Unexpected."

31. *Enterprise* episode "Fortunate Son."

32. *Enterprise* episode "The Aenar."

33. *Enterprise* episode "Babel One" (Reg. No. PA-1-257-199).

34. *Enterprise* episode "These Are The Voyages…" (Reg. No. PA-1-305-894).

35. *Star Trek: The Next Generation* episode "Sarek" (Registration No. PA-501-117).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

48

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS

36.   *Star Trek: The Next Generation* episode "Unification, Part I" (Registration No. PA-573-177).

37.   *Star Trek: The Next Generation* episode "Sins of the Father" (Reg. No. PA-501-111).

38.   *Star Trek: The Next Generation* episode "Samaritan Snare" (Reg. No. PA-430-993).

39.   *Star Trek: The Next Generation* episode "The Naked Now" (Reg. No. PA-348-302).

40.   *Star Trek: The Next Generation* episode "Conspiracy" (Reg. No. PA-415-572).

41.   *The Animated Series* episode "The Counter-Clock Incident."

42.   *Deep Space Nine* Series.

43.   *Voyager* Series.

B.   Books

1.   *Strangers from the Sky*, the novel (Registration No. TX0006429184).

2.   *Infinity's Prism*, the novel (Registration No. TX0006872810).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11086283.2
202828-10048

49

PLAINTIFFS' DISPUTED JURY
INSTRUCTIONS