Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20, <br><br> Defendants. | Case No. 2:15-cv-09938-RGK-E <br><br> *Assigned to: Hon. R. Gary Klausner* <br><br> **JOINT PROPOSED JURY INSTRUCTIONS** <br><br> Pretrial Conference: Jan. 9, 2017 <br> Trial Date: Jan. 31, 2017 |

1

AmericasActive:8469238.2

## I.  INTRODUCTION

Plaintiffs Paramount Pictures Corporation and CBS Studios, Inc. ("Plaintiffs") and Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") hereby submit their Joint Proposed Jury Instructions.

### Index

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury (Court Reads and Provides Written Instructions at the Beginning of Trial) | 9th Cir. 1.1A | 4 |
| 2 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Cir. 1.1C | 5 |
| 3 | Two or More Parties—Different Legal Rights | 9th Cir. 1.5 | 6 |
| 4 | Evidence for Limited Purpose | 9th Cir. 1.8 | 7 |
| 5 | Ruling on Objections | 9th Cir. 1.10 | 8 |
| 6 | No Transcript Available to Jury | 9th Cir. 1.14 | 9 |
| 7 | Taking Notes | 9th Cir. 1.15 | 10 |
| 8 | Bench Conferences and Recesses | 9th Cir. 1.17 | 11 |
| 9 | Outline of Trial | 9th Cir. 1.18 | 12 |
| 10 | Stipulation of Fact | 9th Cir. 2.2 | 13 |
| 11 | Expert Opinion | 9th Cir. 2.13 | 14 |
| 12 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 15 |
| 13 | Charts and Summaries in Evidence | 9th Cir 2.15 | 16 |
| 14 | Evidence in Electronic Format | 9th Cir. 2.16 | 17 |
| 15 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 19 |
| 16 | Burden of Proof – Preponderance of the | 9th Cir. 1.3 | 21 |

2

AmericasActive:8469238.2

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | Evidence | | |
| **17** | What is Evidence | 9th Cir. 1.6 | 22 |
| **18** | What is Not Evidence | 9th Cir. 1.7 | 23 |
| **19** | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 24 |
| **20** | Credibility of Witnesses | 9th Cir. 1.11 | 25 |
| **21** | Conduct of the Jury | 9th Cir. 1.12 | 27 |
| **22** | Publicity During Trial | 9th Cir. 1.13 | 29 |
| **23** | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 30 |
| **24** | Duty to Deliberate | 9th Cir. 3.1 | 31 |
| **25** | Communications with Court | 9th Cir. 3.3 | 32 |
| **26** | Damages – Proof | 9th Cir. 5.1 | 33 |
| **27** | Copyright – Damages (17 U.S.C. § 504) | 9th Cir. 17.31 | 34 |
| **28** | Copyright – Damages – Actual Damages (17 U.S.C. § 504(b)) | 9th Cir. 17.32 | 35 |
| **29** | Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2)) | 9th Cir. 17.36 | 36 |

3

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 1**

**1.1A Duty of Jury (Court Reads and Provides**

**Written Instructions at the Beginning of Trial)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you.

You will recall that you took an oath to do so. Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Authority**

Ninth Circuit Model Instruction No. 1.1A.

AmericasActive:8469238.2

### Stipulated Jury Instruction No. 2
### <u>1.1C Duty of Jury (Court Reads and Provides</u>
### <u>Written Instructions at End of Case)</u>

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### <u>Authority</u>

Ninth Circuit Model Instruction No. 1.1C.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 3**

**<u>1.5 Two or More Parties—Different Legal Rights</u>**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.5.

6

AmericasActive:8469238.2

1

**Stipulated Jury Instruction No. 4**

2

**<u>1.8 Evidence for Limited Purpose</u>**

3

Some evidence may be admitted only for a limited purpose.

4

When I instruct you that an item of evidence has been admitted only for a

5

limited purpose, you must consider it only for that limited purpose and not for any

6

other purpose.

7

**<u>Authority</u>**

8

Ninth Circuit Model Instruction No. 1.8.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 5**

**1.10 Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority**

Ninth Circuit Model Instruction 1.10.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 6**

**<u>1.14 No Transcript Available to Jury</u>**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.14.

9

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 7**

**1.15 Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Authority**

Ninth Circuit Model Instruction No. 1.15.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 8**

**1.17 Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority**

Ninth Circuit Model Instruction No. 1.17.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 9**

**1.18 Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine. Then Defendants may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority**

Ninth Circuit Model Instruction 1.18.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 10**

**<u>2.2 Stipulations of Fact</u>**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __]. You must therefore treat these facts as having been proved.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 2.2.

---

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 11**

**2.13 Expert Opinion**

You are about to hear testimony from [insert names of experts who will testify], who will testify to opinions and the reason for opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all other evidence in the case.

**Authority**

Ninth Circuit Model Instruction No. 2.13

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 12**

**2.14 Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority**

Ninth Circuit Model Instruction No. 2.14.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 13**

**2.15 Charts and Summaries Received in Evidence**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Authority**

Ninth Circuit Model Instruction 2.15.

