Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20, <br><br> Defendants. | Case No. 2:15-cv-09938-RGK-E <br><br> *Assigned to:  Hon. R. Gary Klausner* <br><br> **DEFENDANTS' DISPUTED JURY INSTRUCTIONS** <br><br> Pretrial Conference: Jan. 9, 2017 <br> Trial Date:          Jan. 31, 2017 |

1

# I.    INTRODUCTION

Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") hereby submit their Disputed Jury Instructions.

<div align="center">

**Index**

</div>

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | 1.2 Claims and Defenses | Ninth Circuit Model Instruction No. 1.2. | 8 |
| 2 | 17.0 Preliminary Instruction – Copyright | Ninth Circuit Model Instruction No. 17.0. | 11 |
| 3 | 17.1 Copyright – Defined (17 U.S.C §106) | Ninth Circuit Model Instruction No. 17.1 | 16 |
| 4 | 17.2 Copyright—Subject Matter—Generally | Ninth Circuit Model Instruction No. 17.2 | 19 |
| 5 | 17.3 Copyright – Subject Matter – Ideas and Expression (17 U.S.C. § 102(b)) | Ninth Circuit Model Instruction No. 17.3 | 22 |
| 6 | 17.4 Copyright Infringement – Elements – Ownership and Copying (17 U.S.C. § 501(a)-(b)) | Ninth Circuit Model Instruction No. 17.4 | 25 |
| 7 | 17.5 Copyright Infringement – Ownership of Valid Copyright – Definition (17 U.S.C. §§ 201-205) | Ninth Circuit Model Instruction No. 17.5 | 28 |
| 8 | 17.13 Copyright Infringement— | Ninth Circuit Model | 31 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | Originality | Instruction No. 17.13 | |
| 9 | 17.14 Copyright Interests – Derivative Work (17 U.S.C. §§ 101, 106(2)) | Ninth Circuit Model Instruction No. 17.14 | 34 |
| 10 | 17.16 Copying – Access and Substantial Similarity | Ninth Circuit Model Instruction No. 17.16 | 37 |
| 11 | 17.17 Copyright Infringement – Copying – Access Defined | Ninth Circuit Model Instruction No. 17.17 | 40 |
| 12 | 17.18 Substantial Similarity | Ninth Circuit Model Instruction No. 17.18; *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006); *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996); *Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1273 (9th Cir. 1981) | 46 |
| 13 | 17.18 Substantial Similarity – Intrinsic Test | Ninth Circuit Model Instruction No. 17.18; *Swirsky v. Carey*, 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of* | 49 |

3

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | *reh'g* (Aug. 24, 2004); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (2010); *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985) | |
| 14 | 17.20 Derivative Liability – Contributory Infringement – Elements and Burden of Proof | Ninth Circuit Model Instruction No. 17.20 | 52 |
| 15 | 17.33 Copyright – Damages – Defendants' Profits (17 U.S.C. § 504(b)) | Ninth Circuit Model Instruction No. 17.33, *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984) | 55 |
| 16 | 17.34 Copyright – Damages – Statutory Damages (17 U.S.C. § 504(c)) | Ninth Circuit Model Instruction No. 17.34 | 59 |
| 17 | 17.35 Copyright – Damages – Innocent Infringement (17 U.S.C. § 504(c)(2)) | Ninth Circuit Model Instruction No. 17.35 | 62 |
| 18 | Affirmative Defense of Acknowledgment, Ratification, Consent, Acquiescence | *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990); *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. | 66 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 1991) | |
| 19 | Affirmative Defense of Waiver | *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001), *aff'd after remand*, 284 F.3d 291 (9th Cir. 2002) | 69 |
| 20 | Affirmative Defense of Unclean Hands | *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)) | 72 |
| 21 | Affirmative Defense of Defendants' First Amendment Rights | *Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d | 75 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 1257, 1264 (11th Cir. 2001). | |
| **22** | Affirmative Defense of Estoppel | *Bangkok Broadcasting & T.V. Co., Ltd. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010) | 78 |
| **23** | Affirmative Defense of Failure to Mitigate Damages | *Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978); Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction No. 5.3 | 81 |
| **24** | Affirmative Defense of Failure to Register Copyrights | 17 U.S.C. § 411(a) | 84 |
| **25** | Affirmative Defense of Lack of Standing | *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007) | 87 |
| **26** | Affirmative Defense of Authorized Use | *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 206 (9th Cir. 1988) | 91 |
| **27** | 17.23 Copyright - Affirmative Defense - Copyright Misuse | Ninth Circuit Model Instruction No. 17.23; | 94 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | *Practice Management Information Corp. v. American Medical Ass'n*, 121 F.3d 516, 520 (9th Cir. 1998); *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990); *Omega S.A. v. Costco Wholesale Grp.*, 776 F.3d 692, 699-706 (9th Cir. 2015) | |

**Defendants' Disputed Jury Instruction No. 1**

**1.2 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs, Paramount and CBS, assert that Defendants, Axanar Productions and Alec Peters, infringed Plaintiffs' copyrights in certain Star Trek works by producing a short film titled *Prelude to Axanar* and by developing a feature film titled *Axanar*.  Plaintiffs have the burden of proving this claim.

Defendants deny those claims.  Defendants have also asserted a number of other affirmative defenses, including waiver, unclean hands, and Plaintiffs' failure to mitigate their damages.  Defendants have the burden of proving these affirmative defenses.

Plaintiffs deny that Defendants had a license or permission to use their copyrights in Star Trek.

**Authority**

Ninth Circuit Model Instruction No. 1.2.

1  **Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 1**

2      Plaintiffs object to Defendants' reference to the specific affirmative defenses

3  as confusing to the jury and unnecessary.  Plaintiffs submit that their instruction for

4  "1.2 Claims and Defenses" is the correct instruction.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 1**

Defendants submit that the instruction should reference Defendants' affirmative defenses because they are still at issue in this case given that Plaintiffs filed only a partial summary judgment motion and did not move on any of Defendants' affirmative defenses.

**Defendants' Disputed Jury Instruction No. 2**

**<u>17.0 Preliminary Instruction – Copyright</u>**

The Plaintiffs, Paramount Pictures Corporation ("Paramount") and CBS Studios Inc. ("CBS"), claim ownership of certain copyrights and seek damages against Defendants, Axanar Productions, Inc. ("Axanar Productions") and Alec Peters ("Peters"), for copyright infringement.  Defendants deny infringing the copyrights and assert a number of affirmative defenses, including waiver, unclean hands, and Plaintiffs' failure to mitigate their damages.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

**Definition of Copyright**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries themselves cannot be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**How Copyright is Obtained**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material

1  deposited constitutes copyrightable subject matter and that certain legal and formal

2  requirements are satisfied, the Register of Copyrights registers the work and issues a

3  certificate of registration to the copyright owner.

4  <center>**Plaintiffs' Burden of Proof**</center>

5  In this case, Plaintiffs, Paramount and CBS, contend that Defendants, Axanar

6  Productions and Peters, have infringed the Plaintiffs' copyrights.  The Plaintiffs

7  have the burden of proving by a preponderance of the evidence that the Plaintiffs are

8  the owners of the copyrights and that Defendants copied original expression from

9  the copyrighted works.  Preponderance of the evidence means that you must be

10  persuaded by the evidence that it is more probably true than not true that the

11  copyrighted works were infringed.

12  Plaintiffs must also prove that Defendants' use of the copyrighted work was

13  substantial.  In determining whether Defendants' use of the copyrighted work was

14  substantial, you may consider how important the copied portion was to the

15  copyrighted work as a whole.

16  <center>**Proof of Copying**</center>

17  To prove that Defendants copied Plaintiffs' work, Plaintiffs may show that

18  Defendants had access to Plaintiffs' copyrighted work and that there are substantial

19  similarities between Defendants' work and Plaintiffs' copyrighted work.

20  <center>**Liability for Infringement**</center>

21  One who prepares derivative works from a copyrighted work without

22  authority from the copyright owner during the term of the copyright infringes the

23  copyright.

24  Copyright may also be infringed by vicariously infringing or contributorily

25  infringing.

26  <center>**Vicarious Infringement**</center>

27  A person is liable for copyright infringement by another if the person has

28  profited directly from the infringing activity and had the right and ability to

<center>12</center>

<center>DEFENDANTS' DISPUTED JURY INSTRUCTIONS</center>

supervise or control the infringing activity, whether or not the person knew of the infringement.

## Contributory Infringement

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## Defenses to Infringement

Defendants contend that there is no copyright infringement, and that they are entitled to certain affirmative defenses that I will explain to you.

