Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
Kelly N. Oki (SBN: 304053)
koki@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.,
and ALEC PETERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation; and CBS STUDIOS INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>      vs.<br><br>AXANAR PRODUCTIONS, INC., a California corporation; ALEC PETERS, an individual; and DOES 1-20,<br><br>            Defendants. | Case No. 2:15-cv-09938-RGK-E<br><br>*Assigned to:  Hon. R. Gary Klausner*<br><br>**DEFENDANTS AXANAR PRODUCTIONS, INC., AND ALEC PETERS' BRIEF REGARDING STATUTORY DAMAGES**<br><br>Pretrial Conference: January 9, 2017<br>Trial Date: January 31, 2017 |

## I.      INTRODUCTION

Plaintiffs have not yet elected whether they will seek to recover their actual damages or statutory damages at trial.  Regardless of Plaintiffs' election, Defendants will offer at trial evidence and testimony regarding Plaintiffs' lack of actual damages resulting from Defendants' alleged infringement, including testimony from Christian Tregillis, an expert with a background in finance, economics, and accounting. Pursuant to the Court's instructions at the January 9, 2017 pretrial conference, and in further support of their Oppositions to Plaintiffs' Motions *in Limine* to exclude certain evidence, Defendants Axanar Productions, Inc. and Alec Peters ("Defendants") hereby submit their brief regarding the relevance of any actual damages suffered by Plaintiffs to the jury's determination of the appropriate amount of statutory damages (if any), and the relevance of other evidence and testimony to the statutory damages factors. Defendants respectfully request that, in the event that Plaintiffs seek to recover statutory damages, the Court permit Defendants to present evidence to the jury regarding *all* of the factors relevant to the analysis, including Plaintiffs' lost revenues (or lack thereof) and the conduct and attitude of the parties.

## II.     THE MEASURE OF PLAINTIFFS' ACTUAL DAMAGES IS DIRECTLY RELEVANT TO THE APPROPRIATE SCOPE OF STATUTORY DAMAGES

Section 504 of the Copyright Act provides that "[t]he copyright owner may elect, at any time before judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1). This award may be increased to a maximum of $150,000 per work if the defendant's conduct was willful, or down to a minimum of $200 per work for innocent infringement.  17 U.S.C. § 504(c)(2).  In *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998), the Supreme Court held that the Seventh Amendment of the

1    U.S. Constitution requires a jury trial to determine the amount of statutory damages in

2    a copyright case. *Id*. at 353. Thus, if the jury finds Defendants liable for copyright

3    infringement here, they will have sweeping discretion to determine the scope of

4    statutory damages. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.

5    1984) (the jury "has wide discretion in determining the amount of statutory damages

6    to be awarded, constrained only by the specified maxima and minima.").

7        The Supreme Court has held that the calculation of appropriate statutory

8    damages should be based on "what is just in the particular case, considering the nature

9    of the copyright, the circumstances of the infringement and the like … ." *F.W.

10   Woolworth Co. v. Contemporary Arts Inc.*, 344 U.S. 228, 232 (1952) (quoting *L.A.

11   Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106 (1919)). The question

12   of what "the like" means has been answered by courts in this District and beyond.

13   Specifically, courts have determined that the following factors as relevant to

14   informing a jury's determination of statutory damages: (1) the expenses saved and the

15   profits reaped, (2) the revenues lost by the plaintiff, (3) the value of the copyright, (4)

16   the deterrent effect on others besides the defendant, (5) whether the defendant's

17   conduct was willful, (6) whether a defendant has cooperated in providing particular

18   records from which to assess the value of the infringing material produced, (7) the

19   potential for discouraging the defendant, and (8) the conduct and attitude of the

20   parties. *Coach, Inc. v. Am. Fashion Gift*, CV 12-07647-MWF RZX, 2013 WL 950938,

21   at *2 (C.D. Cal. Mar. 12, 2013); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10–

22   5151 SC, 2011 WL 1483436, at *6 (N.D. Cal. Apr. 19, 2011); *see also Bryant v.

23   Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010).[1]

24       Furthermore, because statutory damage awards can be designed to punish an

25   ---

[1] The U.S. Department of Commerce recently recommended amending Section 504(c)
to explicitly refer to factors relevant to statutory damage awards, including  "[t]he
26   plaintiff's revenues lost" and "[i]n cases involving infringement of multiple works,
whether the total sum of damages, taking into account the number of works infringed
27   the number of awards made, is commensurate with the overall harm caused by the
infringement." *White Paper on Remixes, First Sale, and Statutory Damages*, The
28   Dept. of Comm. Internet Policy Task Force (Jan. 2016), at 88.

infringer, these awards must comport with the due process limitations that courts apply to evaluate punitive damages. *See, e.g., Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 486-90 (6th Cir. 2007). The statutory damage determination should be based on "legal standards that provide reasonable constraints within which discretion is exercised, that assure meaningful and adequate review by the trial court …, and permit appellate review [that] makes certain that the punitive damages are reasonable in their amount and rational in light of their purpose to punish what has occurred and to deter its repetition." *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 578 (1996). In fact, "a number of courts have recognized that an award of statutory damages may violate due process if the amount of the award is 'out of all reasonable proportion' to the actual harm caused by a defendant's conduct." *In re Napster, Inc.*, No. C. MDL-00-1369 MHP, 2005 WL 1287611, at *10 (N.D. Cal. June 1, 2005).