**Stipulated Jury Instruction No. 14**

**2.16 Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately

AmericasActive:8469238.2

and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

### **<u>Authority</u>**

Ninth Circuit Model Instruction No. 2.16.

JOINT PROPOSED JURY INSTRUCTIONS

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 15**

### 3.2 Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read

19

AmericasActive:8469238.2

1  or hear anything touching on this case in the media, turn away and
2  report it to me as soon as possible.

3  These rules protect each party's right to have this case decided only on
4  evidence that has been presented here in court. Witnesses here in court take an oath
5  to tell the truth, and the accuracy of their testimony is tested through the trial
6  process. If you do any research or investigation outside the courtroom, or gain any
7  information through improper communications, then your verdict may be influenced
8  by inaccurate, incomplete or misleading information that has not been tested by the
9  trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if
10 you decide the case based on information not presented in court, you will have
11 denied the parties a fair trial. Remember, you have taken an oath to follow the rules,
12 and it is very important that you follow these rules.

13 A juror who violates these restrictions jeopardizes the fairness of these
14 proceedings, and a mistrial could result that would require the entire trial process to
15 start over. If any juror is exposed to any outside information, please notify the court
16 immediately.

### **Authority**

18 Ninth Circuit Model Instruction No. 3.2.

20

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 16**

**1.3 Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true that not true.

You should base your decision on all of the evidence, regardless of which party presented it.


**Authority**

Ninth Circuit Model Instruction No. 1.3.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 17**

**<u>1.6 What is Evidence</u>**

The Evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.


**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.6.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 18**

**1.7 What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider the evidence for any other purpose.

4.      Anything you may see or hear when the court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority**

Ninth Circuit Model Instruction No. 1.7.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 19**

**<u>1.9 Direct and Circumstantial Evidence</u>**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.9.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 20**

**1.11 Credibility of Witnesses**

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicted the witness's testimony;

7.     the reasonableness of the witness's testimony in light of all the evidence; and

8.     any other facts that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes a witness will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness has said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

JOINT PROPOSED JURY INSTRUCTIONS

AmericasActive:8469238.2

1    The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify.  What is important is how believable the witnesses

3  are, and how much weight you think their testimony deserves.

4

5                                **<u>Authority</u>**

6    Ninth Circuit Model Instruction No. 1.11.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 21**

**1.12 Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based solely on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

AmericasActive:8469238.2

research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## **Authority**

Ninth Circuit Model Instruction No. 1.12.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 22**

**<u>1.13 Publicity During Trial</u>**

If there is any news media account or commentary about the case or anything to with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 1.13.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 23**

**<u>2.4 Deposition in Lieu of Live Testimony</u>**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 2.4.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 24**

## 3.1 Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Authority

Ninth Circuit Model Instruction No. 3.1.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 25**

**<u>3.3 Communications With Court</u>**

  If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 3.3.

32

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 26**

**<u>5.1 Damages – Proof</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs, you must determine the plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the defendants.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


**<u>Authority</u>**

Ninth Circuit Model Instruction No. 5.1.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 27**

**<u>17.31 Copyright—Damages (17 U.S.C. § 504)</u>**

If you find for the Plaintiffs on the Plaintiffs' copyright infringement claims, you must determine the Plaintiffs' damages. The Plaintiffs are entitled to recover the actual damages suffered as a result of the infringements. In addition, the Plaintiffs are also entitled to recover any profits of the Defendants attributable to the infringement. The Plaintiffs must prove damages by a preponderance of the evidence.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.31.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 28**

**17.32 Copyright – Damages – Actual Damages (17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement.  Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted works caused by the infringement.  The reduction of the fair market value of a copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the Defendants of the Plaintiffs' work.  That amount also could be represented by the lost license fees the Plaintiffs would have received for the Defendants' unauthorized use of the Plaintiffs' work.

**Authority**

Ninth Circuit Model Instruction No. 17.32.

AmericasActive:8469238.2

**Stipulated Jury Instruction No. 29**

**17.36 Copyright – Damages – Willful Infringement (17 U.S.C. § 504(c)(2))**

An infringement is considered willful when the Plaintiffs have proved both of the following elements by a preponderance of the evidence:

1.      the Defendants engaged in acts that infringed the copyright; and

2.      the Defendants knew that those acts infringed the copyright, or the defendants acted with reckless disregard for, or willful blindness to, the copyright holder's rights.


**Authority**

Ninth Circuit Model Instruction No. 17.36.

AmericasActive:8469238.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 13, 2017                    **WINSTON & STRAWN LLP**


By:  */s/ Erin R. Ranahan*_____
Erin R. Ranahan
Diana Hughes Leiden
Kelly N. Oki
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS


Dated:  January 13, 2017                    **LOEB & LOEB**


By:  */s/ Jennifer Jason*_____
Jonathan Zavin
David Grossman
Jennifer Jason
Attorneys for Plaintiffs,
PARAMOUNT PICTURES
CORPORATION and CBS STUDIOS
INC.


I, Diana Hughes Leiden, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

_/s/ Diana Hughes Leiden_____
Diana Hughes Leiden

JOINT PROPOSED JURY INSTRUCTIONS

AmericasActive:8469238.2