## __Authority__

Ninth Circuit Model Instruction No. 17.0

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 2**

Plaintiffs object to this instruction for several reasons. First, Defendants' affirmative defenses may not be relevant in this case depending on the resolution of Plaintiffs' forthcoming trial brief so they do not need to be included in the instructions.

Second, Defendants' instruction does not include the definition of the "Star Trek Copyrighted Works," which is relevant for the instruction.

Third, the instruction does not include relevant information about the Court's order on the parties' motions for summary judgment, such as the findings that Plaintiffs own the Star Trek Copyrighted Works, and that the Axanar Works are objectively substantially similar to the Star Trek Copyrighted Works.

Fourth, the instruction is missing the fact that the jury will need to analyze whether the Axanar Works are subjectively similar to the Star Trek Copyrighted Works. Plaintiffs submit that their instruction for "17.0 Preliminary Instructions--Copyright" is the correct instruction.

### Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 2

Defendants submit that the instruction should reference Defendants' affirmative defenses because they are still at issue in this case given that Plaintiffs filed only a partial summary judgment motion and did not move on any of Defendants' affirmative defenses.  Defendants' further submit that *any* reference to the summary judgment opinion, or the Court's findings therein, is inappropriate and should be stricken as unduly prejudicial and unnecessary.  Finally, it is unnecessary to reference substantial similarity in this instruction in light of the specific instruction on substantial similarity.  To do so would be unnecessarily confusing.

**Defendants' Disputed Jury Instruction No. 3**

**17.1 Copyright – Defined (17 U.S.C §106)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

1.    reproduce the copyrighted work in copies, such as films, television shows and books; and

2.    recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes an assignee.  In general, copyright law protects against reproduction of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce the right to exclude others in an action for copyright infringement.

**Authority**

Ninth Circuit Model Instruction No. 17.1

**Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 3**

Defendants' instruction does not include how the right to copy includes the right to perform publicly an unlicensed infringing audiovisual work. Plaintiffs submit that their instruction for "17.1 Copyright—Defined" is the correct instruction.

1

2 **Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury**

3 **Instruction No. 3**

4     Plaintiffs' addition of the phrase "perform publicly an unlicensed infringing

5 audiovisual work" is unnecessary, unclear, and confusing, and not included in the

6 Ninth Circuit Model Jury Instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Disputed Jury Instruction No. 4**

**17.2 Copyright—Subject Matter—Generally**

**(17 U.S.C. § 102)**

The works involved in this trial are:

1. Literary works; and

2. Motion pictures and television episodes in which a series of related images convey an impression of motion when shown in succession;

You are instructed that a copyright may be obtained in the literary and audiovisual works at issue.

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act. Copyright protection for an original work of authorship does not extend to any idea, regardless of the form in which it is described, explained, illustrated, or embodied.

**Authority**

Ninth Circuit Model Instruction No. 17.2

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 4**

Plaintiffs submit that their instruction for "17.2 Copyright—Subject Matter—Generally" is the correct instruction.  Defendants' instruction omits portions of the instruction that Plaintiffs believe are relevant for the jury.  In particular, the Court should include the following language:

Copyright protection for an original work of authorship does not extend to any idea, regardless of the form in which it is described, explained, illustrated, or embodied.

Original elements from these works are also independently protectable, including characters, props and sets.

In addition to the overall protection afforded to literary and audiovisual works, the law provides that individual characters in comic books, television or motion pictures, including inanimate objects, can be afforded copyright protection when the character:

(a) must generally have physical as well as conceptual qualities;

(b) is sufficiently delineated to be recognizable as the same character whenever it appears by displaying consistent, identifiable character traits and attributes, although it need not have a consistent appearance; and

(c) is especially distinctive and contains some unique elements of expression. The Court has held that the character, Garth of Izar, is owned by Plaintiffs, is protected by copyright and was copied by Defendants.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 4**

Defendants submit that the language in the instruction starting with "[o]riginal elements from these works…" is irrelevant and would be confusing to the jury.  Plaintifs' proposed last sentence is inappropriate because *any* reference to the summary judgment opinion, or the Court's findings therein is unduly prejudicial and unnecessary .

**Defendants' Disputed Jury Instruction No. 5**

**<u>17.3 Copyright – Subject Matter – Ideas and Expression (17 U.S.C. § 102(b))</u>**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.3.

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 5**

Plaintiffs object to this instruction on the grounds that the Court has already decided that the expression found in Defendants' works is substantially similar to the protectable expression found in Plaintiffs' works, as a matter of law.

The Court has determined that, under the objective/extrinsic test for substantial similarity, the works at issue are substantially similar. The remaining question for the jury is whether the works are subjectively substantially similar – whether they are similar in terms of overall concept and feel.

This instruction is irrelevant to the jury's application of the subjective test, and will only confuse the jury in their understanding of the test they must apply.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 5**

Defendants submit that this instruction is not relevant to substantial similarity, but rather to underlying principles of copyright law and therefore would not be confusing to the jury.

**Defendants' Disputed Jury Instruction No. 6**

**17.4 Copyright Infringement – Elements – Ownership and Copying (17 U.S.C. § 501(a)-(b))**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the Plaintiffs' copyright infringement claim, the Plaintiffs have the burden of proving by a preponderance of the evidence that:

     1.     the Plaintiffs are owners of valid copyrights; and

     2.     the Defendants copied original expression from the copyrighted works.

If you find that the Plaintiffs have proved both of these elements, your verdict should be for the Plaintiffs unless you find that Defendants have proved by a preponderance of the evidence any of their affirmative defenses, in which case your verdict should be for Defendants.  If you find that Plaintiffs have failed to prove either of the two elements listed above, your verdict should be for Defendants.

**Authority**

Ninth Circuit Model Instruction No. 17.4

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 6**

Plaintiffs submit that their instruction for "17.4 Copyright Infringement—Elements—Ownership and Copying" is the correct instruction.  In particular, Plaintiffs submit that in Defendants' instruction, after the language "On the Plaintiffs' copyright infringement claim, the Plaintiffs have the burden of proving by a preponderance of the evidence that 1.the Plaintiffs are owners of valid copyrights; and 2. the Defendants copied original expression from the copyrighted works," the Court should include the following language instead of Defendants' language, which is relevant for the jury:

I have already determined that Plaintiffs are the owners of the copyrights in the Star Trek Copyrighted Works and that the Defendants copied original expression from those copyrighted works.

Your duty is to determine whether there is subjective similarity between Plaintiffs' Star Trek Copyrighted Works and the Axanar Works, by deciding whether the concept and feel of the parties' works are substantially similar. Instruction No. 17.18 discusses the subjective similarity analysis to be applied.

### Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 6

Defendants submit that the instruction should reference Defendants' affirmative defenses because they are still at issue in this case given that Plaintiffs filed only a partial summary judgment motion and did not move on any of Defendants' affirmative defenses.  Furthermore, the statement "I have already determined that Plaintiffs are the owners of the copyrights in the Star Trek Copyrighted Works and that the Defendants copied original expression from those copyrighted works" is factually inaccurate, as ownership was not at issue in the summary judgment motion, and the Court explicitly recognized as the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations.  Furthermore, *any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  The last paragraph of the instruction should mirror the Ninth Circuit Model Jury Instruction and reference Defendants' affirmative defenses.  Finally, reference to "substantial similarity" would be repetitive of Instruction No. 17.18 and confusing to the jury.