Thus, not only are a plaintiff's lost revenues or other measure of actual damages indisputably relevant to the statutory damages inquiry, but in light of the due process concerns outlined above, such damages must bear some relation and proportion to actual harm caused by the infringement, even if the defendant's conduct is held to be willful. *Muppets Studio, LLC v. Pacheco*, CV 12-7303 JGB  FFMX, 2013 WL 2456617, at *1 (C.D. Cal. June 6, 2013); *DFSB Kollective Co., Ltd. v. Tran*, No. 11-CV-01049-LHK, 2011 WL 6730678, at *9 (N.D. Cal. Dec. 21, 2011) ("[i]n awarding statutory damages, courts in this District have considered whether the amount of damages requested bears a 'plausible relationship' to the plaintiff's actual damages"); *Adobe Sys., Inc. v. Tilley*, C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("courts . . . have considered whether the amount of damages requested bears a 'plausible relationship' to the plaintiff's actual damage"); *Van Der Zee v. Greenidge*, 2006 WL 44020, at *2 (S.D.N.Y. 2006) (statutory damages must "bear some relation to actual damages suffered."); *see also* 4 Nimmer on Copyright § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as . . . the revenues lost by the plaintiffs as a result of the

defendant's conduct …").

Indeed, consideration of the plaintiff's financial harm is often a key factor in determining appropriate statutory damages. *Muppets*, 2013 WL 2456617, at *2 (while the plaintiff showed that the defendant had "demonstrate[ed] willfulness" in copying Muppets characters, the court found that the plaintiff "has not provided the Court with evidence that the requested amount is proper under the factors listed above" because "[t]here is no evidence of actual profits, or how the introduction of these items specifically affected Plaintiff's profit."); *Rovio Entm't Ltd v. Royal Plush Toys, Inc.*, No. C 12-5543 SBA, 2014 WL 1153780, at *2 (N.D. Cal. Mar. 20, 2014) (awarding a statutory damages amount that was "plausible" based on actual damages because "courts . . . have considered whether the amount of damages requested bears a 'plausible relationship' to the plaintiff's actual damage."); *Symantec Corp. v. Logical Plus, Inc.*, No. C 06-7963 SI, 2010 WL 2330388, at *3 (N.D. Cal. June 4, 2010) (holding that the amount of damages sought by Symantec was "too high" given the plaintiff's "modest profits"); *Nexon Am. Inc. v. Kumar*, No. 2:11-CV-06991-ODW, 2012 WL 1116328, at *5-7 (C.D. Cal. Apr. 3, 2012); *Chan Luu, Inc. v. Guang Gao d/b/a Wrapbraceletshut.com*, No. CV 13-2997 FMO (JCx), 2014 WL 12567141, at *7 (C.D. Cal. Jan. 27, 2014) (revising statutory damage award downward where the plaintiff failed to provide evidence of actual damage and noting that granting the plaintiff's requested award without being able to compare it to actual damages would go "far beyond what is necessary to address any deterrence considerations").

## III.   IF PLAINTIFFS ELECT STATUTORY DAMAGES, DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE RELATING TO ALL RELEVANT FACTORS

If Plaintiffs seek to recover their actual damages, it is indisputable that Defendants should be permitted to present the testimony of Mr. Tregillis regarding deductible costs and expenditures as well as Plaintiffs' lack of actual damages generally.  For the reasons set forth above, if Plaintiffs elect to seek to recover statutory damages rather than actual damages, Defendants should not be precluded

from presenting evidence at trial that would otherwise be relevant to actual damages. Given the due process concerns with awarding statutory damages that bear no relation to actual damages, Defendants should be entitled to present the same evidence that they would be permitted to present regarding actual damages, including Mr. Tregillis' economic analysis.  Furthermore, it is critical that the jury be permitted to hear relevant evidence relating to *all* of factors that courts have found inform the jury's broad discretion in determining a just amount of statutory damages.  Therefore, Defendants should also be permitted to present the following evidence, which is described in further detail in Defendants' Oppositions to Plaintiffs' Motions *in Limine* Nos. 3, 4, 5, 6, 7, and 10 (ECF Nos. 173, 174, 175, 176, 177 and 180):

- Public statements made by J.J. Abrams and Justin Lin (at a Star Trek promotional event and on Twitter) announcing their support for Star Trek fans and the alleged end of this lawsuit, because these statements tend to show that in creating the *Axanar* Works, Defendants acted in good faith and with the reasonable belief that they were operating within the enduring tradition of accepted and celebrated Star Trek-inspired fan fiction, which is relevant to Defendants' willfulness and state of mind at the time of the alleged infringement, Plaintiffs' lack of actual damages, as well as the "conduct and attitude of the parties."