**Defendants' Disputed Jury Instruction No. 7**

**17.5 Copyright Infringement – Ownership of Valid Copyright – Definition (17 U.S.C. §§ 201-205)**

Plaintiff Paramount is the owner of a valid copyrights in certain Star Trek works listed in Exhibit A if Paramount proves by a preponderance of the evidence that:

      1.     Paramount's work is original; and

      2.     Paramount is the author or creator of the work, or received a transfer of the copyright.

Plaintiff CBS is the owner of valid copyrights in certain Star Trek works listed in Exhibit B if CBS proves by a preponderance of the evidence that:

      1.     CBS' work is original; and

      2.     CBS is the author or creator of the work, or received a transfer of the copyright.

**Authority**

Ninth Circuit Model Instruction No. 17.5

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 7**

Plaintiffs submit that their instruction for "17.5 Copyright Infringement—Ownership of Valid Copyright—Definition" is the correct instruction.  Defendants' jury instruction fails to take into account that the Court has already determined that Plaintiffs are the owners of the Star Trek Copyrighted Works.  Also, Defendants' Exhibit A fails to identify *Star Trek: The Role Playing Game - The Four Years War* (Registration No. TX0008260896), a copyrighted work owned by Paramount.  The Court should add the following language to the instruction:

The Court has determined that Plaintiff Paramount is the owner of valid copyrights in the thirteen Star Trek motion pictures, the *Four Years War* supplement to *Star Trek: The Role Playing Game*, and the novel, *Garth of Izar*, [*see* Exhibit A]

The Court has determined that Plaintiff CBS is the owner of valid copyrights in six Star Trek television series, as well as various Star Trek Novels and additional materials [*see* Exhibit B]

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 7**

Defendants submit that entire instruction is factually inaccurate, as ownership was not at issue in the summary judgment motion, and the Court explicitly recognized at the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations.  Furthermore, *any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  Finally, Defendants object to the inclusion of *Star Trek: The Role Playing Game - The Four Years War* as an allegedly infringed work.  The Court has indicated that it will grant Plaintiffs' motion *in limine* precluding Plaintiffs from introducing at trial any testimony or evidence regarding allegedly infringed works not identified in the Complaint, including *Star Trek: The Role Playing Game - The Four Years War* which was not alleged in the First Amended Complaint.  Plaintiffs first claimed this as an infringed work just days before discovery closed in this case.

1

2      **Defendants' Disputed Jury Instruction No. 8**

3      **17.13 Copyright Infringement—Originality**

4           An original work may include or incorporate elements taken from prior

5      works, and works from the public domain.  The original parts of Plaintiffs' works

6      are the parts created:

7

8           1. independently by the work's author, that is, the author did not copy it from

9           another work; and

10          2. by use of at least some minimal creativity.

11                                  **Authority**

12                     Ninth Circuit Model Instruction No. 17.13.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 8**

Plaintiffs submit that their instruction for "17.13 Copyright Infringement--Originality" is the correct instruction.  Defendants' instruction fails to incorporate the Court's order.  Plaintiffs would like to add the following language to Defendants' instruction: The Court has determined that Defendants used original, copyright-protected elements in the Axanar Works.

### Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 8

Defendants' proposed instruction is in line with the Ninth Circuit Model Jury Instruction.  Plaintiffs' proposed insertion of the sentence "[t]he Court has determined that Defendants used original, copyright-protected elements in the Axanar Works" is improper.  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.  Nor is this sentence relevant to this instruction and as such would be confusing to the jury.

**Defendants' Disputed Jury Instruction No. 9**

**17.14 Copyright Interests – Derivative Work (17 U.S.C. §§ 101, 106(2))**

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, such as a dramatization, motion picture version, or any other form in which the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted.  Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

If the copyright owner allows others to create a derivative work based on the copyrighted work, the copyright owner of the pre-existing work retains a copyright in that derivative work with respect to all of the elements of the pre-existing work that were used in the derivative work.  The author of the derivative work is entitled to copyright protection only for original contributions made by the author that are more than trivial.  If the derivative work incorporates pre-existing work by others, or work in the public domain, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others, or in the public domain, or limited to the manner in which the derivative author combined the pre-existing elements by other persons, or pre-existing elements in the public domain into the derivative work.

The copyright owner of the pre-existing work may enforce the right to exclude others in an action for copyright infringement to the extent that the material copied derived from the pre-existing work.

**Authority**

Ninth Circuit Model Instruction No. 17.14

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 9**

Plaintiffs submit that their instruction for "17.14 Copyright Interests—Derivative Work" is the correct instruction. Defendants' instruction fails to take into account the Court's order, which is relevant for the jury.  The Court should add the following to the instruction: I have determined that the Axanar Works are derivative works of the Star Trek Copyrighted Works, so long as you determine that there is subjective similarity between the Axanar Works and the Star Trek Copyrighted Works.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 9**

Plaintiffs' proposed jury instruction is line with the Ninth Circuit Model Jury Instruction.  Plaintiffs' proposed addition of the sentence "I have determined that the Axanar Works are derivative works of the Star Trek Copyrighted Works, so long as you determine that there is subjective similarity between the Axanar Works and the Star Trek Copyrighted Works" is improper.  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.

**Defendants' Disputed Jury Instruction No. 10**

**17.16 Copying – Access and Substantial Similarity**

Instruction 17.4 states that Plaintiffs have the burden of proving that Defendants copied original elements from Plaintiffs' copyrighted works.  Plaintiffs may show that Defendants copied from the work by proving by a preponderance of the evidence that Defendants had access to Plaintiffs' copyrighted works and that there are substantial similarities between  Defendants' work(s) and original elements of Plaintiffs' works.


**Authority**

Ninth Circuit Model Instruction No. 17.16

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 10**

Plaintiffs submit that their instruction for "17.16 Copying—Access and Substantial Similarity" is the correct instruction.  Defendants' instruction fails to take into account the Court's order on the parties' motions for summary judgment, and also fails to explain that the jury needs to decide whether the Axanar Works are intrinsically similar to the Star Trek Copyrighted Works.  The Court should add the following language to the instruction:

I have determined that Defendants had access to the Star Trek Copyrighted Works and that Defendants copied original elements from Plaintiffs' copyrighted works in creating the Axanar Works.  I have determined that there is objective substantial similarity between the Axanar Works and the Star Trek Copyrighted Works.

You are now to determine, consistent with Instruction 17.18, whether the total concept and feel of the works is substantially similar.

### Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 10

Plaintiffs' proposed instruction is line with Ninth Circuit Model Jury Instruction No. 17.16.  Plaintiffs' proposed addition of the sentences "I have determined that Defendants had access to the Star Trek Copyrighted Works and that Defendants copied original elements from Plaintiffs' copyrighted works in creating the Axanar Works.  I have determined that there is objective substantial similarity between the Axanar Works and the Star Trek Copyrighted Works" is improper.  *Any* reference to the summary judgment opinion, or the Court's findings therein, is unduly prejudicial and unnecessary.

**Defendants' Disputed Jury Instruction No. 11**

**<u>17.17 Copyright Infringement – Copying – Access Defined</u>**

As part of its burden in Instruction 17.4, Plaintiffs must prove by a preponderance of the evidence that Defendants had access to Plaintiffs' work.  You may find that Defendants had access to Plaintiffs' work if Defendants had a reasonable opportunity to view Plaintiffs' work before Defendants' work was created.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.17

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 11**

Plaintiffs object to this instruction because it is unnecessary.  The Court has already decided that Defendants accessed Plaintiffs' Star Trek Copyrighted Works, given its finding that Defendants' Axanar Works are objectively similar to Plaintiffs' Star Trek Copyrighted Works.  This instruction is unnecessary and a waste of time.

1

2

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury**

3

**Instruction No. 11**

4      Defendants submit that this instruction is necessary, and is not a waste of

5   time, because Plaintiffs have persistently refused either to conclusively identify "the

6   works at issue," or limit this case to only the works they *have* identified, and

7   therefore the Court's summary judgment order finding that Defendants generally

8   accessed "Plaintiffs' Star Trek Copyrighted Works" does not resolve the issues

9   facing the jury.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Disputed Jury Instruction No. 12**

**<u>17.18 Substantial Similarity</u>**

Plaintiffs claim that Defendants' works, a short film titled *Prelude to Axanar* and an unfinished feature film titled *Axanar*, infringe Plaintiffs' copyrights in certain Star Trek movies, television episodes, and novels.  Plaintiffs have the burden of proving by a preponderance of the evidence that Defendants' works copy original expression from Plaintiffs' works.  What constitutes an "original expression" is set forth in Instruction No. [   ].  Plaintiffs may show that Defendants copied an original expression by proving by a preponderance of the evidence that Defendants had access to Plaintiffs' copyrighted works and that there are substantial similarities, in both ideas and expression, between Defendants' work(s) and original elements of Plaintiffs' work(s).

Whether there is substantial similarity between the works depends on both the observations and impressions of the ordinary reasonable person, as well as specific similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequences of events in the works.

Because copyright only protects the original elements of Plaintiffs' works, any nonprotectable elements must be disregarded in the substantial similarity analysis.  The following elements are not protectable by copyright:  the general mood and theme of science fiction; names and words used in plaintiffs' works; elements in the public domain and nature; the Klingon language; scènes à faire (*i.e.*, scenes that are mandated by or customary to the science fiction genre); most specific characters; and the general costuming and appearance of, or shapes affiliated with, characters in Plaintiffs' works.

Only if works are substantially similar when taken <u>as a whole</u> is a finding of copyright infringement proper.  If Plaintiffs show only that Defendants copied certain elements of the Star Trek works, you must return a verdict for Defendants.