- Testimony of Reece Watkins, an *Axanar* donor who spent more money on official merchandise sold by Plaintiffs as a result of watching Defendants' works, which reinvigorated his love for Star Trek, because it is relevant to concrete benefits, rather than harm, conferred on Plaintiffs as a result of the alleged infringement.

- Evidence of Mr. Peters' history and past work with Plaintiffs, which is relevant to Defendants' state of mind at the time of the alleged infringement, in particular Defendants' innocent intent and lack of willfulness.

- Evidence relating to third party Star Trek fan films (including the testimony of Jonathan Lane) because the backdrop of fan film culture gives critical context to Defendants' state of mind at the time of the alleged infringement.  Mr.

Lane's testimony regarding the existence of many other Star Trek fan productions that were neither prevented nor even addressed by Plaintiffs shows that Plaintiffs did not believe these productions caused significant harm to the value of their works and that Plaintiffs arguably embraced the free promotional value of a robust fan production tradition, which is relevant to Defendants' willfulness, revenues lost by Plaintiffs, the potential for discouraging Defendants' conduct, the conduct and attitude of the parties, and the benefit to the Plaintiffs from Defendants' conduct.

- Testimony of Dr. Henry Jenkins regarding the historical and ongoing relationships between the creators and producers of Star Trek, and Star Trek fans; Plaintiffs' history and practice of tolerating and sanctioning fan fiction, fan film, and other fan uses of aspects of Star Trek; the social value and productivity of fan creations; and the perceived benefits to Plaintiffs of fan works such as those of Defendants. Dr. Jenkins's testimony is directly relevant to assessing Plaintiffs' damages theories, whether Defendants' conduct was willful or innocent, and the attitude and conduct of the parties.

## IV.   IN THE ALTERNATIVE, IF DEFENDANTS ARE PRECLUDED FROM OFFERING EVIDENCE REGARDING PLAINTIFFS' LACK OF ACTUAL DAMAGES, PLAINTIFFS SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF DEFENDANTS' PURPORTED "PROFITS"

Plaintiffs have indicated that they will rely upon Defendants' interim financial information and notes of costs and expenditures to attempt to show at trial that Defendants have profited off of the alleged infringements and that Defendants' works were "commercial" in nature. *See* Plaintiffs' Motion *in Limine* No. 1. Defendants have requested that the Court permit the introduction of a later, more accurate and complete financial summary in the event that this evidence is allowed in. *See* Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 1 (ECF No. 171) at 6 ("The Second Financial Summary provides information regarding … deductible expenses, and demonstrates that Defendants made no profit off of their works, as recognized by the Court. Thus, it would be misleading and inaccurate for the jury to

consider only the amount of money raised by Defendants, and the First Financial Summary, when determining damages at trial."); *see also* ECF No. 163 (Order Re: Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion for Summary Judgment) at 10 ("Defendants [did] not profit directly from distributing their works.").

In the event that the Court excludes Defendants' evidence and testimony related to actual damages (or otherwise limits Defendants' time at trial) on the basis that the measure of Plaintiffs' actual damages is not relevant to the statutory damages inquiry, Plaintiffs should likewise be precluded from introducing any evidence or testimony of Defendants' purported "profits."  It would be patently unfair for Plaintiffs to be permitted to offer evidence of profits associated with the allegedly infringing works if Defendants are unable to rebut that evidence with testimony from Mr. Tregillis regarding deductible costs and expenditures as well as Plaintiffs' lack of actual damages generally.  Plaintiffs should not be permitted to stack the deck with evidence of so-called "profits" that the jury could take into consideration in determining the appropriate level of statutory damages without the benefit of a full and accurate financial picture.

## V.   CONCLUSION

For all of these reasons, the Court should permit Defendants to present evidence and testimony regarding Plaintiffs' lack of actual damages even in the event that Plaintiffs elect to seek to recover statutory damages, and should not limit Defendants' time to present their case as a result of Plaintiffs' election.  Defendants should also be permitted to present all of the evidence outlined above in Section III, which is relevant to the various statutory damages factors.  Finally, if Defendants are precluded from offering evidence regarding Plaintiffs' lack of actual damages, Plaintiffs should be precluded from presenting any documents or testimony regarding Defendants' alleged "profits" associated with the allegedly infringing works.

Dated:  January 18, 2017          **WINSTON & STRAWN LLP**

By:  */s/ Erin R. Ranahan*
Erin R. Ranahan
Attorneys for Defendants,
AXANAR PRODUCTIONS, INC.
and ALEC PETERS