1

## **<u>Authority</u>**

2   Ninth Circuit Model Instruction No. 17.18; *Funky Films, Inc. v. Time Warner*

3   *Entm't Co., L.P.*, 462 F.3d 1072, 1076-77 (9th Cir. 2006); *Clinton v. Acequia, Inc.*,

4   94 F.3d 568, 572 (9th Cir. 1996); *Portland Police Ass'n v. City of Portland*, 658

5   F.2d 1272, 1273 (9th Cir. 1981); *Feist Publ'ns, Inc. v. Rural Tel. Svc. Co.*, 499 U.S.

6   340, 350 (1991); *Psihoyos v. The Nat'l Geographic Soc'y*, 409 F. Supp. 2d 268, 275

7   (S.D.N.Y. 2005); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir.

8   2002); *DC Comics v. Towle*, 802 F.3d 1012, 1019 (9th Cir. 2015); *Ent. Research*

9   *Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1221 (9th Cir. 1997).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 12**

Plaintiffs submit that their instruction for "17.18 Substantial Similarity—Extrinsic Test; Intrinsic Test" is the correct instruction.  Plaintiffs object to this instruction on the grounds that the Court has already decided in favor of Plaintiffs on the objective test for substantial similarity.  As a matter of law, the expression found in Defendants' works is objectively substantially similar to the copyrightable expression found in Plaintiffs' works.

The jury need only decide the subjective test, that is whether the overall concept and feel of the works are substantially similar.  This instruction is, for the most part, irrelevant to the jury's consideration of the overall concept and feel of the works under the subjective test, and will only confuse the jury in their understanding of the test they must apply.

The jury instruction is also misleading in that it instructs the jury to disregard items that are subject to copyright, such as costumes, shapes, original characters, and the Klingon language.  These elements undoubtedly contribute to an understanding of whether the overall concept and feel of the works are similar, and dissection of the works is improper under the intrinsic analysis.  Defendants also mischaracterize "science fiction" as a mood and theme.  It is a genre that may be presented in any mood or theme.

Furthermore, this instruction misstates the law by instructing the jury to return a verdict for Defendants if "Plaintiffs show only that Defendants copied certain elements of the Star Trek works."  On the contrary, copying of Plaintiffs' original expression would require a verdict for Plaintiffs.  *See* 9th Circuit Model Jury Instruction 17.4; *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991) ("[t]o establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright [which Defendants admit], and (2) copying of constituent elements of the work that are original.").  Here, Defendants attempt to

1   mislead the jury by implying that copying of less than every single element of the

2   Star Trek Copyrighted Works would insulate Defendants from liability.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 12**

Defendants submit that this instruction is necessary because Plaintiffs have persistently refused either to conclusively identify "the works at issue," or limit this case to only the works they *have* identified, and therefore the Court's summary judgment order finding on objective substantial similarity between Defendants' works and "Plaintiffs' Star Trek Copyrighted Works" does not resolve the issues facing the jury.  To the extent that the Court determines that the jury should only be instructed on the intrinsic test, Defendants propose using the following instruction.

## Defendants' Disputed Jury Instruction No. 13
### 17.18 Substantial Similarity – Intrinsic Test

Plaintiffs claim that Defendants' works, a short film titled *Prelude to Axanar* and an unfinished feature film titled *Axanar*, infringe Plaintiffs' copyrights in certain Star Trek movies, television episodes, and novels.  Plaintiffs have the burden of proving by a preponderance of the evidence that Defendants' works copy original expression from Plaintiffs' works.  What constitutes an "original expression" is set forth in Instruction No. [   ].  Plaintiffs may show that Defendants copied an original expression by proving by a preponderance of the evidence that Defendants had access to Plaintiffs' copyrighted works and that there are substantial similarities, in both ideas and expression, between Defendants' work(s) and original elements of Plaintiffs' work(s).

Whether there is substantial similarity between the works depends on the observations and impressions of the ordinary reasonable person, and specifically whether the total concept and feel of Defendants' works, *Prelude to Axanar* and *Axanar*, are substantially similar to Plaintiffs' works.  Only if any of Defendants' works are substantially similar to one of Plaintiffs' works, when each is taken as a whole, is a finding of substantial similarity proper on that work.

### Authority

Ninth Circuit Model Instruction No. 17.18; *Swirsky v. Carey*, 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (2010); *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.1985).

## Defendants' Disputed Jury Instruction No. 13
## <u>17.19 Secondary Liability – Vicarious Infringement –</u>
## <u>Elements and Burden of Proof</u>

Plaintiffs are suing defendants Alec Peters and Axanar Productions, Inc. for direct copyright infringement.  In addition, if you find that Defendant Axanar Productions, Inc. infringed Plaintiffs' copyright, you must determine whether Mr. Peters vicariously infringed that same copyright.  Plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1.      Mr. Peters directly benefited financially from the infringing activity or Axanar Productions, Inc.  To prove this element, Plaintiffs must prove a causal relationship between the infringing activity and any financial benefit to Mr. Peters;

2.      Mr. Peters had the right and ability to supervise, or control, the infringing activity of Axanar Productions, Inc.  This requires that Mr. Peters have both a legal right to stop or limit the claimed directly infringing conduct, as well as the practical ability to do so; and

3.      Mr. Peters failed to exercise that right and ability.

If you find that Plaintiffs have proved each of these three elements, your verdict should be for Plaintiffs if you also find that Axanar Productions, Inc. infringed Plaintiffs' copyright.  If, on the other hand, Plaintiffs have filed to prove any of these elements, your verdict should be for the Defendant, Mr. Peters.

### <u>Authority</u>

Ninth Circuit Model Instruction No. 17.19.

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 13**

This instruction is unnecessary because the Court already decided that, if Axanar Productions is found to have created works that are intrinsically similar to Plaintiffs' Star Trek Copyrighted Works, then Peters is liable for vicarious infringement for the actions of Axanar Productions.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 13**

Defendants submit that this instruction is necessary because the Court did not find direct infringement, nor did it find secondary infringement with respect to any particular work.  Furthermore, the Court left unresolved the critical question of *which* particular alleged works were the sources of Defendants' purported copying, as well as *which* particular alleged works were infringed by *Prelude to Axanar*, and which by the *Axanar*—which directly bear on which works Mr. Peters could be found to have vicariously infringed.  Therefore,  the jury  must be instructed on vicarious liability.

### Defendants' Disputed Jury Instruction No. 14

### __17.20 Derivative Liability – Contributory Infringement – Elements and__
### __Burden of Proof__

A defendant may be liable for copyright infringement engaged in by another if he knew or had reason to know of the infringing activity and intentionally induced, or materially contributed to, that infringing activity.

If you find that Defendant Axanar Productions, Inc. infringed the Plaintiffs' copyright, you must determine whether Mr. Peters contributorily infringed that same copyright.  Plaintiffs have the burden of proving both the following elements by a preponderance of the evidence:

1.      Mr. Peters knew or had reason to know of the infringing activity of Axanar Productions, Inc.; and

2.      Mr. Peters intentionally induced, or materially contributed to, Axanar Productions, Inc.'s infringing activity.

If you find that Axanar Productions, Inc. infringed one of Plaintiffs' copyrights and you also find that Plaintiffs, or either of them, have proved both of these elements, your verdict should be for Plaintiff(s).  If, on the other hand, Plaintiff(s) has failed to prove either or both of these elements, your verdict on contributory infringement should be for the Defendant, Mr. Peters.

### __Authority__

Ninth Circuit Model Instruction No. 17.20

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 14**

This instruction is unnecessary because the Court already decided that, if Axanar Productions is found to have created works that are intrinsically similar to Plaintiffs' Star Trek Copyrighted Works, then Peters liable for contributory infringement based on the actions of Axanar Productions.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 14**

Defendants submit that this instruction is necessary because the Court did not find direct infringement, nor did it find secondary infringement with respect to any particular work. Furthermore, the Court left unresolved the critical question of *which* particular alleged works were the sources of Defendants' purported copying, as well as *which* particular alleged works were infringed by *Prelude to Axanar*, and which by the *Axanar*—which directly bear on which works Mr. Peters could be found to have contributorily infringed. Therefore, the jury must be instructed on contributory liability.

**Defendants' Disputed Jury Instruction No. 15**

**<u>17.33 Copyright – Damages – Defendants' Profits (17 U.S.C. § 504(b))</u>**

In addition to actual damages, the copyright owner is entitled to any profits of Defendants attributable to the infringement.  You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Defendants' profits only if you find that Plaintiffs showed a causal nexus between the infringement and any profits generated indirectly from the infringement.

Defendants' profit is determined by subtracting all expenses from Defendants' gross revenue.

Defendants' gross revenue is all of Defendants' receipts from the use, or sale, of the products and works using the copyrighted work associated with the infringement.  Plaintiffs have the burden of proving Defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing Defendants' gross revenue.  Defendants have the burden of proving their expenses by a preponderance of the evidence.

Unless you find that a portion of any profits from the use of a work containing or using the copyrighted work is attributable to factors other than the use of the copyrighted work, all of the profit is to be attributed to the infringement. Defendants have the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted works.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.33, *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 15**

Plaintiffs submit that their instruction for "17.33 Copyright—Damages—Defendants' Profits" is the correct instruction.  The instructions are missing an explanation of the fact that expenses need to have actually assisted in the production, distribution, or sale of the infringing product.  This is important because Defendants spent donor funds on personal expenses that did not assist in the production, distribution, or sale of the infringing product.  The Court should add the underlined phrase to Defendants' instruction: Expenses are all operating costs, overhead costs, and production costs incurred in producing the Defendants' gross revenue, so long as the operating costs, overhead costs, and production costs actually assisted in production, distribution or sale of the infringing product.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 15**

Plaintiffs' claim that "Defendants spent donor funds on personal expenses that did not assist in the production, distribution, or sale of the infringing product" is a disputed fact that Plaintiffs are attempting to prove at trial.  Plaintiffs' proposed insertion of "so long as the operating costs, overhead costs, and production costs actually assisted in production, distribution or sale of the infringing product" is unnecessary and confusing given the definition of "gross revenue" as "all of Defendants' receipts from the use, or sale, of the products and works using the copyrighted work *associated with the infringement*" earlier in the instruction (emphasis added).  Defendants' proposed instruction follows the Ninth Circuit Model Jury Instruction.

**Defendants' Disputed Jury Instruction No. 16**

**<u>17.34 Copyright – Damages – Statutory Damages (17 U.S.C. § 504(c))</u>**

If you find for Plaintiffs' copyright infringement claim, you must determine Plaintiffs' damages.  In the alternative to recovering their actual damages or Defendants' profits, Plaintiffs seek a statutory damage award, established by Congress for each work infringed.  Its purpose is to penalize the infringer and deter future violations of copyright laws.

If you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

If you find the infringement was willful, you may award as little as $750 or as much as $150,000 for each work willfully infringed.

Otherwise, if you find the infringement neither innocent nor willful, the amount you may award as statutory damages is not less than $750, nor more than $30,000.00 for each copyrighted work that was infringed.

You have wide discretion in determining the amount of statutory damages to be awarded in this case between the minimum and maximum.  You may decide to award more or less for any given work based on what you consider just, and you must decide what is just in this case considering the nature of the copyright, the circumstances of the infringement and the like.

Factors that you may consider in determining what is appropriate include, but are not limited to:  (1) the revenues lost by Plaintiffs, if any; (2) the degree to which Defendants' conduct was egregious and willful; (3) the value of the copyright; (4) the expenses saved and profits earned by Defendants; (5) the deterrent effect on others besides Defendants; (6) the conduct and attitude of the parties; and (7) any benefit to Plaintiffs from Defendants' conduct.

Instructions 17.35 and 17.36 will tell you what constitutes innocent and willful infringement.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.34

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 16**

Plaintiffs submit that their instruction for "17.34 Copyright—Damages—Statutory Damages" is the correct instruction. Defendants' instruction contains information that would confuse the jury.  Instead, the Court should use the following instruction:

If you find for the Plaintiffs' copyright infringement claim, you must determine the Plaintiffs' damages.  The Plaintiffs seek a statutory damage award, established by Congress for each work infringed.  Its purpose is to penalize the infringer and deter future violations of copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000.00 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions 17.36 will tell you what constitutes willful infringement.

**Defendants' Reply to Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 16**

Defendants object to the omission of any reference to the potential for finding that Defendants engaged in innocent infringement.  Furthermore, Defendants' proposed additions to the Ninth Circuit Model Jury Instruction are grounded in the relevant case law and will guide the jury on the appropriate factors to consider in determining the amount, if any, of statutory damages.  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (jury "has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."); *F.W. Woolworth Co. v. Contemporary Arts. Inc.,* 344 U.S. 228, 232 (1952) (trier of fact must be guided by "what is just in the particular case … considering the nature of the copyright, the circumstances of the infringement and the like."); *Coach, Inc. v. Am. Fashion Gift*, CV 12-07647-MWF RZX, 2013 WL 950938, at *2 (C.D. Cal. Mar. 12, 2013) (enumerating various factors to be considered in determining appropriate amount of statutory damages).

## Defendants' Disputed Jury Instruction No. 17

### 17.35 Copyright – Damages – Innocent Infringement (17 U.S.C. § 504(c)(2))

An infringement is considered innocent when Defendants have proved both of the following elements by a preponderance of the evidence:

1.     Defendants were not aware that their acts constituted infringement of the copyright; and

2.     Defendants had no reason to believe that their acts constituted an infringement of the copyright.

### Authority

Ninth Circuit Model Instruction No. 17.35.

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 17**

Plaintiffs object to this instruction because the doctrine of innocent infringement has no application to the facts of this case.

Under 17 U.S.C. § 401(d), "[i]f a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright Infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504(c)(2)."  Therefore, because each of the works Plaintiffs claim were infringed, to which the Court has decided Defendants had access, featured a copyright notice, and because Defendants are not nonprofit educational institutions, libraries, or archives (or employees/agents thereof), innocent infringement is irrelevant to this case.  *See* 17 U.S.C. § 504(c)(2).  Instructing the jury regarding innocent infringement would be irrelevant and misleading in their calculation of damages.

## Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 17

Plaintiffs' objection that innocent infringement is inapplicable misstates the law and relies on a fundamental misreading of the Copyright Act. Plaintiffs appear to have been misled by the term "innocent infringement"—which, though it is used as a shorthand reference to the provisions of 17 U.S.C. § 504(c)(2), appears nowhere in that section. Instead, the irrelevant language Plaintiffs cite from 17 U.S.C. § 401(d) addresses the "evidentiary weight of notice" applicable to one who is *defined* as an "innocent infringer[]" under § 405(b). The Copyright Act's plain language shows that § 502(c)(2) is *not* limited to the "innocent infringers" of §§ 401, 402, and 405. Rather, the statute unambiguously provides that "[i]n a case where the infringer sustains the burden of proving… that [he] was not aware and had no reason to believe that his… acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id.*   Defendants' proposed instruction follows the Ninth Circuit Model Jury Instruction.

**Defendants' Disputed Jury Instruction No. 18**

**Affirmative Defense of Acknowledgment, Ratification, Consent, Acquiescence**

Defendants are not liable to Plaintiffs if they prove by a preponderance of the evidence that Plaintiffs have given their consent or acquiescence, express or implied, to Defendants to use Plaintiffs' works, or if Plaintiffs acknowledged and ratified Defendants' use of Plaintiffs' works.  Such consent, acquiescence, or acknowledgment and ratification may be impliedly given, including through the conduct of the parties.  If you find that Defendants have proven by a preponderance of the evidence that they received consent, acquiescence, or acknowledgement and ratification from Plaintiffs to use all or some of Plaintiffs' works in the way the Plaintiffs complain of, then you must return a verdict for Defendants or deny Plaintiffs relief on the portion of its claims related to the use to which they consented.

## Authority

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558 (9th Cir. 1990); *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 18**

Plaintiffs object to this jury instruction on the grounds that it is compound, confusing to the jury, and misstates the relevant legal standard.   *Effects Assocs., Inc. v. Cohen*, states the standard for implied license of a copyright, for which the 9th Circuit has a model instruction that bears little similarity to Defendants' proposed instruction.  908 F.2d 555, 558 (9th Cir. 1990).  Defendants' citation to *Presley Enters., Inc. v. Elvisly Yours, Inc.* is equally unhelpful.  936 F.2d 889, 894 (6th Cir. 1991).  That case concerns affirmative defenses to trademark infringement in the Sixth Circuit and has little or no application to the legal standard that the jury in this case should apply.  Defendants appear to have presented a hodgepodge of defenses to copyright and trademark infringement in the hope of confusing the jury.

To the extent the Court instructs the jury on implied license, the Court should use the below model instruction (17.24).  Though Plaintiffs would object even to this instruction on the grounds that there exists no evidence that Defendants requested Plaintiffs create Star Trek.

**17.24 Copyright – Affirmative Defense – Implied License**

Defendants contend that they are not liable for copyright infringement because Plaintiffs granted them an implied license in the Plaintiffs' copyrighted work. Plaintiffs cannot claim copyright infringement against a defendant who uses Plaintiffs' copyrighted work if Plaintiffs granted the defendant an implied license to use the work.

In order to show the existence of an implied license, Defendant has the burden of proving that:

1.   the defendant requested that Plaintiff create the work;

2.   Plaintiff made that particular work and delivered it to Defendant; and

3.   Plaintiff intended that Defendant use Plaintiffs' work.

If you find that Defendants have proved by a preponderance of the evidence that Plaintiffs granted them an implied license to use the copyrighted work, your

verdict should be for Defendant on that portion of Plaintiffs' copyright infringement claim.

### Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 18

Consent, acquiescence, and acknowledgement and ratification are all common law affirmative defenses that apply equally to copyright infringement.  Furthermore, Plaintiffs' speculation that Defendants' defense of consent is limited to an "implied license" defense lacks any basis.

## Defendants' Disputed Jury Instruction No. 19

### <u>Affirmative Defense of Waiver</u>

Plaintiffs that waive their rights to recovery may not then seek recovery.  A defendant succeeds on a waiver defense if it proves by a preponderance of the evidence that the plaintiff intentionally relinquished a right with knowledge of its existence and the intent to relinquish it.  If you find that Plaintiffs intentionally relinquished all or part of its rights asserted in this case, you must return a verdict for Defendants or deny Plaintiffs relief on the portion of its claims that they have waived.

### <u>Authority</u>

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001), *aff'd after remand*, 284 F.3d 291 (9th Cir. 2002).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 19**

Plaintiffs object to this jury instruction on the grounds that it misstates the law on waiver (abandonment) of copyright and because there is a model instruction on this standard.  Defendants fail to note that waiver or abandonment of copyright must be manifested by an overt act indicating an intention to abandon that right.  *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir. 1998).  Because Defendants can present no evidence of such an overt act, they omitted that component from their proposed instruction, rendering it fatally flawed.

Furthermore, Defendants' instruction may confuse the jury by hiding from them that mere lack of enforcement by a copyright holder does not constitute abandonment.  A copyright holder does not abandon its rights due to lack of consistent enforcement.  *Paramount Pictures Corp. v. Carol Publ'g Grp.*, 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998).

To the extent the Court instructs the jury on implied license, the Court should use the below model instruction (17.22).  Plaintiffs would object even to this instruction on the grounds that there exists no evidence that Plaintiffs made an overt act to abandon their copyright to Star Trek.

********

**17.22 Copyright – Affirmative Defense - Abandonment**

Defendants contends that a copyright does not exist in Plaintiffs' work because Plaintiffs abandoned the copyright.  Plaintiffs cannot claim ownership of the copyright if it was abandoned. In order to show abandonment, Defendant has the burden of proving each of the following by a preponderance of evidence:

1.    Plaintiffs intended to surrender ownership rights in the work; and

2.    an act by Plaintiffs evidencing that intent.

Mere inaction does not constitute abandonment of the copyright; however, this may be a factor for you to consider in determining whether Plaintiffs have abandoned the copyright.

### Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 19

Plaintiffs' attempt to conflate "waiver" with "abandonment" lacks any basis. Contrary to Plaintiffs' contention, Defendants do not argue that Plaintiffs "abandoned" their copyrights. Defendants' affirmative defense of waiver is plainly viable here. "Generally, a 'copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement.'" *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) (quoting *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998)). A nonexclusive implied license may be implied from conduct or granted orally. *Carson v. Dynegy*, 344 F.3d 446, 451 n. 5 (5th Cir. 2003).

1

2

## Defendants' Disputed Jury Instruction No. 20

## **Affirmative Defense of Unclean Hands**

The doctrine of unclean hands denies recovery to Plaintiffs if they engaged in inequitable conduct.  Defendants prevail on an unclean hands defense if they prove by a preponderance of the evidence that:

1.      Plaintiffs violated conscience, good faith, or other equitable principles in any of their prior conduct.

2.      The alleged misconduct by Plaintiffs relates directly to the claims asserted against Defendants;

3.      Plaintiffs' conduct injured Defendants.

If you find that Plaintiffs have unclean hands, you must return a verdict for Defendants.

## **Authority**

*See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001)).

### Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 20

Plaintiffs object specifically to this jury instruction on the grounds that it is duplicative of the below instruction for copyright misuse and unnecessarily confusing for the jury.  In the context of copyright infringement, the 9th Circuit uses the standard for copyright misuse when analyzing the equitable defense of "unclean hands."  *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) (recognizing the 5th Circuit's discussion of copyright misuse "as an unclean hands defense which forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to the public policy to grant.").  Using this less precise definition, for which Defendants cite to authority outside of copyright law, would increase the risk of confusion for the jury.

Furthermore, Defendants have no evidence of any misconduct by Plaintiffs relating to its claims against Defendants, and the implication that such evidence exists will confuse the jury unnecessarily.   There is no evidence whatsoever supporting the application of either the "unclean hands" defense (which should not apply to an infringement suit) or to the defense of copyright misuse.

## Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 20

Plaintiffs' attempt to conflate the distinct doctrines of unclean hands and copyright misuse is unpersuasive and lacks a legal basis. The language Plaintiffs quote from *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090 (9th Cir. 2005) is dicta, from a case in which the court determined that the defense did not apply. Moreover, Plaintiffs' complaint that Defendants do not have *evidence* supporting bad faith conduct of Plaintiffs is both incorrect and irrelevant to the jury instruction.

**Defendants' Disputed Jury Instruction No. 21**

**<u>Affirmative Defense of Defendants' First Amendment Rights</u>**

The First Amendment guarantees Defendants' rights of free speech. Defendants prevail on a First Amendment defense if  they prove by a preponderance of the evidence that Plaintiffs' claims are incompatible with Defendants' constitutionally-guaranteed free speech rights.  If you find that Defendants have proved by a preponderance of the evidence that Plaintiffs' claims are incompatible with Defendants' free speech rights, you must return a verdict for Defendants.

**<u>Authority</u>**

*Eldred v. Ashcroft*, 537 U.S. 186, 190 (2003); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1264 (11th Cir. 2001).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 21**

This is not an affirmative defense to a copyright claim – and Defendants have not cited to any authority to support the use of such a defense in response to a claim for copyright infringement.

Plaintiffs also object to this jury instruction on the grounds that it is a mischaracterization of the law.  Under the Supreme Court's detailed analysis in *Eldred v. Ashcroft* (cited above by Defendants), "copyright law contains built-in First Amendment accommodations."  537 U.S. 186, 219 (2003).  First, the Copyright Act distinguishes between ideas and expressions, making only the latter eligible for copyright protection.  *Id*.  Second, fair use allows the public to use copyrighted expressions under certain conditions.  *Id*.  This Court has already decided that Defendants' copying of Plaintiffs' works was not fair use.  Therefore, the First Amendment protections built into copyright law have already been examined, and addressed by the Court.  The inclusion of this jury instruction will serve only to mislead and confuse the jury.

DEFENDANTS' DISPUTED JURY INSTRUCTIONS

**Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 21**

While Defendants acknowledge that the doctrine of fair use will not be an issue at trial, the First Amendment remains relevant to copyright infringement.

## Defendants' Disputed Jury Instruction No. 22

### Affirmative Defense of Estoppel

Defendants are not liable to Plaintiffs if they prove by a preponderance of the evidence that Plaintiffs knew of Defendants' infringement and induced Defendants to rely upon their silence or inaction to Defendants' detriment.  Defendants prevail on an estoppel defense if they prove by a preponderance of the evidence that:

1.     Plaintiffs knew of Defendants' allegedly infringing conduct;

2.     Plaintiffs intended that Defendants rely upon their conduct or acted so that Defendants had a right to believe it was so intended;

3.     Defendants are ignorant of the true facts;

4.     Defendants detrimentally relied upon Plaintiffs' conduct.

If you find that Defendants have proved by a preponderance of the evidence that Plaintiffs are estopped from recovering on their claims, you must return a verdict for the Defendants.

### Authority

*Bangkok Broadcasting & T.V. Co., Ltd. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1115 (C.D. Cal. 2010).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 22**

Plaintiffs object to this jury instruction on the grounds that estoppel is an equitable defense to copyright infringement and is, therefore, not appropriately the subject of a jury instruction. It is for this reason that the 9th Circuit model jury instructions do not include an instruction for estoppel, under copyright or otherwise.

Defendants also have no evidence to support the equitable defense of estoppel and an instruction to the jury will only mislead and confuse  *See Paramount Pictures Corp. v. Carol Publ'g Grp.*, 11 F. Supp. 2d 329, 337 (S.D.N.Y. 1998) (in rejecting the "estoppel by transitivity," the court noted that a copyright holder "is free to instigate legal action against whomever it wishes.").

### Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 22

Plaintiffs' objection to the defense of so-called "estoppel by transitivity" is irrelevant, since that is not a defense in this case. And *estoppel* requires a factual inquiry into "[f]our elements … 1) the party to be estopped must know the facts; 2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; 3) the latter must be ignorant of the true facts; and 4) he must rely on the former's conduct to his injury." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988) (citation omitted). Estoppel is a viable defense to copyright infringement in the Ninth Circuit. *Id.*; *see also Kramer v. From The Heart Prods., Inc.*, 300 F. App'x 555, 557 (9th Cir. 2008) (finding "facts … sufficient to establish an estoppel defense" and upholding determination that plaintiffs were "estopped from bringing any copyright claims against [defendants]" based on those facts).

1

**Defendants' Disputed Jury Instruction No. 23**

2

**<u>Affirmative Defense of Failure to Mitigate Damages</u>**

3    Plaintiffs have a duty to use reasonable efforts to mitigate their damages.  To

4  mitigate means to avoid or reduce damages.  Defendants have the burden of proving

5  by a preponderance of the evidence:

6    1.    That the damages suffered by Plaintiffs could have been avoided; and

7    2.    Plaintiffs failed to use reasonable care and diligence in avoiding the

8  damages.

9    If you find that Plaintiffs failed to mitigate their damages, you may reduce

10  any award of damages as you find appropriate.

11

**<u>Authority</u>**

12    *Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978); Ninth

13  Circuit Manual of Model Jury Instructions (2007 ed.), Instruction No. 5.3

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 23**

Plaintiffs object to this jury instruction on the grounds that failure to mitigate damages is not an affirmative defense to copyright infringement.  Defendants cite no authority in support of applying this standard in a copyright action.  *Sias v. City Demonstration Agency* is a Title VII employment discrimination suit.

Defendants have also altered 9th Circuit Model Instruction 5.3.  In doing so, Defendants' instruction omits the requirement that the jury determine the amount by which damages would have been mitigated, and replaces it with a binary choice of whether damages could have been mitigated.  This change dramatically alters, and reduces the breadth of, the jury's inquiry under the model instruction without authority.  For reference, the correct instruction is as follows:

### 5.3 Damages – Mitigation

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.      that Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 23**

Plaintiffs' failure to mitigate their alleged damages is clearly highly relevant to the calculation of damages.  Plaintiffs' claim that "failure to mitigate" is not an affirmative defense misses the mark, as the instruction is necessary for an appropriate calculation of damages (rather than liability).

**Defendants' Disputed Jury Instruction No. 24**

**<u>Affirmative Defense of Failure to Register Copyrights</u>**

Plaintiffs cannot prevail on an infringement claim predicated on an unregistered copyright.  If Defendants prove by a preponderance of the evidence that Plaintiffs have not registered one of the copyrights they claim that Defendants infringed, then you must return a verdict for Defendants with respect to those claims.

**<u>Authority</u>**

17 U.S.C. § 411(a).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 24**

Plaintiffs object to the use of this jury instruction as, in opposition to Plaintiffs' motion for summary judgment, Defendants agreed that Plaintiffs were the owners of the works at issue.  Further, the Court has already ruled, consistent with Defendants' admissions, that the element of ownership has been established.

Plaintiffs also object to this jury instruction on the grounds that ownership of the copyright is a part of Plaintiffs' prima facie case, not an affirmative defense. *Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991) ("[t]o establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright [which Defendants admit], and (2) copying of constituent elements of the work that are original.").  There is no Ninth Circuit jury instruction relating to "lack of standing" or "failure to register" – precisely because it is not an affirmative defense.  Therefore, this instruction is irrelevant to the jury's inquiry and unnecessarily confusing.

### Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 24

Defendants have not agreed that Plaintiffs are the owners of the works they allege, nor has the Court so ruled. ECF No. 163. Rather, the issue of ownership was not disputed for purposes of summary judgment. *Id.* That does not absolve Plaintiffs of the requirement to prove their ownership of a valid copyright to each work alleged in this case. Indeed, the Court explicitly recognized as the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations. To establish a copyright infringement claim, a plaintiff must show, *inter alia*, "ownership of a valid copyright." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

**Defendants' Disputed Jury Instruction No. 25**

**<u>Affirmative Defense of Lack of Standing</u>**

Defendants cannot be held liable for infringing copyrights unless Plaintiffs are the owner or exclusive licensee of the works they assert were infringed at the time of the alleged infringement.  If Defendants prove by a preponderance of the evidence that Plaintiffs were not the owner or exclusive licensee of any of the works at issue, then you must return a verdict for Defendants on Plaintiffs' claim of infringement of any such works.

**<u>Authority</u>**

*Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007).

1

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 25**

2      Plaintiffs object to this jury instruction on the grounds that standing is a part

3  of Plaintiffs' prima facie case, not an affirmative defense.  There is no Ninth Circuit

4  jury instruction on this issue precisely because it is not an affirmative defense.

5      Further, in opposition to Plaintiffs' motion for summary judgment,

6  Defendants agreed that Plaintiffs were the owners of the works at issue.  Further, the

7  Court has already ruled, consistent with Defendants' admissions, that the element of

8  ownership has been established.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 25

Defendants have not agreed that Plaintiffs are the owners of the works they allege, nor has the Court so ruled. ECF No. 163. Rather, the issue of ownership was not disputed for purposes of summary judgment. *Id.* That does not absolve Plaintiffs of the requirement to prove their ownership of a valid copyright to each work alleged in this case. Indeed, the Court explicitly recognized as the pretrial conference the need for Plaintiffs to put on evidence of ownership and copyright registrations.

1

2

**Defendants' Disputed Jury Instruction No. 26**

**Affirmative Defense of Authorized Use**

3       Defendants cannot be held liable for infringing copyrights if Plaintiffs

4   authorized Defendants to use Plaintiffs' works.  If Defendants prove by a

5   preponderance of the evidence that Plaintiffs authorized Defendants to use

6   Plaintiffs' works, then you must return a verdict for Defendants on Plaintiffs' claim

7   of infringement of any such works.

8                      **Authority**

9       *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 206 (9th Cir. 1988) (to

10  prevail on a copyright infringement claim, plaintiff must establish ownership and

11  unauthorized copying of protected expression).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' DISPUTED JURY INSTRUCTIONS

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 26**

Plaintiffs object to this jury instruction on the grounds that it is confusing to the jury, and misstates the relevant legal standard.  Defendants cite to no authority supporting the existence of "Authorized Use" as an affirmative defense to copyright infringement.  In *Data East USA, Inc. v. Epyx, Inc*., the court simply states: " [t]o establish copyright infringement, Data East must prove both ownership of a valid copyright and "copying" by Epyx of the copyrighted works. 862 F.2d 204, 206 (9th Cir. 1988).  The only valid affirmative defense that is arguably close to Defendants' instruction is that of implied license.  *Effects Assocs., Inc. v. Cohen*, states the standard for implied license of a copyright, for which the 9th Circuit has a model instruction that bears little similarity to Defendants' proposed instruction.

To the extent the Court instructs the jury on implied license, the Court should use the below model instruction (17.24).  Plaintiffs would object even to this instruction on the grounds that there exists no evidence that Defendants requested Plaintiffs create Star Trek.

**17.24 Copyright – Affirmative Defense – Implied License**

Defendants contend that they are not liable for copyright infringement because Plaintiffs granted them an implied license in the Plaintiffs' copyrighted work. Plaintiffs cannot claim copyright infringement against a defendant who uses Plaintiffs' copyrighted work if Plaintiffs granted the defendant an implied license to use the work.

In order to show the existence of an implied license, Defendant has the burden of proving that:

1.    the defendant requested that Plaintiff create the work;

2.    Plaintiff made that particular work and delivered it to Defendant; and

3.    Plaintiff intended that Defendant use Plaintiffs' work.

If you find that Defendants have proved by a preponderance of the evidence that Plaintiffs granted them an implied license to use the copyrighted work,

your verdict should be for Defendant on that portion of Plaintiffs' copyright infringement claim.

**Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 26**

Defendants' proposed instruction is plainly relevant as authorized copying is not infringement. Plaintiffs' claim that authorization is limited only to implied license has no basis in the law.

**Defendants' Disputed Jury Instruction No. 27**

**<u>17.23 Copyright - Affirmative Defense - Copyright Misuse</u>**

Defendants cannot be held liable for infringing copyrights if Plaintiffs have misused those copyrights.  If Defendants prove by a preponderance of the evidence that the plaintiffs have misused any of their copyrights by attempting to enforce their copyrights in a manner that goes beyond the scope of the rights granted under the United States Constitution or in a manner that violates the public policies underlying the copyright laws, then you must return a verdict for Defendants on Plaintiffs' claim of infringement of any such copyrights.

**<u>Authority</u>**

Ninth Circuit Model Instruction No. 17.23; *Practice Management Information Corp. v. American Medical Ass'n*, 121 F.3d 516, 520 (9th Cir. 1998); *See Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990); *Omega S.A. v. Costco Wholesale Grp.*, 776 F.3d 692, 699-706 (9th Cir. 2015).

**Plaintiffs' Objections to Defendants' Disputed Jury Instruction No. 27**

Plaintiffs object to this jury instruction on the grounds that it is confusing to the jury, and misstates the relevant legal standard.  To the extent that this equitable defense should be submitted to the jury (which Plaintiffs do not concede), Defendants' instruction is deficient in that it does not instruct the jury regarding anti-trust violations, or describe with any specificity the standard to be applied.

To the extent the Court instructs the jury on copyright misuse, the Court should use the below model instruction (17.23).  Plaintiffs would object even to this instruction on the grounds that there exists no evidence that Plaintiffs violated anti-trust laws, extended an illegal monopoly, or violated the public policies underlying copyright law.

## 17.23 Copyright – Affirmative Defense – Copyright Misuse

Inherent in granting a copyright owner the exclusive right to reproduce his or her works is the risk that he or she will abuse the limited monopoly his or her copyright provides by restricting competition in a market that is beyond the scope of his copyright.  Defendants contend that plaintiffs are misusing their copyrights in this manner.

The defendants have the burden of proving by the preponderance of the evidence that in enforcing its copyright in Star Trek, plaintiffs:

1.      illegally extended their monopoly outside the scope of the copyright by gaining commercial control over products it does not own; or

3.      otherwise abused the limited monopoly granted by their copyrights.

If you find that plaintiffs have proved their claims in accordance with instructions _____, your verdict should be for plaintiff, unless you find that the defendant proved each of the elements of this affirmative defense, in which case your verdict should be for the defendant.

1

## **<u>Authority</u>**

2          Ninth Circuit Model Instruction No. 17.23, *Omega S.A. v. Costco Wholesale*

3  *Group*, 776 F.3d 692, 699-706 (9th Cir. 2015) (Wardlaw, J., concurring).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' DISPUTED JURY INSTRUCTIONS

## Defendants' Reply to Plaintiffs' Objection to Defendants' Disputed Jury Instruction No. 27

Plaintiffs cite no authority for their claim that copyright misuse should not be determined by a jury (nor did Plaintiffs move on this affirmative defense on summary judgment).  Indeed, the existence of Ninth Circuit Model Jury Instruction No. 17.23 proves otherwise.  Defendants' proposed jury instruction adheres more closely to the facts of the case.

# EXHIBIT A: PARAMOUNT'S STAR TREK COPYRIGHTED WORKS

A. Motion Pictures

     1.    *Star Trek – The Motion Picture* (PA 58-633)

     2.    *Star Trek II – The Wrath of Khan* (PA 147-513)

     3.    *Star Trek III The Search for Spock* (PA 214-571)

     4.    *Star Trek IV: The Voyage Home* (PA 313-406)

     5.    *Star Trek V: The Final Frontier* (PA 436-660)

     6.    *Star Trek VI – The Undiscovered Country* (PA 558-359)

     7.    *Star Trek Generations* (PA 735-978)

     8.    *Star Trek: First Contact* (PA 832-616)

     9.    *Star Trek: Insurrection* (PA 949-613)

     10.    *Star Trek Nemesis* (PA 1-113-097)

     11.    *Star Trek* (PA 1-626-900)

     12.    *Star Trek Into Darkness* (PA 1-837-943)

B. Books

     1.  *Garth of Izar*, the novel (Registration No. TX0005745716).

# EXHIBIT B: CBS' STAR TREK COPYRIGHTED WORKS

A. Television Series

1. *The Original Series* episode "Whom Gods Destroy" (Reg. No. RE-769-427,LP-44-729).

2. *The Original Series* episode "Patterns of Force" (Reg. No. RE-740-926, LP-44-375).

3. *The Original Series* episode "The Cage" (Reg. No. PA 314-430).

4. *The Original Series* episode "Errand of Mercy" (Reg. No. PA-58-283).

5. *The Original Series* episode "Where No Man Has Gone Before" (Reg. No. PA-58-303).

6. *The Original Series* episode "The Savage Curtain" (Reg. No. RE-769-425, LP-44-372).

7. *The Original Series* episode "The Man Trap" (Reg. No. PA-58-307).

8. *The Original Series* episode "Amok Time" (Reg. No. PA-58-289).

9. *The Original Series* episode "Space Seed" (Reg. No. PA-58-280).

10. *The Original Series* episode "Balance of Terror" (Reg. No. PA-58-310).

11. *The Original Series* episode "The Menagerie Part I" (Reg. Nos. PA-58-294).

12. *The Original Series* episode "The Menagerie Part II" (Reg. No. PA-58-295).

13. *The Original Series* episode "Court Martial" (Reg. No. PA-58-293).

14. *The Original Series* episode "Journey to Babel" (Reg. No. RE-714-288, LP-50-341).

15. *The Original Series* episode "Day of the Dove" (Reg. No. RE-740-931, LP-44-380).

16. *The Original Series* episode "Tomorrow is Yesterday" (Reg. No. PA-58-300).

17. *The Original Series* episode "The Doomsday Machine" (Reg. No. RE-714-257, LP-44-258).

18. *The Original Series* episode "Elaan of Troyius" (Reg. No. RE-740-930, LP-44-379).

19. *The Original Series* episode "The Lights of Zetar" (Reg. No. 769-428, LP-44-730).

20. *The Original Series* episode "The Alternative Factor" (Reg. No. PA-58-299).

21. *The Original Series* episode "And The Children Shall Lead" (Reg. No. RE-740-928, LP-44-377).

22. *The Original Series* episode "A Taste of Armageddon" (Reg. No. PA-58-302).

23. *Enterprise* episode "Shockwave, Part II" (Reg. No. PA-1-134-204).

24. *Enterprise* pilot episode "Broken Bow" (Reg. No. PA-1-072-515).

25. *Enterprise* episode "The Expanse" (Reg. No. PA-1-205-604).

26. *Enterprise* episode "Kir'shara" (Reg. No. PA-1-257-200).

27. *Enterprise* episode "Two Days and Two Nights" (Reg. No. PA-1-102-974).

28. *Enterprise* episode "Bounty" (Reg. No. PA-1-205-603).

29. *Enterprise* episode "United" (Reg. No. PA-1-257-201).

30. *Enterprise* episode "Unexpected."

31. *Enterprise* episode "Fortunate Son."

32. *Enterprise* episode "The Aenar."

33. *Enterprise* episode "Babel One" (Reg. No. PA-1-257-199).

34. *Enterprise* episode "These Are The Voyages…" (Reg. No. PA-1-305-894).

35. *Star Trek: The Next Generation* episode "Sarek" (Registration No. PA-501-117).

36. *Star Trek: The Next Generation* episode "Unification, Part I" (Registration No. PA-573-177).

37. *Star Trek: The Next Generation* episode "Sins of the Father" (Reg. No. PA-501-111).

38. *Star Trek: The Next Generation* episode "Samaritan Snare" (Reg. No. PA-430-993).

39. *Star Trek: The Next Generation* episode "The Naked Now" (Reg. No. PA-348-302).

40. *Star Trek: The Next Generation* episode "Conspiracy" (Reg. No. PA-415-572).

41. *The Animated Series* episode "The Counter-Clock Incident."

42. *Deep Space Nine* Series.

43. *Voyager* Series.

B. Books

1. *Strangers from the Sky*, the novel (Registration No. TX0006429184).

*Infinity's Prism*, the novel (Registration No. TX0006872810)


Dated:  January 13, 2017                          **WINSTON & STRAWN LLP**


By:  */s/ Erin R. Ranahan*
    Erin R. Ranahan
    Diana Hughes Leiden
    Kelly N. Oki
    Attorneys for Defendants,
    AXANAR PRODUCTIONS, INC.
    and ALEC PETERS